UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>DEFENDANTS | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br><br>October 23, 2003 |

## AMENDED COUNTERCLAIM BY J. TRACY GREEN

The defendant J. Tracy Green (hereinafter, "Green") hereby files this Amended Counterclaim pursuant to the Scheduling Order dated October 16, 2003 [Doc. No. 22]. This amended counterclaim shall supercede the counterclaim contained in Green's Answer, Affirmative Defenses and Counterclaim dated August 13, 2003 [Doc. No. 14].

### INTRODUCTION

1. This counterclaim is brought to redress violations of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (hereinafter, "ERISA"), the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110, et seq. (hereinafter, "CUTPA"), corporate law, and pursuant to the common law for breach of contract.

1

## PARTIES

2. The defendant and counterclaim plaintiff is J. Tracy Green (hereinafter, "Green"). Mr. Green is an individual and a Connecticut citizen, and resides at 13 Pheasant Lane, Bloomfield, Connecticut.

3. The plaintiff and counterclaim defendant is Tom James Company (hereinafter, "Tom James"). Tom James is a Tennessee corporation with its principal place of business in Franklin, Tennessee, and conducts business in the State of Connecticut.

## JURISDICTION AND VENUE

4. The Court has original jurisdiction over this matter pursuant to 29 U.S.C. § 1132 (e) (1).

5. The Court further has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. The Court further should exercise supplemental jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367 because the claims raised herein are so related to the claims in the case in chief that they form a part of the same case or controversy.

6. The Court has personal jurisdiction over Tom James because it conducts business in the State of Connecticut and because it has invoked the jurisdiction of this court as plaintiff in this action.

7. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. § 1391 (a), because a substantial part of the events giving rise to the claims herein occurred in Connecticut.

**FACTUAL BACKGROUND**

8. Green was employed by Tom James from 1988 to 2001, a period which exceeded seven (7) years.

9. During this time period, Green was a Participant in the Tom James Company 401 (k) and Profit Sharing Plan (hereinafter, the "Plan").

10. The Plan was established effective January 1, 1980, and has been amended and restated a number of times.

11. Tom James is the Employer under the Plan, is the Administrator of the Plan, and is a named Fiduciary of the Plan.

12. The Plan provides retirement income to Tom James employees and results in a deferral of income by employees for periods extending to the termination of covered employment or beyond.

13. Accordingly, the Plan is an employee pension benefit plan or pension plan within the meaning of 29 U.S.C. § 1002 (2), and is subject to the requirements imposed by ERISA.

14. Green was entirely vested pursuant to the terms of the Plan, and as such, the benefits accrued under the Plan were non-forfeitable.

15. For employees hired prior to December 31, 1998, such as Green, the Plan requires distribution of benefits to a Participant, at the election of the Participant, upon termination of employment with Tom James, provided that no distribution of benefits may occur within one (1) year of the termination date.

16. More than one year after Green's employment with Tom James terminated, he requested that his accrued benefits under the Plans be distributed to him.

17. Tom James refused to comply with its obligations under the Plan to distribute benefits to Green at his election.

18. Tom James has adopted policies concerning the distribution of benefits under the Plan, including, *inter alia*, policies adopted by the Tom James Retirement Committee on March 18, 1992, June 4, 1998 and December 1, 1998 (hereinafter, the "Policies").

19. The Policies were adopted by Tom James, and have been interpreted by Tom James, so as to withhold benefits from Participants, even though the Participants have an unqualified right to distribution of such benefits.

20. Additionally, during Green's employment with Tom James, he participated in an employee stock ownership plan.

21. At the time his employment with Tom James concluded, Green owned 48,356 shares of Tom James stock, and was vested with subscription agreements to purchase an additional 2,414 shares.

22. After Green's employment with Tom James concluded, he desired to tender his shares of Tom James stock for redemption.

23. Tom James refused to redeem Green's stock.

24. In March, 2003, Tom James further refused to pay to Green a declared dividend, where it paid such dividend to other comparably situated stockholders.

25. The actions taken by Tom James as specified above were taken in an attempt to suppress competition, and as such, were taken within the course of Tom James' trade or business.

26. As a result of Tom James' actions, Green has suffered an ascertainable loss through the loss of his accrued benefits and the value of his stock.

## COUNT ONE – RECOVERY OF BENEFITS

27. The allegations of Paragraphs 1 to 26 to are incorporated herein by reference as if fully restated herein.

28. Green is entitled to the immediate, unqualified distribution of benefits pursuant to the Plan.

29. This action is brought pursuant to 29 U.S.C. § 1132 (a) (1) (B) to recover such benefits.

## COUNT TWO – VIOLATION OF ERISA

30. The allegations of Paragraphs 1 to 26 to are incorporated herein by reference as if fully restated herein.

31. The Plan and/or the Policies, as interpreted and administered by Tom James, do not provide for the unqualified distribution of benefits to participants within the time periods required by 29 U.S.C. § 1056 (a).

32. By interpreting and administering the Plan in violation of 29 U.S.C. § 1056 (a), Tom James has implemented a vesting schedule that does not provide for the unqualified distribution of benefits to participants who are fully vested in the Plan by virtue of service time in excess of seven (7) years, in violation of 29 U.S.C. § 1053 (a).

33. By adopting the Policies, and by interpreting and administering the Policies, both in violation of 29 U.S.C. § 1056 (a), Tom James has implemented a vesting schedule that does not provide for the unqualified distribution of benefits to participants who are fully vested in the Plan by virtue of service time in excess of seven (7) years, in violation of 29 U.S.C. § 1053 (a).

34. The Policies are contrary to the terms of the Plan, and as such, Tom James has failed to administer the Plan in accordance with the Plan Documents, in violation of 29 U.S.C. § 1104 (a) (1) (D).

35. The foregoing constitute acts or practices that violate the provisions of ERISA.

36. This action is brought pursuant to 29 U.S.C. § 1132 (a) (3) to enjoin the illegal practices specified above.

### COUNT THREE – REDEMPTION OF STOCK

37. The allegations of Paragraphs 1 to 26 to are incorporated herein by reference as if fully restated herein.

38. To induce its employees to remain with the Company, Tom James represented to such employees, including Green, that stock ownership and the Profit Sharing Plan were a valuable benefit of working for Tom James.

39. Tom James further represented to its employees, including Green, on numerous occasions, that Tom James would redeem stock issued to employees at the employee's request, as long as the shares were held for at least ten (10) years.

40. Despite demand by Green, Tom James has failed and refused to redeem Green's Tom James stock in violation of its representations and promises to him.

41. Tom James has administered its stock redemption program in a discriminatory and illegal manner in that it has used stock redemption as a means to enforce the restrictive covenant signed by employees and not for legitimate corporate purposes.

### COUNT FOUR – PAYMENT OF DIVIDENDS

42. The allegations of Paragraphs 1 to 26 to are incorporated herein by reference as if fully restated herein.

43. Tom James is liable to Green for payment of the declared dividend.

### COUNT FIVE – CUTPA

44. The allegations of Paragraphs 1 to 43 to are incorporated herein by reference as if fully restated herein.

45. Tom James' actions are unfair methods of competition and unfair and/or deceptive acts or practices in violation of Conn. Gen. Stat. § 42-110b.

46. This action is brought pursuant to Conn. Gen. Stat. § 42-110g for recovery of actual damages as a result of such violations, punitive damages, attorneys fees and costs.

WHEREFORE, Green claims:

1. Fair, just and reasonable monetary damages;

2. Costs;

3. Attorneys fees pursuant to 29 U.S.C. § 1132 (g) and/or Conn. Gen. Stat. § 42-110g (d);

4. Punitive damages pursuant to Conn. Gen. Stat. § 42-110g (a);

5. An injunction against Tom James' continued violation of ERISA through the plan provisions and policies specified above;

6. An order requiring Tom James to redeem Green's stock at the higher of current fair market value or its value at the time Green demanded redemption; and

7. Such other relief as in law or equity may appertain.

        THE DEFENDANT
        J. TRACY GREEN

By: _____
Thomas A. Rouse, Fed. Bar No. ct06128
Peter S. Olson, Fed. Bar No. 16149
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
203.330.2000
Facsimile 203.576.8888
His Attorneys

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on October 23, 2003 to all counsel and pro se parties of record. For the plaintiff TOM JAMES COMPANY:

>Thomas J. Finn
>Paula Cruz Cedillo
>Halloran & Sage LLP
>One Goodwin Square
>225 Asylum Street
>Hartford, Connecticut 06103
>860.522.6103
>Facsimile 860.548.0006

_____
Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

A copy was also served, by certified mail, on the Attorney General of the State of Connecticut and the Commissioner of Consumer Protection of the State of Connecticut, pursuant to Conn. Gen. Stat. § 42-110g (c), and upon the Secretary of Labor of the United States of America and Secretary of the Treasury of the United States of America, pursuant to 29 U.S.C. § 1132 (h).

BPRT/67708.2/PSO/495385v1