UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>                              PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>                              DEFENDANTS | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br><br>October 31, 2003 |

## MOTION ON CONSENT FOR PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. Rule 45 (c), the defendants J. Tracy Green (hereinafter, "Green") and Trace Apparel, LLC (hereinafter, "Trace") respectfully request that the court enter a protective order concerning certain information and documents produced by Green and Trace. The parties have conferred and drafted a Proposed Stipulated Protective Order For Confidential and Proprietary Information Provided By Trace Apparel LLC and J. Tracy Green, attached hereto as Exhibit A, and respectfully request that the Court enter the Proposed Stipulated Order as an Order of the Court.

The parties agree that information and documents expected to be disclosed by Green and Trace may contain confidential and proprietary information of Green and/or Trace and may contain trade secrets in the form of confidential customer information. As such, within the bounds of discovery and with consideration for Tom James interests in this litigation, the parties have agreed that certain protections

should be in place to prevent the inadvertent disclosure of such confidential and proprietary information and its use for improper purposes.

As noted, the parties have prepared a proposed stipulated protective order that both parties believe adequately protects the confidential and proprietary information provided of Green and Trace. As such, both parties request that the Court enter the Proposed Stipulated Protective Order. Further, however, Green and Trace have indicated to Tom James their willingness to discuss a similar protective order with regard to discovery served upon Tom James.

WHEREFORE, for the foregoing reasons, Green and Trace respectfully request that the Court grant this motion, and enter a protective order as outlined in the accompanying Proposed Order.

THE DEFENDANTS
J. TRACY GREEN
TRACE APPAREL, LLC

By: _____
Thomas A. Rouse, Fed. Bar No. ct06128
Peter S. Olson, Fed. Bar No. 16149
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on October 31, 2003 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

Thomas J. Finn
Paula Cruz Cedillo
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
860.522.6103
Facsimile 860.548.0006

Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

479449v1

# *EXHIBIT A*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>PLAINTIFF,<br><br>VS.<br><br>TRACE APPAREL LLC, AND J. TRACY GREEN,<br><br>DEFENDANTS. | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br><br>October 31, 2003 |

**PROPOSED STIPULATED PROTECTIVE ORDER FOR**
**CONFIDENTIAL AND PROPRIETARY INFORMATION PROVIDED BY**
**TRACE APPAREL LLC AND J. TRACY GREEN**

The motion for protective order filed by the defendants, Trace Apparel, LLC (hereinafter "Trace") and J. Tracy Green (hereinafter "Green") (Green and Trace are collectively referred to as "Defendants"), having come before the Court, and the plaintiff, Tom James Company (hereinafter "Tom James"), having agreed to the terms of this protective order, it is hereby ORDERED:

1. This Order shall apply to information and documentation produced by Defendants that Defendants claim is confidential and proprietary information as further set forth below.

2. This Order shall further apply to all copies, extracts, and summaries prepared or derived from such information, including those portions of pleadings, briefs, memorandum, and other writings filed with the Court referring thereto.

3. The parties have discussed the necessity for Defendants to retain the confidential nature of this information, yet still allow both parties to fairly present their causes.

4. With respect to the documents sought by Tom James that implicate this confidential information, there shall be two categories of information. Category One shall consist of documents and information related to persons who purchased clothing or accessories from Tom James prior to December 12, 2001. Category Two shall consist of documents and information related to persons who purchased clothing or accessories from Defendants subsequent to December 12, 2001, but never purchased clothing or accessories from Tom James or were never contacted by Green during his employment with Tom James.

5. The following restrictions shall apply on the use of confidential information classified as Category One:

   a. The documents and the information contained therein shall be used by Tom James for the conduct of, or in connection with, this lawsuit and the formulation of Tom James' strategy herein; and may also be used by Tom James in connection with other legal action in which Tom James is a party in interest or a potential party in interest.

   b. Upon conclusion of the lawsuit, the original documents shall be returned to counsel for Defendants, recognizing that Halloran & Sage in Hartford will be the principal repository of all such documents until their return.

    c. With the exception of the provisions of Section Six herein, this Order shall not be construed to prohibit or limit Tom James from conducting its normal sales operations.

6. The following restrictions shall apply on the use of information classified as Category Two:

    a. Counsel for Defendants may redact any addresses, telephone, facsimile or mobile numbers and e-mail addresses from such documents. Should it become reasonably necessary to further identify any person referenced in such documents for a litigation related purpose, counsel for Defendants agree to provide such information forthwith.

    b. Tom James shall not permit the information or documents to be provided to, or to be viewed by, any person other than its in-house counsel, its attorneys of record, including other attorneys in the firm, law clerks, staff, paralegals, and investigators, experts, and stenographic employees retained in connection with this lawsuit, as well as jurors and witnesses at trial or deposition (whether called or uncalled), including such persons' attorneys, and shall not verbally disseminate any information contained in the documents, except as permitted under subparagraph (f), below.

    c. The documents may be provided to and/or viewed by any other person only with the consent of counsel for Defendants, or by further order of the Court.

d. Tom James shall not permit any employee to act upon the information contained in the documents for the purpose of soliciting business from any person referred to therein. Soliciting business shall include written correspondence, mailings, facsimile or e-mail transmissions, telephone calls, and/or personal contact.

e. Upon conclusion of the lawsuit, the original documents shall be returned to counsel for Defendants, recognizing that Halloran & Sage in Hartford will be the principal repository of all such documents until their return.

f. The documents and the information contained therein shall be used by Tom James for the conduct of, or in connection with, this lawsuit and the formulation of Tom James' strategy herein; and may also be used by Tom James in connection with other legal action in which Tom James is a party in interest or a potential party in interest.

g. Notwithstanding anything stated or implied herein to the contrary, the provisions of this Order shall not be construed to prohibit or limit Tom James from conducting its normal sales operations, even if such operations independently make contact with a person or entity referred to in documents classified as Category Two, so long as such documents did not assist Tom James in identifying such person.

7. Counsel for the parties shall attempt in good faith to resolve any disputes concerning the performance under this Order prior to filing any motion with the Court.

8. Violations of any provision of this Order may be punished by appropriate order of the Court.

9. A person or entity's consent to this Order does not, in any way, constitute an admission by that person or entity that the information believed to be protected under this Order is, in fact, confidential information as defined by any contract at issue in this case or in any related case, or otherwise under any applicable law. Further, this Order cannot be used by any party as evidence that the information covered by this Order is or was confidential information as defined by any contract at issue in this case or in any related case, or otherwise under any applicable law, or that any party has acted unlawfully.

IT IS SO ORDERED, this   day of October, 2003.

THE COURT:

_____
JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE

471237