UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | NOVEMBER 7, 2003 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS AMENDED COUNTERCLAIM OF J. TRACY GREEN**

HALLORAN & SAGE LLP
Thomas J. Finn
Federal Bar No. ct 20929
Paula Cruz Cedillo
Federal Bar No. ct 23485
One Goodwin Square
Hartford, Connecticut 06103
(860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## INTRODUCTION

The plaintiff, Tom James Company ("Tom James"), submits this Memorandum of Law in Support of its Motion to Dismiss the Amended Counterclaim of J. Tracy Green ("Defendant"), dated October 23, 2003 (the "Amended Counterclaim").

Defendant alleges causes of action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 - 1461 ("ERISA"). As such, Count Five of the Amended Counterclaim, in which Defendant alleges that Tom James violated the Connecticut Unfair Trade Practices Act, C.G.S. §§ 42-110a to 110q ("CUTPA"), must be dismissed as this state law cause of action is preempted by ERISA.

In support of its motion to dismiss portions of Count Two and Count Five of the Amended Counterclaim, Tom James submits that Defendant fails to state causes of action upon which relief may be granted with respect to these Counts. Specifically, those portions of Count Two alleging violations of ERISA sections 1053 and 1056 fail to set forth valid grounds upon which relief may be afforded and thus should be properly dismissed. Defendant's failure to adequately plead violations of these ERISA statute sections is fatal to Defendant's claim for relief pursuant to ERISA section 1132(a)(3). Furthermore, in addition to the point that Defendant's CUTPA claim is preempted by ERISA, Defendant's cause of action under CUTPA should alternatively be dismissed for failure to state a claim upon which relief may be granted because the purported conduct Defendant alleges to be in violation of CUTPA does not constitute Tom James' primary trade or commerce and thus cannot serve as the basis for this cause of action.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Moreover, in addition to Defendant's failure to state a cause of action for CUTPA because the purported conduct does not constitute Tom James' primary trade or commerce, the CUTPA claim still fails to state a claim because the allegations assert nothing more than a breach of contract, which cannot, as a matter of law, serve as the basis for a CUTPA violation.

Accordingly, Tom James submits that Count Five and portions of Count Two of the Amended Counterclaim should be dismissed.

## FACTS

Tom James commenced this action against Trace Apparel LLC ("Trace Apparel") and Defendant on or about May 19, 2003, asserting various causes of action arising out of Trace Apparel and Defendant's unscrupulous conduct in misappropriating Tom James' confidential, proprietary, and trade secret information for their own use for purposes of unfairly competing with Tom James.  Specifically, Defendant breached the parties' Employment Agreement by violating its disclosure of information and restrictive covenant provisions, and breached the covenant of good faith and fair dealing.  See Amended Verified Complaint, dated May 19, 2003 ("Amended Verified Complaint"), at Counts One through Three.  The Amended Verified Complaint also asserts causes of action against Trace Apparel and Defendant for tortious interference with business relations and with prospective advantage, as well as violations of the Connecticut

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Uniform Trade Secrets Act and CUTPA.  See Amended Verified Complaint, at Counts Four through Seven.

On or about August 13, 2003, Defendant and Trace Apparel filed separate answers and affirmative defenses in response to Tom James' Amended Verified Complaint.  In addition to his answer and affirmative defenses, Defendant also asserted a Counterclaim alleging causes of action pursuant to ERISA seeking the recovery of benefits and equitable relief to enjoin purported violations thereof, breaches of contract for the redemption of stock and payment of dividends, and CUTPA.  On October 23, 2003, Defendant filed the Amended Counterclaim at issue in the instant Motion to Dismiss.

In support of his claims, Defendant alleges that during his employment at Tom James from 1988 to 2001, he participated in the Tom James' 401(k) and Profit Sharing Plan (the "Plan").  See Amended Counterclaim, at ¶¶ 8 - 9.  Defendant further alleges that he is vested in the Plan and thus entitled to payment of his accrued benefits, which Tom James has allegedly refused.  See Amended Counterclaim, at ¶¶ 14, 17. Additionally, Defendant alleges that, over the course of his employment, Defendant accumulated shares of Tom James' stock through the company's employee stock ownership plan.  See Amended Counterclaim, at ¶¶ 20 - 21.  Defendant claims that Tom James has refused to redeem his stock or pay him dividends.  See Amended Counterclaim, at ¶¶ 23 - 24.  Finally, Defendant asserts that these purported actions constitute a CUTPA violation.

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## ARGUMENT

**A.    Defendant's CUTPA Claim Should be Dismissed as it is Preempted By ERISA**

ERISA was enacted for purposes of protecting participants in employee benefit plans by controlling the administration of the plans.  See Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 137 (1990) (quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 90 (1983)).  In order to eliminate conflicting and inconsistent state and local regulation, Congress intended that the regulation of employee benefit plans be an exclusively federal concern.  See New York State Conference of Blue Cross & Blue Shield v. Travelers Ins. Co., 514 U.S. 645, 656-57 (1995).  Thus, ERISA seeks to ensure that benefit plans would be subject to a uniform body of benefits law by operation of the preemption clause which expressly provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan. . . ."  29 U.S.C. § 1144(a);  see Plumbing Indus. Bd. v. E.W. Howell Co., Inc., 126 F.3d 61, 66 (2d Cir. 1997).

"The basic thrust of the pre-emption clause, then, was to avoid a multiplicity of regulation in order to permit the nationally uniform administration of employee benefit plans."  Travelers Ins. Co., 514 U.S. at 657.  In other words, Congress intended ERISA to be a comprehensive statutory scheme to avoid a patchwork of state regulation that would create inefficiencies in the operation of benefit plans.  See Smith v. Dunham-

– 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>Bush, Inc.</u>, 959 F.2d 6, 9 (2d Cir. 1992) (quoting <u>Fort Halifax Packing Co. v. Coyne</u>, 482

U.S. 1, 11 (1987)).

The Court of Appeals for the Second Circuit has set forth a two part test to

determine whether a state law is properly preempted by ERISA:

> First, preemption will apply where a state law clearly "refers to" ERISA
> plans in the sense that the measure "acts immediately and exclusively
> upon ERISA plans" or where "the existence of ERISA plans is essential
> to the law's operation." Second, a state law is preempted even though
> it does not refer to ERISA or ERISA plans if it has a clear "connection
> with" a plan in the sense that it "mandates employee benefit structures
> or their administration" or "provides alternative enforcement
> mechanisms."

<u>Plumbing Indus. Bd.</u>, 126 F.3d at 67 (citations omitted).  In determining whether a state

law cause of action is preempted, Congressional intent "is the ultimate touchstone."

<u>Pilot Life Ins. Co. v. Dedeaux</u>, 481 U.S. 41, 54 (1987).


**1.    Defendant's CUTPA Claim is Preempted By ERISA
        Because it Refers to an ERISA Plan**

Count Five of the Counterclaim is preempted by operation of ERISA because it

"refers to" an ERISA plan as the existence and interpretation of the Plans at issue are

essential to establishing liability under CUTPA.  As such, this cause of action should be

dismissed.

ERISA properly preempts causes of action brought under CUTPA.  <u>See</u> <u>Krass</u>

<u>v. Connecticare, Inc.</u>, No. 3:96CV2565, 1998 WL 26409, *5 (D. Conn. Jan. 14, 1998)

(citations omitted) (attached hereto as Exhibit A).  "Courts have reasoned that such

– 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

preemption is appropriate because such a CUTPA claim is generally based upon the

circumstances surrounding . . . an ERISA plan." Krass, 1998 WL 26409, at *5 (citing

Bailey-Gates v. Aetna Life Ins. Co., 890 F. Supp. 73, 79 (D. Conn. 1994)).  This being

so, the ERISA plan is essential to the establishment of liability.  Krass, 1998 WL 26409,

at *6.  Accordingly, such claims are preempted as "referring to" an ERISA plan.  See

also Paneccasio v. Unisource Worldwide, Inc., No. 3:01CV2065, 2003 WL 1714085, *8

(D. Conn. Mar. 28, 2003) (attached hereto as Exhibit B) (preempting a CUTPA claim

because the cause of action referenced the ERISA plan and concerned receipt of

benefits under the plan).

  Similarly, in the instant action, the alleged conduct underlying the CUTPA claim

concerns Tom James' payment of benefits and thus is a "cause of action [] precisely the

type that Congress sought to preempt with ERISA."  Cole v. Travelers Ins. Co., 208 F.

Supp. 2d 248, 260 (D. Conn. 2002).  Defendant asserts a cause of action under CUTPA

which is reliant upon establishing the existence of an ERISA plan in the first instance.

Defendant alleges the same set of facts in support of his claims for both a violation of

CUTPA as well as for violations of ERISA.  See Amended Counterclaim, at ¶¶ 27, 30,

44.  In support of his CUTPA claim, Defendant alleges that Tom James refused to pay

him benefits under the Plans, the same benefits allegedly due under the same Plans

Defendant seeks to enforce pursuant to ERISA sections 1132(a)(1)(B) and 1132(a)(3).

See Counterclaim, at Counts One, Two, and Five.  "Common sense" then dictates that

Defendant's claim of unfair trade practices under CUTPA "refers to" the ERISA plans at

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

issue, as his claim arises out of their existence.  See also Plumbing Indus. Bd., 126

F.3d at 67 (stating that common sense should guide the application of ERISA's

preemption clause).  As such, Defendant's claims arising out of the Plans are an

exclusively federal concern and CUTPA, a state law cause of action, should properly be

preempted and dismissed.  See also Case v. Hosp. of St. Raphael, 38 F. Supp. 2d 207,

209 (D. Conn. 1999) (preempting state common law claims because they were directly

related to the administration of an ERISA plan and liability of the parties depended upon

"the existence of the ERISA plan and rights conferred by it").


### 2.    Defendant's CUTPA Claim is Preempted By ERISA Because it Provides Defendant with an Alternative Remedy

As Defendant's claims "refer to" an ERISA plan, the Court's preemption

analysis need go no further.  Yet, Count Five of the Amended Counterclaim is also

preempted on the basis that it provides Defendant with alternative relief not afforded by

ERISA.  Thus, this cause of action should be dismissed.

The Supreme Court has held that state statutes which augment the remedies

provided by ERISA are preempted because the civil enforcement remedies of ERISA

section 1132(a) are exclusive.  See Ingersoll-Rand, 498 U.S. at 144;  Pilot Life Ins. Co.,

481 U.S. at 54; Romney v. Lin, 94 F.3d 74, 82 (2d Cir. 1996).  "The policy choices

reflected in the inclusion of certain remedies and the exclusion of others under the

federal scheme would be completely undermined if ERISA-plan participants and

– 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

beneficiaries were free to obtain remedies under state law that Congress rejected in

ERISA." Pilot Life Ins. Co., 481 U.S. at 54; see Ingersoll-Rand, 498 U.S. at 144.  The

Supreme Court has repeatedly stated that when a state law provides an alternative

enforcement mechanism than those expressly provided for in ERISA, preemption is

warranted.  See Travelers Ins. Co., 514 U.S. at 658; Ingersoll-Rand, 498 U.S. at 142-

44; Pilot Life Ins. Co., 481 U.S. at 54-55.  Accordingly, courts have routinely preempted

state law where it would provide a party an alternative form of relief outside of ERISA.[1]

"The effect of ERISA preemption is to wholly eliminate state law claims by benefit plan

participants and beneficiaries, leaving them only the causes of action specifically

provided in the statute's civil enforcement provisions." Dunham-Bush, 959 F.2d at 11,

(citations omitted); see 29 U.S.C. § 1132(a).

In addition to the recovery of benefits sought pursuant to ERISA section 1132(a),

Defendant also seeks to recover punitive damages under CUTPA for the same alleged

conduct by Tom James.  See Amended Counterclaim, at ¶ 46.  As such, Defendant's

CUTPA claim is nothing more than a state common law action which merely amounts to

an alternative theory of recovery for conduct alleged to be actionable under ERISA and

therefore should be preempted.  CUTPA provides for a possible award of punitive

damages, a remedy which is not available under ERISA.  See 29 U.S.C. 1132(a);

---

[1] Even in instances where a party would effectively be left with no remedy at all, state law claims have been properly preempted. See Eklecco v. Iron Workers Locals 40, 361 & 417 Union Sec. Funds, 170 F.3d 353, 356 (2d Cir. 1999); Dunham-Bush, 959 F.2d at 11. Indeed, the Supreme Court noted that ERISA "resolved innumerable disputes between powerful competing interests -- not all in favor of potential plaintiffs." Mertens v. Hewitt Assoc., 508 U.S. 248, 262 (1993).

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Mertens v. Hewitt Assoc., 508 U.S. 248, 253-54 (1993) (holding that section 1132(a)(3) does not allow for consequential or punitive damages because section 1132 encompasses those categories of relief that are typically available in equity). State law should not be allowed to "supplement the enforcement matrix at will." Plumbing Indus. Bd., 126 F.3d at 68. As such, Defendant's CUTPA claim is properly preempted by ERISA because it affords Defendant alternative relief not intended by ERISA and thus should be dismissed.

### B.   Counts Two and Five of Defendant's Amended Counterclaim Must Be Dismissed Because Defendant Fails to State Claims Upon Which Relief May Be Granted

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). Claims should be dismissed if it is clear that the alleging party can prove no set of facts in support of its claims that would entitle it to relief. See Ambase Corp. v. City of Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003) (citing Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998)); Leventhal v. Tow, 48 F. Supp. 2d 104, 110 (D. Conn. 1999) (quotation omitted). "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of a complaint, not to assay the weight of evidence which might be offered in support thereof." Ambase Corp., 326 F.3d at 72 (internal quotations omitted); see also Leventhal, 48 F. Supp. 2d at 111 (stating that a motion to dismiss must address the face of the pleading to determine whether the

- 10 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

complaint itself is legally sufficient). In the context of a motion to dismiss, a party is

required to sufficiently plead each element of its claims to avoid the claim's dismissal.

See Jarrow Formulas, Inc. v. Int'l Nutrition Co., 175 F. Supp.2d 296, 314 (D. Conn.

2001) (quoting Subsolutions, Inc. v. Doctor's Assoc., Inc., 62 F. Supp.2d 616, 628 (D.

Conn. 1999)). Tom James respectfully submits that portions of Count Two and Count

Five of the Counterclaim must be dismissed because they fail to state any valid ground

for relief.

**1.    Defendant's Allegations of Violations of ERISA Sections 1053
and 1056 Cannot Serve the Basis for Relief Under ERISA
Section 1132(a)(3) and Thus Must Be Dismissed for Failure to
State Claims upon which Relief May be Granted**

In Count Two of the Amended Counterclaim, Defendant asserts causes of action

pursuant to ERISA. See 29 U.S.C. §§ 1001 - 1461. However, Defendant's failure to

adequately plead purported violations of ERISA is fatal to Defendant's claim for relief

pursuant to ERISA section 1132(a)(3). Defendant's allegations that the Plan at issue

violates sections 1053 and 1056 are legally insufficient and thus cannot serve the basis

for relief sought pursuant to section 1132(a)(3). Accordingly, these causes of action

must be dismissed for failure to state grounds upon which relief may be afforded and be

dismissed.

ERISA is a comprehensive statute enacted to protect participants in employee

benefit plans by controlling the administration of the plans through rules regarding

participation, funding, and vesting, and by setting uniform standards for reporting,

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

disclosure, and fiduciary responsibility. <u>See</u> <u>Ingersoll-Rand Co. v. McClendon</u>, 498 U.S.

133, 137 (1990) (quoting <u>Shaw v. Delta Air Lines, Inc.</u>, 463 U.S.85, 90 (1983)).

ERISA's civil enforcement provision, section 1132(a), has been described by the

Supreme Court of the United States as a "'carefully integrated' civil enforcement

scheme that 'is one of the essential tools for accomplishing the stated purposes of

ERISA.'" <u>Ingersoll-Rand</u>, 498 U.S. at 137 (quoting <u>Pilot Life Ins. Co. v. Dedeaux</u>, 481

U.S. 41, 52, 54 (1987)).  This provision sets forth very specifically that an action may be

brought by a participant, a beneficiary, or by a fiduciary to enforce his or her rights

under the terms of a plan or to obtain appropriate relief for violation in connection with a

plan.  <u>See</u> 29 U.S.C. §§ 1132(a)(1), (a)(3).  ERISA governs only two types of plans --

those providing either pension or welfare benefits.  <u>See</u> 29 U.S.C. §§ 1002 (1), (2);

<u>Gerzog v. London Fog Corp.</u>, 907 F. Supp. 590, 601 (E.D.N.Y. 1995).

Conclusory statements are not a permissible substitute for minimally sufficient

factual allegations.  <u>See</u> <u>Blue Cross of Cal. v. Smithkline Beecham Clinical Lab., Inc.</u>, 62

F. Supp. 2d 544, 554 (D. Conn. 1998) (citing <u>Furlong v. Long Island Coll. Hosp.</u>, 710

F.2d 922, 927 (2d Cir. 1983)); <u>Haber v. Brown</u>, 774 F. Supp. 877, 878 (S.D.N.Y. 1991).

In deciding a motion to dismiss, a court is "constrained by the factual support [] present

in the complaint." <u>Georgas v. Kreindler & Kreindler</u>, 41 F. Supp. 2d 470, 474 (S.D.N.Y.

1999).

In Count Two of the Counterclaim, Defendant seeks to enjoin "acts or practices

that violate the provisions of ERISA" pursuant to ERISA section 1132(a)(3).  <u>See</u>

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Amended Counterclaim, at ¶ 35 - 36. Section 1132(a)(3) provides, in pertinent part, that

a civil action may be brought by a plan participant or beneficiary "to enjoin any act or

practice which violates any provision of this subchapter or the terms of the plan . . . ."

See 29.U.S.C. § 1132(a)(3)(A). Thus, by the provision's express terms, relief sought

pursuant section 1132(a)(3) is only appropriate when there are violations of ERISA to

enjoin. See 29.U.S.C. § 1132(a)(3)(A). In the instant matter, Defendant alleges the

Tom James' Plan at issue violates ERISA sections 1053(a), and 1056(a) as grounds for

the relief sought pursuant to section 1132(a)(3). See Amended Counterclaim, at Count

Two. However, as set forth below, Defendant fails to sufficiently plead the existence of

any violation of ERISA pursuant to these sections. As such, Defendant fails to set forth

valid grounds for which relief may be granted pursuant to section 1132(a)(3) and,

therefore, Count Two must be dismissed inasmuch as it seeks relief pursuant to these

sections.

          a.    **Defendant Fails to State a Claim for Relief Pursuant to ERISA Section 1132(a)(3) Because Defendant Fails to Properly Allege A Violation of ERISA Section 1053**

In support of his claim for relief pursuant to section 1132(a)(3), Defendant alleges

that the Plan and Policies[2] violate ERISA section 1053(a) because they restrict and do

not provide for "the unqualified <u>distribution</u> of benefits to participants who are fully

vested in the Plan. . . ." See Amended Counterclaim, at ¶¶ 32 - 33 (emphasis added).

---

[2] Defendant alleges that these "Policies" are "policies adopted by the Tom James retirement Committee on March 18, 1992, June 4, 1998, and December 1, 1998. . . ." Amended Counterclaim, at ¶ 18.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

ERISA provides minimum vesting schedules pursuant to section 1053(a) in order to assure that employees obtain rights to portions of their pension benefits, even if they should leave their positions of employment prior to retirement. See Alessi v. Raybestos-Manhattan, Inc., 451 U.S. 504, 510-11 (1981). By its express terms, section 1053(a) provides for minimum vesting standards of benefits – it does not provide for the payment or distribution of benefits. See 29 U.S.C. § 1053. Section 1053(a) only requires that a benefit plan adopt one of the two alternative vesting schedules provided for in the statute. See 29 U.S.C.§ 1053(a); Duchow v. New York State Teamsters Conference Pension & Ret. Fund, 691 F.2d 74, 76-77 (2d Cir. 1982).

Defendant erroneously alleges that the Plan and Policies at issue violate ERISA section 1053(a) because they do not provide for the unqualified distribution of benefits. See Amended Counterclaim, at ¶¶ 32 - 33. These allegations, even taken as true for purposes of the instant Motion, do not constitute a violation of section 1053(a).[3] See 29 U.S.C. § 1053. Section 1053 does not govern, nor was it intended to govern, the time distribution, or payment, of benefits. See Duchow, 691 F.2d at 79, n.2. "Section [1053(a)] makes no mention whatever of payment. Rather, it is entitled 'Minimum vesting standards,' and it specifies the conditions which an employee's 'right' to a pension benefit must become 'nonforfeitable.'" Id. Defendant erroneously pleads

---

[3] Indeed, it should be noted that in filing the Amended Counterclaim, Defendant did nothing more than substitute the word "distribution" for the word "payment" previously alleged in his original counterclaim. See Counterclaim of J. Tracy Green, dated August 13, 2003, at ¶¶ 25 - 26. However, the substance of the pleading remains unchanged as, for all practical purposes, these words have the same meaning.

- 14 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

claims that the Plans violate section 1053(a) because they do not provide for

"unqualified distribution" of vested benefits. <u>See</u> Amended Counterclaim, at ¶¶ 32 - 33.

Indeed, Defendant even alleges that the participants of the Plan at issue have an

unqualified right to benefits under the Plan. <u>See</u> Amended Counterclaim, at ¶ 19.

These allegations cannot support a violation of ERISA. Accordingly, inasmuch as

Defendant's claim for relief pursuant to ERISA section 1132(a)(3) is based upon a

violation of section 1053(a), Count Two must be dismissed for failure to state any

grounds upon which relief may be granted.

> **b.**   **Defendant Fails to State a Claim for Relief Pursuant to ERISA Section 1132(a)(3) Because Defendant Fails to Properly Allege A Violation of ERISA Section 1056**

In further support of his claim for relief pursuant to ERISA section 1132(a)(3),

Defendant alleges a violation of section 1056(a). <u>See</u> Amended Counterclaim, at ¶ 31.

Section 1506(a), entitled "Form and payment of benefits," sets forth dates for the

commencement of payment of benefits under ERISA. <u>See</u> 29 U.S.C. 1056(a). This

provision protects plan participants' rights to benefits "by establishing age 65 as the

latest possible trigger for payment of benefits, leaving the employer free to set an earlier

date under its ERISA plan." <u>Morales v. Plaxall, Inc.</u>, 541 F. Supp. 1387, 1390 (E.D.N.Y.

1982); <u>see</u> <u>Romacho v. Stanley</u>, 567 F. Supp. 1417, 1421 (S.D.N.Y. 1983).

In pleading a cause of action under section 1132(a)(3), Defendant alleges simply

that the "Plans and/or Policies do not provide for the unqualified distribution of benefits

- 15 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to participants within the time periods required by 29 U.S.C. § 1056(a)." <u>See</u> Amended Counterclaim, at ¶ 31. Defendant does not provide any factual support for this allegation. <u>See</u> Amended Counterclaim, at Count Two. As previously stated, conclusory statements may not substitute the minimally sufficient factual allegations that are required to sufficiently set forth a valid cause of action. <u>See</u> <u>Blue Cross of Cal.</u>, 62 F. Supp. 2d at 554; <u>Haber</u>, 774 F. Supp. at 878. Clearly, such a bald legal assertion is insufficient to adequately plead a claim upon which relief can be had. As Defendant fails to sufficiently plead any violation of ERISA section 1056(a), relief cannot be afforded under section 1132(a)(3) based upon such a violation and thus should be dismissed.

        2.     <u>**Defendant's CUTPA Claim Must Be Dismissed for Failure to State Cause of Action for Which Relief May Be Granted**</u>

            a.     <u>**Defendant's CUTPA Claim Must Be Dismissed Because Tom James' Alleged Acts Do Not Constitute its Primary Trade or Commerce**</u>

In the event that the Court determines the Defendant's CUTPA claim is not preempted by ERISA (which it is), Defendant still cannot maintain a cause of action against Tom James for a violation of CUTPA because the allegations set forth in support thereof do not constitute Tom James' primary trade or commerce and thus cannot serve the basis for a CUTPA violation. Therefore, Defendant's CUTPA claim should be dismissed as it fails to state a claim upon which relief may be granted.

- 16 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

CUTPA prohibits individuals from engaging in unfair methods of competition or deceptive acts in trade or commerce.[4] <u>See</u> C.G.S. § 42-110b(a); <u>Boulevard Assoc. v. Sovereign Hotels, Inc.</u>, 72 F.3d 1029, 1038 (2d Cir. 1995). "There is no viable claim under CUTPA when the practice complained of is incidental to the true trade or business conducted." <u>Brandewiede v. Emery Worldwide</u>, 890 F. Supp. 79, 81 (D. Conn. 1994); <u>see</u>, <u>e.g.</u>, <u>Cornerstone Realty, Inc. v. Dresser Rand Co.</u>, 993 F. Supp. 107, 113 (D. Conn. 1998) (holding that a CUTPA violation "may not arise out of conduct that is merely incidental to the performance of one's trade or commerce"); <u>Sealy Conn. Inc. v. Litton Indus., Inc.</u>, 989 F. Supp. 120, 127 (D. Conn. 1997) (dismissing the plaintiff's CUTPA claim because the alleged wrongful conduct was incidental to the defendant's trade or commerce). Thus, the central question in determining whether a CUTPA cause of action may stand is whether the acts alleged in support of the violation occurred within the scope of Tom James' trade or commerce. <u>See</u> <u>Cornerstone Realty</u>, 993 F. Supp. at 112, n.3.

In support of its claim under CUTPA, Defendant merely reincorporates the same facts previously alleged in support of its other causes of action. <u>See</u> Amended Counterclaim, at ¶ 44. However, Defendant has failed to allege that the payment of benefits, stock redemption, or payment of dividends occurs in Tom James' primary trade or commerce as required by CUTPA. <u>See</u> <u>Cornerstone Realty</u>, 993 F. Supp. at

---

[4] "Trade or commerce" is defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." C.G.S. § 42-110a(4).

- 17 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

111. Tom James is engaged in the manufacture and retail sale of garments and wardrobe accessories, including high-quality men's and women's custom-made and made-to-measure clothing. <u>See</u> Amended Verified Complaint, at ¶ 8. However, Tom James' alleged conduct, as set forth in Count Five, are neither acts which constitute Tom James' true trade or commerce nor are they even incidental to Tom James' primary trade of providing custom-made and made-to-measure clothing. As the acts alleged in Count Five were not conducted in Tom James' trade or commerce, Defendant's CUTPA claim must be dismissed. <u>See Arawana Mills Co. v. United Tech. Corp.</u>, 795 F. Supp. 1238, 1252-53 (D. Conn. 1992).

      **b.**    **<u>Defendant's CUTPA Claim Must Be Dismissed Because a Breach of Contract Cannot Support a Violation of CUTPA</u>**

In the event the Court determines that the acts alleged in Count Five were conducted in Tom James' trade or commerce (which they were not), Defendant's CUTPA claim should be dismissed because a breach of contract does not constitute a CUTPA violation.

It is well established by the Connecticut courts that a breach of contract "is not sufficient to establish a violation of CUTPA." <u>Boulevard Assoc. v. Sovereign Hotels, Inc.</u>, 72 F.3d 1029, 1039 (2d Cir. 1995) (quotation omitted); see <u>Loda Agency, Inc. v. Nationwide Ins. Co.</u>, No. 3:001750, 2000 WL 1849865, *3-4 (D. Conn. Oct. 10, 2000) (attached hereto as Exhibit C). In determining whether a party's actions are "unfair,"

- 18 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

courts apply the "cigarette rule."[5]  See Boulevard Assoc., 72 F.3d at 1038; Loda

Agency, 2000 WL 1849865, at *3.

As previously set forth, Defendant merely realleges the same set of facts

previously alleged in support of its other causes of action in support of its CUTPA claim.

Particularly, Defendant reincorporates allegations regarding Tom James' purported

failure to redeem Defendant's stock in accordance with certain subscription

agreements.  See Amended Counterclaim, at ¶¶ 21 - 23, 40, 44.  However, Defendant

fails to allege any aggravated circumstances beyond those facts alleged in support of its

claims for breach of contract.  Thus, these allegations, without more, are insufficient to

bring them within the cigarette rule.  See Pollock v. Panjabi, 47 Conn. Supp. 179, 197,

781 A.2d 518 (Conn. Super. Ct. 2000) (quotation omitted).  While Defendant makes the

conclusory statement that Tom James' actions were "an attempt to suppress

competition" and thus taken in the course of its trade or business, Defendant fails to

offer how the purported failure to redeem stock or pay dividends constitute acts

intended to stifle competition.  See Amended Counterclaim, at ¶ 25.  It is insufficient to

---

[5] In determining whether conduct is unfair pursuant to the cigarette rule, a court must consider the following:

> (1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise--whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers[,] competitors or other businessmen.

Boulevard Assoc. v. Sovereign Hotels, Inc., 72 F.3d 1029, 1038 (2d Cir. 1995) (citation omitted).

- 19 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

merely allege the same facts supporting Defendant's breach of contract claims were unfair or deceptive acts "without ever explaining how they can be so characterized." Loda Agency, 2000 WL 1849865, at *4, n.4. As such, Defendant failed to demonstrate that these alleged acts were unfair within the meaning of CUTPA and should be dismissed.

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, respectfully requests that the Court grant its Motion to Dismiss the Amended Counterclaim of J. Tracy Green, dated October 23, 2003, and dismiss Count Five and portions of Count Two of the Amended Counterclaim.

Dated:  November 7, 2003
        Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
TOM JAMES COMPANY

By: _____
      Thomas J. Firm
      Federal Bar No.: ct 20929
      Paula Cruz Cedillo
      Federal Bar No.: ct 23485
      HALLORAN & SAGE LLP
      One Goodwin Square
      225 Asylum Street
      Hartford, Connecticut 06103
      (860) 522-6103

- 20 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 7th day of November, 2003, a copy of the foregoing was either mailed, postage prepaid, or hand-delivered to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

_____
Thomas J. Finn

482905

One Goodwin Square          HALLORAN          Phone (860) 522-6103
225 Asylum Street           & SAGE LLP         Fax (860) 548-0006
Hartford, CT 06103                             Juris No. 26105