As such, Tom James has lost the economic benefit of Mr. Green's numerous prospects or referrals he had compiled and/or contacted as of the date of his termination as a result of his departure, the nature of his departure, and his subsequent wrongful business activities. <u>See</u> Verified Complaint at ¶ 76; <u>see also</u> list of Trace Apparel's Clients, attached hereto as Exhibit E (listing 21 new clients obtained since Mr. Green left Tom James' employ); Exhibit D (listing 13 clients who are neither accounted for on Tom James' nor Defendants' list of clients).

Tom James' efforts to recreate Mr. Green's prior referral list have been substantially unsuccessful. <u>See</u> Verified Complaint at ¶ 77. Accordingly, Tom James' ability to receive the benefit of referral business from existing customers in the Hartford area has been damaged. <u>See</u> Verified Complaint at ¶ 77.

<b>ARGUMENT</b>

I. <u><b>Tom James Is Entitled to a Prejudgment Remedy Under Connecticut Law</b></u>

    A.    <u><b>Standard of Review to Issue Prejudgment Remedy</b></u>

The Connecticut federal courts are authorized to grant prejudgment remedies in accordance with Connecticut law pursuant to Rule 64 of the Federal Rules of Civil Procedure. <u>See</u> <u>Bergesen d.y. v. Lindholm</u>, 760 F. Supp. 976, 984-85 (D. Conn. 1991). The United States District Court for the District of Connecticut has enunciated the probable cause standard established under Connecticut law for determining whether prejudgment remedies should be granted under sections 52-278a to 52-278n of the Connecticut General Statutes as follows:

– 24 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Pursuant to Connecticut General Statutes § 52-278d(a), the standard for issuing a prejudgment remedy is 'whether or not there is probable cause to sustain the validity of the plaintiff's claim.' <u>Three S. Dev. Co. v. Santore</u>, 193 Conn. 174, 175, 474 A.2d 795 (1984) (internal quotations and citations omitted). . . . . The legal idea of probable cause is 'a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it.' <u>Three S. Dev. Co.</u>, at 175 (internal quotations and citations omitted). 'Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false.' <u>Id.</u>

'The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim.' <u>Id.</u>

<u>Qualitative Reasoning Sys., Inc. v. Computer Scis. Corp.</u>, No. 3:98CV554, 2000 WL 852127, at *9-10 (D. Conn. Mar. 31, 2000), attached hereto as Exhibit F.

In light of the criteria established by the Connecticut courts, Tom James has clearly established probable cause to sustain the validity of its claims.

**B.    Tom James Has Established Probable Cause on its Claim for Breach of Contract**

Tom James has demonstrated its entitlement to a prejudgment remedy by establishing probable cause as to the validity of its breach of contract claim. <u>See</u> <u>Qualitative Reasoning Sys.</u>, 2000 WL 852127, at *10.

Courts in the District of Connecticut have found that a party has established a cause of action for breach of contract where it has demonstrated: (1) the existence of a contract; (2) the existence of an obligation on the part of the defendant; (3) a breach of that obligation by the defendant; and (4) damages to the plaintiff. <u>See</u> <u>Qualitative</u>

- 25 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

<u>Reasoning Sys.</u>, 2000 WL 852127, at *9-10 (granting application for prejudgment remedy based upon probable cause finding that party would prevail on breach of contract claim); <u>Underkofler v. Community Health Care Plan, Inc.</u>, No. 3:87-cv-534, 1999 WL 464530, at *3 (D. Conn. June 17, 1999) (setting forth elements of breach of contract), attached hereto as Exhibit G.

Tom James has demonstrated the existence of a valid contract, the terms of which are clear and unambiguous. <u>See</u> Verified Complaint at ¶¶ 21-28; <u>see also</u> Employment Agreement. Pursuant to the Employment Agreement, Mr. Green was prohibited from disclosing any of Tom James' confidential information, including customer lists and customer requirements to anyone outside of Tom James. <u>See</u> Employment Agreement at ¶ 5; Verified Complaint at ¶¶ 21-28. Additionally, Mr. Green was prohibited from competing against Tom James in the Hartford, Connecticut, area. <u>See</u> Employment Agreement at ¶ 7; Verified Complaint at ¶¶ 21-28.

In <u>Tom James Co. v. Hudgins</u>, 261 F. Supp. 2d 636 (S.D. Miss. 2003), the district court considered circumstances factually on point with the instant matter. In <u>Hudgins</u>, a former employee of Tom James solicited and sold made-to-order clothing in the Mobile, Alabama, area to Tom James customers and used Tom James' sales methods, in violation of the parties' employment agreement. <u>See Hudgins</u>, 261 F. Supp. 2d at 638-39. The terms of the parties' contract were similar to those of the Employment Agreement in the instant matter. <u>See id.</u> The district court expressly held that "when [the defendant] sold made to order clothing within the specified geographic area (fifty miles from Mobile

– 26 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

City limits in every direction) and within the restricted time period (2 years from the date of termination), he clearly violated the restrictive covenant of his employment agreement." Hudgins, 261 F. Supp. 2d at 642. The district court further expressly held that the defendant, by virtue of soliciting sales from Tom James customers and potential Tom James customers within the restricted geographic area, he also violated Tom James' Conflict of Interest policy and nondisclosure of information provision. See id. at 642-43.

Similar to the defendant in Hudgins, Mr. Green unlawfully conducted sales in the custom made-to-measure clothing business in an area restricted by the parties' Employment Agreement in violation of that agreement. See Verified Complaint at ¶¶ 56-68. Indeed, Mr. Green conducted business in the Hartford area as early as January 2002, weeks after his resignation from Tom James. See Exhibit A. Mr. Green further failed to refrain from disclosing Tom James' confidential information and competing with Tom James. See Exhibits B through D; Verified Complaint at ¶¶ 56-68. It is undeniable that Mr. Green has breached his contractual obligations to Tom James. See Hudgins, 261 F. Supp. 2d at 642.

The damages sustained by Tom James as a result of Mr. Green's breach of the Employment Agreement are clearly established and readily apparent. See Verified Complaint at ¶¶ 69-78; supra pp. 18-24. Accordingly, Tom James has demonstrated its entitlement to a prejudgment remedy by establishing probable cause as to the validity of

- 27 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

its breach of contract claim. See Qualitative Reasoning Sys., Inc., 2000 WL 852127, at *9-10.

### C. Tom James Has Established Probable Cause on Its Claims for Tortious Interference with Business Relations and Tortious Interference with Prospective Advantage

Tom James has also brought claims against Trace Apparel and Mr. Green for tortious interference with business relations and tortious interference with prospective advantage. See Verified Complaint at Fourth Count and Fifth Count. Tom James has established probable cause on the success of these claims and is therefore entitled to a prejudgment remedy based on these claims.

To maintain a cause of action for tortious interference with business relations, the plaintiff must prove: (1) the existence of a business relationship; (2) the intent to interfere with the relationship through improper means or motives; and (3) actual loss of the business relationship. See Nuclear Mgmt. Corp. v. Combustion Eng'g, Inc., No. 3:94cv00403, 1997 WL 43099, at *3-4 (D. Conn., Jan. 22, 1997), attached hereto as Exhibit H; Larson Chelsea Realty Co. v. Larson, 232 Conn. 480, 503 (1995). To maintain a cause of action for the closely related claim of tortious interference with business expectancies, the plaintiff must prove "the existence of a business relationship; the alleged tortfeasor's knowledge of that relationship; intentional interference with the relationship; and consequential loss." Chem-Tek, Inc. v. General Motors Corp., 816 F. Supp. 123, 130 (D. Conn. 1993) (citing Solomon v. Aberman, 196 Conn. 359, 383, 493 A.2d 193 (1985)). The plaintiff may make a showing of tortious

- 28 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

interference by demonstrating that the defendant "engaged in fraud, misrepresentation, intimidation, obstruction or molestation, or . . . acted maliciously." See McKeown Distrib., Inc. v. Gyp-Crete Corp., 618 F. Supp. 632, 644 (D. Conn. 1985).

Tom James has clearly established probable cause of prevailing on these claims. Regarding Tom James' tortious interference with business relations claim, the evidence submitted by Tom James plainly establishes that Defendants were aware of Tom James' existing customers, as Mr. Green sold Tom James' products to these customers on behalf of Tom James. See Exhibit B. The evidence also demonstrates that Defendants willfully sought to interfere with these customer relationships by utilizing Tom James' contractually-protected information for their own benefit in violation of the Employment Agreement in an effort to cause Tom James to lose its business so that Mr. Green could establish an unfairly competing business and increase Defendants' sales at Tom James' expense. See Exhibits B through D; Verified Complaint at ¶¶ 10-36, 56-62. In addition, Mr. Green failed to follow reasonable transitional measures upon leaving Tom James' employ and solicited Tom James' current employees to leave Tom James and work either for Defendants or on their own. See Verified Complaint at ¶¶ 54-55. Tom James repeatedly advised Mr. Green of the existence of Tom James' customer relationships and Tom James' inability to maintain these customer relationships due to Mr. Green's and Trace Apparel's improper conduct. See Verified Complaint at ¶ 63-66.

- 29 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Regarding Tom James' tortious interference with prospective advantage claim, the evidence demonstrates that Defendants were well aware of the amount of business Tom James obtained through referrals from existing customers. Further, the evidence demonstrates that Defendants improperly utilized Tom James' contractually-protected information, including its customer information, for Defendants' own benefit in violation of Mr. Green's Employment Agreement in an effort to cause Tom James to lose its referral business from these customers so that Mr. Green could establish Trace Apparel, an unfairly competing business, and increase Defendants' sales at Tom James' expense. See Exhibits B through D; Verified Complaint at ¶¶ 10-36, 56-62. In addition, Mr. Green failed to follow reasonable transitional measures upon leaving Tom James' employ and solicited Tom James' current employees to leave Tom James and work for Mr. Green. See Verified Complaint at ¶¶ 54-55. Despite this awareness, Defendants continued to solicit Tom James' customers, thereby destroying the referral business that Tom James would have obtained through these customers. See Verified Complaint at ¶¶ 56-62. It is clear that Defendants sought to interfere with these relationships and caused harm to Tom James in an improper effort to cause harm to Tom James.

Accordingly, based upon the record, Tom James has demonstrated a likelihood of success on the merits of its tortious interference claims. See, e.g., Merola Enters. v. Ericson, No. CV 980492074S, 1999 WL 482303, at *2-3 (Conn. Super. Ct. June 21,

- 30 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

1999) (granting prejudgment remedy based on finding of probable cause as to tortious

interference claims), attached hereto as Exhibit I.

### D.   Tom James Has Established Probable Cause on its Claim for Violations of the Connecticut Uniform Trade Secrets Act

Tom James has also brought a claim against Defendants for violations of the

Connecticut Uniform Trade Secrets Act ("CUTSA"). Tom James has established

probable cause on the success of this claim and is therefore entitled to a prejudgment

remedy based on this claim.

CUTSA specifically defines trade secret as:

information, including a formula pattern, compilation, program, device, method, technique, process, drawing, cost, data or <u>customer list</u> that:

(1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and

(2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

CONN. GEN. STAT. 35-51(d) (emphasis added); <u>see</u> <u>Nationwide Mut. Ins. Co. v. Stenger</u>,

695 F. Supp. 688, 691 (D. Conn. 1988).

Defendants obtained a substantial amount of confidential information from Tom

James, including, but not limited to, Tom James' customer information, customer

requirements, products, prices, costs, and sales techniques and methods developed by

Tom James. <u>See</u> Exhibit B; Verified Complaint at ¶¶ 10-15, 20-36, 106.

- 31 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendants misappropriated Tom James' proprietary, confidential, and trade secret information, including, but not limited to, Tom James' customer information, by improper means for their own use. See Verified Complaint at ¶¶ 56-62, 107. In addition, Defendants have improperly retained Tom James' proprietary, confidential, and trade secret information, including, but not limited to, its customer information, for the purpose of competing with Tom James. See Exhibits B through D; Verified Complaint at ¶¶ 56-62, 107.

As previously set forth, Tom James' customer information, as well as its other confidential and proprietary information, was created maintained solely by Tom James for Tom James' exclusive use. See Verified Complaint at ¶¶ 10-28. The customer information was developed at considerable effort and expense, especially in light of the difficulty of obtaining customers through telephone calls and appointments. See Verified Complaint at ¶¶ 12- 13 (setting forth that it takes an average of twenty-five telephone calls to current customers to obtain and one order, and that it takes an average of eighty prospective customers to obtain one order). Therefore, the information derives independent economic value to Tom James, and clearly would be valuable to Tom James' competitors. See Verified Complaint at ¶¶ 56-62. Furthermore, Tom James had not shared this information with any entities outside the company. Therefore, the information was not readily ascertainable by other entities by proper means. See Hudgins, 261 F. Supp. 2d at 642.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

"Tom James'[] customer lists, customer requirements, and sales techniques and methods clearly fall within the definition of 'trade secrets. . . .'"[1] See Hudgins, 261 F. Supp. 2d at 641. Tom James took reasonable steps to maintain the secrecy of its proprietary, confidential, and trade secret information, including, but not limited to, Tom James' customer information. See Verified Complaint at ¶¶ 16-19, 21-28, 108. As previously set forth herein, these reasonable steps include, but are not limited to: requiring each employee, including Mr. Green, to sign an employment agreement pursuant to which the employee agrees not to disclose any of Tom James' customer information or other confidential and trade secret information to anyone outside of Tom James; requiring each employee, including Mr. Green, to sign and agree to the terms of Tom James' Conflict of Interest Policy; requiring each employee, including Mr. Green, to sign and agree to the terms set forth in Tom James' Electronic Mail Policy; and implementing a confidentiality banner on Tom James' website and on a number of important business records and forms that are used in the daily ordinary course of business of Tom James and its hundreds of sales professionals and office professionals. See Verified Complaint at ¶¶ 16-19, 21-28, 108. These protective measures taken by Tom James "clearly demonstrate that [Tom] James has taken

---

[1] Although the district court in Hudgins considered whether Tom James' proprietary information constituted a trade secret under the Mississippi Uniform Trade Secrets Act ("MUTSA"), both MUTSA and CUTSA employ similar analyses as to the issue of whether certain information constitutes a trade secret. Compare MISS. CODE ANN. § 75-26-3(d) with CONN. GEN. STAT. 35-51(d).

– 33 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

reasonable steps to maintain the secrecy of this information. . . ." <u>Hudgins</u>, 261 F. Supp. 2d at 642.

Accordingly, Tom James has demonstrated the requisite probable cause to maintain its claim for a violation of CUTSA.

### E.    Tom James Has Established Probable Cause on its Claim for Violations of the Connecticut Unfair Trade Practices Act

Tom James also brings a claim for violations of the Connecticut Unfair Trade Practices Act ("CUTPA") against Defendants. <u>See</u> Verified Complaint at Seventh Count. Tom James has likewise established probable cause on the success of this claim and is therefore entitled to a prejudgment remedy based on this claim.

Section 42-110b of the Connecticut General Statutes provides that "no person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business." CONN. GEN. STAT. § 42-110b. In determining whether an action or practice is unfair, courts look at the following factors:  (1) whether the practice offends public policy as it has been established by statutes, common law, or otherwise; (2) whether it is immoral, unethical, oppressive, or unscrupulous; and/or (3) whether it causes substantial injury to consumers. <u>See</u> <u>Dow and Condon, Inc. v. Anderson</u>, 203 Conn. 475, 484 (1987). All three criteria do not need to be satisfied to support a finding of unfairness. <u>See</u> <u>Omega Eng'g v. Eastman Kodak</u>, 908 F. Supp. 1084, 1099 (D. Conn. 1995). A practice may be found unfair because of the degree to

– 34 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

which it meets one criterion or, to a lesser extent, because of the degree it meets all three criteria. See id.

An analysis of the facts of this case under these factors plainly demonstrates that Defendants' conduct is unfair for purposes of CUTPA such that Tom James has met the probable cause standard for obtaining the prejudgment remedy it seeks on its CUTPA claim. See Dow and Condon, 203 Conn. 475, 484 (affirming lower court's decision to grant prejudgment remedy based on finding of probable cause as to CUTPA claim); Verified Complaint at ¶¶ 53-78

Based on the foregoing, Tom James submits that it has established probable cause to sustain the validity of its claims for breach of contract and violations of CUTPA, and, therefore, respectfully requests that the Court grant Tom James' Application for Prejudgment Remedy in the amount of not less than $650,000.00.

## II.  Tom James Is Entitled to a Disclosure of Defendants' Assets Based upon its Motion for Disclosure of Assets

Tom James has filed a Motion for Disclosure of Assets pursuant to section 52-278n of the Connecticut General Statutes. Pursuant to this section, a court may, upon motion of a party, order a defendant to disclose its assets. See CONN. GEN. STAT. § 52-278n(a). A motion to disclose assets pursuant to this section is made by attaching it to an application for prejudgment remedy, which Tom James has done in this matter. See CONN. GEN. STAT. § 52-278n(b). Pursuant to section 52-278n(c), a court is authorized

- 35 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to order the disclosure of assets at any time prior to a final judgment. <u>See</u> <u>Amatulli v.</u>
<u>People's Bank</u>, 965 F. Supp. 1, 6 (D. Conn. 1997) (setting forth that a court is
authorized to order disclosure of assets in connection with prejudgment remedy).

Given Tom James' showing of probable cause to sustain the validity of its claims,
Tom James has likewise demonstrated its entitlement to the disclosure of Defendants'
assets. <u>See</u>, <u>e.g.</u>, <u>Stone v. Frederick Hobby Assoc. II</u>, No. CV000181620S, 2001 WL
861822, at *11 (Conn. Super. Ct. July 10, 2001) (granting plaintiff's motion to disclose
assets upon granting prejudgment remedy), attached hereto as Exhibit J. Accordingly,
Tom James respectfully requests that the Court grant its Motion for Disclosure of
Assets.

- 36 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, submits that there exists probable cause to support its Application for Prejudgment Remedy, dated November 26, 2003, and that there exists probable cause that Tom James will obtain a judgment in the amount of not less than $650,000.00 against the defendants Trace Apparel LLC and J. Tracy Green.  Accordingly, Tom James respectfully requests that the Court grant its Application for Prejudgment Remedy.  Additionally, Tom James respectfully requests that, based upon the granting of its Application for Prejudgment Remedy, the Court grant its Motion for Disclosure of Assets, dated November 26, 2003.

Dated:  November 26, 2003
       Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
TOM JAMES COMPANY

By: _____
    Thomas J. Finn
    Federal Bar No.: ct 20929
    Paula Cruz Cedillo
    Federal Bar No.: ct 23485
    HALLORAN & SAGE LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, Connecticut 06103
    (860) 522-6103

- 36 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 26th day of November, 2003, a copy of the foregoing was delivered via facsimile and mailed, postage prepaid to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

Thomas J. Finn

389845.1(HSFP)

- 37 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105