UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>　　　　　　　　　　PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>　　　　　　　　　　DEFENDANTS | CIVIL ACTION NO.<br><br>3:03cv00596 (JBA)<br><br><br><br>December 17, 2003 |

### REQUEST FOR PRE-FILING CONFERENCE

Pursuant to the Court's standing order, the defendant J. Tracy Green (hereinafter, "Green") hereby requests that the court schedule a pre-filing conference.  Green desires to submit a partial motion for judgment on the pleadings pursuant to Fed. R. Civ. P. R. Rule 12 (c), and requests a conference to discuss the proposed filing.

On May 19, 2003, the plaintiff Tom James Company (hereinafter, "Tom James") filed an Amended Verified Complaint [Doc. No. 4].  That document contained seven counts, the second of which claimed relief based upon an alleged breach of an agreement not to compete.  See, Amended Verified Complaint, May

-1-

19, 2003, at 23-24.  As part of the requested relief for this alleged breach, Tom James claimed an order, among other things:

> enjoining Trace Apparel, Mr. Green, and their respective agents, employees, officers, servants, attorneys and representatives from directly or indirectly or alone or in concert with others, engaging in the following activities:  (a) calling on Tom James' customers for the purpose of soliciting sales in competition with Tom James or for the purpose of injuring Tom James, for a period of 24 months from the date of entry of the order; … (c) acting either individually or as an owners, employees, promoters, officers, directors of any other person or corporation, directly or indirectly, in any made-to-measure or custom-tailored clothing business that is competitive with the business of Tom James Company within the city of Hartford, Connecticut, plus fifty (50) miles in every direction measured from the city's boundaries; …

Amended Verified Complaint, supra, at 31.

This portion of Tom James' request for relief can only be attributed to its claim for breach of an agreement not to compete, since none of its other claims would permit such an order.

As alleged in the Complaint, Green was employed by Tom James until December 12, 2001.  Amended Verified Complaint, supra, at ¶ 53.  The agreement that is sought to be enforced in Count Two was attached to the Amended Verified Complaint as Exhibit 2, and the alleged restrictive covenant is contained in paragraph 7 thereof.  The alleged restrictive covenant, by its terms, states that

certain competitive activities are prohibited "during the period of employment and for a period of two (2) years after termination of his employment with the Employer". Amended Verified Complaint, supra, Exhibit 2 at ¶ 7.

The time period for which Green would be prohibited from competing with Tom James, even if Tom James establishes the validity and effectiveness of the alleged agreement, is limited to two (2) years from the last day of Green's employment. This time period ended on December 12, 2003. Tom James no longer has any reasonable basis on which it can claim such relief, and Green is entitled to judgment on pleadings on this claim.

Obviously, the motion for judgment on the pleadings did not become ripe until the two (2) year period expired. As a result, Green could not address this claim via a Rule 12 (b) (6) motion, as he had to wait until the time had passed.

Although it might seem that this issue could be dealt with in a motion for summary judgment after discovery closes, Tom James' actions in this case require that it be dealt with now. During the settlement conference held on November 24, 2003 with Parajudicial Officer Ray Green, Tom James demanded that Green agree to an additional two year period of non-competition, and indicated that some additional period of non-competition was essential for it to agree to settle the case.

This position is now without any reasonable cause. Accordingly, in a telephone conference on December 12, 2003, the undersigned requested that Tom James withdraw this claim, and Tom James' counsel declined. Green submits that since this claim has no basis, it should be deleted from the case and removed as an issue for discovery and as a stumbling block to a potential settlement.

As such, Green believes it is now appropriate to file a motion for judgment on the pleadings on this claim, and respectfully requests that the Court schedule a pre-filing conference to consider same.

THE DEFENDANT
J. TRACY GREEN

By: _____//ss//_____
Thomas A. Rouse, Fed. Bar No. ct06128
Peter S. Olson, Fed. Bar No. 16149
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

-4-

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on December 17, 2003 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

Thomas J. Finn
Paula Cruz Cedillo
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
860.522.6103
Facsimile 860.548.0006

                                                          _____//ss//_____
                                                          Thomas A. Rouse, Fed. Bar No. ct01326
                                                          Peter S. Olson, Fed. Bar No. ct16149

BPRT/67708.2/PSO/501322v1