**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>　　　　　　　　PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>　　　　　　　　DEFENDANTS | CIVIL ACTION NO.<br><br>3:03cv00596 (JBA)<br><br><br><br>December 17, 2003 |

**PRELIMINARY OBJECTION TO APPLICATION FOR PREJUDGMENT REMEDY AND TO MOTION FOR DISCLOSURE OF ASSETS**

　　　　The defendant J. Tracy Green (hereinafter, "Green") and the defendant Trace Apparel, LLC (hereinafter, "Trace") hereby submit this Preliminary Objection to the Application for Prejudgment Remedy, dated November 26, 2003 [Doc. Nos. 29-30], filed by the plaintiff Tom James Company (hereinafter, "Tom James"). In this preliminary objection, Green does not respond to the substance of Tom James' allegations in the Application, or in the memorandum submitted by Tom James in support of its Application, dated November 26, 2003 [Doc. No. 32], because it was not proper for Tom James to submit a memorandum at this time, when a prejudgment remedy requires a hearing and factual determination. As such, Green

-1-

reserves the right to respond to Tom James' claim for prejudgment remedy at the proper time, in the course of any hearing that may be scheduled.

However, Green submits that the Court should not permit Tom James to request a prejudgment remedy at this time, and should decline to schedule a hearing thereon. Tom James has made absolutely no mention of its intent to seek a prejudgment remedy at any stage of these proceedings. It did not mention its intent during the parties' planning meeting, nor during the subsequent conference with the Court regarding same, and it did not mention its intent at any point during communications concerning the timing of discovery requests, responses, and depositions.

Additionally, Tom James has refused to comply with the vast majority of Green's discovery requests, depriving him of the evidence necessary to defend against the Application. Accordingly, for the reasons set forth herein, the Court should decline to hear the Application at this point in the litigation.

I. **ARGUMENT**

On November 24, 2003, Parajudicial Officer Raymond Green conducted a settlement conference over a period in excess of three hours. During that conference, Tom James presented a prepared settlement agreement, demanding

injunctive relief from Green that went well beyond the scope permitted under its claims in this litigation.[1] The parties discussed potential settlement scenarios, but it was clear that Tom James was fixated on this overreaching relief. The parties left that conference with an agreement that counsel would have further discussions on the parameters of a potential settlement.

Two days later, in what can hardly be deemed a coincidence, Tom James filed its Application for Prejudgment Remedy. This action can only be viewed as an attempt to gain leverage to force a settlement on terms more favorable to Tom James. The filing of the Application just prior to Thanksgiving ensured that Green would not receive it until December 1, 2003.

Even though Tom James filed this action on April 2, 2003, this was the very first indication that Tom James had any intent to seek a prejudgment remedy. While it would certainly be within Tom James' rights to seek such a remedy, the Court should not permit them to spring such a surprise on Green at this late date, where it was never within the contemplation of the Court or the parties in determining the

---

[1] Green has filed this day a motion for a pre-filing conference to file a motion to dismiss portions of the injunctive relief sought by Tom James.

course of this matter.  Accordingly, the Court should decline to schedule the Application for a hearing.

A. **TOM JAMES NEVER INDICATED ITS INTENT TO SEEK A PREJUDGMENT REMEDY DURING THE SCHEDULING PROCESS.**

Under Fed. R. Civ. P. Rule 26 (f) and D. Conn. L. Civ. R. Rule 38, the parties are required to meet and discuss the discovery <u>and motions</u> necessary for their case and how these matters can be accomplished in an efficient, timely and cost-effective manner.  *Julian v. Equifax Check Services, Inc.*, 178 F.R.D. 10, *13. (D. Conn. 1998),[2] citing Fed. R. Civ. P. Rule 26, Advisory Committee Notes, Subdivision (f) (1993 Amendment) (emphasis added).  The parties then submit a Report, which sets forth a proposed pre-trial schedule, and is used by the court as a guide to set reasonable deadlines in a scheduling order for the joining of parties, amending the pleadings, filing motions, and completing discovery. *Julian, supra*, 178 F.R.D. at *13, citing Fed. R. Civ. P. Rule 16 (b); D. Conn. Loc. Civ. R. Rule 11(a)(2) & 38(b); and Fed. R. Civ. P. Rule 16, Advisory Committee Notes, Subdivision (b) (1983 Amendment).

---

[2] Copies of unreported decisions referenced herein are attached hereto as Exhibit E.

In this respect, the federal rules and the local rules are intended to afford the parties sufficient opportunity to prepare their cases, and also help the district court control its docket and provide for a timely resolution of disputes. *Julian*, *supra*, 178 F.R.D. at *13. Through the use of these scheduling orders, the district court is able to more effectively manage all of its cases. *Julian*, *supra*, 178 F.R.D. at *13; *see also*, *Molokai Chamber of Commerce v. Kukui (Molokai), Inc.*, 161 F.R.D. 426, 428 (D.Haw.1995) (scheduling orders are essential to the orderly functioning of the court, ensuring oversight by the court and a timetable for the major events in the litigation process. Further, the purpose of scheduling orders is to "schedule litigation events sequentially, in order to achieve case disposition in an orderly and predictable manner." *Edberg v. CPI, Inc.*, Civil Action No. 3:98 cv 716, 2000 WL 1844651, at *2 (JBA) (D.Conn. 2000).

On July 29, 2003, the parties conferred for the purposes of formulating the Report of Parties Planning Meeting, as required by Fed. R. Civ. P. Rule 26 (f), and by D. Conn. L. Civ. R. Rule 26 (e). The undersigned participated in this conference. At no time during this conference did Tom James' counsel even <u>suggest</u> that Tom James intended to seek a prejudgment remedy. This conference was followed up by the written report, which was filed with the Court on August 12, 2003 [Doc. No.

13]. Consistent with the conference, the Report also makes no mention of Tom James' intent to seek a prejudgment remedy.

Additionally, on October 14, 2003, counsel held a colloquy on the record with the Court regarding the scheduling order. At no time during this conference did Tom James' counsel mention that it intended to seek a prejudgment remedy. As such, on October 16, 2003, the Court entered a scheduling order for discovery in this case.

Pursuant to this scheduling order, the parties have been in the process of conducting written discovery. Because the discovery cutoff is not until May 1, 2004, this process is only partially complete. As discussed below, while Tom James has received near complete cooperation from Green (and has attached a number of those documents to its memorandum), it has on the other hand, failed and refused to comply with Green's discovery requests. As a result of this noncompliance, Green is not in an adequate position to defend against the Application.

Obviously, had Tom James made its intentions clear to the Court and to counsel for Green, a phased discovery plan could have been adopted, or an accelerated discovery plan could have been instituted. Having hid its intentions, it should not now be permitted to take advantage of the status of the litigation to seek a prejudgment remedy.

Finally, in the Application, Tom James represents that its requested prejudgment remedy takes into account Green's counterclaim. Putting aside the fact that Tom James' request is not documented by its application papers, it is clear that it has not taken these factors into account. Green certainly should be permitted the opportunity to challenge the basis for Tom James' claimed relief, as well as demonstrate why the relief sought is excessive.

This means that the hearing on the prejudgment remedy will be, in essence, identical to the trial on the merits of this case. Green must be permitted an opportunity to adequately prepare for the hearing, and Tom James has unfairly prevented him from doing so. As a result, the Court should decline to schedule a hearing on the Application.

B. **TOM JAMES HAS NOT CONDUCTED DISCOVERY IN GOOD FAITH**

Had Tom James been fair about the manner in which it conducted discovery, Green might very well now be in a position to defend the Application. Such has not been the case. Tom James initially served written discovery requests on Green.

After a single extension of time and the negotiation of a protective order,[3] Green provided an entire box of documents that amounted to <u>all</u> of his corporate records of sales of clothing. After some supplemental discussions, Green also produced approximately 500 e-mail messages to Tom James. Tom James used this information as an attachment to its Application for prejudgment remedy.

In the meantime, Green filed written discovery requests on Tom James. Tom James responded to these requests on November 24, 2003. In its responses, Tom James did not provide a single document that was responsive to the requests, and answered only a handful of requests. A copy of these "responses" is attached hereto as Exhibits A and B, and reveals the obstructionist approach Tom James took to the discovery process. Of course, since Tom James filed the Application just two days later, it knew that Green would have no opportunity to fight through these objections prior to the time a response was due.

---

[3] After negotiating this protective order, and the entering of the order by the Court, Tom James turned around and violated it by filing the discovery responses in the public domain by attaching them to pleadings that are on the Court's online docket.

At the same time, Tom James has taken unreasonable and aggressive positions as to Green's obligations concerning discovery responses. The best example of this is the letter of November 7, 2003 from Attorney Thomas Finn to the undersigned, a copy of which is attached hereto as Exhibit C together with the undersigned's response to Attorney Finn. This letter, received by facsimile at 4:00 p.m. on a Friday, <u>demanded</u> that Green turn over his computer hard drive to Tom James for examination by Tom James' counsel, and threatened sanctions if Green did not comply with this demand within three days.

Putting aside the fact that there was absolutely no basis for Tom James to make such a demand, such as information concerning discoverable evidence that might be on the hard drive, the demand made no effort to take into account the potential privilege and confidentiality issues, or the responsibility Green's counsel might have to determine the relevance of the information that might be secured.

In addition to Tom James' failure to discuss a potential prejudgment remedy during the scheduling order process, as discussed above, Tom James also allowed Green's counsel to make commitments as to deposition dates to suit the convenience of Tom James' employees. For example, on October 28, 2003, Attorney Thomas Finn sent a letter to the undersigned indicating that a key witness,

Ash Deshmukh, had a tight schedule through the end of 2003, and that if Green wanted to depose him, he could do so in Nashville, Tennessee,[4] the week of November 11, 2003.  A copy of this letter is attached hereto as Exhibit D, together with the undersigned's response to Attorney Finn.

At this point, the parties were engaged in written discovery, to which Tom James had not yet responded, and the settlement conference was scheduled to occur.  Accordingly, cognizant of the fact that the discovery cutoff was not for seven months, the undersigned agreed to wait until January to conduct Mr. Deshmukh's deposition.  Attorney Finn followed this up with yet another letter, to ensure that this agreement was memorialized.  Of course, Tom James was perfectly happy to defer this deposition, since it intended to seek a prejudgment remedy and deferring Mr. Deshmukh's' deposition makes it that much harder to respond to the Application.

By these actions, Tom James has carried out a plan to leave Green in a position where he is unable to defend the Application.  Tom James demands immediate compliance with outrageous requests, yet refuses to respond to any

---

[4] Of course, this proposal did not take into account Tom James' obligation to produce Mr. Deshmukh in Connecticut for deposition.

requests from the other side. It should not now be permitted to seek prejudgment relief while not putting Green in a position to do the same.

II. **CONCLUSION**

As a substantive matter, Green submits that there is no basis for Tom James' request for prejudgment remedy. This will be demonstrated at the appropriate time. In the meantime, such a request is premature, and will surely require a mini-trial on the merits to succeed. Accordingly, the Court should decline to schedule the Application for a hearing at this time, at least until the discovery cutoff date on May 1, 2004 has passed.

                                                THE DEFENDANTS
                                                J. TRACY GREEN
                                                TRACE APPAREL, LLC

By: _____//ss//_____
Thomas A. Rouse, Fed. Bar No. ct06128
Peter S. Olson, Fed. Bar No. 16149
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on December 17, 2003 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

Thomas J. Finn
Paula Cruz Cedillo
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
860.522.6103
Facsimile 860.548.0006

_____//ss//_____
Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

BPRT/67708.2/PSO/501278v1