*EXHIBIT* A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 303 CV 0596 (JBA) |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | NOVEMBER 24, 2003 |

## OBJECTION AND RESPONSE TO DEFENDANTS' INTERROGATORIES DIRECTED TO TOM JAMES COMPANY

The plaintiff, Tom James Company ("Tom James"), submits this Objection and Response to the defendants', Trace Apparel LLC ("Trace Apparel") and J. Tracy Green ("Mr. Green") (collectively referred to as "Defendants") Interrogatories Directed to Tom James Company, dated October 22, 2003.

## GENERAL OBJECTIONS

1.    Tom James objects to each Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other rule of privilege or confidentiality provided by law.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2.      Tom James objects to each Interrogatory to the extent that it seeks information that is neither relevant to the subject matter of the pending lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

3.      Tom James objects to each Interrogatory insofar as:  (a) it seeks information that is unreasonably cumulative or duplicative, or that may be obtained from some other source that is more convenient, less burdensome, or less expensive; and/or (b) compliance would be unduly burdensome or excessively costly.

4.      In responding to these Interrogatories, Tom James does not waive the foregoing general objections, nor does it waive the specific objections that are set forth in the responses to the individual Interrogatories below.  By setting forth its responses, Tom James does not concede that the information requested is relevant to this action or that it is reasonably calculated to lead to the discovery of admissible evidence.  Tom James expressly reserves the right to object to further discovery into the subject matter of these Interrogatories, to object to the introduction into evidence of any response or portion thereof, and to supplement or amend its responses.

5.      By agreeing to produce certain documents and things, Tom James only agrees to produce those documents within its possession or control to the extent they exist and makes no admission that those documents do, in fact, exist.

6.      Tom James objects to each Interrogatory to the extent that it seeks expert

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

discovery, which will be provided pursuant to Rule 26 of the Federal Rules of Civil Procedure.

7.    Tom James objects to Defendants' "Instructions," "Definitions," "Rules of Construction," "Additional Definitions," "Privileged or Proprietary Matters," and "Lost or Destroyed Documents" to the extent the Definitions or instructions differ from the Definitions Applicable to Discovery Requests set forth in Rule 39 of the Local Civil Rules of the United States District Court for the District of Connecticut, and to the extent that Defendants' instructions and other directives are inconsistent with the Federal Rules of Civil Procedure.

8.    Tom James incorporates by reference the foregoing general objections into each of the responses set forth below.

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

1.    Identify each person who assisted in the preparation of the responses to these interrogatories, or who provided information utilized in the preparation of these responses.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine.  Subject to, and without waiving, the foregoing Objection, Tom James responds as follows:  Phil Williams and Gary Pears, Esq.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2.      State each item that was part of Tom James' product line during 2000-present.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Tom James further objects to this Interrogatory on the ground that it is overly broad and unduly burdensome insofar as it seeks each and every item that was part of Tom James' product line and inasmuch as Defendants are already in possession of this information by virtue of Mr. Green's employment with Tom James.

3.      State the list price of each item identified in response to Interrogatory No. 2.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Tom James further objects to this Interrogatory on the ground that it is overly broad and unduly burdensome insofar as it seeks the price of each and every item that was part of Tom James' product line and inasmuch as Defendants are already in possession of this information by virtue of Mr. Green's employment with Tom James.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

4.    State the sales price of each item identified in response to Interrogatory No. 2.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Tom James further objects to this Interrogatory on the ground that it is overly broad and unduly burdensome insofar as it seeks the sale price of each and every item that was part of Tom James' product line and inasmuch as Defendants are already in possession of this information by virtue of Mr. Green's employment with Tom James.


5.    State the actual cost to Tom James of each item identified in response to Interrogatory No. 2, including every factor that was used to calculate the actual cost to Tom James of the item and the effect each such factor had on the actual cost. If the actual cost of a particular to Tom James varied during the years 2000 to 2003, state each variation and the time period affected thereby.

**RESPONSE:**

Tom James objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is protected by the attorney-client privilege and work-product doctrine, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Tom James further objects

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to this Interrogatory on the ground that it is vague and ambiguous, inasmuch as it is unclear what is meant by the term "actual cost" for purposes of this Interrogatory.

6.      State the number of sales of each item identified in response to Interrogatory No. 2 during the time period 2000-2003.

**RESPONSE:**

Tom James objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further incorporates herein the objections asserted in response to Interrogatories No. 2 and 4.

7.      Identify each document upon which you relied in preparing your responses to Interrogatory Nos. 2 through 6.

**RESPONSE:**

Tom James incorporates the objections to Interrogatories No. 2 through 6 as if fully set forth herein.

8.      Identify the person responsible for Tom James' electronic data and communication systems.

**RESPONSE:**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Tom James objects to this Interrogatory on the grounds that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, the foregoing Objection, Tom James responds as follows: John Hitt, Retail Systems Manager.

9.     Describe the software programs used by the following individuals for electronic communications, including e-mail, both internal and external to Tom James: Phil Williams; Spencer Hayes; Bob Sherrer; Ash Deshmukh; David Wykle; Eric Homeister; John Snyder; Bill Kneisel; David Brandon; Orin Douglas; Michael Jones; James Woodard.

**RESPONSE:**

Tom James objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, the foregoing Objection, Tom James responds that it utilizes Microsoft Outlook and exchange server, and Microsoft Internet Information Server and Internet Explorer for web based communications.

10.     Describe the procedures used to back up Tom James' electronic data and communications.

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Subject to, and without waiving, the foregoing Objection, Tom James responds that Tom James performs nightly backups of its accounting and business data systems, the tapes of which are continuously rotated. On a monthly basis, a snapshot is taken of the current data and stored. Tom James further responds that it performs nightly backups of its email exchange server, the tapes of which are continuously rotated. On a quarterly basis, a snapshot is taken of the current data and stored.

11.     Identify each document upon which you relied in preparing your responses to Interrogatory Nos. 8 through 10.

**RESPONSE:**

Tom James incorporates the objections to Interrogatories No. 8 through 10 as if fully set forth herein. Subject to, and without waiving, the foregoing Objection, Tom James responds that no documents were referred to in responding to Interrogatories No. 8 through 10.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

12.    State the basis for your claim in the First Count that Green breached the "Disclosure of Information" provision of the alleged Employment Agreement.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine. Tom James further objects on the grounds that this Interrogatory is an improper contention interrogatory and inappropriate at this preliminary stage of discovery.

13. State the basis, as defined above, for your claim in the Second Count that Green breached the "restrictive covenant" provision of the alleged Employment Agreement.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine. Tom James further objects on the grounds that this Interrogatory is an improper contention interrogatory and inappropriate at this preliminary stage of discovery.

14.    State the basis, as defined above, for your claim in the Third Count that Green violated the covenant of good faith and fair dealing.

**RESPONSE:**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Tom James objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine. Tom James further objects on the grounds that this Interrogatory is an improper contention interrogatory and inappropriate at this preliminary stage of discovery.

15.    State the basis, as defined above, for your claim in the Fourth Count that Green and/or Trace tortiously interfered with Tom James' business.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine. Tom James further objects on the grounds that this Interrogatory is an improper contention interrogatory and inappropriate at this preliminary stage of discovery.

16.    State the basis, as defined above, for your claim in the Fifth Count that Green and/or Trace tortiously interfered with Tom James' prospective advantage.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine. Tom James further objects on the grounds that this Interrogatory is an improper contention interrogatory and inappropriate at this preliminary stage of discovery.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

17.    State the basis, as defined above, for your claim in the Sixth Count that Green and/or Trace violated the Connecticut Trade Secrets Act.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine.  Tom James further objects on the grounds that this Interrogatory is an improper contention interrogatory and inappropriate at this preliminary stage of discovery.

18.    State the basis, as defined above, for your claim in the Seventh Count that Green and/or Trace violated the Connecticut Unfair Trade Practices Act.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege and the work-product doctrine.  Tom James further objects on the grounds that this Interrogatory is an improper contention interrogatory and inappropriate at this preliminary stage of discovery.

19.    Describe the corporate nature of the entity known as Tom James of Hartford.

**RESPONSE:**

Tom James objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is protected by the attorney-client privilege

- 11 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and work-product doctrine, seeks confidential information, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects to this Interrogatory on the ground that it is vague and ambiguous, inasmuch as it is unclear what is meant by the term "corporate nature" for purposes of this Interrogatory. Subject to, and without waiving, the foregoing Objection, Tom James responds that Tom James of Hartford has no separate corporate identity.

20.    Identify each employee of Tom James of Hartford from 1988 to 2001.

**RESPONSE:**

Tom James objects to this Interrogatory to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects to this Interrogatory on the ground that it is overly broad and unduly burdensome insofar as it seeks the names of each and every employee and inasmuch as Defendants are already in possession of this information by virtue of Mr. Green's employment with Tom James.

21.    Describe the relationship between the plaintiff Tom James Company and the entity known as Tom James of Hartford.

**RESPONSE:**

Tom James objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is protected by the attorney-client privilege

- 12 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and work-product doctrine, seeks confidential information, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects to this Interrogatory on the ground that it is vague and ambiguous, inasmuch as it is unclear what is meant by the term "relationship" for purposes of this Interrogatory. Subject to, and without waiving, the foregoing Objection, Tom James responds that Tom James of Hartford was a "doing business as" designation.

22.    Identify each person that requested to rollover a vested 401 (k) account following a break in service of at least one year, and state whether that person's request was approved or denied and for what reason.

**RESPONSE:**

Tom James objects to this Interrogatory on the grounds that it is vague and ambiguous, seeks confidential employee information, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, inasmuch as it is not limited in any way.

23.    State whether Tom James is currently, or has ever been, under investigation by any governmental agency for issued regarding its administration of its

- 13 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

401 (k) plan, and if so, state the agency conducting the investigation and the manner in which the investigation was resolved.

**RESPONSE:**

Tom James objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, seeks information that is protected by the attorney-client privilege and work-product doctrine, seeks confidential information, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects to this Interrogatory on the ground that it is vague and ambiguous, inasmuch as it is unclear what is meant by the term "investigation" for purposes of this Interrogatory. Additionally, Tom James objects to this Interrogatory to the extent that the information sought is of public record and may be obtained from some other source by Defendants.

24.    Identify each civil action in which a court or jury refused to enforce a restrictive covenant between Tom James and one of its employees.

**RESPONSE:**

Tom James objects to this Interrogatory on the grounds that it is unduly burdensome, seeks information that is protected by the attorney-client privilege and work-product doctrine, and seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects

- 14 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to this Interrogatory to the extent that the information sought is of public record and may

be obtained from some other source by Defendants.

Tom James reserves the right to supplement and/or amend the foregoing

responses to Defendants' Interrogatories.

Dated:  November 24, 2003
        Hartford, Connecticut

THE PLAINTIFF
TOM JAMES COMPANY

By: _____
    Thomas J. Finn
    Federal Bar No.: ct 20929
    Paula Cruz Cedillo
    Federal Bar No.: ct 23485
    HALLORAN & SAGE LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, Connecticut 06103
    (860) 522-6103

- 15 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on November 24, 2003, a copy of the foregoing was either mailed, postage prepaid, or hand-delivered to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

Thomas J. Finn

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

*EXHIBIT* B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TOM JAMES COMPANY,       :      CIVIL ACTION NO.
     Plaintiff,           :      303 CV 0596 (JBA)
                          :
V.                       :
                          :
TRACE APPAREL LLC and   :
J. TRACY GREEN,        :
                          :
     Defendants.         :      NOVEMBER 24, 2003

## OBJECTION AND RESPONSE TO DEFENDANTS' REQUESTS FOR PRODUCTION DIRECTED TO TOM JAMES COMPANY

The plaintiff, Tom James Company ("Tom James"), submits this Objection and Response to the defendants', Trace Apparel LLC ("Trace Apparel") and J. Tracy Green ("Mr. Green") (collectively referred to as "Defendants") Requests for Production Directed to Tom James Company, dated October 22, 2003.

### GENERAL OBJECTIONS

1.     Tom James objects to each request for production to the extent that it seeks the production of information protected from disclosure by the attorney-client privilege, work product doctrine, or any other rule of privilege or confidentiality provided by law.

2.     Tom James objects to each request for production to the extent that it seeks the production of information that is neither relevant to the subject matter of the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

pending lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

3.    Tom James objects to each request for production insofar as: (a) it seeks information that is unreasonably cumulative or duplicative, or that may be obtained from some other source that is more convenient, less burdensome, or less expensive; and/or (b) compliance would be unduly burdensome or excessively costly.

4.    In responding to these requests for production, Tom James does not waive the foregoing general objections, nor does it waive the specific objections that are set forth in the responses to the individual request for production below.  By setting forth its responses, Tom James does not concede that the information requested is relevant to this action or that it is reasonably calculated to lead to the discovery of admissible evidence.  Tom James expressly reserves the right to object to further discovery into the subject matter of these requests for production, to object to the introduction into evidence of any response or portion thereof, and to supplement or amend its responses.

5.    By agreeing to produce certain documents and things, Tom James only agrees to produce those documents within its possession or control to the extent they exist and makes no admission that those documents do, in fact, exist.

6.    Tom James objects to each request for production to the extent that it seeks expert discovery, which will be provided pursuant to Rule 26 of the Federal Rules of Civil Procedure.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

7.    Tom James objects to Defendants' "Instructions," "Definitions," "Rules of Construction," "Additional Definitions," "Privileged or Proprietary Matters," and "Lost or Destroyed Documents" to the extent the Definitions or instructions differ from the Definitions Applicable to Discovery Requests set forth in Rule 39 of the Local Civil Rules of the United States District Court for the District of Connecticut, and to the extent that Defendants' instructions and other directives are inconsistent with the Federal Rules of Civil Procedure.

8.    Tom James incorporates by reference the foregoing general objections into each of the responses set forth below.

## OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1.    Tom James objects to this Request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the work-product doctrine.  Subject to, and without waiving the foregoing objection, Tom James agrees to produce documents responsive to this Request, to the extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

2.    Tom James agrees to produce documents responsive to this Request, to the extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

3.    Tom James objects to this Request on the ground that it is unduly burdensome insofar as it seeks the production of documents already in Defendants' possession. Tom James further objects to this Request on the grounds that it is unduly vague and ambiguous inasmuch as it is unclear what documents Defendants' seek in subsection (c) of the Request. Subject to, and without waiving the foregoing objection, Tom James agrees to produce documents responsive to this Request, to the extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

4.    Tom James objects to this Request to the extent that it seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects to this Request on the ground that it is overly broad and unduly burdensome insofar as it seeks the production of documents already in Defendants' possession. Subject to, and without waiving the foregoing objection, Tom James agrees to produce documents responsive to this Request, to the extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

5.    Tom James objects to this Request on the ground that it is unduly burdensome inasmuch as it has been previously produced and is already in Defendants' possession.

6.    Tom James objects to this Request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the work-product doctrine, seeks confidential information, and seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects to this Request on the grounds that it is overly broad and unduly burdensome inasmuch as it is not limited in any way.

7.    Tom James objects to this Request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the work-product doctrine, seeks confidential information, and seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects to this Request on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome inasmuch as it is not limited in any way. Additionally, Tom James objects to this Request insofar as it seeks the production of documents already in Defendants' possession. Subject to, and without waiving the foregoing objection, Tom James agrees to produce documents responsive

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

to this Request, to the extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

8.    Tom James objects to this Request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the work-product doctrine, seeks confidential information, and seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Tom James further objects to this Request on the grounds that it is vague and ambiguous, overly broad, and unduly burdensome inasmuch as it is not limited in any way.  Additionally, Tom James objects to this Request insofar as it seeks the production of documents already in Defendants' possession.  Subject to, and without waiving the foregoing objection, Tom James agrees to produce documents responsive to this Request, to the extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

9.    Tom James incorporates herein the objections asserted in response to Requests No. 5 through 7. Tom James further objects to this Request on the ground that it is overly broad and unduly burdensome insofar as it seeks the production of documents already in Defendants' possession and is not limited to any particular time frame.  Subject to, and without waiving the foregoing objection, Tom James agrees to produce documents responsive to this Request, to the extent they exist, at a mutually

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

10.     Tom James objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks the production of confidential employee information, and seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

11.     Tom James objects to this Request to the extent that it seeks the production of documents that are protected by the attorney-client privilege and the work-product doctrine, seeks confidential information, and seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to, and without waiving the foregoing objection, Tom James agrees to produce documents responsive to this Request, to the extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

12.     Tom James objects to this Request to the extent that it is overly broad, unduly burdensome, seeks the production of documents that are protected by the attorney-client privilege and the work-product doctrine and seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

admissible evidence.  Subject to, and without waiving the foregoing objection, Tom James agrees to produce documents responsive to this Request, to the extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

13.    Tom James objects to this Request on the ground that it is vague and ambiguous and unduly burdensome insofar as it seeks the production of documents already in Defendants' possession.  Subject to, and without waiving the foregoing objection, Tom James agrees to produce documents responsive to this Request, to the extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP and subject to the parties' agreement to seek a protective order.

14.    Tom James incorporates herein the objection asserted in response to Interrogatory No. 7.

15.    Tom James incorporates herein the objection asserted in response to Interrogatory No. 11.

16.    Tom James objects to this Request on the grounds that it is unduly burdensome, seeks the production of documents that are protected by the attorney-client privilege and work-product doctrine, and seeks the production of documents that

- 8 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tom James further objects to this Request to the extent that the information sought is of public record and may be obtained from some other source by Defendants. Additionally, Tom James objects to this Request on the ground that it is vague and ambiguous, inasmuch as it is unclear what constitutes "claims similar" for purposes of this Request.

17. Tom James incorporates herein the objection asserted in response to Requests No. 5 through 7. Tom James further objects to this Request on the ground that it is vague and ambiguous, inasmuch as it is unclear what is meant by the term "investigation" for purposes of this Request. Additionally, Tom James objects to this Interrogatory to the extent that it seeks the production of documents that would be of public record and may be obtained from some other source by Defendants.

18. Tom James objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

19. Tom James objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks the production of confidential information, and seeks the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

20.    Tom James incorporates herein the objection asserted in response to Interrogatory No. 12 through 18. Tom James further objects to this Request on the ground that it is unduly burdensome inasmuch as it seeks the production of documents within Defendants' possession.

21.    Tom James incorporates herein the objection asserted in response to Interrogatory No. 19 and 20.

22.    Tom James objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks the production of confidential information, and seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Indeed, David Wykle is not a party to this action.

23.    Tom James objects to this Request on the grounds that it is overly broad, unduly burdensome, seeks the production of confidential information, and seeks the production of documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Indeed, David Wykle is not a party to this action.

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

24.    Tom James objects to this Request to the extent that it seeks the

production of documents that are irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.  Subject to, and without waiving the foregoing

objection, Tom James agrees to produce documents responsive to this Request, to the

extent they exist, at a mutually agreed upon time at the offices of Halloran & Sage, LLP

and subject to the parties' agreement to seek a protective order.


25.    Tom James objects to this Request to the extent that it seeks confidential

information and seeks the production of documents that are irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence.


26.    Tom James objects to this Request on the grounds that it is overly broad,

unduly burdensome, and seeks the production of documents that are irrelevant and not

reasonably calculated to lead to the discovery of admissible evidence.


27.    Tom James objects to this Request on the grounds that it is overly broad,

unduly burdensome, seeks the production of confidential information, and seeks the

production of documents that are irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

28.    Tom James incorporates herein the objection asserted in response to

Interrogatory No. 24.


Tom James reserves the right to supplement and/or amend the foregoing

responses to Defendants' requests for production.

Dated:  November 24, 2003                    THE PLAINTIFF
        Hartford, Connecticut                TOM JAMES COMPANY

                                             By: _____
                                                 Thomas J. Finn
                                                 Federal Bar No.: ct 20929
                                                 Paula Cruz Cedillo
                                                 Federal Bar No.: ct 23485
                                                 HALLORAN & SAGE LLP
                                                 One Goodwin Square
                                                 225 Asylum Street
                                                 Hartford, Connecticut 06103
                                                 (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on November 24, 2003, a copy of the foregoing was either mailed, postage prepaid, or hand-delivered to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

Thomas J. Finn

486070

- 13 —

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105