*EXHIBIT C*

# HALLORAN
# &SAGE LLP

ATTORNEYS AT LAW

Joseph G. Lynch
Joseph T. Sweeney
George Royster
John W. Lemega
Vincent M. Marino
Richard C. Tynan
William P. Borchert
Thomas J. Hagarty, Jr.
Brian J. Donnell
James J. Szerejko
William J. McGrath Jr.
Dennis C. Cavanaugh
Christopher J. Lynch
Paul D. Meade
Joseph G. Fortner, Jr.
Stephen P. Fogerty
Peter G. Boucher

Steven H. Malitz
John B. Farley
David B. Losee
Mark T. Altermatt
Henry M. Beck, Jr.
Susan O'Donnell
Bruce H. Raymond
Kevin M. Roche
David G. Hill
Daniel P. Scapellati
James M. Sconzo
Robert B. Cox
Thomas P. O'Dea, Jr.
Gregory R. Faulkner
Dan E. LaBelle
Duncan J. Forsyth
Ann M. Catino

James P. Maher
Carl R. Ficks, Jr.
Robert M. Barrack
John W. Dietz
Brian P. Leaming
James C. Stearns
Theresa W. Hajost
Mark T. Livesay
Thomas P. Lambert
Reed A. Slatas
Thomas J. Finn
Janice D. Lai
Richard P. Roberts

Robert A. Rhodes
J. Randolph MacPherson
John S. Retaulia
Laura Pascale Zaino
Melissa Rotenberg Arzaro
Ralph W. Johnson, III
Martin A. Onorato
Jeffrey F. Gostyla
James V. Somers
Brett M. Szczesny
Alan P. Curto
Kevin J. Greene
James C. Celentano

Kathleen A. St. Onge
N. Kane Bennett
Kristen Alix Herzog
Patrick M. Birney
Bruce J. Gelston
Stephanie J. Sweeney
Peter E. Strniste, Jr.
Steven J. O'Neill
Stephen H. Broer
Erik J. Ness
Alexei J. Flachsmeyk
Salvatore N. Formaciari
Kevin R. Brady

Paula Cruz Cedillo
Amy Sargeant Lang
Eric P. Daigle
Maria Alexander
June M. Sullivan
Jeffrey L. Forte
Joshua M. Auxier
Elizabeth E. Hacken
Regen O'Malley
Brian D. Rich
Laurie R. Steinberg
Jonathan C. Sterling
Kimberly F. Welte
Todd R. Regan
Jude Francois
Patrick J. Mulroney

Counsel
Irwin D. Mittelman
Arthur P. McGowan, Jr.
Robert C. Engstrom
Paul V. Knopf
Alan S. Rubenstein
Mary L. Barrow
Kenneth R. Slater, Jr.
John J. Ryan
Michael K. Stanton, Jr.
Michael C. Collins
Lisa M. Kawilko

*Admitted in Washington, DC
only
**Admitted in Washington, DC
and Maryland only
***Admitted in Massachusetts and
State of Washington only

November 7, 2003

## VIA FACSIMILE AND OVERNIGHT COURIER
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601

Re: **Tom James Company v Trace Apparel, LLC and J. Tracy Green**
     3:03cv00596 (JBA)
     H&S File No.: 13233.0001

Dear Peter:

In connection with our Rule 34 request, we are going to be examining all the defendants' computer information, including all hard drives, computers, e-mail systems, portable devices, and any other data compilation Tracy Green used or uses in connection with his business or the business of Trace Apparel, LLC. We will agree that this information is subject to the Protective Order entered in this case on November 6, 2003.

We will have a third party expert examine this information. Please deliver to our office on Tuesday, November 11, 2003, no later than 5:00 p.m., or otherwise make available for inspection, all computers, portable e-mail devices, and any other electronic equipment that stores or stored data and computerized information, for examination by our third party expert.

Our third party expert, as well as Tom James' corporate counsel, will be traveling to Hartford from out of state for this examination. Therefore, to the extent that there is any late cancellation of the scheduled date, we will seek to have Mr. Green reimburse us for any travel expenses and expert fees in connection with this examination.

Peter S. Olson, Esq.
November 7, 2003
Page 2

Please contact me with any questions regarding this matter.  Thank you.

Very truly yours,

Thomas J. Finn

TJF/slw

482937

*EXHIBIT*  D

# HALLORAN
# &SAGE LLP
ATTORNEYS AT LAW

Joseph G. Lynch
Joseph T. Sweeney
George Royster
John W. Lemega
Vincent M. Marino
Richard C. Tynan
William P. Borchert
Thomas J. Hagarty, Jr.
Brian J. Donnell
James J. Szerejko
William J. McGrath, Jr.
Dennis C. Cavanaugh
Christopher J. Lynch
Paul D. Meade
Joseph G. Fortner, Jr.
Stephen P. Fogerty
Peter G. Boucher

Steven H. Malitz
John B. Farley
David B. Losee
Mark T. Altermatt
Henry M. Beck, Jr.
Susan O'Donnell
Bruce H. Raymond
Kevin M. Roche
David G. Hill
Daniel P. Scapellati
James M. Sconzo
Robert B. Cox
Thomas P. O'Dea, Jr.
Gregory R. Faulkner
Dan E. LaBelle
Duncan J. Forsyth
Ann M. Catino

James P. Maher
Carl R. Ficks, Jr.
Robert M. Barrack
John W. Dietz
Brian P. Leaming
James C. Stearns*
Theresa W. Hajost**
Mark T. Livesay
Thomas P. Lambert
Reed A. Slatas
Thomas J. Finn
Janice D. Lai
Richard P. Roberts

Robert A. Rhodes
John S. Rosania
Laura Pascale Zaino
Melissa Rotenberg Arcaro
Ralph W. Johnson, III
Martin A. Onorato
Jeffrey F. Gostyla
James V. Somers
Brett M. Szczesny
Alan P. Curto
Kevin J. Greene
Mark R. Giuliani
N. Kane Bennett

Kristin Alix Herzog
Alexia E. Cruz
Patrick M. Birney
Bruce J. Gelston
Stephanie J. Sweeney
Peter E. Strniste, Jr.
Steven J. O'Neill***
Stephen H. Broer
Erik J. Ness
Alexei J. Plocharczyk
Salvatore N. Fornaciari
Kevin R. Brady
Christopher M. Parent

Paula Cruz Cedillo
Amy Sargeant Lang
Kristi E. Mackin
Eric P. Daigle
Maria Alexander
June M. Sullivan
Joshua M. Auxier
Elizabeth E. Hackett
Regen O'Malley
Brian D. Rich
Laurie R. Steinberg
Jonathan C. Sterling
Kimberly F. Wells

Counsel
Irwin D. Mittelman
Arthur P. McGowan, Jr.

Robert C. Engstrom
Paul V. Knopf
Alan S. Rubenstein
Mary L. Barrow
Kenneth R. Slater, Jr.
John J. Ryan
Michael K. Stanton, Jr.
Lisa M. Kowtko

*Admitted in Washington, DC
only
**Admitted in Washington, DC
and Maryland only
***Admitted in Massachusetts and
State of Washington only

October 28, 2003

Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601

Re:   **Tom James Company v Trace Apparel, LLC and J. Tracy Green**
      3:03cv00596 (JBA)
      H&S File No.: 13233.0001

Dear Peter:

As we previously discussed, Ash Deshmukh, an executive vice-president of Tom James Company, and a witness in the above matter, is available to be deposed on November 12 or 13 in Nashville, Tenneesee.

As Mr. Deshmukh is extremely busy after mid-November, if we are unable to schedule his deposition in the first half of November, he will not be available until after January of 2004.

If you have any questions or concerns regarding this matter please do not hesitate to contact me.

Very truly yours,

Thomas J. Finn

TJF/slw

**Olson, Peter S.**

| | |
|---|---|
| **From:** | Olson, Peter S. |
| **Sent:** | Wednesday, October 29, 2003 3:28 PM |
| **To:** | 'finn@halloran-sage.com' |
| **Subject:** | Tom James v. Green |

Tom-

Thanks for your letter of 10/28.  It does not make sense to us to take Ash's deposition at this early date, especially before the written discovery is responded to and before we have the mediation session.  We will therefore wait until January for him.

Do you know who will be representing Tom James at the mediation?

Thanks. -pso

Peter S. Olson
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT  06604
203.330.2257
Facsimile 203.576.8888
Mobile 203.512.5265
polson@pullcom.com

# HALLORAN
# &SAGE LLP

### ATTORNEYS AT LAW

Joseph G. Lynch
Joseph T. Sweeney
George Royster
John W. Lemega
Vincent M. Marino
Richard C. Tynan
William P. Bardnick
Thomas J. Hagarty, Jr.
Paul V. Knopf
Brian J. Donnell
James J. Szerejko
William J. McGrath, Jr.
Dennis C. Cavanaugh
Christopher J. Lynch
Paul D. Meade
Joseph G. Fortner, Jr.
Stephen P. Fogerty
Peter G. Boucher

Steven H. Malitz
John B. Farley
David B. Losee
Mark T. Altermatt
Henry M. Beck, Jr.
Susan O'Donnell
Bruce H. Raymond
Kevin M. Roche
David G. Hill
Daniel P. Scapellati
James M. Sconzo
Robert B. Cox
Thomas P. O'Dea, Jr.
Gregory R. Faulkner
Dan E. LaBelle
Duncan J. Forsyth
Ann M. Catino
James P. Maher

Carl R. Ficks, Jr.
Robert M. Barrack
John W. Dietz
Brian P. Leaming
James C. Stearns*
Theresa W. Hajost**
James T. Livesay
Thomas P. Lambert
Reed A. Slaus
Thomas J. Finn
Janice D. Lai
Richard P. Roberts
John S. Rosania
Robert A. Rhodes

Laura Pascale Zaino
Melissa Rotenberg Arearo
Ralph W. Johnson, III
Martin A. Onorato
Jeffrey F. Gostyla
James V. Somers
Elizabeth A. Fluctmmons
Brett M. Szcsasny
Alan F. Curto
Kevin J. Greene
Mark R. Giuliani
N. Kane Bennett
Kristin Alix Herzog
Lori D. DiBella

Alexis E. Cruz
Patrick M. Birney
Bruce J. Gelston
Stephanie J. Sweeney
Gregory K. Habless
Peter E. Strniste, Jr.
Stephen H. Broer
Erik J. Ness
Alexei J. Plochszeryk
Andrew D. Moore
Salvatore N. Fornaciari
Kevin R. Brady
Christopher M. Parent
Paula Cruz Cedillo

Amy Sargeant Lang
Kristi E. Maskin
Eric P. Daigle
Maria Alexander
June M. Sullivan
Elizabeth E. Hackett
Brian D. Rich
Laurie R. Steinberg
Jonathan C. Sterling
Kimberly F. Wells

Counsel
Irwin D. Mittelman
Arthur D. McGowan, Jr.
Robert C. Engstrom
Alan S. Rubenstein
Mary L. Barrow
Gina L. Schoecher***

Kenneth R. Slater, Jr.
John J. Ryan
Michael K. Stanton, Jr.
Lisa M. Kowdko
Annmarie P. Briones

*Admitted in Washington, DC onl
**Admitted in Washington, DC
and Maryland only
***Admitted in Washington, DC
and Nebraska only

## FAX COVER SHEET

TO                 :        Peter S. Olson, Esq.

FROM           :        Thomas J. Finn

FAX NUMBER     :        203-576-8888

FILE NUMBER    :        13233.0001

DATE            :        November 7, 2003

## NUMBER OF PAGES (INCLUDING THIS COVER SHEET: 2

## MESSAGE:  (Ash Deshmukh Deposition)

ORIGINAL WILL NOT FOLLOW

ORIGINAL WILL FOLLOW BY REGULAR U.S. FIRST CLASS MAIL                      OTHER

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (860) 522-6103.

CONFIDENTIALITY: THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE AND IS PRIVILEGED AND CONFIDENTIAL. ANY DISSEMINATION, DISTRIBUTION, OR COPY OF THIS COMMUNICATION OTHER THAN TO THE INDIVIDUAL OR ENTITY NAMED ABOVE IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE (AND ANY COPIES) TO THE SENDER ABOVE. THANK YOU FOR YOUR ASSISTANCE.

432120.1(HSFP)

# HALLORAN & SAGE LLP

ATTORNEYS AT LAW

Joseph G. Lynch
Joseph T. Sweeney
George Royster
John W. Lemega
Vincent M. Marino
Richard C. Tynan
William P. Borchert
Thomas J. Hagarty, Jr.
Brian J. Donnell
James J. Szerejko
William J. McGrath, Jr.
Dennis C. Cavanaugh
Christopher J. Lynch
Paul D. Meade
Joseph G. Fortner, Jr.
Stephen P. Fogerty
Peter G. Boucher

Steven H. Malitz
John B. Farley
David B. Losee
Mark T. Altermatt
Henry M. Beck, Jr.
Susan O'Donnell
Bruce H. Raymond
Kevin M. Roche
David O. Hill
Daniel P. Scapellati
James M. Sconzo
Robert B. Cox
Thomas P. O'Dea, Jr.
Gregory R. Faulkner
Dan E. LaBelle
Duncan J. Forsyth
Ann M. Catino

James P. Maher
Carl R. Ficks, Jr.
Robert M. Barrack
John W. Dietz
Brian P. Leaming
James C. Stearns
Theresa W. Hajost
Mark T. Livesay
Thomas P. Lambert
Reed A. Slatas
Thomas J. Finn
Janice D. Lai
Richard P. Roberts

Robert A. Rhodes
J. Randolph MacPherson
John S. Rosania
Laura Pascale Zaino
Melissa Rotenberg Amaro
Ralph W. Johnson, III
Martin A. Onorato
Jeffrey F. Gostyla
James V. Somers
Brett M. Szczesny
Alan P. Curto
Kevin J. Greene
James C. Celentano

Kathleen A. St. Onge
N. Kane Bennett
Kristin Alix Herzog
Patrick M. Birney
Bruce J. Gelston
Stephanie J. Sweeney
Peter E. Samiste, Jr.
Steven J. O'Neill***
Stephen H. Broer
Erik J. Ness
Alexei J. Plocharczyk
Salvatore N. Fornaciari
Kevin R. Brady

Paula Cruz Cedillo
Amy Sargeant Lang
Eric P. Daigle
Maria Alexander
Jane M. Sullivan
Jeffrey L. Forte
Joshua M. Auxier
Elizabeth E. Hackett
Regen O'Malley
Brian D. Rich
Laurie R. Steinberg
Jonathan C. Sterling
Kimberly F. Wells
Todd R. Regan
Jude Francois
Patrick J. Mulroney

Counsel
Irwin D. Mitelman
Arthur P. McGowan, Jr.
Robert C. Engstrom
Paul V. Knopf
Alan S. Rubenstein
Mary L. Barrow
Kenneth R. Slater, Jr.
John J. Ryan
Michael K. Stanton, Jr.
Michael C. Collins
Lisa M. Kowtko

*Admitted in Washington, DC only
**Admitted in Washington, DC and Maryland only
***Admitted in Massachusetts and State of Washington only

November 7, 2003

**VIA FACSIMILE & OVERNIGHT COURIER**
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601

Re:    **Tom James Company v Trace Apparel, LLC and J. Tracy Green**
       3:03cv00596 (JBA)
       H&S File No.: 13233.0001

Dear Peter:

This is to confirm that you will not be deposing Ash Deshmukh until after January 2004, despite our advising you that he will be made available during the month of November in Nashville, Tennessee. We believe that this is unfortunate because Mr. Deshmukh would provide significant information that would address Mr. Green's claims and counterclaims in the above referenced-matter.

If you have any questions regarding this matter, please do not hesitate to contact me.

Very truly yours,

Thomas J. Finn

TJF/slw
482953

*EXHIBIT* E

178 F.R.D. 10                                                     Page 1
40 Fed.R.Serv.3d 944
(Cite as: 178 F.R.D. 10)
C

United States District Court,
D. Connecticut.

Jill JULIAN, Plaintiff,
v.
EQUIFAX CHECK SERVICES, INC., Defendant
(Two Cases).

Nos. 3:95-CV-1096 CFD, 3:95-CV-1097 CFD.

Feb. 12, 1998.

Claimant moved for partial summary judgment. The District Court, Droney, J., held that: (1) federal procedural rule allowing for summary judgment to be brought "at any time" would be read to mean any time during period when bringing of motion was allowed under scheduling order issued pursuant to another rule, and (2) plaintiff did not show good cause for modification of scheduling order to allow for motion.

Motions denied.

*11 Joanne Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, for plaintiff.

Patricia J. Campanella, Robinson & Cole L.L.P., Hartford, CT, David L. Hartsell, Kilpatrick, Stockton L.L.P., Atlanta, GA, for defendant.

### RULING ON PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

DRONEY, District Judge.

The plaintiff has filed a motion for partial summary judgment in each of these consolidated actions. For the reasons set forth below, both motions are denied.

I. BACKGROUND

The complaints in these actions were filed on June 12, 1995, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. § 42- 110a *et seq.* [FN1]  On November 30, 1995, the court issued a case management order in each case which adopted the pretrial deadlines agreed to by both parties and set forth in their *Federal Rule of Civil Procedure* (hereinafter "Federal Rule") 26(f) reports.  In both orders, the parties were required to file all dispositive

motions on or before April 30, 1996.

> FN1. A third action, *Julian v. Equifax Check Services. Inc.*, No. 3:95-CV-1098, ("*Julian III* ") was also filed on June 12, 1995.  These cases arise from the defendant's efforts to collect on different checks issued by the plaintiff to various retailers over a two-day period in May, 1994.  Each action involves a separate check.    The two cases here were consolidated by order of the court on February 9, 1996, while *Julian III* was left to proceed independently.

The plaintiff filed both pending motions for partial summary judgment on July 28, 1997, fifteen months after the filing deadline.  The plaintiff did not request permission to file the motions beyond the time prescribed in the scheduling order.  In response to the plaintiff's motions, the defendant moved to strike them as untimely.  On December 12, 1997, the court heard argument on whether it *12 should consider the plaintiff's motions for partial summary judgment.

In support of her position that the court should consider the two motions, the plaintiff relies on language in Federal Rule 56, which states that a party may move for summary judgment "*at any time* after the expiration of 20 days from the commencement of the action...."  Fed.R.Civ.P. 56 (emphasis added).  The plaintiff also relies on two Second Circuit decisions, *Milltex Indus. Corp. v. Jacquard Lace Co.*, 55 F.3d 34, 39 (2d Cir.1995) and *Richardson Greenshields Securities, Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir.1987), to support her argument that a local rule cannot preclude a party from filing a motion "otherwise permitted under the Federal Rules of Civil Procedure."  [FN2]  Finally, the plaintiff maintains that 28 U.S.C. § 2071(a) requires local court rules to be consistent with the Federal Rules and concludes "when [Federal] Rule 56 allows a party to file summary judgment 'at any time,' the local rules are inconsistent in imposing a time limitation" since scheduling orders issued pursuant to the local rules limit the time for filing such motions. [FN3]

> FN2. The plaintiff also cites to an unreported ruling from this district, *Artese v. Wood*, No. 3:95-CV-582 (PCD) (D.Conn. March 26, 1997) (ruling on defendant's motion for summary judgment), in support of her argument that the scheduling orders cannot preclude a party from filing a summary judgment motion under Federal Rule 56.    That ruling, however, was vacated by the court. *Artese v. Wood*, No. 3:95-CV-582 (PCD) (D.Conn. May 7,

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

1997) (ruling on plaintiff's motion for reconsideration).

FN3. These arguments are set forth in the Plaintiff's Supplemental Opposition to Motion to Strike, which was filed in a separate action pending before this court, *Woodward v. Equifax, Check Services Inc.,* No. 3:96-CV-0139(CFD). In the *Woodward* action, the plaintiffs, who are represented by the same counsel as the plaintiff in these actions, are also seeking to have the court consider a motion for partial summary judgment filed after the scheduling deadline expired. The court heard argument on all of these matters on December 12, 1997, and requested additional briefs from the plaintiffs' counsel. *Although the plaintiffs' supplemental brief was only filed in Woodward,* the court will consider the arguments made in that brief here as well.

II. *DISCUSSION AND OPINION*

A. Scheduling Orders and Federal Rule 56

Local Rules of Civil Procedure (hereinafter "Local Rules") 11(a)(2) [FN4] and 38 [FN5] set forth the procedures for establishing scheduling orders in civil actions in the District of Connecticut. These Local Rules were adopted to effectuate the mandate of Federal Rule 16(b), which requires the district courts to enter scheduling orders. Federal Rule 16(b) provides:

FN4. *Local Rule 11(a)(2) provides, in pertinent part:* Within one hundred twenty (120) days of the filing *of the complaint, the Judge to whom the case has* been assigned ... shall enter a scheduling order that limits the time
(i) to join other parties and to amend pleadings;
(ii) to file and hear motions; and
(iii) to complete discovery. The scheduling order may also include the date or dates for further status conferences, a final settlement conference, and trial; and other matters appropriate in the circumstances of *the particular case. Such scheduling order shall not be modified except by leave of Court on a showing* of good cause.
D.Conn.Loc.R.Civ.P. 11(a)(2).

FN5. Local Rule 38 provides, in pertinent part:
(a) Within thirty days after the appearance of any defendant, the attorneys of record and any unrepresented parties who have appeared in the case shall confer for the purposes described in Fed.R.Civ.P. 26(f).... Within ten days after the conference, the participants shall jointly complete and file a report in the form prescribed by Form 26(f), which appears in the Appendix to these Rules.

A copy of the report shall be mailed to the chambers of the presiding Judge.
(b) After the parties' report is filed, the Court will issue a written scheduling order pursuant to Fed.R.Civ.P. 16(b).
D.Conn.Loc.R.Civ.P. 38(a)(b).

Except in categories of actions exempted by district court rule as inappropriate, the district judge ... shall, after receiving the report from the parties under Rule 26(f) or after consulting with the attorneys for the parties ... enter a scheduling order that limits the time
(1) to join other parties and to amend the pleadings;
(2) to file motions; and
(3) to complete discovery.
....

*13 ... A schedule shall not be modified except upon a showing of good cause and by leave of the district judge.... [FN6]

FN6. In the District of Connecticut, the following categories of cases are exempted from the scheduling order requirements of Federal Rule 16(b): prisoner petitions, review of decisions by administrative agencies including Social Security, *recovery of* defaulted student loans, recovery of overpayment of veterans' benefits, forfeiture actions, petitions to quash Internal Revenue Service summons, appeals from Bankruptcy Court orders, proceedings to compel arbitration or to confirm or set aside arbitration awards and Freedom of Information Act cases. D.Conn.Loc.R.Civ.P. 11(a)(2) and 38(c).

Fed.R.Civ.P. 16(b). As is clear from their text, Local Rules 11(a)(2) and 38 are entirely consistent with Federal Rule 16(b). Thus, the plaintiff's challenge is really to Federal Rule 16(b).

To properly consider the plaintiff's argument, a review of the purposes and operation of the Federal and Local Rules concerning pre-trial scheduling orders is important. Under Federal Rule 26(f) and Local Rule 38, the parties are required to meet and discuss the discovery and motions necessary for their case and how these matters can be accomplished in an efficient, timely and cost-effective manner. *See* Fed.R.Civ.P. 26, Advisory Committee Notes, Subdivision (f) (1993 Amendment). They then *submit their report (known as the "26(f) report"),* which sets forth a proposed pre-trial schedule. Finally, the court uses their 26(f) report as a guide to set reasonable deadlines in a scheduling order for the joining of parties, amending the pleadings, filing motions, and completing discovery. *See* Fed.R.Civ.P. 16(b); D.Conn.Loc.R.Civ.P. 11(a)(2) &

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

38(b); *see also* Fed.R.Civ.P. 16, Advisory Committee Notes, Subdivision (b) (1983 Amendment) ("In order to formulate a practicable scheduling order, the judge ... and attorneys are required to develop a timetable for the matters listed in Rule 16(b)(1)-(3).").  In this respect, Federal Rules 16(b) and 26(f) and Local Rules 11(a) and 38 are intended to afford the parties sufficient opportunity to prepare their cases.

Federal Rules 16(b) and 26(f) and Local Rules 11(a) and 38 also help the district court control its docket and provide for a timely resolution of disputes. Through the use of these scheduling orders, the district court is able to more effectively manage all of its cases.  *See, e.g., Molokai Chamber of Commerce v. Kukui (Molokai), Inc.,* 161 F.R.D. 426, 428 (D.Haw.1995) ("These scheduling orders not only are required by the civil rules, but they are also essential to the orderly functioning of the court, insuring oversight by the court and a timetable for the major events in the litigation process.").

The ability of the district court to control its docket is especially important given the increase in both the number and complexity of cases it must oversee and decide.    In 1983, the federal rules advisory committee recognized that there had been significant changes in federal civil litigation since the Federal Rules were adopted in 1938.  Fed.R.Civ.P. 16, Advisory Committee Notes (1983 Amendment).  In light of these changes, Federal Rule 16 was extensively rewritten and expanded to meet the challenges of modern litigation.  The case management tools of Federal Rule 16, added in 1983, were expressly designed to enable the district courts to better manage their expanding dockets.  The need for these tools is even greater today. [FN7]

> FN7. Chief Justice Rehnquist recently described the burgeoning dockets of the district courts in his 1997 *year-end report of the federal judiciary and observed* that, [w]ith regard to the ... problems currently troubling the federal Judiciary, most are directly related to its large and expanding workload.... Unless steps are taken ... the demands placed on the federal Judiciary will eventually outstrip its resources....
> William H. Rehnquist, The 1997 Year-End Report of the Federal Judiciary, The Third Branch (Admin. Off. of the U.S. Cts., Washington, D.C.), Jan. 1998, at 2; *see also Widhelm v. Wal-Mart Stores, Inc.,* 162 F.R.D. 591, 593 (D.Neb.1995) ("Scheduling orders have become increasingly critical to the district court's case management responsibilities because '[i]t is well known that we litigate these days under the

burden of heavy caseloads and clogged court calendars.' " (citation omitted)).  The number of civil cases commenced per year in the district courts has increased from 34,734 in 1940 to 239,013 in 1995 and annual district court filings per judgeship have increased from 317 to 436 between 1970 and 1995.  Judicial Conference of the United States, Long Range Plan for the Federal Courts 10, 15 tbl. 3 (1995).

The plaintiff argues that the language of Federal Rule 56, which states that a claimant *14 may move for summary judgment "at any time," allows her to file her motions for partial summary judgment and overrides the deadlines set forth in the scheduling orders issued pursuant to Federal Rule 16(b).  This argument, however, is inconsistent with basic principles of statutory construction, the purposes of Federal Rule 16(b), and the intent of the Supreme Court in adopting Federal Rule 16(b).

[1][2] The principles of statutory interpretation which are relevant to the analysis of Federal Rules 16(b) and 56 are the following:
> It is assumed that whenever the legislature enacts a provision it has in mind previous statutes relating to the same subject matter.  In the absence of any express repeal or amendment, the new provision is presumed in accord with the legislative policy embodied in those prior statutes.  Thus, they all should be construed together.  The rule that legislative provisions which are in pari materia should be construed together applies also to rules of court.
> 2B Norman J. Singer, Sutherland's Statutes and Statutory Construction § 51.02 (5th ed. 1992) [hereinafter Sutherland's].

The "at any time" language in Federal Rule 56 has been included in its text since the Federal Rules were first enacted in 1938.  Fed.R.Civ.P. 56, Advisory Committee Notes (1937 Adoption).  The provision in Federal Rule 16(b) which orders district courts to limit the time for parties to file motions was adopted when the Supreme Court amended Federal Rule 16 in 1983.  Fed.R.Civ.P. 16, Advisory Committee Notes, Subdivision (b) (1983 Amendment).  This court concludes that when the Supreme Court amended Federal Rule 16(b), it was aware Federal Rule 56 stated that summary judgment motions could be filed "at any time" and that it intended both rules to work together.

The notes of the advisory committee also show that all pretrial motions, including motions for summary

judgment, were intended to be subject to the amendment of Federal Rule 16(b). When Federal Rule 16(b) was amended in 1983, the advisory committee noted that cases were disposed of more efficiently and with less cost "when a trial judge intervene[d] personally at an early stage to assume judicial control over a case and to schedule dates for completion by the parties of the principal pretrial steps...." Fed.R.Civ.P. 16, Advisory Committee Notes, Introduction (1983 Amendment). The filing of a summary judgment motion has always been considered a principal pretrial step. When Federal Rule 56 was adopted, the advisory committee notes indicate that it was intended to "appl[y] to all actions" and summary judgment motions were viewed as a useful "method for promptly disposing of [certain] actions...." Fed.R.Civ.P. 56, Advisory Committee Notes (1937 Adoption). Summary judgment motions are often the most significant pretrial matters and are typically the most time-consuming motions considered by the district courts. Imposing reasonable limits on when they may be filed, therefore, is critical for the scheduling of trial in individual cases and for the management of the entire docket, which were the goals behind the amendment of Federal Rule 16. [FN8]

> FN8. Federal Rule 16(b) authorizes district courts to modify the time limits set forth in the scheduling order upon a showing of good cause. The Supreme Court chose the "good cause" standard over a "manifest injustice" or "substantial hardship" test in order to give district courts more flexibility to permit late-filed motions when appropriate. Fed.R.Civ.P. 16 , Advisory Committee Notes, Subdivision (b) (1993 Amendment).

As mentioned above, statutes *in pari materia* (those that relate to the same subject) are to be construed together, if possible, to give effect to the purpose of each statute. Sutherland's, *supra; see also United States v. Fausto,* 484 U.S. 439, 453, 108 S.Ct. 668, 676, 98 L.Ed.2d 830 (1988) ("Th[e] classic judicial task of reconciling many laws enacted over time, and getting them to 'make sense' in combination, necessarily assumes that the implication of a statute may be altered by the implications of a later statute."); *Morton v. Mancari,* 417 U.S. 535, 551, 94 S.Ct. 2474, 2483, 41 L.Ed.2d 290 (1974) ("The courts are not at liberty to pick and choose among congressional enactments, and *15 when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective."); *cf. Maybin v. Northside Correctional*

*Ctr.,* 891 F.2d 72, 74 (4th Cir.1989) ("Rules of civil procedure must be considered in relation to one another and construed together."); *Nasser v. Isthmian Lines,* 331 F.2d 124, 127 (2d Cir.1964) ("[I]t is essential that we recognize that the [Federal] Rules were intended to embody a unitary concept of efficient and meaningful judicial procedure, and that no single [Federal] Rule can consequently be considered in a vacuum."). The plaintiff's argument is inconsistent with these principles in that it would not allow Federal Rules 16(b) and 56 to work together.

[3] The better interpretation of Federal Rule 16(b) and 56 is that a party may file a motion for summary judgment "at any time" until the time limit for filing motions under a district court's Federal Rule 16(b) scheduling order expires. This approach is consistent with other decisions holding that Federal Rule 16(b) requires courts to set and enforce deadlines for the filing of summary judgment motions. *See, e.g., Dedge v. Kendrick,* 849 F.2d 1398 (11th Cir.1988); *Kennedy v. City of Cleveland,* 797 F.2d 297, 301 & n. 6 (6th Cir.1986); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1104 (9th Cir.1985); *Chiropractic Alliance of New Jersey v. Parisi,* 164 F.R.D. 618, 621-22 (D.N.J.1996); *Tyler v. City of Manhattan,* 849 F.Supp. 1429, 1434 (D.Kan.1994), *Bradford v. State of Hawaii,* 846 F.Supp. 1411, 1415 (D.Haw.1994); *Kinberg v. Colorforms,* Nos. 89 Civ. 1156 & 89 Civ. 1292, 1991 WL 285621, at *3-4 (S.D.N.Y.1991); *Busse v. Gelco Express Corp.,* 678 F.Supp. 1398, 1402-03 (E.D.Wis.1988).

The plaintiff also relies on *Milltex Indus. Corp. v. Jacquard Lace Co.,* 55 F.3d 34, 39 (2d Cir.1995), and *Richardson Greenshields Securities, Inc. v. Lau,* 825 F.2d 647, 652 (2d Cir.1987), for her argument that the district court cannot preclude the filing of a summary judgment motion after the time has passed for doing so under a scheduling order. In those cases, however, the Second Circuit considered the practice undertaken by some district judges of requiring parties to attend a conference prior to the filing of certain motions and then, at the conference, denying the parties permission to file their motions. The purpose of the conferences was to discourage the filing of frivolous motions. The Second Circuit held that while it is well within a district judge's discretion to hold a conference prior to the filing of motions, the judge cannot use the conference as a means to prevent a party from filing any motion otherwise allowed under the Federal Rules. *Milltex,* 55 F.3d at 39,

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

*Richardson Greenshields Securities,* 825 F.2d at 652. They do not hold that scheduling orders which set forth a reasonable time period for the filing of such motions violate the Federal Rules.

[4] Finally, the plaintiff points to 28 U.S.C. § 2071(a). Section 2071(a) requires that local rules adopted by district courts for the conduct of their business shall be consistent with Acts of Congress and the Federal Rules, which are prescribed by the Supreme Court pursuant to 28 U.S.C. § 2072 (1997). The plaintiff's reliance on this statute, however, is equally unavailing since, as previously shown, Local Rules 11(a)(2) and 38 are entirely consistent with Fed.R.Civ.P. 16(b) and, therefore, comply with the *requirements of section 2071(a).*

An argument similar to the plaintiff's was made in *Forstmann v. Culp,* 114 F.R.D. 83 (M.D.N.C.1987). The plaintiff in *Forstmann* asked to amend his complaint more than one year after the time for doing so had passed under the scheduling order. The plaintiff offered no reason for modifying the scheduling order--no "good cause." Instead, he relied on Federal Rule 15, which states that the district court shall "freely give" amendments, and *decisions which held that "delay alone" in moving to* amend is an insufficient reason for a court to deny leave to amend. *Id.* at 85. In holding that the "good cause" *requirement of Federal Rule 16(b) must be* satisfied, the court undertook an analysis similar to this court's analysis of the plaintiff's Federal Rule 56 argument. The court stated:
The Supreme Court extensively amended Federal Rule of Civil Procedure 16 in 1983. The most significant change to Rule *16 16 was the mandatory scheduling order described in Rule 16(b) . *As presently written, Rule 16(b)(1) requires a* trial court to enter an order that limits the time for amendments to the pleadings. The Advisory Committee on Rules suggested that early judicial control over modern litigation, including the scheduling of dates for the completion of pretrial steps by the parties, is desirable because cases will then be "disposed of by settlement or trial more efficiently and with less cost and delay than when parties are left to their own devices." Fed.R.Civ.P. 16, Notes of Advisory Committee on Rules. This court cannot conclude that the Supreme Court would promulgate this amendment to Rule 16 with the accompanying rationale if the Court intended *that litigants could invoke the language of Rule 15* and thereby circumvent completely the newly enacted amendment. The scheduling order "is not

a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Gestetner Corp. v. Case Equipment Co.,* 108 F.R.D. 138, 141 (D.Me.1985).
*Id.* at 85. [FN9]

> FN9. The Federal Rule 16(b) issue in *Forstmann* had a more significant impact on the plaintiff's substantive claims. In *Forstmann,* where the *request was to amend the complaint to assert new* causes of action, the plaintiff's ability to assert claims against the defendants was denied. Here, the Federal Rule 16(b) issue concerns whether the plaintiff will have her claims against the defendants decided now, through her motions for partial summary judgment, or later, at trial.

The same logic is applicable here. The Supreme Court did not intend Federal Rule 16(b)(2) to be *ignored when a party filing a summary judgment* motion invokes the "at any time" language of Federal Rule 56. The "at any time" provision of Federal Rule 56 for filing summary judgment motions must be interpreted to be subject to the case management dictates of Federal Rule 16(b).

B. Good Cause

[5] Under Federal Rule 16(b), the district court may modify a pre- trial scheduling order on a showing of "good cause" *by the party seeking the modification.* Fed.R.Civ.P. 16(b); *see also* D.Conn.Loc.R.Civ.P. 11(a)(2). "Good cause" means that the schedule cannot reasonably be met despite that party's diligence. Fed.R.Civ.P. 16 Advisory Committee Notes, Subdivision (b) (1983 Amendment); *see Carnrite v. Granada Hospital Group, Inc.,* 175 F.R.D. 439, 446-47 (W.D.N.Y.1997). *Robinson v. Town of Colonie,* No. 91-CV- 1355, 1993 WL 191166, at *3 (N.D.N.Y. June 3, 1993). Therefore, the plaintiff must demonstrate that there is "good cause" *to modify the April 30, 1996 deadlines* established in the scheduling orders for this court to consider her motions for partial summary judgment at this time.

[6] "The focus of an inquiry into 'good cause' is on the [requesting] party's reasons for the [schedule] modification." *See Gavenda v. Orleans County,* No. 95-CV-0251E(SC), 1996 WL 377091, at *2 (W.D.N.Y. June 19, 1996). The plaintiff has failed to demonstrate any good cause for such a modification. In fact, the plaintiff has offered no reason for the court to modify the existing scheduling orders. Instead, the plaintiff relies solely on her argument that

the language in Federal Rule 56 allows a party to file a motion for summary judgment "at any time," regardless of filing deadlines. Notwithstanding the plaintiff's failure to address the good cause requirement of Federal Rule 16, the court will review the record to determine whether good cause exists to modify the scheduling orders.

One factor which weighs against a finding of good cause to modify the scheduling order is that the plaintiff did file a timely motion for partial summary judgment in *Julian III* on April 26, 1996, (within the time period allowed for filing such motions under the scheduling orders in these actions), using many of the same arguments she puts forth in her pending motions for partial summary judgment. It thus appears that the plaintiff could have filed the pending motions for partial summary judgment at the same time as the motion in *Julian III.* Also, the plaintiff's counsel acknowledged during oral argument that the facts upon which the motions are based were available and known to the plaintiff prior to the April 30, 1996, motion filing deadline.

*17 The plaintiff's counsel also asserted at oral argument that the proposed motions for partial summary judgment rely on new case law which was not available until after the April 30, 1996, filing deadline. The decisions referred to by the plaintiff, however, only relate to one of the defendant's affirmative defenses in this case. Even if this court found that these cases are relevant to this affirmative defense, they are not relevant to the plaintiff's motions for partial summary judgment. Moreover, at this stage of the litigation, with discovery long since completed and the cases on the verge of trial, consideration of the motions for partial summary judgment could cause significant delay in these matters and prevent their timely resolution.

### III. CONCLUSION

For the aforementioned reasons, the "good cause" necessary for the court to modify the scheduling orders to consider the plaintiff's motions for partial summary is not present in this case. Accordingly, the plaintiff's motions for partial summary judgment (docs. # 83 and 86) are DENIED.

178 F.R.D. 10, 40 Fed.R.Serv.3d 944

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

United States District Court,
D. Hawai'i.

MOLOKAI CHAMBER OF COMMERCE, a Hawai'i
unincorporated association; Hoolehua
Homesteaders Association, a Hawai'i unincorporated
association; and Hui
Hoopakela Aina, a Hawai'i unincorporated
association, Plaintiffs,
v.
KUKUI (MOLOKAI), INC., a Hawai'i corporation;
Kajima Engineering and
Construction, Inc., a Delaware corporation; and
Kiewit Pacific Co., a
California corporation, Defendants.

No. 94-00530 DAE.

April 25, 1995.

In action alleging violations of Clean Water Act, plaintiffs filed motion for leave to file related motion for partial summary judgment along with opposition to defendants' motions for summary judgment. The District Court, David Alan Ezra, J., held that: (1) filing of related motion for partial summary judgment did not automatically extend pretrial motion deadline and, thus, district court would deny request for leave to file related motion on fact that request was made nearly six weeks after motion deadline, and (2) plaintiffs would be unable to demonstrate good cause warranting extension of motion deadline.

Motion denied.

West Headnotes

[1] Federal Civil Procedure ⬤⇒25
170Ak25

District courts have broad discretion in interpreting, applying, and determining requirements of their own local rules and general orders. U.S.Dist.Ct.Rules D.Haw., Civil Rule 220-9.

[2] Federal Civil Procedure ⬤⇒923
170Ak923

[2] Federal Civil Procedure ⬤⇒2532
170Ak2532

Plaintiffs' filing of related motion for partial summary judgment along with their opposition to defendants'

motions for summary judgment did not automatically extend deadline for filing pretrial motions and, thus, district court would deny request for leave to file related motion based on fact that request was made nearly six weeks after motion deadline had passed. Fed.Rules Civ.Proc.Rule 16(b)(2), 28 U.S.C.A.; U.S.Dist.Ct.Rules D.Haw., Civil Rule 220-9.

[3] Federal Civil Procedure ⬤⇒2532
170Ak2532

Plaintiffs would be unable to demonstrate good cause warranting extension of motions deadline to allow late filing of plaintiff's related motion for partial summary judgment, in light of plaintiffs' failure to file original summary judgment motion within extended deadline, and in light of fact that related motion was identical to plaintiff's original summary judgment motion which had been stricken by district court as sanction for failure to file concise statement of facts required by local rules even after being warned to do so by clerk of court. Fed.Rules Civ.Proc.Rule 16(b), 28 U.S.C.A.; U.S.Dist.Ct.Rules D.Haw., Civil Rule 220-10.

*426 Denise E. Antolini and Lea O. Hong, Sierra Club Legal Defense Fund, Inc., Honolulu, HI, for plaintiffs.

Henry E. Klingeman, D. Scott MacKinnon, McCorriston Miho Miller & Mukai; Mark B. Desmarais, Goodsill Anderson Quinn & Stifel; and Charles W. Gall, Kobayashi Sugita & Goda, Honolulu, HI, for defendants.

*ORDER DENYING PLAINTIFFS' EX PARTE
MOTION FOR LEAVE TO FILE RELATED
MOTION FOR
PARTIAL SUMMARY JUDGMENT*

DAVID ALAN EZRA, District Judge.

Plaintiffs filed their *ex parte* Motion for Leave to File Related Motion for Partial Summary Judgment on April 13, 1995. Defendants Kiewit and Kajima filed Memoranda in Opposition to the Motion on April 17, 1995. The court calendared a hearing and heard Defendants' motion on April 24, 1995. Denise Antolini, Esq., appeared on behalf of Plaintiffs. Mark B. Desmaris, Esq., appeared on behalf of Defendant Kajima Engineering and Construction ("Kajima"); Charles Gall, Esq., and David L. Monroy, Esq., appeared on behalf of Defendant Kiewit Pacific Co. ("Kiewit"); Scott D. MacKinnon,

*427 Esq., appeared on behalf of Defendant Kukui, Inc. ("Kukui"). After reviewing the motion and the supporting and opposing memoranda, the court DENIES Plaintiffs' motion.

### BACKGROUND

The complaint in this action was filed on July 11, 1994, alleging violations of the federal Clean Water Act, 33 U.S.C. § 1251 *et seq.* At the October 3, 1994 Scheduling Conference the magistrate judge set a February 7, 1995 deadline for the filing of all motions. This deadline was extended until February 21, 1995, pursuant to Plaintiffs' request.

Plaintiffs filed a Motion for Summary Judgment with this court on February 22, 1995. Pursuant to Local Rule 220-10, effective February 15, 1995, Plaintiffs were required to submit a Concise Statement of Facts with their Motion for Summary Judgment. Plaintiffs failed to do so, even after being specifically informed of the requirement by this court. On February 21, 1995, Defendants Kajima and Kiewit Pacific Co. both filed Motions for Summary Judgment against Plaintiffs; in accordance with Local Rule 220-10, Defendants submitted their Concise Statement of Facts at that time.

On March 24, 1995, Defendant Kajima filed a Motion to Strike Plaintiffs' Motion for Summary Judgment based upon Plaintiffs' failure to file a Concise Statement of Facts in accordance with Local Rule 220-10. On March 28, 1995, Plaintiffs filed their Concise Statement of Facts. On March 31, 1995, this court granted Defendants' Motion to Strike Plaintiffs' Motion for Summary Judgment, based upon Plaintiffs' willful noncompliance with Local Rule 220-10. In granting Defendants' Motion to Strike, this court wrote:

> During the few weeks after the new rules went into effect, this court made a practice of reminding counsel of the requirement of the concise statement, and in this case one of this court's clerks not only reminded counsel for the Plaintiffs, but actually read Rule 220-10 in its entirety to counsel on the telephone. Counsel's failure to file the concise statement until three weeks later and after Defendants' motion to strike had intervened indicates to this court a lack of attention to the Local Rules and this court's efforts to assist counsel in compliance.

March 31, 1995 Order, at 3.

Plaintiffs now submit, along with their opposition to Defendants' Motions for Summary Judgment, an *ex parte* Motion for Leave to File Related Motion for Partial Summary Judgment. Stating that this motion is "identical" to the motion previously stricken by this court, Plaintiffs nevertheless argue that Local Rule 220-9 entitles them to file their motion as a "Related [or] Counter Motion." Local Rule 220-9.

### STANDARD OF REVIEW

[1] District courts have broad discretion in interpreting, applying, and determining the requirements of their own local rules and general orders. *United States v. Gray,* 876 F.2d 1411 (9th Cir.1989), *cert. denied,* 495 U.S. 930, 110 S.Ct. 2168, 109 L.Ed.2d 497 (1990) (citing *United States v. DeLuca,* 692 F.2d 1277, 1281 (9th Cir.1982); *United States v. Torbert,* 496 F.2d 154, 157 (9th Cir.) , *cert. denied,* 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974)).

Hawaii Local Rule 220-9 provides:
> Any motion related to the subject matter of the original motion may be filed by the responding party together with the party's opposition and may be noticed for hearing on the same date as the original motion, provided that the motions would otherwise be heard by the same judge. The opposition to related or counter motions shall be served and filed together with any reply in support of the original motion not less than eleven (11) days prior to the date of hearing. The movant on a related or counter motion shall have three (3) days after receipt of opposition within which to file and serve a reply.

### DISCUSSION
I. Local Rule 220-9

Local Rule 220-9, a longstanding rule in this district, provides an opportunity for parties to file responsive motions without necessitating the disruption of the court's calendar. A party opposing a motion may file a *428 "motion related to the subject matter of the original motion" along with the party's opposition. Local Rule 220-9. The original movant may submit an opposition to the related motion along with his reply, and the party bringing the related motion may reply three days after receipt of this opposition. Through this procedure, the court can retain the hearing date set for the original motion. In the context of Rule 56(c), the procedure also gives a party responding to a motion for summary judgment

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

an opportunity to review the motion and separate out related issues ripe for summary judgment in that party's favor.

Under Local Rule 220-9, a party making a motion is implicitly charged with having had reasonable notice and time for the preparation of the issues involved in that motion. Otherwise, forcing a party to respond to a motion seven days after it is filed would unfairly burden the original moving party. For this reason, Local Rule 220-9 applies by its terms only to motions "related to the subject matter of the original motion." A case may raise a myriad of issues. Given the time frame provided for responsive briefing in Local Rule 220-9, the focus of the related motion must be actually related to and not just loosely or generally associated with the subject matter of the original motion.

Here, Plaintiffs' related motion seeks summary judgment that Defendants committed over 450 violations of the Clean Water Act by failing to have in place a proper general permit for their construction activities. By their motions, Defendants seek summary judgment that they are entitled to the "diligent prosecution" defense, that the requested injunctive relief is moot, and that *Gwaltney v. Chesapeake Bay Foundation,* 484 U.S. 49, 57-59, 108 S.Ct. 376, 381-82, 98 L.Ed.2d 306 (1987) deprives this court of subject matter jurisdiction over this citizen suit.

Whether Plaintiffs' "related motion" is in fact sufficiently related to Defendants' motions to fall under Local Rule 220-9 depends entirely upon the differing views the parties take of this matter. For their part, Plaintiffs argue that the past violations of the Clean Water Act are relevant and defeat Defendants' arguments concerning diligent prosecution, mootness, and *Gwaltney*. In response, Defendants contend that past violations are irrelevant to these defenses. To decide this matter would largely decide the parties' motions, putting the cart of a determination on the merits before the horse of leave to file the "related" motion. Therefore, for the purposes of Plaintiffs' Motion, the court will assume that their motion is sufficiently related to Defendants' Motions.

However, the court pauses to note that while Plaintiffs' motion may be "related," the filing of this motion under Local Rule 220-9 distorts one of the purposes of that rule: to give a responding party an opportunity to seek summary judgment on issues involved in the other side's motion. Here, where Plaintiffs are filing a motion *identical* to the one earlier stricken by this court, they are clearly not responding to what they have found in Defendants' motions. Rather, they are merely seeking to circumvent the clear intent of this court's prior order and to escape from the unfortunate position in which they find themselves as the result of their own prior omission. While Plaintiffs' motion for summary judgment may therefore technically qualify as "related" and therefore fall within the ambit of Local Rule 220-9, under these circumstances it certainly does not fall within the intended purpose of the rule. Indeed, under these circumstances, Plaintiffs' motion for leave to file mocks the rule's purpose.

II. Interaction of Local Rule 220-9 and Fed.R.Civ.P. 16

Federal Rule of Civil Procedure 16(b)(2) mandates the entering of scheduling orders limiting the time for filing motions. These scheduling orders not only are required by the civil rules, but they are also essential to the orderly functioning of this court, insuring oversight by the court and a timetable for the major events in the litigation process. Scheduling orders may only be modified "upon a showing of good cause and by leave of the district judge...." Fed.R.Civ.P. 16(b).

[2] Here, Plaintiffs' interpretation of Local Rule 220-9 implicitly assumes that the \*429 rule automatically extends the motion filing deadline of February 21, 1995. Plaintiffs are mistaken. While Plaintiffs observe correctly that Local Rule 220-9 "does not condition" a party's right to file a responsive motion (Motion for Leave, at 2), they fail to understand that Rule 16 certainly conditions this right by imposing time limits for the filing of motions. As discussed above, 220-9 merely provides a procedure for the calendaring and expedited briefing of related motions. It in no way automatically extends the scheduling order entered by the magistrate judge. Were this the case, the actual motions filing date would extend until eighteen days before the hearing on the last summary judgment motion filed, an insecure and incongruous time limit at best. This situation would threaten to convert the filing of motions before the deadline into a game of chicken, the party blinking first giving several weeks of preparation to the party holding on longer. At the very least, this would create a strong incentive for filing all motions late in the day on the date of the deadline. For these reasons, the court rejects

Plaintiffs' interpretation of Local Rule 220-9 as providing for an automatic extension of the motions deadline set by the Rule 16 scheduling order. As Plaintiffs seek to file a summary judgment motion nearly six weeks after the deadline has passed, their motion for leave to file is DENIED on this basis.

### III. Requirements for Extending Motions Deadline

[3] A party seeking an extension of the motion filing deadline may make an application to that effect. Such an application must demonstrate good cause for the party's failure to abide by the deadline. Fed.R.Civ.P. 16(b). Here, the court will save Plaintiffs the effort. Plaintiffs did not see fit to make an application to further extend the motions deadline set by the magistrate judge, perhaps because they believed that Local Rule 220-9 gave them an automatic extension, or perhaps because they were confident that this court would not look kindly on such a request given the recent procedural history of this case. On the latter point, Plaintiffs would be correct.

Having requested an extension of the motion deadline in order to file their motion for summary judgment, Plaintiffs barely missed the extended deadline, then failed by several weeks to file the concise statement of facts required by the local rules, even after a clerk of this court called and warned counsel of their omission. Finally, after Defendant Kiewit filed a motion to strike Plaintiffs' summary judgment motion, Plaintiffs filed a concise statement. This court granted the motion to strike based upon Plaintiffs flagrant disregard of the local rules and this court's efforts to assist Plaintiffs in compliance. Now Plaintiffs flaunt this court's order by attempting to re-file the same motion as a related motion under Local Rule 220-9. Plaintiffs state: "The same strictness with which the Court viewed the Local Rules in its March 31, 1995 ruling supports granting [sic] of

plaintiffs' motion for leave." Motion for Leave, at 2. Plaintiffs argue that this court's "stinging rebuke" will continue to serve the Court's purpose of enforcing the Local Rules.

Defendants point out that if this court were to allow Plaintiffs to file their motion now, Plaintiffs would have gained a tactical advantage through the striking of their original motion. Moreover, Defendants submit that they would have only four days to oppose the motion. While the court is cognizant of Defendants' concerns and the prejudice that would be created by granting Plaintiffs' Motion for Leave, this court is less concerned with any tactical advantage than it is with Plaintiffs' apparent misunderstanding of what occurred on March 31. This court's March 31, 1995 Order sanctioned Plaintiffs by striking their motion for summary judgment. If this court meant only to rebuke Plaintiffs and to lecture them on the importance of the local rules, it could have done so and allowed their motion. Instead, this court specifically found a willful violation of the rules and imposed a stiff sanction against Plaintiffs for that violation. Therefore, not only are Plaintiffs mistaken concerning the interrelation of Federal Rule of Civil Procedure 16 and Local Rule 220-9, they also mistake the scope and intent of this court's original ruling: their motion for summary *430 judgment was stricken. Local Rule 220-9 will not change that fact.

### CONCLUSION

For the reasons stated above, the court DENIES Plaintiffs' Motion for Leave to File Related Motion for Summary Judgment.

IT IS SO ORDERED.

161 F.R.D. 426

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

Only the Westlaw citation is currently available.

United States District Court, D. Connecticut.

**EDBERG,** et al
v.
*CPI, INC.*

No. 398CV716(JBA).

Nov. 22, 2000.

*MEMORANDUM OF DECISION ON
DEFENDANT'S OBJECTION TO DISCOVERY
ORDER OF
MAGISTRATE JUDGE MARGOLIS [DOC. # 66-1, #
66-2]*

ARTERTON, J.

*1 By Complaint filed April 16, 1999, plaintiffs
commenced this patent infringement suit under 35
U.S.C. § 101 *et. seq.* Defendant asserts affirmative
defenses of non-infringement, patent-in-suit invalidity
and unenforceability, estoppel, laches and *res
judicata,* and counterclaims for a declaratory
judgment on non-infringement, invalidity and
unenforceability. On May 7, 1999, after colloquy
with counsel on the record, the Court entered a
scheduling order pursuant to Fed.R.Civ.P. 16(b),
requiring fact discovery to be completed by
December 1, 1999. On March 23, 2000, plaintiffs
filed their Motion to Compel Answers to
Interrogatories, the Production or Inspection of
Documents and Responses to Requests for
Admissions [doc. # 53] that "[f]act discovery shall be
completed by December 1, 1999." Defendant had interposed an
objection of untimeliness to this discovery under this
scheduling order by counsel's letter and thereafter by
formal objection, because plaintiffs' discovery was
not served until November 23, 1999 and thus could
not be complied with by the December 1, 1999
discovery completion date. This Motion was referred
to the Magistrate Judge for ruling, which was issued
June 22, 2000 [doc. # 65].

Defendant CPI objects to the Magistrate Judge's
Ruling overruling its timeliness objection.
Specifically, CPI claims clear error in the Magistrate
Judge's conclusion that plaintiffs' construction of the
Court's Scheduling Order [doc. # 35] that "[f]act
discovery shall be completed by December 1, 1999"
was reasonably understood to establish the date by
which plaintiffs' discovery was required to be served.

In a pre-motion conference held with this Court on
November 17, 1999, plaintiffs' counsel had
represented that plaintiffs' fact discovery was
complete except for a Rule 30(b)(6) deposition,
which had been unable to be taken until after the
December 1, 1999 fact discovery completion date.
Several days later, plaintiffs served additional written
discovery on defendant, which became the subject of
plaintiffs' motion to compel.

The operative language of the Scheduling Order in
dispute is the phrase "fact discovery shall be
completed by ...". No caselaw exists construing the
meaning of "completed" in a scheduling order.
Undoubtedly this is so because such construction has
been heretofore unnecessary. "Completed" is a word
commonly used in scheduling orders for its
commonly accepted meaning, which is specifically
clarified in D. Conn. Local Rule 38, Appendix, Form
26(f) Report of Parties' Planning Meeting, used in this
District since July 1, 1998. This Appendix is the form
required for reporting the parties' planning conference
results under Local Rule 38. ("... [T]he participants
shall jointly complete and file a report in the form
prescribed by Form 26(f), which appears in the
Appendix to the Rules.") Section V.E. of Form 26(f)
Report of Parties' Planning Meeting, "Discovery," ¶ 2
states, in part: "All discovery, including depositions
of expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4),
will be commenced by [date] and completed (*not
propounded* ) by [date]." (emphasis added) The
phrase "completed by" is thereafter reiterated in the
form in reference to early discovery and depositions.
Section V.E. ¶ ¶ 7, 8 reference "deadline for
completing all discovery" and the "discovery cutoff
date."

*2 The verb "complete" means "to bring to an end,"
"to make whole, entire or perfect," "to mark the end
of." *Webster's Third New International Dictionary,
Unabridged* (1993). In common litigation parlance,
"completed" means 'to finish'; it does not mean to
*begin* to bring to an end, as propounding or serving
discovery does.

Thus, the term "completed" with reference to a
discovery schedule is not reasonably amendable to a
definition of "propounded," since it is the *parties'*
discovery, not just one side's discovery, which has
been scheduled to be completed, thus enabling the
case to move on to the next scheduled phase. If one
party does not propound its written discovery at least
30 days prior to the ordered completion date, the
other party is deprived of its 30 day response period

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

under Fed.R.Civ.P. 33(b), 34(b), and 36(a). While some Districts have adopted Local Rules which expressly state that discovery cutoff means that date by which responses to written discovery is due and by which depositions are to be completed (see, Local Rules cited in Pl.'s Mem. in Support of Pl.'s Mot. to Compel, doc. # 54, p. 4), the absence of such specification in a Local Rule does not connote a rejection of this meaning. The Judges of this District have uniformly utilized this phraseology--"discovery shall be completed"--to mean just that, and have memorialized this meaning in Local Rule 38 and its appendix form.

Plaintiffs' interpretation of the date for completing discovery as not in actuality meaning December 1, 1999, as ordered, but whenever the 30 days response period expired, is nonsensical. The purpose of scheduling orders is to schedule litigation events sequentially, in order to achieve case disposition in an orderly and predictable manner. Plaintiffs' rationale would defeat this scheduling objective, particularly under this tight Scheduling Order, which additionally scheduled expert disclosures for February 1, 2000 and expert discovery completion by July 1, 2000. It specifically noted that "under this compressed schedule, it is imperative that the parties work diligently and reasonably to resolve discovery disputes, reserving for judicial determination only those discovery issues which cannot be resolved in light of existing law and professional legal experience."

The parties' original 26(f) Planning Report [doc. # 30] filed April 1, 1999, also uses the term "completed." ("Completion of Fact Discovery: July 30, 2000 ... Completion of expert discovery December 1, 2000," ¶ 3.) It makes no reference to service of fact discovery, and plaintiffs point to nothing in the Report suggesting that service of discovery was within their contemplation in preparing the Report. Tellingly, plaintiffs make no parallel argument that the order requiring "completion of expert discovery" would be satisfied by serving notices of expert depositions, and the parties' report states "[t]he depositions will commence as soon as practicable and be completed by July 30, 2000," ¶ 5.

*3 The Court reconsiders a decision on pretrial matters such as this Magistrate Judge's Ruling only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). The Court concludes that the meaning of its order was evident on its face, and not amenable to plaintiffs' interpretation, in light of its purpose, and by reference to Rule 38 and its appended Form 26(f) Parties' Planning Report, which the parties were required to follow.

### Conclusion

Thus, the Magistrate Judge's conclusion that plaintiffs' construction of the Scheduling Order requirements was reasonable was clearly erroneous. Defendant's Objection to Discovery Order of Magistrate Judge [doc. # 66-1] is SUSTAINED and Plaintiffs' Motion to Compel Responses to their untimely discovery [doc. # 65] is DENIED.

2000 WL 1844651, 2000 WL 1844651 (D.Conn.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works