UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>DEFENDANTS | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br>September 12, 2003 |

## PLAINTIFF TOM JAMES COMPANY'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS TRACE APPAREL LLC AND J. TRACY GREEN

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the plaintiff, Tom James Company ("Tom James"), hereby requests that the Defendants, Trace Apparel LLC ("Trace Apparel") and J. Tracy Green ("Mr. Green") (collectively "Defendants") produce the following Documents at the offices of Halloran & Sage LLP, 225 Asylum Street, Hartford, Connecticut 06103.

### DEFINITIONS AND INSTRUCTIONS

Pursuant to Rule 26 of the Local Civil Rules of the United States District Court for the District of Connecticut, the definitions set forth in Rule 26(c) and (d) are incorporated by reference and apply to all discovery requests. In addition, the following definitions are an integral part of these requests and are applicable throughout:

A. "Tom James" or "Plaintiff" means Tom James Company or any company related thereto, including all of its subsidiaries, as well as their officers, directors, shareholders, agents, employees, or anyone or any entity acting on their behalf.

B.  "Trace Apparel" means Trace Apparel LLC, the defendant in this action, including its members, managers, agents, employees, or anyone or any entity acting on its behalf.

C.  "Mr. Green" refers to J. Tracy Green, the individual defendant in this action, and anyone or any entity acting on his behalf, including Trace Apparel.

D.  "Defendants" means Trace Apparel and Mr. Green, both jointly and individually.

E.  "Document" or "Documents" includes any written, recorded, filmed, or graphic matter, whether produced or reproduced on paper, cards, tapes, film, electronic facsimile, computer storage devices, or any other media, including but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charges, graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, notes, records and recordings of oral conversations, work papers, and also including but not limited to originals and all copies which are different in any form from the original whether by interlineation, receipt stamps, notations, indication of copies sent or received, or otherwise.

F.  In the event that any document requested in these requests is no longer in Defendants' possession, custody, or control, but was at one time, please state the disposition of the document.

G.  For all Documents that are withheld from production on the basis of a claim of privilege or otherwise, please provide a privilege log identifying:

    a.  The date the document was created;

    b.  The creator(s) of the document;

    c.  The recipient(s) of the document;

    d.  A description of the type of document (e.g., letter, memorandum, etc.);

    e.  A description of the general subject matter discussed in the document; and

    f.  The specific grounds upon which the document it is being withheld.

2

## REQUESTS FOR PRODUCTION

GENERAL OBJECTIONS: Green and Trace object to each and every one of the Requests for Production on the following grounds, in addition to the grounds specifically stated in the particular requests. These general objections are deemed to be incorporated in Green and Trace's responses to each request.

A.  Green and Trace object to each request to the extent that the time period covered by the request is overly broad. Green and Trace submit that a reasonable time period is from January, 2001 to the present, and have responded accordingly.

B. Green and Trace object to each request to the extent that it seeks trade secrets consisting of confidential customer information. Upon the entry of an appropriate protective order, Green and Trace will respond, within reason, to the requests.

C.  Green and Trace object to each request to the extent that it seeks information already in Tom James' possession, as to which production is more easily procured by Tom James.

D.  Green and Trace reserve the right to supplement their responses to each requests.

3

## RESPONSES

1.  Any and all files or other Documents concerning and/or containing the names of customers with whom Mr. Green conducted business while employed with Tom James.

RESPONSE: Objection. In addition to the general objections stated above, Green and Trace object to this request because it is overly broad and confusing, and does not lend itself to a practical response, in that it does not seek production of documents, but rather, the conduct of an analysis.

2.  Any and all sales receipts, proposals, quotations or other Documents concerning or illustrating sales made, or attempted to be made, by Defendants to customers with whom Defendants conducted business, or attempted to conduct business, while Mr. Green was employed by Tom James, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

3.  Any and all files or other Documents concerning and/or containing the names of all customers of Defendants.

RESPONSE: Objection. See the general objections stated above.

4.  Any and all Documents concerning any customers or potential customers that Defendants, or anyone on Defendants behalf, have contacted or attempted to contact with regard to the sale of clothing since Mr. Green's resignation from Tom James, through the present.

RESPONSE: Objection. See the general objections stated above.

5.  Any and all Documents concerning the names of customers with whom Mr. Green had contact while employed by Tom James, and with whom Mr. Green has had contact since his resignation from Tom James for the purpose of soliciting business, providing notice of resignation from Tom James and/or formation of Trace Apparel or any other business owned by Mr. Green, or providing contact information.

RESPONSE: Subject to the general objections stated above, Green and Trace state that it does not have any such documents.

4

6.   Copies of all telephone records of Defendants from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that such documents will be produced upon entry of an appropriate protective order, to the extent that they have been retained.

7.   Copies of all credit card statements of Defendants from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that such documents are attached.

8.   All Documents concerning the description of Trace Apparel, including all marketing materials, clothing swatch cards, product promotional items, and sales booklets.

RESPONSE: Subject to the general objections stated above, Green and Trace state that it has not as of yet located any such documents.

9.   All diaries, calendars, e-mails, journals, chronologies or summaries of events relating to Trace Apparel maintained by Mr. Green or by anyone on behalf of Trace Apparel.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they will produce such documents upon entry of an appropriate protective order.

10.  All Documents concerning the formation of Trace Apparel, including filings with the Connecticut Secretary of State, operating agreements, member agreements, manager agreements, lease agreements, and agreements with third-party suppliers of equipment or supplies.

RESPONSE: Subject to the general objections stated above, Green and Trace state that such documents are attached.

11.  All Documents concerning clothes, garments, or wardrobe accessories offered by Mr. Green or Trace Apparel.

RESPONSE: Objection. Green and Trace state that they have no such documents, except as may be the property of their suppliers. Green and Trace are not permitted to disclose such documents, but will make them available for inspection at a mutually convenient time.

5

12. All Documents concerning Mr. Green's employment at Tom James, including all agreements, policies, compensation information, and resignation letters.

RESPONSE: Subject to the general objections stated above, Green and Trace state that such documents are attached.

13. Any and all notes, correspondence, memoranda, sales slips, receipts, packing slips, confirmations, or other Documents received by Defendants or sent to any supplier who has supplied, or who proposed to supply, Defendants with made-to-measure or custom-tailored clothing for sale by Defendants to any customer or prospective customer with whom Defendants conducted business, or attempted to conduct business, while Mr. Green was employed by Tom James.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

14. Any and all Tom James swatch cards.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

15. Any and all Tom James customer files.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

16. Any electronic versions of any Tom James customer database.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

17. Any and all printouts of all, or portions of, any Tom James customer database.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

18.     Any and all Documents or correspondence by or between Defendants, on the one hand, and any person or entity that has purchased Tom James products, on the other hand.

RESPONSE: To the extent not produced in response to a previous request, and subject to the general objections stated above, Green and Trace state that they have no such documents.

19.     Any and all Documents, notebooks, binders, manuals or other materials Defendants received, obtained, or compiled in connection with Mr. Green's employment with Tom James.

RESPONSE: Subject to the general objections stated above, Green and Trace state that such documents were attached in response to Request No. 12

20.     Any and all Documents or training materials, or copies thereof, which Defendants received, obtained, or compiled while Mr. Green was employed with Tom James.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

21.     Any and all Documents or correspondence by or between Defendants on the one hand, and Cedric Bray, Mark Thiesfeld, David Brandon, Mary Pat Silva, Michael Jones, Tim Austin, and/or Joe Genta on the other hand.

RESPONSE: Objection. In addition to the general objections stated above, Green and Trace object to this question because it is not reasonably calculated to lead to the discovery of admissible evidence.

22.     Any and all Documents or correspondence by or between Defendants on the one hand, and Elan Clothiers, or anyone or any entity acting on its behalf, including but not limited to, any of its owners and affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

23. Any and all Documents or correspondence by or between Defendants on the one hand, and Louis Morgan, or anyone or any entity acting on his behalf, including but not limited to, any of his clothing businesses, on the other hand.

RESPONSE: Objection. In addition to the general objections stated above, Green and Trace object to this question because it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, without waiving its right to assert same, and subject to the general objections stated above, Green and Trace state that they have no such documents.

24. Any and all Documents or correspondence by or between Defendants on the one hand, and Gary Hulse Clothing, or anyone or any entity acting on its behalf, including but not limited to, any of its owners and affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

25. Any and all Documents or correspondence by or between Defendants on the one hand, and Wardrobe Management & Design, anyone or any entity acting on its behalf, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

26. Any and all Documents or correspondence by or between Defendants on the one hand, and John H. Daniel Company, or anyone or any entity acting on its behalf, including but not limited to, any of its owners and affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, such documents will be produced upon entry of an appropriate protective order.

27. Any and all Documents or correspondence by or between Defendants on the one hand, and Hunter & Lords, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

8

28. Any and all Documents or correspondence by or between Defendants on the one hand, and Warren Sewell Clothing Company, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

29. Any and all Documents or correspondence by or between Defendants on the one hand, and Magliano Pants Company, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, such documents will be produced upon entry of an appropriate protective order.

30. Any and all Documents or correspondence by or between Defendants on the one hand, and Mark Langley of Florida, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

31. Any and all Documents or correspondence by or between Defendants on the one hand, and Skip Gambert & Associates, Inc. a/k/a SGA, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, such documents will be produced upon entry of an appropriate protective order.

32. Any and all Documents or correspondence by or between Defendants on the one hand, and Berle Manufacturing Company, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

33. Any and all Documents or correspondence by or between Defendants on the one hand, and Ripley, Inc., or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

34. Any and all Documents or correspondence by or between Defendants on the one hand, and Ripley Shirt Co., or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

35. Any and all Documents or correspondence by or between Defendants on the one hand, and Hardwick Clothes, Inc., or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

36. Any and all Documents or correspondence by or between Defendants on the one hand, and Toluca Garment Company, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, such documents will be produced upon entry of an appropriate protective order.

37. Any and all Documents or correspondence by or between Defendants on the one hand, and Raffi, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

38. Any and all Documents or correspondence by or between Defendants on the one hand, and Premier Clothiers, Inc., or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

39. Any and all Documents or correspondence by or between Defendants on the one hand, and Bugatchi Uomo Apparel, Inc., or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

40. Any and all Documents or correspondence by or between Defendants on the one hand, and Custom Clothing Vendors Alliance, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

41. Any and all Documents or correspondence by or between Defendants on the one hand, and Gladson Ltd. Womenswear, or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

42. Any and all Documents or correspondence by or between Defendants on the one hand, and Allen-Edmonds Shoe Corp., or anyone or any entity acting on its behalf, including but not limited to, any of its affiliates, on the other hand.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

43. Any and all Documents concerning sales or financial projections relating to the amount of sales Defendants project they could generate after Mr. Green's employment with Tom James terminated.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

44. Any and all fabric swatches, samples, promotional items, sales materials, product compass, or other items Defendants have received or provided to any supplier or manufacturer of made-to-measure or custom-tailored apparel.

RESPONSE: Objection. In addition to the general objections stated above, Green and Trace object to this request because it is not reasonably calculated to lead to the discovery of admissible evidence. Further, Green and Trace are not permitted to disclose such items to third parties. If necessary, Green and Trace will make such items available for inspection at a mutually convenient time.

11

45. Any and all correspondence, notes, memoranda, or other Documents concerning any communications, meetings, correspondence, or conversations between or among Defendants and/or any related case.

RESPONSE: Objection. In addition to the general objections stated above, Green and Trace object to this request because it is not clear enough to permit a response.

46. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Elan Clothiers or any of its owners and affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

47. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Louie Morgan or any of his clothing businesses, from January 1, 2001, through the present.

RESPONSE: Objection. In addition to the general objections stated above, Green and Trace object to this question because it is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding the foregoing objection, without waiving its right to assert same, and subject to the general objections stated above, Green and Trace state that they have no such documents.

48. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Gary Hulse Clothing or any of its owners and affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

49. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Wardrobe Management & Design or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

50. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by John H. Daniel Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

51. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Warren Sewell Clothing Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

52. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Magliano Pants Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

53. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Mark Langley of Florida or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

54. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Skip Gambert & Associates a/k/a SGA or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

55. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Berle Manufacturing Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

56. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Ripley, Inc. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

57. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Ripley Shirt Co. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

58. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Hardwick Clothiers, Inc. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

59. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Toluca Garment Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

60. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Raffi or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

61. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Premier Clothiers, Inc. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

14

68. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Louie Morgan or by any of his businesses, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

69. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Gary Hulse Clothing or any of its owners and affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

70. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Wardrobe Management & Design or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

71. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to John H. Daniel Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, such documents will be produced upon entry of an appropriate protective order.

72. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Warren Sewell Clothing Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

73. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Magliano Pants Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, such documents will be produced upon entry of an appropriate protective order.

62. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Bugatchi Uomo Apparel, Inc. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

63. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Custom Clothing Vendors Alliance or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

64. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Gladson Ltd. Womenswear or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

65. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by Allen-Edmonds Shoe Corp. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

66. Any and all checks, check copies, check stubs, or other source Documents concerning any payment to Defendants by any clothing manufacturer, supplier, distributor, or sales organization, other than Tom James, since Mr. Green commenced employment with Tom James.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

67. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Elan Clothiers or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

74. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Mark Langley of Florida or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

75. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Skip Gambert & Associates, a/k/a SGA, or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, such documents will be produced upon entry of an appropriate protective order.

76. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Berle Manufacturing Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

77. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Ripley, Inc. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

78. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Ripley Shirt Co. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

79. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Hardwick Clothes, Inc. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

80. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Toluca Garment Company or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, such documents will be produced upon entry of an appropriate protective order.

81. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Raffi or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

82. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Premier Clothiers, Inc. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

83. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Bugatchi Uomo Apparel, Inc. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

84. Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Custom Clothing Vendors Alliance or any of its affiliates, from January 1, 2001, through the present.

RESPONSE: Subject to the general objections stated above, Green and Trace state that they have no such documents.

85.  Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Gladson Ltd. Womenswear or any of its affiliates, from January 1, 2001, through the present.

RESPONSE:  Subject to the general objections stated above, Green and Trace state that they have no such documents.

86.  Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to Allen Edmonds Shoe Corp. or any of its affiliates, from January 1, 2001, through the present.

RESPONSE:  Subject to the general objections stated above, Green and Trace state that they have no such documents.

87.  Any and all checks, check copies, check stubs, or other source Documents concerning any payment by Defendants to any clothing manufacturer, supplier, distributor, or sales organization, other than Tom James, since Mr. Green commenced employment with Tom James.

RESPONSE:  Objection. In addition to the general objections stated above, Green and Trace object to this question because it is not reasonably calculated to lead to the discovery of admissible evidence, in that the time period covered by this request is overly broad in scope. Notwithstanding the foregoing objection, without waiving its right to assert same, and subject to the general objections stated above, Green and Trace will produce any such documents that relate to the time period January 1, 2001 to present upon entry of an appropriate protective order.

88.  Any and all written agreements, memoranda of understanding, memoranda of intent, or any other document intended to memorialize any agreement between Defendants and any clothing manufacturer, distributor, or sales organization, other than Tom James.

RESPONSE:  Subject to the general objections stated above, Green and Trace state that they have no such documents.

19

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on September 12, 2003 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

Thomas J. Finn
Paula Cruz Cedillo
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
860.522.6103
Facsimile 860.548.0006

Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

BPRT/67708.2/PSO/488651v1

21