FILED

2003 DEC 18 P 4: 25

U.S. DISTRICT C...
NEW HAVEN, C...

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TOM JAMES COMPANY,                :    CIVIL ACTION NO.
                                  :    303 CV 0596 (JBA)
        Plaintiff,                :
                                  :
V.                                :
                                  :
TRACE APPAREL LLC and             :
J. TRACY GREEN,                   :
                                  :
        Defendants.               :    DECEMBER 18, 2003

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ELECTRONIC DISCOVERY

HALLORAN & SAGE LLP
Thomas J. Finn
Federal Bar No. ct 20929
Paula Cruz Cedillo
Federal Bar No. ct 23485
One Goodwin Square
Hartford, Connecticut 06103
(860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## INTRODUCTION

Pursuant to Rule 7(a)(1) and Rule 37(a)(3) of the Local Civil Rules of the District Court for the District of Connecticut, the plaintiff, Tom James Company ("Tom James"), submits this Memorandum of Law in Support of Plaintiff's Motion to Compel Electronic Discovery, dated December 18, 2003 ("Motion"). The defendants, Trace Apparel LLC ("Trace Apparel") and J. Tracy Green ("Mr. Green") (collectively referred to as "Defendants"), have not been forthcoming with properly discoverable and relevant information. The documents obtained in this matter through discovery thus far supports Tom James' legitimate concerns regarding Defendants' unscrupulous conduct of concealing relevant information and obstructionist spoliation of critical evidence. Despite attempting to resolve the issues concerning the defendants' incomplete production, Tom James has been unable to obtain proper disclosure from Defendants and thus the Court's intervention is, unfortunately, now required.

## FACTS

Tom James commenced this action against Defendants, on or about May 19, 2003, asserting various causes of action arising out of Defendants' unlawful conduct in misappropriating Tom James' confidential, proprietary, and trade secret information for their own use for purposes of unfairly competing with Tom James. See Amended Verified Complaint, dated May 19, 2003 ("Amended Verified Complaint"). The Amended Verified Complaint also asserts causes of action against Trace Apparel and

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendant for tortious interference with business relations and with prospective advantage, as well as violations of the Connecticut Uniform Trade Secrets Act, CONN. GEN. STAT. §§ 35-50 to 35-58 ("CUTSA"), and the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. §§ 42-110a to 110q ("CUTPA"). See Amended Verified Complaint, at Counts Four through Seven.

On or about August 13, 2003, Trace Apparel and Mr. Green filed separate answers and affirmative defenses in response to Tom James' Amended Verified Complaint. In addition to his answer and affirmative defenses, Mr. Green also asserted the Counterclaim, alleging causes of action pursuant to Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 - 1461 ("ERISA"), breaches of contract, and a violation of CUTPA. See Answer and Affirmative Defenses by Trace Apparel LLC, dated August 13, 2003, and Answer, Affirmative Defenses, and Counterclaim by J. Tracy Green, dated August 13, 2003. Mr. Green subsequently filed an Amended Counterclaim on October 23, 2003. See Amended Counterclaim by J. Tracy Green, dated October 23, 2003. Tom James moved to dismiss portions of Count Two and Count Five of the Amended Counterclaim, which allege violations of ERISA and CUTPA, as Mr. Green failed to state causes of action upon which relief may be granted with respect to these Counts. See Motion to Dismiss Amended Counterclaim of J. Tracy Green, dated November 7, 2003. The Motion is currently pending before the Court.

Tom James served requests for production on Defendants on or about August 13, 2003. See Plaintiff Tom James Company's First Set of Requests for Production of

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Documents to Defendants Trace Apparel LLC and J. Tracy Green ("Production Requests"), dated August 13, 2003 (attached to the Motion as Exhibit A). Defendants provided objections and responses to these Production Requests on or about September 12, 2003. See Plaintiff Tom James Company's First Set of Requests for Production of Documents to Defendants Trace Apparel LLC and J. Tracy Green ("Responses"), dated September 12, 2003 (attached to the Motion as Exhibit B). On or about November 7, 2003, Defendants produced some documents in response to Tom James' Production Requests, although this production was sparse and incomplete and failed to address the majority of the requests propounded. See Affidavit of Thomas J. Finn in Support of Motion to Compel Electronic Discovery, dated December 18, 2003 ("Finn Aff.") at ¶ 3. Defendants failed to produce any email correspondence whatsoever, despite Tom James' Production Requests concerning Defendants' correspondence with certain third parties. See Production Requests, No. 13, 18, 21 – 43; Finn. Aff. at ¶ 3. Indeed, the only categories of documents produced were some customer lists, a few months of cellular telephone logs, sales invoices and receipts, and Defendants' profit and loss statements for 2002 and for 2003 from January through May. See Finn. Aff. at ¶ 3.

In light of Defendants' incomplete production, counsel for the parties participated in numerous telephone conferences in an attempt to obtain additional production from Defendants. During one such telephone conference on November 7, 2003, counsel for Defendant represented that although there were emails at one time, they had either

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

been deleted from Defendants' computer database or were irrelevant. See Finn Aff. at ¶ 4. Defendants' counsel further represented that no attempt had been made to retrieve these emails or other deleted and potentially relevant electronic files. See Finn Aff. at ¶ 4. Accordingly, Tom James requested access to obtain Defendants' computer data in light of Defendants' failure to adequately preserve potentially relevant evidence and inadequate production of paper documents.

On or about December 15, 2003, Defendants produced copies of emails printed from Defendants' computer system. See Letter from Olson to Finn of 12/15/03 (attached to the Motion as Exhibit C). However, these emails merely constitute those currently present on Defendants' computer system. See Exhibit C. These documents conclusively demonstrate that Mr. Green engaged in numerous email communications with previous Tom James' clients despite Defendants' express representations in their Responses that they did "not have any such documents." See Responses, No. 5 (responding to request seeking documents concerning Defendants' contact with Tom James' customers with whom Mr. Green had contact while employed with Tom James).

Additionally, Tom James issued subpoenas for the production of documents pursuant to Rule 45 of the Federal Rules of Civil Procedure upon various third parties. In response to its subpoena, one particular supplier, John H. Daniel Company, provided Tom James with various orders placed with it by Trace Apparel for the purchase of clothing materials in connection with sales made to particular Trace Apparel customers. See sample copies of clothing material orders placed by Trace Apparel (attached to the

- 5 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Motion as Exhibit D). A review of these documents produced by John H. Daniel Company reveals inadequacies in Defendants' production and supports Tom James' concern that Defendants have not been forthcoming with all relevant and responsive evidence.

Accordingly, given the disparities present in Defendants' documents production and Defendants' misleading representations regarding the adequacy of that production, the only manner in which to ensure that all responsive and relevant documents have been properly produced is to access Defendants' computer systems and electronic data for purposes of recovering deleted files and other relevant information which Defendants have improperly failed to disclose. Furthermore, access to Defendants' computer systems must be timely had in order to ensure proper preservation of such evidence. Defendants cannot be allowed any further opportunity to engage in the spoliation of critical evidence.

## ARGUMENT

"[I]t is black letter law that computerized data is discoverable if relevant." Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94CIV2120, 1995 WL 649934, *2 (S.D.N.Y. Nov. 3, 1995) (attached hereto as Exhibit A). Rules 26(b) and 34 of the Federal Rules of Civil Procedure provide that computer stored information is discoverable in the same manner as tangible, written materials. See Fed. R. Civ. P. 26(b), 34(a). Electronic information is no less subject to disclosure than traditional paper records. See Rowe Entm't, Inc. v.

- 6 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

William Morris Agency, Inc., 205 F.R.D. 421, 428 (S.D.N.Y. 2002). "This is true not only of electronic documents that are currently in use, but also of documents that <u>may have been deleted</u>. . . ." Zubulake v. UBS Warburg, LLC, 217 F.R.D. 309, 317 (S.D.N.Y. 2003) (emphasis added).

Defendants cannot credibly represent that they have produced all relevant documents responsive to Tom James' Production Requests. The documents which have been obtained through discovery conclusively establish otherwise. As such, Tom James should be allowed access to Defendants' computer based information for purposes of retrieving relevant and discoverable information which has been improperly withheld by Defendants.

A.   **Discovery of Defendants' Electronic Data Should be Permitted Because it is Reasonably Calculated to Lead to the Discovery of Admissible Evidence**

The scope of discovery under the Federal Rules is very broad and allows for the discovery of "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Sec. Ins. Co. of Hartford v. Trustmark Ins. Co., 218 F.R.D. 29, 32 (D. Conn. 2003) (quoting Maresco v. Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 144 (2d Cir. 1992)); see Fed. R. Civ. P. 26(b)(1). Tom James is entitled to access Defendants' computer systems for purposes of recovering deleted information and files, including emails, so long as they

- 7 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

are relevant to Tom James' claims. See Zubulake, 217 F.R.D. at 317 (citing Fed. R. Civ. P. 26(b)(1)).

The instant litigation was commenced as a result of Defendants' unlawful competition and anticompetitive conduct in the custom-made and made-to-measure clothing business. See Amended Verified Complaint. Since Mr. Green's resignation from Tom James in December 2001, Mr. Green engaged in 2002, and continues to engage in 2003, in the custom-made and made-to-measure clothing business, Trace Apparel, within a fifty-mile radius of Hartford, Connecticut, in direct competition with the business of Tom James. See sample copies of sales invoices to Tom James' customers (attached to the Motion as Exhibit E); Verified Complaint at ¶ 57. Defendants' conduct is a direct and blatant violation of the Disclosure of Information and Restrictive Covenant provisions set forth in the parties' Employment Agreement. See Employment Agreement (attached to the Verified Complaint as Exhibit 2).

Also, Tom James asserted claims against Defendants for tortious interference with business relations and with prospective advantage, as well as violations of CUTSA. See Verified Complaint at Fourth Count, Fifth Count, and Sixth Count. Defendants misappropriated Tom James' proprietary, confidential, and trade secret information, including, but not limited to, Tom James' customer information, by improper means for their own use and for the purpose of competing with Tom James. See list of Tom James' Clients (attached to the Motion as Exhibit F); Verified Complaint at ¶¶ 56-62,

– 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

107. Defendants have used this confidential and proprietary information to solicit sales from these Tom James' customers. <u>See</u> Exhibit E.

Accordingly, discovery of Defendants' communications with third-party suppliers, previous Tom James' customers, and potential new customers, as well as of documents concerning any sales made by Defendants, is highly relevant to Tom James' claims in the instant matter. This information is critical to establishing Tom James' causes of action and to the calculation of its damages and lost profits directly resulting from Defendants' unlawful competition. <u>See</u> Fed. R. Civ. P. 26(b)(1) (providing that relevant information includes that which "appears reasonably calculated to lead to the discovery of admissible evidence"). As such, any communications regarding the operation of Trace Apparel is relevant to this matter and thus properly discoverable.

### B. <u>Defendants Improperly Failed to Disclose Relevant Documents Responsive to Tom James' Production Requests</u>

Any representations by Defendants that they have produced all relevant documents in response to Tom James' Production Requests is disingenuous. <u>See</u> Exhibit C. To the contrary, those documents which are currently within Tom James' possession establish that Defendants have failed to produce complete client lists and have failed to account for all individuals with whom Defendants have conducted business despite Tom James' Production Requests for this information. <u>See</u> Production Requests, No. 1-5, 15-18. As such, Tom James is entitled to access Defendants'

- 9 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

computer system in order to discover relevant electronic data contained on Defendants' hard drive which Defendants have failed to produce.

As set forth above, Rule 34 of the Federal Rules of Civil Procedure allows for the discovery of "electronic data compilations from which information can be obtained only with the use of detection devices . . . ." Fed. R. Civ. P. 34 advisory committee's note. As such, a parties' request for "documents" pursuant to Rule 34 has the effect of requesting the production of information in electronic form. See Zubulake, 217 F.R.D. at 316-17; Playboy Enter., Inc. v. Welles, 60 F. Supp. 2d 1050, 1053 (S.D. Cal. 1999); Anti-Monopoly, 1995 WL 649934, at *1. Indeed, the term "document' was defined in the Production Requests to include "computer storage devices," to which Defendants did not assert any objection. See Production Requests, Definitions and Instructions, E.

The plaintiff in Playboy Enter. was granted access to the defendant's computer in order to mirror image the hard drive for purposes of recovering deleted files when it was apparent that the defendant failed to properly produce documents in response to plaintiff's requests for production. Specifically, the co-defendant produced two emails that should have also been produced by the defendant, but were not. See Playboy Enter., 60 F. Supp. 2d at 1051. The defendant also admitted that she failed to adequately preserve her emails but rather continued to delete them, even after the commencement of litigation. See id. The Court thus found it necessary that plaintiff access the defendant's hard drive because the defendant's actions in deleting the electronic files made it otherwise impossible to produce. See Playboy Enter., 60 F.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Supp. 2d at 1054; see also Simon Prop. Group LP v. mySimon, Inc., 194 F.R.D. 639, 640-41 (S.D. Ind. 2000) (allowing the plaintiff to mirror image the defendant's hard drive, holding that the plaintiff was entitled to recover deleted computer files in light of incomplete record); Antioch Co. v. Scrapbook Borders, Inc., 210 F.R.D. 645, 651-52 (D. Minn. 2002) (holding the plaintiff was entitled to recover deleted data from the defendants' computer system).

Similarly, Defendants in the instant matter failed to preserve potentially relevant evidence and have otherwise deleted electronic files such as email communications. See Finn Aff. at ¶¶ 4, 6. Even more troubling than such obstructionist conduct is that those documents that have been produced by Defendants thus far are inconsistent and incomplete. For instance, in response to a subpoena served upon it by Tom James for the production of relevant documents, a third-party supplier, John H. Daniel Company, produced copies of orders placed by Trace Apparel for clothing materials. Each of these orders produced by John H. Daniel Company identifies the particular Trace Apparel customer for whom the particular clothing materials were purchased. See Exhibit D. In response to Tom James' Production Requests, Defendants produced customer lists of individuals with whom Defendants have unlawfully conducted business, as well as profit and loss statements for business transacted with these individuals. See Exhibit F; Trace Apparel Profit and Loss by Job, dated January - December 2002, and dated January - May 2003 (attached to the Motion as Exhibit G). However, there are customers identified in the documents produced by John H. Daniel

- 11 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Company who are neither accounted for on Defendants' client lists nor on Defendants' profit and loss statements. Compare Exhibit D with Exhibits F and G (evidencing orders placed for nine individuals who Defendants fail to identify in either its client lists or profit and loss statements).

This type of incomplete disclosure is unacceptable, especially in light of the particular claims of unlawful and unfair competition asserted against Defendants in this matter, as well as Mr. Green's apparent resentment toward Tom James. See Antioch Co., 210 F.R.D. at 650 (setting forth the plaintiff's concern regarding the possibility of defendants' resentment for toward the plaintiff could result in the destruction of documents). Indeed, Mr. Green has actively communicated with other former Tom James' employees in connection with their unlawful competition and resentment against Tom James. See Email from Baldwin to Comeau, Mialik, Cutsinger, Morgan, Morgan, Erhardt, Brown, Shedd, Hester, Bench, Boozer, Green, and Hamilton of 10/6/03 (attached to the Motion as Exhibit H) (exclaiming "NOW GO OUT AND SELL SOME TJ CLIENTS"). Moreover, such incomplete disclosure directly and significantly impairs Tom James' ability to properly evaluate its lost profits as a result of Defendants' unlawful business operations and unfair competition.

Finally, Defendants recent production of email correspondence further illustrates Defendants' dilatory conduct and improper disclosure, or apparent concealment, of relevant and properly discoverable information. Defendants had previously represented this information was either deleted or irrelevant (see Finn Aff. at ¶ 4) or that Defendants'

- 12 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

had no such documents. Defendants affirmatively responded that they had no responsive documents in response numerous Production Requests propounded by Tom James. For instance, in response to requests seeking documents concerning Defendants' sales made to customers and concerning any contact with Tom James' customers with whom Mr. Green had contact while employed with Tom James, Defendants expressly provided that they had no such documents. See Responses, Nos. 2, 5. Yet, those limited documents that have been produced by Defendants conclusively demonstrate, among other things, Defendants' sales to and communications with previous Tom James' customers. See Exhibit E; sample copies of email correspondence to Tom James' clients (attached to the Motion as Exhibit I). Accordingly, Tom James cannot reasonably rely on Defendants' representations that they have no further responsive documents. Defendants' representations are especially suspect given the fact that Defendants' counsel indicated that no attempt was made to retrieve any emails deleted by Defendants. See Finn Aff. at ¶ 4. Thus, Tom James is entitled to access Defendants' computer systems to secure the production of Defendants' emails and other relevant electronic data.

Accordingly, the only reasonable manner in which to adequately ensure the proper and complete disclosure of relevant information is to allow Tom James access to Defendants' hard drives so that information deleted by Defendants may be recovered. A search for such deleted information is clearly warranted under the Federal Rules. See Zubulake, 217 F.R.D. at 317, n.41 (stating that the failure to produce deleted

- 13 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

documents existing only on back-up tapes which defendant did not search "is precisely why [defendant's] production is not compete"). Given Defendants' inappropriate activity of deleting or attempting to conceal certain information, Tom James would have no other assurance that Defendants will fully disclose properly discoverable and relevant information, or continue to engage in additional spoliation of critical evidence. As such, Tom James respectfully requests that the Court grant the instant Motion.

### C. Defendants Improperly Failed to Preserve Potentially Relevant information Despite their Affirmative Obligation to Do So

A party is under an affirmative obligation to preserve evidence when it has notice or reasonably should know that evidence may be relevant to litigation or to future litigation. See Zubulake v. UBS Warburg, LLC, No. 02CIV1243, 2003 WL 22410619, *2 (S.D.N.Y. Oct. 22, 2003) (attached hereto as Exhibit B); New York State Nat'l Org. for Women v. Cuomo, No. 93CIV7146, 1998 WL 395320, *2 (S.D.N.Y. July 14, 1998) (attached hereto as Exhibit C) (citing Turner v. Hudson Transit Lines, Inc., 142 F.R.D. 68 (S.D.N.Y. 1991)). This duty to preserve evidence is triggered as early as such time when an individual reasonably anticipates being a party to a lawsuit. See Zubulake, 2003 WL 22410619, at *3. Indeed, a party "must not destroy unique, relevant evidence that might be useful to an adversary." Id. Counsel also has an affirmative duty to advise his or her client of this requirement to preserve potentially relevant information. See Cuomo, 1998 WL 395320, at *2; Turner, 142 F.R.D. at 73.

- 14 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendants could reasonably anticipate being a party to the instant litigation since the time Mr. Green resigned from Tom James on December 12, 2001. Defendants cannot credibly argue otherwise. Mr. Green was aware of the provisions in the parties' Employment Agreement which prevented him from engaging in the custom-made and made-to-measure clothing business, within a fifty-mile radius of Hartford, Connecticut, for a period of two years. See Employment Agreement. By virtue of his employment with Tom James, Mr. Green was also aware of Tom James' successful enforcement of these provisions against other former Tom James' employees. Mr. Green undoubtedly anticipated the instant litigation at the time of his resignation and commenced unlawfully competing with Tom James.

Yet, in complete disregard for their affirmative duty to preserve information, Defendants have admittedly failed to take any measures whatsoever to ensure the preservation of potentially relevant information or electronic information. See Letter from Finn to Olson of 12/15/03 (attached to the Motion as Exhibit J); Finn Aff. at ¶ 6. Defendants were unquestionably on notice of their duty to preserve, and indeed were repeatedly reminded of this obligation through subsequent telephone conferences and correspondence between counsel. See Letter from Finn to Olson of 10/31/03 (attached to the Motion as Exhibit K); Letter from Finn to Olson of 12/16/03 attached to the Motion as Exhibit L); Letter from Finn to Olson of 12/17/03 attached hereto as Exhibit M); Verified Amended Complaint; Finn Aff. at ¶¶ 5, 7.

– 15 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendants have offered no explanation as to why they failed to preserve relevant evidence, as they cannot. Moreover, Defendants' have improperly refused Tom James access to their computer systems and electronic data. Tom James' access to Defendants' computer systems is imperative in order to maintain the integrity of what information may remain in Defendants' electronic files and to recover deleted information. Defendants have no good faith basis to deny Tom James the opportunity for the discovery of relevant information to which it is properly entitled under the Federal Rules.

Defendants' conduct in failing to take any preservation measures was reckless and grossly negligent. See Zubulake, 2003 WL 22410619, at *6. Defendants' continued refusal to allow for the discovery for the discovery of properly relevant information is clearly obstructionist conduct. As such, the imposition of sanctions in the form of attorneys fees and costs for the making of this Motion is clearly warranted given Defendants' unreasonable and dilatory conduct. See Zubulake, 2003 WL 22410619, at *7 (ordering the defendant to bear the cost of re-depositions resulting from the defendant's failure to properly preserve evidence).

Defendants cannot be allowed any further opportunity to engage in the spoliation of critical evidence. Tom James is reasonably and legitimately concerned that Defendants' failure to preserve relevant evidence (especially in light of the incomplete production Tom James has received thus far) and the deletion of evidence from Defendants' computer system will wrongfully prejudice Tom James' ability to obtain

- 16 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

critical evidence in support of its causes of action as well as impede Tom James' ability to accurately calculate the damages it has incurred resulting from Defendants' unlawful competition. Indeed, "[t]he absence of [] documentary proof may stymie the search for the truth. If documents are lost or destroyed when they should have been preserved because litigation was threatened or pending, a party may be prejudiced." Zubulake, 2003 WL 22410619, at *1. As such, discovery of Defendants' electronic data should be permitted as soon as is practicable in order to prevent further spoliation of relevant evidence by Defendants.

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, respectfully requests that the Court grant its Motion to Compel Electronic Discovery, dated December 18, 2003, and allow Tom James access to Defendants' computer systems so that a mirror image of the hard drives and pdas may be taken and for the recovery of any deleted data. The Court should also impose sanctions upon Defendants in the form of attorneys fees, costs, and any other relief the Court may deem proper, in connection with Tom James' having to bring the instant Motion.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Dated: December 18, 2003
       Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
TOM JAMES COMPANY

By: _____
Thomas J. Finn
Federal Bar No.: ct 20929
Paula Cruz Cedillo
Federal Bar No.: ct 23485
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
(860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

This is to certify that on this 18th day of December, 2003, a copy of the foregoing was hand-delivered to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

_____
Thomas J. Finn

494914

- 19 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105