UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY, | CIVIL ACTION NO. |
| Plaintiff, | 303 CV 0596 (JBA) |
| V. | |
| TRACE APPAREL LLC and J. TRACY GREEN, | |
| Defendants. | DECEMBER 18, 2003 |

### AFFIDAVIT OF THOMAS J. FINN IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL ELECTRONIC DISCOVERY

I, Thomas J. Finn, do hereby swear and affirm as follows:

1. I am an attorney with the law firm of Halloran & Sage LLP, attorneys for the plaintiff, Tom James Company ("Tom James"), in the above-captioned matter. I make this affidavit in connection with Plaintiff's Motion to Compel Electronic Discovery, dated December 18, 2003 ("Motion").

2. Tom James served requests for production on the defendants, Trace Apparel LLC ("Trace Apparel") and J. Tracy Green ("Mr. Green") (collectively referred to as "Defendants") on or about August 13, 2003. Defendants provided objections and responses to these Production Requests on or about September 12, 2003.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

3.  On or about November 7, 2003, in response to Tom James' Production Requests, Defendants produced documents comprising of some customer lists, a few months of cellular telephone logs, sales invoices and receipts, and Defendants' profit and loss statements for 2002 and for 2003 from January through May. This production was incomplete and failed to address the majority of the requests propounded. No emails or other evidence of communications between Defendants and third-parties were produced.

4.  In a telephone conference on November 7, 2003, regarding Defendants' production of documents, Defendants' counsel represented to me that emails were not produced by Defendants because they had either been deleted from Defendants' computer systems or they were not relevant to the instant matter. Defendants' counsel further represented that no attempt was made to recover these deleted emails to determine their potential relevance or responsiveness to Tom James' requests for production.

5.  In light of Defendants' incomplete production, counsel for the parties participated in numerous telephone conferences in order to attempt to obtain additional production from Defendants.

6.  In a telephone conference on December 14, 2003, Defendants' counsel affirmatively represented that no measures had been taken to preserve potentially relevant information or to otherwise preserve the electronic data present on Defendants' computer systems.

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

7.  I have attempted in good faith to secure additional production from Defendants without the Court's intervention. Counsel for Defendants and I have conferred by telephone on numerous occasions in an attempt to resolve issues with respect to the incomplete document production by Defendants.

8.  Defendants have refused, and continue to refuse, Tom James' access to Defendants' computer systems and electronic data.

_____
Thomas J. Finn

Signed and sworn to before me on this 18th day of December, 2003.

_____
Commissioner of the Superior Court

495202

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105