UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | JANUARY 14, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S
MEMORANDUM IN OPPOSITION OF MOTION TO DISMISS**

**INTRODUCTION**

Pursuant to Rule 7(d) of the Local Civil Rules of the United States District Court for the District of Connecticut, the plaintiff, Tom James Company ("Tom James"), respectfully submits this Memorandum of Law in Reply to the defendant's, J. Tracy Green ("Defendant"), Memorandum of Law in Opposition of Motion to Dismiss, dated December 15, 2003 ("Opposition Memorandum").

The arguments set forth in Defendant's Opposition Memorandum are without merit and fail to adequately address the legal issues set forth in Tom James' Memorandum of Law in Support of Motion to Dismiss Amended Counterclaim of J. Tracy Green, dated November 7, 2003 ("Tom James' Memorandum"). In an effort to save his claims from proper dismissal, Defendant would have the Court ignore the express statutory language governing the claims at issue as well as the established law

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

of this Circuit. However, the arguments set forth in the Opposition Memorandum do nothing more than lend further support to the dismissal of Counts Two and Five of the Amended Counterclaim. Accordingly, Tom James respectfully requests that the Court grant its Motion to Dismiss the Amended Counterclaim of J. Tracy Green, dated November 7, 2003 ("Motion to Dismiss").

## ARGUMENT

**A.   Count Five Must Be Dismissed Because Defendant's CUTPA Claim is Preempted by ERISA**

Count Five of the Amended Counterclaim must be dismissed as it is preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 - 1461 ("ERISA"). As is more fully set forth in Tom James' Memorandum, Defendant's cause of action under the Connecticut Unfair Trade Practices Act, CONN. GEN. STAT. §§ 42-110a to 110q ("CUTPA"), is preempted by operation of ERISA's preemption clause. See 29 U.S.C. § 1144(a). Defendant's CUTPA claim "refers to" an ERISA plan because the existence and interpretation of Tom James' 401(k) and Profit Sharing Plan (the "Plans") is essential to establishing liability under this cause of action. Accordingly, Count Five is preempted by operation of ERISA and must be dismissed.[1] See Plumbing Indus. Bd. v. E.W. Howell Co., Inc., 126 F.3d 61, 67 (2d Cir. 1997).

---

[1] Interestingly, Defendant fails to address in any substantive manner Tom James' argument that Defendant's CUTPA claim is also preempted by ERISA because it provides Defendant with alternative relief not afforded by ERISA. See Opposition Memorandum, at 9-12. As such, Tom James will not address this basis for dismissal in the instant Reply. See D. Conn. L. Civ. R. 7(d).

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendant ineffectively attempts to save his CUTPA claim from preemption by arguing that Tom James has misconstrued the theory of liability.  See Opposition Memorandum, at 10-11.  Yet, whatever Defendant's "theory" may be, it does not impact the preemption analysis under ERISA.  District courts have reasoned that ERISA properly preempts causes of action under CUTPA "because such a CUTPA claim is generally based upon the circumstances surrounding . . . an ERISA plan."  Krass v. Connecticare, Inc., No. 3:96CV2565, 1998 WL 26409, *5 (D. Conn. Jan. 14, 1998) (attached to Tom James' Memorandum as Exhibit A).  Defendant quite plainly points out that his cause of action for CUTPA is supported by Tom James' alleged adoption of unlawful retirement policies and policies which serve to "improperly deny ERISA benefits."  Opposition Memorandum, at 11 (emphasis added).  Regardless of whether these purported unlawful policies were allegedly adopted to suppress competition, the fact remains this alleged conduct concerns Tom James' payment of benefits and adoption of an ERISA plan.  In light of Defendant's own contentions, he cannot credibly refute that the CUTPA claim is based upon the circumstances surrounding an ERISA plan.  See id.; Amended Complaint, at ¶ 13.  As the existence of the Plans at issue are an integral part of Defendant's CUTPA claim and necessarily requires an analysis of the Plans themselves, this cause of action "refers to" an ERISA plan and is thus properly preempted.[2]  See Plumbing Indus. Bd., 126 F.3d at 67 (stating that common sense

---

[2] Defendant provides no legal support for the assertion that preemption of the CUTPA claim would not serve to dismiss the entire cause of action.  See Opposition Memorandum, at 9.  Nor does Defendant

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

should guide the application of ERISA's preemption clause).  As such, Count Five of the Amended Counterclaim must be dismissed.

**B.  Counts Two and Five Must Be Dismissed Because Defendant Fails to State a Claim for Which Relief May Be Granted**

**1.  Defendant Fails to Address the Legal Inadequacies of His Claims**

Defendant's Opposition Memorandum lacks any argument that adequately addresses the legal insufficiency of the claims regarding Tom James' purported violations of ERISA sections 1053 or 1056.  Defendant argues that the Motion to Dismiss should not be granted because the Amended Counterclaim satisfies the standard for notice pleadings set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure.  See Opposition Memorandum, at 5-6, 17.  However, while Defendant argues that he has sufficiently put Tom James' on notice of his claims, he fails to offer any credible argument as to how these allegations state a claim upon which relief may be afforded.[3]  Indeed, liberal construction of pleadings is not boundless and the causes of action asserted in the Amended Counterclaim must at least set forth legally

---

provide any support for the conclusion that ERISA does not concern an employer's attempts to misuse its responsibilities as a plan fiduciary.  See id., at 11.  To the extent that Defendant is attempting to save his CUTPA claim from preemption on the basis that he would be left without a remedy addressing his claim of unfair competition, this argument also fails.  Even in instances where a plaintiff would effectively be left with no remedy, state law claims are properly preempted. See Eklecco v. Iron Workers Locals 40, 361 & 417 Union Sec. Funds, 170 F.3d 353, 356 (2d Cir. 1999).  Accordingly, Count Five of the Amended Counterclaim must be dismissed in its entirety.

[3] Indeed, Defendant's arguments are misplaced as Tom James has not moved to dismiss Defendant's claims under Rule 8(a)(2), but rather pursuant to Rule 12(b)(6) on the basis that they fail to state a claim upon which relief may be granted.  See Motion to Dismiss; cf. Iwachiw v. NYC Bd. of Educ., 194 F. Supp. 2d 194 (E.D.N.Y. 2002) (setting forth different standards upon which to grant motion to dismiss under Rules 8(a)(2) and 12(b)(6) and determining disposition of motion separately under each)).

- 4 –



One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

recognizable claims for relief.  As Tom James has moved to dismiss portions of Count Two pursuant to Rule 12(b)(6), the appropriate inquiry is whether there can be violations of ERISA sections 1053 or 1056 even if Defendant were to prove the facts alleged in the Amended Counterclaim.  See Ambase Corp. v. City of Investing Co. Liquidating Trust, 326 F. 3d 63, 71-72 (2d Cir. 2003) (stating a cause of action should be dismissed pursuant to Rule 12(b)(6) when the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief).  Tom James submits that there cannot be any such violations.

### 2. Defendant Fails to State a Claim for Relief Under ERISA Because Defendant Fails to Allege Violations of Sections 1053 and 1056

Defendant's allegations that Tom James has improperly withheld the distribution of benefits cannot serve the basis for violations of sections 1053 or 1056.  Section 1053 does not govern the distribution or payment of benefits.  See 29 U.S.C. § 1053. Defendant's attempts to trivialize this distinction by deeming it mere "quibbling" and "word games," are wholly without merit and blatantly ignore the express terms of the statute itself as well the law of this Circuit.  See Opposition Memorandum, at 6-8.

By its express terms, section 1053(a) provides for minimum vesting standards of benefits -- it does not provide for the payment or distribution of benefits.  See 29 U.S.C. § 1053.  The Court of Appeals for the Second Circuit has acknowledged that "[s]ection [1053(a)] makes no mention whatever of payment.  Rather, it is entitled 'Minimum vesting standards,' and it specifies the conditions which an employee's 'right' to a

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

pension benefit must become 'nonforfeitable.'" Duchow v. New York State Teamsters Conference Pension & Ret. Fund, 691 F.2d 74, 79, n.2 (2d Cir. 1982) (emphasis added).  Indeed, Defendant himself admits he is fully vested under the terms of the Plans.  See Opposition Memorandum, at 7; Amended Counterclaim, at ¶ 14.  As such, there are no set of facts alleged in the Amended Counterclaim, even considered in a light most favorable to Defendant, that could support a claim for a violation of section 1053(a).[4]  Accordingly, Count Two must be dismissed inasmuch as it seeks relief pursuant to this section.

In an effort by Defendant to create a cause of action where there is none, Defendant would have the Court ignore the express statutory language of section 1053 as well as the Second Circuit's interpretation of this language.  Defendant's argument that Tom James' alleged refusal to distribute benefits under the Plans is "sufficiently related" to the vesting concept set forth in section 1053 is wholly without merit.  See Opposition Memorandum, at 7-8.  Setting aside the fact this argument contradicts the express allegations of the Amended Counterclaim (see Amended Counterclaim, at ¶ 14), such an argument is far too tenuous to properly support a cause of action under

---

[4] Defendant also argues that Tom James does not challenge the substance of Defendant's allegations. See Opposition Memorandum, at 7.  Defendant's argument is misplaced.  Tom James did not take issue with the substance of Defendant's allegations because to do so would be inappropriate when moving for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See e.g. Ambase Corp. v. City of Investing Co. Liquidating Trust, 326 F. 3d 63, 72 (2d Cir. 2003) (stating the well established rule that a court must accept as true the factual allegations in the complaint when determining a motion to dismiss pursuant to Rule 12(b)(6)).  Accordingly, Tom James' adherence to the standards set forth by the Federal Rules should not be construed as a concession of the factual allegations of the Amended Counterclaim, which factual allegations Tom James denies.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

ERISA's remedial statutory scheme where there simply is none. The true crux of the relief sought by Defendant under section 1132(a)(3) is Tom James' alleged nonpayment of accrued benefits to Defendant under the Plans. See Amended Counterclaim, at ¶¶ 17, 19; Opposition Memorandum, at 6-7. This, however, cannot be characterized as a violation of section 1053, which merely provides for the vesting of benefits. See 29 U.S.C. 1053. Accordingly, this claim should properly be dismissed.

Additionally, Defendant has failed to adequately address the legally insufficient claim that Tom James' alleged conduct violates ERISA section 1056. Defendant refers to Paragraph 18 of the Amended Counterclaim which merely alleges that certain policies were adopted by the Tom James Retirement Committee. See Opposition Memorandum, at 8; Amended Counterclaim, at ¶ 18. As set forth more fully in Tom James' Memorandum, Defendant fails to sufficiently plead any violation of ERISA section 1056(a) pursuant to which relief can be afforded under section 1132(a)(3) and, thus, this claim should be dismissed.

    **2.**    **Defendant's CUPTA Claim Must Be Dismissed Because it Fails to State a Claim for Relief**

In the event that the Court determines Count Five of the Amended Counterclaim is not preempted by ERISA (which it is), Defendant's CUTPA claim should nonetheless be dismissed because it fails to state a cause of action upon which relief may be granted.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Tom James' purported conduct in violation of CUTPA does not constitute its primary trade or business and thus cannot serve the basis for a CUTPA violation. See, e.g., Cornerstone Realty, Inc. v. Dresser Rand Co., 993 F. Supp. 107, 113 (D. Conn. 1998) (holding that a CUTPA violation "may not arise out of conduct that is merely incidental to the performance of one's trade or commerce"). In an attempt to salvage the CUTPA cause of action from dismissal, Defendant attempts to persuade the Court to ignore the precedent of this district and adopt a "business context approach" followed by Massachusetts courts in interpreting the Massachusetts Unfair Trade Practices Act. Although Defendant claims that courts interpreting CUTPA's "trade or commerce" provision have reached diverging views regarding the meaning of this provision, Defendant fails to proffer any such opinion which adopts the "business context" interpretation of CUTPA.[5] See Opposition Memorandum, at 13. Tom James respectfully submits that the Court should consider whether the alleged conduct constitutes Tom James' primary trade or commerce in accordance with the well settled jurisprudence of this district.

Furthermore, despite Defendant's specious assertions to the contrary, the alleged conduct serving the basis for the CUTPA claim (i.e., payment of retirement benefits, stock redemption, and payment of dividends) did not occur within Tom James'

---

[5] Indeed, the Connecticut Superior Court decision that Defendant cites in support of the "business context approach" refused to adopt such an approach, holding that conduct merely incidental to the defendant's primary trade could not serve as basis for a viable CUTPA claim. See Abely Waste Oil Serv., Inc. v. Ravenswook Dev. Corp., No. CV950369487S, 1995 WL 562203, 4 (Conn. Super. Ct. Sept. 15, 1995) (attached to Defendant's Opposition Memorandum).

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

primary trade or business of providing custom-made and made-to-measure clothing, nor can Defendant credibly argue that it does.  See Opposition Memorandum, at 14-15. Although the factual allegations contained in a pleading are accepted as true for purposes of deciding a motion to dismiss pursuant to Rule 12(b)(6), "conclusions of law or unwarranted deductions of fact are not admitted." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994);  see e.g. Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1092 (2d Cir. 1995) (holding that conclusory allegations set forth in pleadings need not be credited); Martin v. Am. Equity Ins. Co., 185 F. Supp. 2d 162, 163 (D. Conn. 2002) (providing that "while the pleading standard in federal court is a liberal one, bald assertions and conclusions of law will not suffice").  Accordingly, Defendant's bald characterization that Tom James' alleged conduct occurred within the scope of its primary trade or business is insufficient to support his cause of action under CUTPA and, thus, this claim should be dismissed.

Additionally, Defendant's cause of action for breach of contract cannot serve the basis for a CUTPA violation.  See Boulevard Assoc. v. Sovereign Hotels, Inc., 72 F.3d 1029, 1039 (2d Cir. 1995).  Defendant's arguments in the Opposition Memorandum only serve to reinforce this basis for dismissal, as more fully set forth in Tom James' Memorandum, as well as support ERISA preemption of the CUTPA claim.  Indeed, Defendant admittedly relies upon Tom James' alleged ERISA violations and breaches of contract in support of CUTPA claim.  See Opposition Memorandum, at 15-16; Amended Counterclaim, at ¶ 21-23, 40, 44.  However, these allegations, without more,

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

are legally insufficient to support a cause of action under CUTPA.  See Pollock v. Panjabi, 47 Conn. Supp. 179, 197, 781 A.2d 518 (Conn. Super. Ct. 2000).  Accordingly, Count Five must be dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, respectfully requests that the Court grant its Motion to Dismiss the Amended Counterclaim of J. Tracy Green, dated November 7, 2003, and dismiss Count Five and portions of Count Two of the Amended Counterclaim.

Dated:  January 14, 2004
        Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
TOM JAMES COMPANY

By:_____
  Thomas J. Finn
  Federal Bar No.: ct 20929
  Paula Cruz Cedillo
  Federal Bar No.: ct 23485
  HALLORAN & SAGE LLP
  One Goodwin Square
  225 Asylum Street
  Hartford, Connecticut 06103
  (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

     This is to certify that on this 14th day of January, 2004, a copy of the foregoing was either mailed, postage prepaid, or hand-delivered to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

                                            _____
                                              Thomas J. Finn

498341

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105