UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>                         PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>                         DEFENDANTS | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br><br>February 2, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

The defendants J. Tracy Green (hereinafter, "Green") and Trace Apparel, LLC (hereinafter, "Trace") hereby submit this memorandum in support of their motion to compel filed this day. The motion relates to certain Interrogatories and Requests for Production dated October 22, 2003 propounded by Green and Trace on the plaintiff Tom James Company (hereinafter, "Tom James"). For the reasons set forth herein, the motion to compel should be granted.

I.     **FACTUAL BACKGROUND**

Tom James employed Green for over thirteen (13) years, both in a sales and in a management capacity. Tom James is in the business of the manufacture and sale of custom clothing and accessories, and Green had responsibility for its operations in the Hartford, Connecticut area. Beginning around 1999, Tom James began to strip Green of his management responsibilities, as well as the

corresponding compensation. Green was left with no choice but to resign his employment, which he did in December, 2001.

Since Green left Tom James, the Company's behavior towards Green has been remarkably poor. Tom James has placed a hold on Green's 401(k) retirement account, refusing to pay over the funds in the account, in direct violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (hereinafter, "ERISA"). Tom James has refused to redeem stock held by Green, in violation of its long-standing policies. Tom James has paid dividends to its shareholders, but has refused to pay over such dividends to Green.

Most importantly, nearly eighteen (18) months after Green left Tom James, the Company brought this civil action purporting to enforce a non-competition agreement signed by Green when he was first hired, and alleging various tortious actions by Green. The alleged non-competition agreement runs for two years from the termination of Green's employment, yet Tom James waited until nearly the end of that period to file this action.

In the Complaint, Tom James brings breach of contract claims concerning an alleged employment agreement, tort claims of interference with business relations and prospective advantage, and statutory claims under the Connecticut Uniform Trade Secrets Act, and the Connecticut Unfair Trade Practice Act. Green and Trace have filed a number of defenses to these claims, including a claim that Tom James discriminated against Green and that Tom James breached the alleged employment

agreement.  In addition, Green has filed a counterclaim, alleged claims for breach of contract, payment of benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (hereinafter, "ERISA"), an injunction against Tom James' continued violations of ERISA, violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110, et seq. (hereinafter, "CUTPA"), and for violations of corporate law.

On October 22, 2003, Green and Trace propounded discovery requests on Tom James.  Tom James provided incomplete responses to these requests on November 24, 2003.  The parties conducted several written and oral discussions to reduce areas of disagreement. Tom James has agreed to comply with all but a handful of the requests, but refuses to comply with Interrogatory Nos. 2-7 (and the related Request for Production No. 14), and Request for Production Nos. 5, 18, 22 and 23.

II.     **STANDARD OF REVIEW**

The scope of discovery under Fed. R. Civ. P. Rule 26 is very broad, encompassing any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.,* 964 F.2d 106, 114 (2d Cir.1992), quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978). Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party; relevant information

need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ. P. Rule 26 (b) (1).

It is the burden of the party asserting an objection to a discovery request to convince the court that the discovery sought is objectionable.  See, *EDO Corporation v. Newall Insurance Co.*, 145 F.R.D. 18, 23 (Nevas, J., 1992).  As such, even though Green and Trace are the moving party on this motion to compel, Tom James has the obligation of convincing the court that its objections were appropriately interposed, and that it has given full responses to the discovery requests.

### III. **ARGUMENT**

Tom James can not demonstrate that the discovery sought by Green and Trace is not relevant to the issues raised in this matter.  Tom James wishes to pick and choose the information it discloses, thereby limiting the defendants' ability to mount a defense to this intrusive litigation.  The court must not countenance this obstructive behavior.

#### A. **INTERROGATORY NOS. 2-7 AND REQUEST FOR PRODUCTION NO. 14**

Interrogatory No. 2.  State each item that was part of Tom James' product line during 2000-present.

Interrogatory No. 3.  State the list price of each item identified in response to Interrogatory No. 2.

Interrogatory No. 4.  State the sales price of each item identified in response to Interrogatory No. 2.

Interrogatory No. 5.  State the actual cost to Tom James of each item identified in response to Interrogatory No. 2, including every factor that was used to calculate the actual cost to Tom James of the item and the effect each such factor had on the actual cost.  If the actual cost of a particular to Tom James varied during the years 2000 to 2003, state each variation and the time period affected thereby.

Interrogatory No. 6.  State the number of sales of each item identified in response to Interrogatory No. 2 during the time period 2000-2003.

Interrogatory No. 7.  Identify each document upon which you relied in preparing your responses to Interrogatory Nos. 2 through 6.

Interrogatory No. 14.  Produce copies of all documents identified in response to Interrogatory No. 7.

These discovery requests seek to obtain information concerning the product line offered by Tom James, the sales price of each item and the cost to produce each item, all for the purpose of determining the profit Tom James makes on the sale of each item.  With this information, Green and Trace can compare the sales that they have made with the profit Tom James would have made on such a sale, and thereby determine the damages that Tom James claims to have suffered.

Although Tom James has alleged a number of contract, tort and statutory claims in this action, the real workhorse of the Complaint is its claim that Green breached a covenant not to compete contained in an employment agreement.  See, Amended Verified Complaint, May 19, 2003 [Doc. No. 4], at Count Two. "The proper measure of damages for breach of a covenant not to compete is the nonbreaching party's losses rather than the breaching party's gains." *Robert S. Weiss and Associates, Inc. v. Wiederlight*, 208 Conn. 525, 542, 546 A.2d 216, 226 (1988). Although Tom James would certainly like to frame its damages in this matter as a

disgorgement of any profits earned by Green, such a limited view of potential damages is simply improper.

As an example, suppose that Green and Trace sold a custom suit to a customer for $1,000.00. Green and Trace in turn purchased that suit from a third party supplier for $500.00. Under Tom James' theories of damages, it would be entitled to $500.00 for that sale, minus any administrative expenses incurred by Green related to the sale and relating to the running of his business in general.

Green submits that under *Wiederlight*, this is an incorrect damage analysis. Indeed, the proper measure of damages is the profit that Tom James <u>would have earned on the sale of that suit</u>. Accordingly, in order to determine what damages Tom James would be entitled to in connection with that sale, it is necessary to look at Tom James' costs in manufacturing and marketing the item, as well as the sales price of the item.

In Paragraphs 2-7, Green has requested information that is directly related to this damage analysis. Importantly, Tom James does not have any objection to these requests on relevance grounds. Indeed, Tom James almost admits that the information is directly relevant. The only grounds on which Tom James refuses to comply with these requests is that it has "concerns" that Green and Trace might use the information improperly, and that the request is therefore prejudicial.

Throughout the discovery process, Green and Trace have recognized that Tom James has a proprietary interest in this information and has agreed that a

protective order would be appropriate in order to protect the information.  Surely, an order from the Court directing that the information be kept confidential is sufficient to allay any "concerns" that Tom James may have.  Green and Trace remain willing to agree to a reasonable protective order, but the information must be produced.

Tom James is the party that elected to commence this litigation.  It cannot withhold the information that is necessary for the defendant to determine Tom James' claim for damages.  Indeed, Tom James can not even establish its damages at trial without this information.  Accordingly, the motion to compel should be granted.

B.      **REQUEST FOR PRODUCTION NO. 5**

Request For Production No. 5.  Produce a copy of the Tom James Company 401(k) and Profit Sharing Plan (hereinafter, the "Plan"), effective January 1, 1980, together with copies of all amendments thereto and restatements thereof.

In Count One of his counterclaim, Green asserts a claim against Tom James for recovery of benefits payable under his 402 (k) plan.  *See*, Amended Counterclaim, October 23, 2003 [Doc. No. 23], at Count One.  In Count Two, Green alleges that Tom James has committed acts in connection with the 401 (k) plan that violate ERISA.  *See*, Amended Counterclaim, *supra*, at Count Two.

In this request, Green requests copies of the Tom James' 401(k) plan originally adopted in 1980.  This document has been amended a number of times since then.  While Tom James has provided, informally, several iterations of the plan, it has not provided all amendments thereto.  The only way that Green can test

-7-

whether Tom James has complied with its obligations to Green, and whether Tom James' actions constitute violations of ERISA, is to know the text of the plan as applicable at the relevant times. As such, it is important that Green be aware of the various iterations of the plan, when certain amendments were adopted, and the text of the amendments. This information is directly relevant to Green's claim, and Tom James should be compelled to produce it.

C.     **REQUEST FOR PRODUCTION NO. 18**

Request for Production No. 18. Produce copies of all documents concerning the value of Tom James' stock from 1999 to present, including, *inter alia*, any documents relied upon in formulation of any determination of the value of such stock.

In Count Three of his counterclaim, Green alleges that Tom James has breached its agreement with Green to redeem shares of stock in Tom James held by Gree. *See*, Amended Counterclaim, *supra*, at Count Three.

The amount to be paid in a redemption of stock is directly dependent on the value of the stock as set by the Board of Directors. The only way that Green can determine how much Tom James should have paid him for his redemption is by knowing the amount set by Tom James as the value. This is done on annual basis by the Board of Directors of Tom James. There is no other evidence that Green could present that would demonstrate the value of this claim. As such, Tom James must be compelled to produce this information.

D. **REQUEST FOR PRODUCTION NOS. 22-23**

Request for Production No. 22. Produce copies of all documents concerning income earned by David Wykle from 1999 to 2003, including, *inter alia*, copies of tax reporting statements issued to Mr. Wykle, documents concerning his unit production, and documents concerning his team production.

Request for Production No. 23. Produce copies of documents concerning any loans made to David Wykle during the time period 1999 to 2003.

In his First, Second and Third Affirmative Defenses, Green alleges that Tom James engaged in conduct that discriminated against him, created a hostile work environment, and breached the employment agreement it seeks to enforce. *See*, Answer and Affirmative Defenses, August 13, 2003 [Doc. Nos. 14-15].

In these requests, Green seeks information concerning the qualifications and employment history of David Wykle. Green and Trace's defenses to Tom James' claims includes the defense that Tom James preemptively breached Green's employment agreement, leaving him free to leave the company without any restrictions. The nature of this claim is that during a two-year period from 1999 to 2001, Tom James systematically stripped Green of his management responsibilities and the attendant compensation, and removed from him the subordinate salesmen that also allowed him to earn additional compensation. Tom James transitioned this authority and management position to David Wykle.

Green seeks the information in Mr. Wykle's employment file, as well as concerning his compensation, because he believes it will demonstrate that Mr. Wykle was not as qualified as Mr. Green to hold the position and, in fact, has not

and had not performed as well as Mr. Green.

Tom James' only objections to this request are relevance and confidentiality. Green submits that the information is directly relevant to his defenses. Further, Green has, throughout this process, recognized that a protective order protecting the confidentiality of this information is necessary because it relates to employment records. Green has offered to enter into such a protective order, but Tom James still refuses to comply with the request.

Green submits that the information is relevant, and that a reasonable protective order will adequately protect the confidentiality issues. As such, Green and Trace respectfully request that the Court grant the Motion to Compel as to Interrogatory Nos. 22 and 23.

E. **SANCTIONS ARE APPROPRIATE**

Tom James' actions in withholding the information critical to Green's claims and defenses were without basis, particularly since Green offered to enter into a reasonable protective order. As stated in Tom James' counsel's final letter concerning discovery issues, Tom James has "concerns" that Green might improperly use the information. See, Letter from T. Finn to P. Olson, January 27, 2004, Exhibit G to Affidavit of Peter S. Olson, February 2, 2004. This is a baseless and obstructionist approach to discovery that, unfortunately, characterizes the way in which Tom James has litigated this case.

Local Rule 37 (a) (4) provides that sanctions may be awarded when

> a party has sought or opposed discovery which has resulted in the filing of a motion, and that party's position is not warranted under existing law and cannot be supported by a good faith argument for extension, modification or reversal of existing law …

D. Conn. L. Civ. Rule 37 (a) (4).  Given Green's willingness to enter into a reasonable protective order concerning the information in Interrogatory Nos. 2-7, and Requests for Production 14, 22 and 23, and that the information sought in Requests for Production 5 and 18 is directly relevant to Green's claims, Tom James' refusal to comply with these requests is unwarranted.

Accordingly, Green respectfully requests that the Court enter an award of reasonable attorneys fees for the costs incurred in the preparation of this motion.

IV.  **CONCLUSION**

For the foregoing reasons, Green and Trace respectfully requests that the Court grant the motion to compel, and order Tom James to comply with the discovery requests.  Green also requests that the Court enter an award of fees in favor of Green and Trace for the preparation of this motion.

        THE DEFENDANTS/
        COUNTERCLAIM PLAINTIFFS
        J. TRACY GREEN
        TRACE APPAREL, LLC

By: _____
Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on February 2, 2004 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

Thomas J. Finn
Paula Cruz Cedillo
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
860.522.6103
Facsimile 860.548.0006

_____
Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

BPRT/67708.2/PSO/505970v1