UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | FEBRUARY 2, 2004 |

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION TO COMPEL ELECTRONIC DISCOVERY**

**INTRODUCTION**

Pursuant to Rule 7(d) of the Local Civil Rules of the United States District Court for the District of Connecticut, the plaintiff, Tom James Company ("Tom James"), respectfully submits this Memorandum of Law in Reply to the defendants, Trace Apparel LLC ("Trace Apparel ") and J. Tracy Green's ("Mr. Green") (collectively referred to as "Defendants"), Memorandum in Opposition of Motion to Compel Electronic Discovery, dated January 13, 2004 ("Opposition Memorandum").

Defendants fail to adequately address the central issue in Tom James' Motion to Compel Electronic Discovery, dated December 18, 2003 ("Motion"), concerning Defendants' incomplete production and spoliation of evidence, which conduct properly warrants access to Defendants' computer systems and electronic data under the law.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Defendants attempt in vain to avoid the impropriety of their actions throughout the discovery process, so far as to make blatant misrepresentations to the Court under sworn affidavit and to unjustifiably question the propriety of counsel's representations.[1]

Further, Defendants' efforts to characterize the Motion as an attempt to "harass" Defendants are without merit and ignore that the relief sought by the Motion is well supported by the law and warranted under the circumstances. Defendants failed to be forthcoming with discovery, failed to preserve evidence in complete disregard of their affirmative obligation to do so, and failed to conduct discovery in good faith. Contrary to Defendants' mischaracterizations regarding Tom James' purpose in seeking the instant relief, a grant of the Motion is proper so as to allow Tom James to conduct discovery of relevant information to which it is properly entitled under the Federal Rules.

**ARGUMENT**

**A.    Defendants Misrepresent the Circumstances and Occurrences Leading to the Instant Motion to Compel**

Defendants erroneously argue that Tom James failed to make good faith efforts to resolve the issue regarding discovery of Defendants' electronic information prior to

---

[1] Although counsel for Tom James does not wish to deter the focus of the instant reply memorandum from the issue properly before the Court (namely, to compel discovery of Defendants' electronic information), counsel has no alternative but to address the unsettling and blatant misrepresentations set forth throughout Defendants' Opposition Memorandum as well as supporting affidavit. Counsel for Defendants provides that the claims set forth in Tom James' Memorandum are "false," "self-serving," and "half-truths." Opposition Memorandum at 4, 13-14. Such statements are utterly without merit, completely unfounded, and without basis.

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

seeking the Court's involvement.  See Opposition Memorandum at 8.  In this regard, Defendants' Opposition Memorandum is replete with misrepresentations as to manner and substance of the parties' communications.

In erroneously arguing that the instant Motion is solely a means in which "to make life difficult" for Defendants (see Opposition Memorandum at 25), Defendants disregard the representations made by their counsel and the occurrences which eventually necessitated the instant Motion.  For instance, Defendants take issue with Tom James' purported "self-serving" correspondences of mid-December.  See Opposition Memorandum at 10.  Defendants conveniently fail to state, however, that it was counsel for Defendants who expressly refused to participate in any further discussions regarding discovery as a result of the filing of an application for a prejudgment remedy.[2]  See Affidavit of Thomas J. Finn in Support of Plaintiff's Memorandum of Law in Reply to Defendants' Memorandum in Opposition to Motion to Compel Electronic Discovery, dated February 2, 2004 ("Finn Aff.") at ¶ 6.  Up until this point, the parties were involved in ongoing discussions regarding potential access to Defendants' computer database and electronic communications.[3]  See Finn Aff. at ¶ 6; Affidavit of Paula Cruz Cedillo in Support of Plaintiff's Memorandum of Law in Reply to Defendants' Memorandum in Opposition to Motion to Compel Electronic Discovery,

---

[2] Tom James filed an Application for Prejudgment Remedy and Motion for Disclosure of Assets on November 26, 2003.

[3] Indeed, Defendants admit that they terminated the discussions regarding this issue upon the filing of the application for prejudgment remedy.  See Opposition Memorandum at 25.

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

dated February 2, 2004 ("Cedillo Aff.") at ¶ 4.  The fact that Defendants unilaterally terminated these discussions cannot be attributed to a purported refusal by Tom James to confer in good faith with Defendants.

Additionally, Defendants incredulously and erroneously assert that the correspondence of December 16, 2003, was "the very first time that Tom James identified <u>any</u> issues as to any alleged incompleteness of the discovery responses." Opposition Memorandum at 11 (emphasis in original); <u>see</u> Exhibit L attached to the Motion (correspondence from Mr. Finn to Mr. Olson of December 16, 2003).  To the contrary, the parties were actively engaged in discussions regarding the insufficiency of Defendants' document production in response to Tom James' discovery requests.  <u>See</u> Finn Aff. at ¶ 2; Cedillo Aff. at ¶ 2;  Letter from Finn to Olson of 12/3/03 (attached hereto as Exhibit A);  Memorandum of Law in Support of Motion to Compel Electronic Discovery, dated December 18, 2003 ("Tom James' Memorandum") at 4-5.  This false assertion is illustrative of Defendants' tenuous and apparent efforts to improperly mischaracterize Tom James' request for access to Defendants' electronic data as threatening and unreasonable.

As is more fully set forth in Tom James' initial Memorandum, Defendants' initial document production was incomplete and failed to address the majority of the requests propounded.  <u>See</u> Tom James' Memorandum at 3-5.  Indeed, Defendants failed to produce any email correspondence whatsoever.  <u>See id.</u>  When questioned as to the reason for this non-production, counsel for Defendants affirmatively represented that

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

emails had either been deleted from Defendants' computer system or were not relevant to the instant matter and thus not produced. <u>See</u> <u>id.</u>; Finn Aff. at ¶ 3-4; Cedillo Aff. at ¶ 3. Defendants' counsel further represented that no attempt had been made to retrieve those emails or other deleted and potentially relevant electronic files. <u>See</u> Tom James' Memorandum at 3-5; Finn Aff. at ¶ 3-4; Cedillo Aff. at ¶ 3. Also disconcerting is opposing counsel's denial of having represented that no efforts have been taken to ensure the preservation of potentially relevant information or electronic information. <u>See</u> Opposition Memorandum at 13; Affidavit of Peter S. Olson in Opposition to Motion to Compel Electronic Discovery, date January 13, 2004, at ¶ 14. Opposing counsel's denial of having made these representations is utterly false and must not be given any credence by the Court. <u>See</u> Exhibit J attached to the Motion (correspondence from Mr. Finn to Mr. Olson of December 15, 2003); Finn Aff. at ¶ 3-5; Cedillo Aff. at ¶ 3. Defendants must not be allowed to escape the impropriety of their actions in failing to preserve relevant evidence, in complete disregard for their affirmative duty to do so under the Federal Rules, by way of additional misconduct and misrepresentations.

**B.      <u>Discovery of Defendants' Electronic Data Should be Permitted to Recover Relevant Information Defendants Failed to Produce</u>**

Tom James is entitled to access Defendants' computer systems for purposes of recovering deleted information and files, including emails, so long as they are relevant to Tom James' claims. <u>See</u> <u>Zubulake v. UBS Warburg, LLC</u>, 217 F.R.D. 309, 317 (S.D.N.Y. 2003) (citing Fed. R. Civ. P. 26(b)(1)); <u>Simon Prop. Group LP v. mySimon,</u>

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Inc., 194 F.R.D. 639, 640 (S.D. Ind. 2000). Electronic information is no less subject to disclosure than traditional paper records. See Rowe Entm't, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421, 428 (S.D.N.Y. 2002). Indeed, Defendants concede that Tom James is entitled to discovery of electronically stored documents. See Opposition Memorandum at 5.

### 1. Defendants' Document Production in Response to Tom James' Discovery Requests is Incomplete

Throughout the Opposition Memorandum, Defendants claim that Tom James has no basis to request access to Defendants' electronic data and that such access is sought on the basis of mere speculation that Defendants' production is not complete. See Opposition Memorandum at 5, 7, 11, 15-17, 20. This contention, however, is simply not correct. Tom James' Motion is not based on mere speculation but, rather, is substantiated by the discrepancies among documents obtained through discovery thus far. See Tom James' Memorandum at 11-14.

As is more fully set forth in Tom James' Memorandum, documents obtained by Tom James from a third-party supplier of clothing materials, John H. Daniel Company, identify customers who are not accounted for anywhere in Defendants' "complete" production. See Tom James' Memorandum at 11-14; Compare Exhibit D with Exhibits F and G attached to the Motion (evidencing orders placed for nine individuals who Defendants fail to identify in either its client lists or profit and loss statements). As such, Defendants' contention that all relevant documents have been produced is clearly

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

disingenuous.[4]  Defendants mistakenly contend that such evidence is not sufficient to justify a grant of the instant Motion.  See Opposition Memorandum at 17.  However, such incomplete evidence is precisely the reason that the relief sought by Tom James is warranted.  Indeed, the Zubulake decision, which Defendants characterize as "the most well reasoned" case regarding electronic discovery (see Opposition Memorandum at 15), supports a grant of the instant Motion.  See Zubulake, 217 F.R.D. at 317 (holding that the plaintiff was entitled to the discovery of relevant deleted emails because defendant's production was not complete); see also Simon Prop. Group, 194 F.R.D. at 640-41 (allowing the plaintiff to mirror image the defendant's hard drive, holding that the plaintiff was entitled to recover deleted computer files in light of incomplete record).

     Yet another example of Defendants' problematic conduct throughout discovery is that, in response to Tom James' discovery requests, Defendants expressly represented that they had no documents concerning Defendants' sales made to customers and concerning any contact with Tom James' customers.  See Exhibit B to Motion, Response Nos. 2, 5 (Defendants' Responses to Tom James' First Set of Requests for Production of Documents).  Yet, contrary to these responses and contrary to opposing

---

[4] Defendants also incredulously assert that they have "provided a complete printout of all data maintained in [their] accounting software, Quickbooks, that related to [their] customers."  Opposition Memorandum at 5 (emphasis added).  In this regard, Defendants have only produced profit and loss statements for January to December of 2002 and for January to May of 2003.  See Exhibit G attached to the Motion to Compel (Trace Apparel Profit and Loss by Job, dated January - December 2002, and dated January - May 2003).  It is highly unlikely that Defendants do not have profit and loss statements for the remainder of 2003, yet, Defendants have failed to supplement this information despite their affirmative obligation to do so.  See Fed. R. Civ. P. 26(e)(2).  Additionally, this statement is further suspect given the parties' discussions regarding the production of Defendants' complete Quickbooks file in late November 2003, after Defendants' initial production.  See Exhibit A.  As of the date of this Reply, these materials have not been produced by Defendants.

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

counsel's representations that emails had either been deleted or were otherwise not relevant, on or about December 15, 2003, Defendants produced approximately 350 pages of relevant emails present on Defendants' computer system. See Exhibit C attached to the Motion (correspondence from Mr. Olson to Mr. Finn of December 15, 2004). Indeed, these documents conclusively demonstrate, among other things, Defendants' sales to and communications with previous Tom James' customers. See Exhibit I attached to Motion (sample copies of email correspondence to Tom James' clients).

Defendants' position that "Tom James has not presented any support for its claim that documents have not been produced" and that Tom James relies on mere "speculation and conjecture" are without merit and utterly unfounded. See Opposition Memorandum at 16-17, 19-20. Rather, Tom James' reasonable and legitimate concerns regarding Defendants' production are substantiated by the proven discrepancies of Defendants' production, inaccurate responses to Tom James' discovery requests, and Defendants' deletion of and failure to preserve evidence. Such misleading statements further illustrate the speciousness of Defendants' arguments.

### 2. Defendants Fail to Adequately Address Tom James' Right to Access to Defendants' Computer System and Electronic Information

Defendants' Opposition Memorandum is void of any argument that adequately refutes Tom James' right to access Defendants' computer systems for purposes of recovering electronic data. Defendants' arguments are misplaced in that they focus

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

upon the protocol by which the production of such electronic data would occur and fail to address the pertinent issue of whether Tom James may be granted such access in the first instance. See Opposition Memorandum at 15-25.

The district court in Zubulake aptly noted that "[b]ecause it apparently recognizes that [the plaintiff] is entitled to the requested discovery, [the defendant] expends most of its efforts urging the court to shift the cost of production. . . ." Zubulake, 217 F.R.D. at 317. Similarly, Defendants in the instant matter, also apparently recognizing Tom James' entitlement to the discovery it seeks, focus their arguments upon the methods by which such access should be had. See Opposition Memorandum at 15-25.

Access to Defendants' hard drives is proper in order that information which has been improperly deleted by Defendants may be recovered. See Zubulake, 217 F.R.D. at 317, n.41 Simon Prop. Group, 194 F.R.D. at 640-41; Antioch Co. v. Scrapbook Borders, Inc., 210 F.R.D. 645, 651-52 (D. Minn. 2002); Playboy Enter., 60 F. Supp. 2d at 1053. This is particularly critical given Defendants' failure to take any measures to ensure the preservation of potentially relevant evidence. See Zubulake v. UBS Warburg, LLC, No. 02CIV1243, 2003 WL 22410619, *1 (S.D.N.Y. Oct. 22, 2003) (recognizing the prejudicial impact upon a party when evidence is not properly preserved) (attached to Tom James' Memorandum as Exhibit B); Finn. Aff. at ¶ 5. Defendants have offered no substantive reason, either grounded law or truth, for the denial of access to Defendants' computer systems and electronic data for purposes of

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

recovering deleted files and other relevant information which Defendants have improperly failed to disclose. Accordingly, Tom James respectfully submits that the instant Motion should be granted.

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, respectfully requests that the Court grant its Motion to Compel Electronic Discovery, dated December 18, 2003.

Dated:  February 2, 2004  
        Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF  
TOM JAMES COMPANY

By:_____  
  Thomas J. Finn  
  Federal Bar No.: ct 20929  
  Paula Cruz Cedillo  
  Federal Bar No.: ct 23485  
  HALLORAN & SAGE LLP  
  One Goodwin Square  
  225 Asylum Street  
  Hartford, Connecticut 06103  
  (860) 522-6103

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103

HALLORAN  
& SAGE LLP

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

HALLORAN
& SAGE LLP

## **CERTIFICATION**

      This is to certify that on this 2nd day of February, 2004, a copy of the foregoing was either mailed, postage prepaid, or hand-delivered to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

 

_____
Thomas J. Finn

508969

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105