## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>                            PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>                            DEFENDANTS | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br><br>February 12, 2004 |

## MEMORANDUM IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS

### I.    INTRODUCTION

By the accompanying Motion for Judgment on the Pleadings, the defendants/counterclaimants, J. Tracy Green (hereinafter, "Green") and Trace Apparel, LLC (hereinafter, "Trace"), present a narrow request:  that the Court enter judgment with respect to certain relief that is indisputably unavailable to the plaintiff Tom James Company (hereinafter, "Tom James").   Attached to the Amended Verified Complaint dated May 19, 2003 [Doc. No. 4] is an Employment Agreement. That Agreement contains a "Restrictive Covenant," which, by its own terms, lasts only two years after the termination of employment.   Tom James alleges that Green's employment terminated in December 2001.  Because more than two years have lapsed since Green terminated his employment, the alleged Restrictive Covenant no longer applies.  Despite this obvious deficiency, Tom James refuses to remove its requests for injunctive relief under the alleged Restrictive Covenant.

Therefore, Green and Trace have moved that the court enter judgment in their favor with respect to those requests for relief.

## II.    **STANDARD OF REVIEW**

Pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure, after the pleadings are closed, a party may move for judgment on the pleadings.  Fed. R. Civ. P. Rule 12 (c).  In reviewing such a motion, the court applies the same standard it would when reviewing a motion to dismiss pursuant to Rule 12 (b) (6).  *See Oneida Indian Nation of New York v. City of Sherrill, New York*, 337 F.3d 139, 152 (2d Cir. 2003); *Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 125-27 (2d Cir. 2001) (approving use of Rule 12 (c) to dismiss portions of complaint that fail to state a claim upon which relief may be granted, and which would otherwise be subject to challenge under Rule 12 (b) (6) or Rule 12 (h) (2)).  "Although on a motion to dismiss a court must accept all factual allegations as true and draw all inferences in the plaintiff's favor, … dismissal is appropriate if the plaintiff can prove no set of facts that would entitle him to relief."  *Levy v. Southbrook Intern. Investments, Ltd.*, 263 F.3d 10, 14 (2d Cir. 2001).  On a motion to dismiss, the court may consider not only "the facts alleged on the face of the complaint," but also "any documents attached as exhibits or incorporated by reference." *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir.1989).

### III.    **STATEMENT OF THE FACTS**

The following facts, taken directly from plaintiff's complaints and the exhibits attached to it, are assumed to be true for purposes of this motion.

Tom James alleges that on August 30, 1988, Green entered into an Employment Agreement with Tom James.  Complaint, *supra*, at ¶ 22 and Ex. 2 at 1. [Doc. No. 4].   The alleged Agreement provides that "during the period of his employment and for a period of **two (2) years after termination of his employment** with Tom James … he will not [compete with plaintiff in certain businesses/areas].[1]  Complaint, *supra*, Ex. 2 at 7.

Green terminated his employment with Tom James on December 12, 2001. Complaint, *supra*, at ¶ 53; *cf. id.*, Ex. 5 at p. 1 (Green's employment with Tom James "ended on December 19, 2001").]  Consequently, the two-year period included within the alleged Agreement terminated, at the latest, on December 19, 2003 – a point which Tom James has recognized.  [*See, e.g.,* Complaint, *supra*, Ex. 5 at p. 2 (letter

---

[1] Specifically, the alleged Agreement provides that Mr. Green "will not engage, either individually or as an owner, employee, promoter, officer, or director of any other person or corporation, directly or indirectly, in any made-to-measure or custom-tailored clothing business that is competitive with the business of [Tom James] within geographical boundaries of the sales territory in which the salesperson calls on, solicits, or deals with customers or is assigned as a Salesperson while employed by [Tom James].  The parties agree that the present sales territory is hereby defined as the following: the city of Hartford, CT, plus fifty (50) miles in every direction measured from the city boundaries."  Complaint, *supra*, Ex. 2 at p. 7.

from Tom James to Green stating that Green may not compete against Tom James "until late December, 2003").]

In the Complaint's "Request for Relief," Tom James requests, among other things, an order enjoining defendants from:

> (a) calling on Tom James' customers for the purpose of soliciting sales in competition with Tom James or for the purpose of injuring Tom James, for a period of 24 months from the date of entry of the order; … and (c) acting either individually or as an [*sic*] owners, employees, promoters, officers, or directors of any other person or corporation, directly or indirectly, in any made-to-measure or custom-tailored clothing business that is competitive with the business of Tom James Company within the city of Hartford, Connecticut, plus fifty (50) miles in every direction measured from the city's boundaries…

Complaint, *supra*, Request for Relief (1) (a), (c). These two requests for relief (the "Requests") clearly are based on the alleged Agreement, as the language is virtually identical to it. *Compare id. with* Complaint, *supra*, Compl., Ex. 2 at ¶ 7. The only significant difference is that, in the Requests, Tom James attempts to obtain this relief for "24 months from the **date of entry of the order**" Complaint *supra*, Request for Relief (1)(a), rather than "two (2) years **after termination of his employment** Complaint, *supra*, Ex. 2 at ¶ 7. It is this difference that makes the Requests legally insufficient, and on which Green and Trace base their Motion for Judgment on the Pleadings.

## IV.    DISCUSSION OF APPLICABLE LAW

It is well established that Rule 12 may be used to dismiss specific portions of a complaint that are legally insufficient. *See Decker v. Massey-Ferguson, Ltd.*, 681

F.2d 111, 115 (2d Cir. 1982) ("a Rule 12 (b) (6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the remainder") (citations omitted).  *See also Elliott v. State Farm Mut. Auto. Ins. Co.*, 786 F.Supp. 487, 489 (E.D. Pa. 1992) (citing *Decker* and *Fielding v. Brebbia,* 399 F.2d 1003, 1006 (D.C. Cir. 1968)).  In fact, a Rule 12 motion may be directed to a single portion of the complaint, including a request for relief.  *See* Wright & Miller, 5A Fed. Prac. & Proc. Civ. 2d § 1358 ("A Rule 12 (b) (6) motion … may be used to challenge the sufficiency of part of a pleading, such as a single count or claim for relief") (citing *Decker*; other citations omitted).

The question of whether the relief sought is legally available is separate and distinct from the general validity of a cause of action.  *See Davis v. Passman*, 442 U.S. 228, 239 (1979) ("the question whether a litigant has a 'cause of action' is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive").[2]  Relief that is judicially unavailable is subject to dismissal, even

---

[2] Justice Brennan, the author of *Davis*, later elaborated on the "analytical distinction" between a cause of action and the availability of relief.  *United States v. Stanley*, 483 U.S. 669, 692 n.7 (1987) (Brennan, J., *dissenting in part*).  As Justice Brennan explained, "if the plaintiff fails either to plead a cause of action or to demonstrate the damages are appropriate as a matter of law, the complaint is dismissed under Federal Rules of Civil Procedure 12 (b) (6).  In the first instance, the complaint is dismissed for 'failure to state a claim,' while in the latter instance, the complaint is dismissed because it is not one 'upon which relief can be granted.'"  *Stanley*, 483 U.S. at 692 n.7.

if the complaint otherwise states a valid cause of action.  Davis, 442 U.S. at 244. *Cf. Armstrong v. Turner Indus., Inc.*, 141 F.3d 554, 559 (5th Cir. 1998) (as the *Davis* court explained, "it is logically consistent for a litigant to have a cause of action but lack a remedy[; t]he appropriate resolution of such a case is summary dismissal"); *Eastman v. Virginia Polytechnic Institute and State University*, 939 F.2d 204, 205-206 (4th Cir. 1991) (when the only relief sought is unavailable, plaintiff fails to state a claim upon which relief can be granted), *abrogated on other grounds*, *Pandazides v. Virginia Bd. of Educ.,* 13 F.3d 823, 830 (4th Cir. 1994); 27A Fed. Proc. L. Ed. § 62:503 ("In addition to whether a claim is stated, Rule 12 (b) (6) motion also brings into issue whether relief can be granted on such a claim"); 61A Am. Jur. 2d Pleading § 579 (same); 35B C.J.S. Federal Civil Procedure § 767 ("A complaint might be dismissed unless it can [be] determined that judicial relief is available").

Courts have held that the preferred method of challenging an insufficient claim for relief is "a motion directed to the failure to state a claim upon which relief can be granted," rather than, for example, a motion to strike.  *See, e.g., Drewett v. Aetna Casualty & Surety Co.*, 405 F. Supp. 877, 878-79 (W.D. La. 1975) (dismissing demand for penalties and attorney's fees not provided for under applicable law) (citing Wright & Miller, Fed. Prac. & Proc. § 1358).

**V.    ARGUMENT**

A.    THE COURT SHOULD ENTER JUDGMENT ON THE PLEADINGS

Requests for Relief 1(a) and 1(c) fail to state "relief [that] can be granted." These Requests seek relief that is specifically prohibited by the Employment Agreement on which Tom James sues, and which is attached to the Complaint.  It is proper for a court to enter judgment with respect to unavailable requests for relief. Accordingly, Green and Trace request that the Court enter judgment in defendants' favor with respect to those Requests.

Requests 1(a) and 1(c) seek injunctive relief prohibiting Green from competing with plaintiff for two years after the Court's order.  Specifically, Tom James seeks to enjoin Green from calling on certain customers and soliciting sales, and from engaging in any made-to-measure or custom-tailored clothing business within 50 miles of the City of Hartford.  These requests are obviously based on the alleged Agreement.  No other legal theory asserted by Tom James provides for such relief, and the requested relief is virtually identical to the relief prescribed in the alleged Agreement.  That provision of the alleged Agreement, however, terminated almost two months ago by its own terms.  Accordingly, that provision no longer affords Tom James the relief it seeks.

As a general rule, the extent to which a restrictive covenant is enforceable is an issue of state law.  *See, e.g., A.N. Deringer, Inc. v. Strough,* 103 F.3d 243, 247 (2d Cir. 1996) (applying Vermont law to issue of enforcement of a non-competition

provision); Minnesota *Mining And Mfg. Co. v. Francavilla,* 191 F. Supp. 2d 270, 279 (D. Conn. 2002) (apply Connecticut law to determine whether "a covenant that restricts the activities of an employee following the termination of his employment is valid and enforceable"); *Wiener v. Unumprovident Corp.*, 202 F. Supp. 2d 116, 125 (S.D.N.Y. 2002) (applying state law to determine whether breach of contract claim is moot).

The Connecticut courts have specifically recognized that such a request for injunctive relief can be mooted by the passage of time, under circumstances virtually identical to our own. *See Van Dyck Printing Co. v. DiNicola*, 43 Conn. Supp. 191, 191, 648 A.2d 898, 899 (Conn. Super. 1993) (holding that, "[b]ecause the plaintiff's claim concerning the covenant at issue applied to a two year period commencing in April, 1987 [and the decision issued in 1993], the plaintiff's request for injunctive relief ha[d] become moot"), *aff'd*, 231 Conn. 272, 273 n.1, 648 A.2d 877, 878 n.1 (1994) (noting that "[t]he plaintiff's claim for injunctive relief had become moot by the time of trial"). The Second Circuit Court of Appeals has also recognized that such claims for injunctive relief may become moot. *See American Federal Group, Ltd. v. Rothenberg*, 136 F.3d 897, 903 n.2 (2d Cir. 1998) (noting that, although the record showed "no formal abandonment or dismissal of the claims for injunctive relief," the court would "surmise[] that the claims for injunctive relief were considered mooted by the passage of time," justifying "confinement of the trial to the claims for money damages [only]").

The passage of time has mooted Tom James' requests for relief in our case as well.  The alleged Agreement relied on by Tom James expired, by its own terms, on December 19, 2003.  This deficiency is apparent on the face of the complaint, and therefore judgment on the pleadings is appropriate.  Accordingly, the Court should grant the Motion for Judgment on the Pleadings for failure to state a claim upon which relief can be granted.

B.    THE COURT SHOULD DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

In the alternative, the Court should find that the mootness of the Requests deprives the Court of subject matter jurisdiction over those Requests and dismiss them.

The Constitution limits the jurisdiction of Article III courts to matters that present actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. This limitation means that, if the matter becomes moot, the court loses jurisdiction. *See Altman v. Bedford Cent. School Dist.*, 245 F.3d 49, 69 (2d Cir. 2001). *See generally Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) ("It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it") (internal quotation marks omitted).  A matter becomes moot when the relief requested is no longer available.

*See, e.g., Fox v. Board of Trustees*, 42 F.3d 135, 140 (2d Cir. 1994) (request for injunctive relief became moot because students had graduated).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that a court shall dismiss "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter." Fed. R. Civ. P. 12(h)(3). *See also Brown v. American Legion Cortland City Post*, 64 F. Supp. 2d 96, 99 (N.D.N.Y. 1999) (citing *Bernstein v. Universal Pictures, Inc.*, 517 F.2d 976, 979 (2d Cir. 1975)). The "lack of subject matter jurisdiction cannot be waived." *In re Stock Exchanges Option Trading Antitrust Litigation*, 317 F.3d 134, 151 (2d Cir. 2003) (citations omitted). The district court should be alert to terminate an action under Rule 12(h)(3) anytime the lack of subject matter jurisdiction becomes apparent. *Bernstein*, 517 F.2d at 979; *Brown*, 64 F. Supp. 2d at 99.

As shown above, the requested relief is no longer available under Connecticut law because the passage of time has mooted those requests. That plaintiff's Requests for Relief have become moot also deprives this Court of subject matter jurisdiction with respect to those Requests. *See, e.g., Fox*, 42 F.3d at 140. Because it now appears that, since December 19, 2003, the Court has lacked subject matter jurisdiction over these Requests, the Court should dismiss them pursuant to Rules 12 (b) (1) and 12 (h) (3).

## VI.    <u>CONCLUSION</u>

Requests for Relief 1(a) and 1(c) fail to state legally sufficient "relief [that] can be granted" because the alleged Agreement on which Tom James relies expired by its own terms in December 2003.  As such, the Court should enter judgment on the pleadings, pursuant to Rule 12 (c), with respect to those requests.

In the alternative, the Court should dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (h) (3), as any injunctive relief once available under the Restrictive Covenant has been mooted by the passage of time.

THE DEFENDANTS/
COUNTERCLAIM PLAINTIFFS
J. TRACY GREEN
TRACE APPAREL, LLC


By: _____//ss//_____
Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on February 12, 2004 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

       Thomas J. Finn
       Paula Cruz Cedillo
       Halloran & Sage LLP
       One Goodwin Square
       225 Asylum Street
       Hartford, Connecticut 06103
       860.522.6103
       Facsimile 860.548.0006

                                      //ss//
                         _____
                         Thomas A. Rouse, Fed. Bar No. ct01326
                         Peter S. Olson, Fed. Bar No. ct16149

BPRT/67708.2/GPIA/506669v2

12