**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>                    PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>                    DEFENDANTS | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br><br>February 5, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO SEAL DOCUMENTS AND FOR CONTEMPT**

## I.    INTRODUCTION

The defendants, J. Tracy Green and Trace Apparel, LLC (collectively, the "Defendants"), respectfully request that the Court seal certain exhibits to the Motion to Compel Electronic Discovery dated December 18, 2003 (hereinafter "Motion to Compel") [Doc. No. 40] and to the Memorandum of Law in Support of Application for Prejudgment Remedy and in Support of Motion for Disclosure of Assets dated November 26, 2003 [Doc. No. 32] (hereinafter "Memorandum of Law in Support of Prejudgment Remedy"), both filed by the plaintiff Tom James Company (hereinafter, "Tom James").  These exhibits disclose confidential client information in violation of an order of this Court, and, therefore, should be sealed.  The defendants also

request that the Court issue an order of contempt against Tom James for failure to submit these documents under seal as mandated by an order of this Court.

## II.    FACTUAL BACKGROUND

On November 6, 2003, this Court entered a Protective Order for Confidential and Proprietary Information Provided By Trace Apparel, LLC and J. Tracy Green ([Doc. No. 25)] (hereinafter the "Protective Order"). A copy of the Protective Order is attached hereto as Exhibit A. The Protective Order applies to confidential and proprietary information produced by the defendants, including documents and information relating to persons who purchased clothing or accessories from the defendants. Pursuant to the Protective Order, disclosure of such confidential information is limited to the parties and their counsel.

Subsequently, in the Memorandum of Law in Support of Prejudgment Remedy and the Motion to Compel Electronic Discovery, Tom James filed various exhibits disclosing defendants' clients. These exhibits are now posted on the District of Connecticut's electronic document filing system available to the public via the internet. Tom James has therefore violated the provisions of the Protective Order by not sealing protected proprietary information and, consequently, exposing the defendants' clients to public disclosure.

2

## III.    ARGUMENT

### A.    The Court Should Seal the Documents that Plaintiff Failed to Seal

The defendants respectfully request that this Court enter an order to seal the following documents:

(a)    Exhibits A, B, C, D, and E (docketed on CM/ECF as Exhibits 2, 3, 4, and 5) to the Memorandum of Law in Support of Application for Prejudgment Remedy and in Support of Motion for Disclosure of Assets; and

(b)    Exhibits D, E, F, and G (docketed on CM/ECF as Exhibits 2 and 3) to the Motion to Compel Electronic Discovery.

Because the parties entered into a Protective Order covering these exhibits [see Ex. A ¶¶ 1-6], Tom James was required to file these documents under seal.  D. Conn. L. Civ. R. 5(d)(2) ("Counsel filing documents which are, or may be claimed to be, subject to any protective or impounding order previously entered shall … submit such documents to the Clerk under seal").  See also, e.g., Greiner v. City of Champlin, 152 F.3d 787, 789-90 (8th Cir. 1998) (holding that it is sanctionable conduct to not file under seal documents that were subject to a protective order). Because Tom James failed to file the documents under seal, the defendants request that the Court order that the documents be sealed and that the electronic copies be removed from the electronic case filing system.

In addition to being required by this Court's Protective Order and Local Rule 5(d), the defendants' motion to seal is also justified by good cause, as the subject

3

documents contain proprietary information, specifically client lists, that are not proper for dissemination to the public.  The right to protect such proprietary information is recognized in both the Rules of Civil Procedure and case law.  See Fed. R. Civ. P. 26(c)(7) (recognizing that it is appropriate to enter a protective order "that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way"); Triangle Mfg. Co. v. Paramount Bag Mfg. Co., 35 F.R.D. 540, 543 (E.D.N.Y. 1964) (holding that, although it not absolutely privileged, "court is *most reluctant* to make [information pertaining to party's customers] available to a competitor") (emphasis added); Miles v. Boeing Co., 154 F.R.D. 112, 114 (E.D. Pa. 1994) ("[c]ompetitive disadvantage is a type of harm cognizable under Rule 26, and it is clear that a court may issue a protective order restricting disclosure of discovery materials to protect a party from being put at a competitive disadvantage").  Accordingly, there was good cause for the Court to enter the Protective Order with respect to this information.  Because the Protective Order *appropriately* prohibited the public filing of client information, the Court should order that the subject exhibits be sealed and immediately removed from the Court's electronic filing system.

**B.    Motion for Contempt**

The Court should also hold Tom James in civil contempt and award the defendants sanctions for Tom James' violation of the Protective Order.  A party may

4

be held in civil contempt for failing to comply with an Order of the Court if (1) the order was clear and unambiguous, (2) proof of noncompliance is clear and convincing, and (3) the party has not been reasonably diligent and energetic in attempting to do what was ordered.  Walpole Woodworkers, Inc. v. Atlas Fencing, Inc., 218 F.Supp.2d 247, 254 (D. Conn. 2002).  See also Greiner, 152 F.3d at 789-90 (recognizing that "[t]he court has inherent power to assess attorneys' fees as a sanction for willful disobedience of a court order," which, in that case, was failing to file under seal documents that were subject to a protective order).

Pursuant to the Protective Order, disclosure of any information pertaining to confidential and proprietary information produced by the defendants, including documents and information relating to persons who purchased clothing or accessories from the defendants, was limited to the parties and their counsel.  [See Ex. A ¶¶ 1-6.]   These provisions were clear and unambiguous.   The exhibits, however, were specifically related to the Defendants' clients – the purchasers of clothes and accessories from the Defendants.  The attachment of these documents is clear and convincing evidence of Tom James' violation of the terms of the Protective Order.  By making these exhibits available to the public – not only in the Court's public file, but also *via the internet* –Tom James has demonstrated that it has

not been reasonably diligent and energetic in attempting to comply with the Protective Order.  For these reasons, the Court should hold Tom James in contempt and award the defendants sanctions.[1]    See Walpole, 218 F. Supp. 2d at 254; Greiner, 152 F.3d at 789-90.  The Court should also admonish Tom James of the consequences of failing to comply with the Protective Order in the future.  See Asch/Grossbardt Inc. v. Asher Jewelry Co., Inc., No. 02 CIV. 5914 (SAS), 2003 WL 660833, *3 (S.D.N.Y. Feb. 28, 2003)[2] (admonishing party that, "[i]f the protective order is violated, both [the party] and its counsel will be subject to sanctions from this Court as well as any independent action by [the opposing party] for damages") (emphasis in original).

---

[1] Defendants request, at a minimum, the costs and fees associated with the filing of this motion, as well as any other appropriate relief. If Defendants' motion for sanctions is granted, Defendants will provide the court with an affidavit, and any other documents the Court requests, in support of this motion.

[2] Copies of unreported decisions referenced herein are attached as Exhibit A.

## IV.    CONCLUSION

Defendants respectfully request: (1) that the Court grant Defendants' motion to seal, and order the immediate removal of the subject documents from the Court's electronic filing system; and (2) that the Court enter an order of contempt against Plaintiff, award Defendants sanctions, and admonish Plaintiff of the consequences of failing to comply with the Protective Order in the future.

THE DEFENDANTS
J. TRACY GREEN
TRACE APPAREL, LLC

By: _____
Thomas A. Rouse, Fed. Bar No. ct06128
Peter S. Olson, Fed. Bar No. 16149
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

7

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on February 5, 2004 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

    Thomas J. Finn
    Paula Cruz Cedillo
    Halloran & Sage LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, Connecticut 06103
    860.522.6103
    Facsimile 860.548.0006

Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

BPRT/67708.2/GPIA/504299v3

8

# *EXHIBIT A*

Not Reported in F.Supp.2d
(Cite as: 2003 WL 660833 (S.D.N.Y.))

Page 1

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.

ASCH/GROSSBARDT INC., Plaintiff,
v.
ASHER JEWELRY COMPANY, INC., Defendant.

No. 02 Civ. 5914(SAS).

Feb. 28, 2003.

Marilyn Neiman, Levisohn, Lerner, Berger & Langsam, LLP, New York, New York, for Plaintiff.

Stephanie F. Adwar, Furgang & Adwar, LLP, New York, New York, for Defendant.

*MEMORANDUM OPINION AND ORDER*

SCHEINDLIN, J.

**\*1** Plaintiff Asch/Grossbardt Inc. ("Asch") raised certain discovery problems in a letter dated December 4, 2002, to Magistrate Judge Douglas F. Eaton. Defendant Asher Jewelry Company, Inc. ("Asher") responded in a letter dated December 17, 2002. On December 18, 2002, Judge Eaton held a lengthy telephone conference to resolve the disputes. Judge Eaton memorialized his rulings in a Memorandum and Order dated December 19, 2002 (the "Order"). Plaintiff has filed Objections to that Order and the defendant has filed a response. My rulings regarding those Objections follow.

I. LEGAL STANDARD

Matters involving pretrial discovery are generally considered non-dispositive. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990). A district court may modify or set aside any portion of a magistrate judge's non-dispositive order only if it is found to be "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). " 'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." ' *Concrete Pipe and Prods. of California, Inc. v. Construction Laborers Pension Trust For S. California,* 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948)). "An order may be deemed contrary to

law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Verschoth v. Time Warner, Inc.,* No. 00 Civ. 1339, 2001 WL 546630, at \*1 (S.D.N.Y. May 22, 2001) (internal quotation marks and citation omitted).

Because magistrate judges are entitled to broad discretion in deciding discovery disputes, a party seeking to overturn or modify a discovery order bears a heavy burden. *See Gorman v. Polar Electro, Inc.,* 124 F.Supp.2d 148, 150 (E.D.N.Y.2000) (citing *Sara Lee,* 900 F.2d at 525. Under this deferential standard of review, a magistrate judge's non-dispositive discovery order should only be reversed for abuse of discretion. *See Kraebel v. New York City Dep't of Hous. Pres. and Dev.,* No. 90 Civ. 4391, 1998 WL 41586, at \*1 (S.D.N.Y. Feb. 2, 1998).

II. THE OBJECTIONS

Objection 1: Plaintiff objects to the statement that "it appears that the damages on the copyright claim will be very modest." Order at 1. Because this statement is pure dicta and does not relate to the discovery disputes referred to Judge Eaton, it does not constitute a ruling. As such, it cannot be appealed. However, it is not the law of the case and will not bind this Court.

Objection 2: Plaintiff objects to the following statement: "It appears to be undisputed that there is a likelihood of confusion in the market place, at least to some degree, concerning Plaintiff's trademark ("Asch/ Grossbardt") and Defendant's trademarks ("Ash" and "Asher")." Order at 1. According to plaintiff, the likelihood of confusion in the market place is the subject of defendant's counterclaims and is hotly disputed by the parties. *See* Plaintiff's Reply to Counterclaims Asserted in Answer to Amended Complaint ¶ 16 (denying the allegation that there has been actual confusion between the Asch/Grossbart mark and the Ash and Asher marks). This comment is clearly erroneous and is hereby stricken. This ruling merely acknowledges that this issue is disputed by the parties.

**\*2** Objection 3: Plaintiff objects to the following statements: "In a March 17 letter, Plaintiff claimed that its trademark had priority, but then it learned that Defendant registered 'Ash' earlier and that 'Ash' is now an incontestible mark." "In view of Plaintiff's March 17 letter, it is beyond dispute that there is some likelihood of confusion." Order at 1, This finding, too, is clearly erroneous. The March 17 letter

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2003 WL 660833, *2 (S.D.N.Y.))

was never reviewed by the Magistrate Judge as it was never submitted to this Court. In any event, "likelihood of confusion" is a term of art and a question of fact. Merely because plaintiff learned that defendant had registered a similar mark does not prove a likelihood of confusion. The reference to a likelihood of confusion must be stricken from the Order.

Objection 4: Plaintiff objects, in general, to Judge Eaton's denial of its request for defendant's customer list. Plaintiff first argues that the issue of defendant's customer list was not properly before Judge Eaton as this request was made in plaintiff's Second Document Request to which defendant had not yet responded. This procedural objection is easily dismissed. In its December 4 letter, plaintiff states: "The *Polaroid* factors ... require discovery of Defendant's customers." Defendant interpreted this as a request for its customer list to which it vehemently objected. *See* December 17 Letter at 2-3. The issue, therefore, was properly before Judge Eaton.

Plaintiff also objects to the substance of Judge Eaton's ruling, maintaining that it needs defendant's customer list, on an "Attorney's Eyes Only" basis, to determine whether there has been actual confusion and/or a likelihood of confusion. Judge Eaton rejected plaintiff's argument regarding the four *Polaroid* criteria, stating that "[p]laintiff can make its points by testifying about its own customers, or by producing testimony from a few of its own customers, or from an expert witness. It can also testify about the trade show where both parties display their products." Order at 2.

In the usual case, a plaintiff alleges trademark infringement against a defendant who then resists producing its customer list on grounds that such information constitutes confidential commercial information or a trade secret. *See, e.g., Liberty Folder v. Curtiss Anthony Corp.,* 90 F.R.D. 80, 82 (S.D.Ohio 1981); *Battle Creek Equip. Co. v. Roberts Mfg. Co.,* 90 F.R.D. 85, 86 (W.D.Mich.1981). Here, Asch, as the counterclaim defendant, is seeking the customer list of Asher, the counterclaim plaintiff. This distinction, however, does not dilute the relevance of Asher's customer list on the issues of actual confusion and likelihood of confusion. [FN1]

> FN1. Asch's argument that the identity of Asher's customers is also relevant to the issue of damages is less convincing. *See* Plaintiff's Objections at 11. Here, the alleged infringer is Asch who is claimed to have sold infringing products to its customers.

> Therefore, it is Asch's customers, not Asher's, that have some relevance to the issue of damages.

Where the parties are direct competitors, as here, disclosure of customer lists could potentially result in economic harm to the disclosing party. The potential harm to Asher must therefore be balanced against Asch's need for the information. *See Battle Creek,* 90 F.R.D. at 86. *See also Drexel Heritage Furnishings, Inc. v. Furniture USA, Inc.,* 200 F.R.D. 255, 260 (M.D.N.C.2001) ( "A request for a protective order must be made with appropriate specifics and once it is determined that confidential information is being sought, the party opposing confidential treatment must show that the information is sufficiently relevant to outweigh the harm of disclosure.").

*3 Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to attorneys and experts, particularly when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party.

*Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp., Inc.,* No. Civ. A. 97- 3012, 1998 WL 186728, at *2 (E.D.La. Apr. 17, 1998) (citing cases). In most cases, "the key issue often is not whether the information will be disclosed, but under what conditions it should be disclosed." *Drexel Heritage,* 200 F.R.D. at 260.

In order to protect against any "predatory" practices, while still recognizing the broad scope of discovery in federal actions, the following procedure is appropriate. Before Asher is required to disclose its customer list to Asch, the parties shall enter into a protective order. [FN2] This protective order should: (1) limit access to the requested information to plaintiff's counsel only on an "Attorney's Eyes Only" basis; (2) limit the number of copies of said information that may be circulated among plaintiff's counsel; and (3) limit the use of said information for purposes of the present litigation only. If the information is disclosed to plaintiff or to any person other than plaintiff's counsel, or if the information is used for any purpose other than the defense of the instant litigation, then the protective order would be violated. If the protective order is violated, both Asch *and* its counsel will be subject to sanctions from this Court as well as any independent action by Asher for damages. Judge Eaton's ruling prohibiting the disclosure of Asher's customer list is therefore modified to permit disclosure subject to these conditions.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d
(Cite as: 2003 WL 660833, *3 (S.D.N.Y.))

FN2. This was the procedure used in *Drexel Heritage,* 200 F.R.D. at 262-63, and *Liberty Folder,* 90 F.R.D. at 82-83, to compel the production of supplier and customer lists, respectively.

In addition to this modification, several of plaintiff's objections to specific statements in this portion of the Order must be sustained. For example, the statement: "I find it to be a transparent ploy to obtain an unnecessary competitive advantage" is surplusage and will be stricken. And because plaintiff has stated that it has made its entire customer list available on an "attorney's eyes only" basis, *see* Plaintiff's Objections Pursuant to Rule 72 to Magistrate's Memorandum and Order at 10, the statement that "Plaintiff has not volunteered to show its own customer list" must be stricken.

Objection 5: Plaintiff objects to its exclusion from the inspection of defendant's style books and jewelry items. Initially, the inspection is to be done only by plaintiff's attorneys who may take a maximum of twenty-five photographs. Plaintiff's objection to its exclusion is premature as Judge Eaton will decide, after oral argument, "whether there is justification for showing any of the photographs to Plaintiff's officers." Order at 2. Plaintiff will be given the opportunity to renew its objection once Judge Eaton makes his final ruling. The twenty-five photograph limitation, however, is arbitrary. Accordingly, plaintiff's attorneys will not be limited in the number of photographs they may take during their inspection.

*4 Objection 6: Plaintiff objects to Judge Eaton's ruling directing defendant to produce only those brochures, advertisements, marketing materials, catalogs and sales sheets that it intends to offer at trial. There is no basis for this limitation. Recently revised Rule 26(b)(1) states:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good

cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).

Here, plaintiff (counterclaim defendant) intends to defend against the trademark counterclaims asserted by defendant by showing that the paucity of advertising materials used by defendant reflects limited or restricted use of the Ash and Asher trademarks. This is akin to an abandonment defense. A trademark is deemed abandoned "[w]hen its use has been discontinued with intent not to resume such use. Intent not to resume may be inferred from circumstances." 15 U.S.C. § 1127. One such circumstance is the level of advertising expenditures as shown by the number of advertisements purchased over the years. Thus, the material sought by plaintiff is clearly relevant and relates directly to its defense. In addition, production would not be unduly burdensome as defendant need only produce those materials which are in its possession or within its control. For these reasons, Judge Eaton's ruling is overturned. Defendant must produce the materials sought in Request 4 of Plaintiff's Fist Document Request forthwith.

Objection 7: Plaintiff objects to Judge Eaton's limitation requiring defendant to produce only its 2001 and 2002 catalogs to plaintiff's attorneys. For substantially the same reasons stated for sustaining Objection 6, defendant is directed to produce its catalogs from 1988 to the present forthwith.

IT IS THEREFORE ORDERED that the Order of Judge Eaton, as modified above, shall be given full force and effect. Discovery is to be completed by March 31, 2003, as scheduled. A final pre-trial conference is scheduled for April 14, 2003 at 4:30 p.m.

2003 WL 660833 (S.D.N.Y.)

END OF DOCUMENT