## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

TOM JAMES COMPANY,

                              PLAINTIFF

VS.

J. TRACY GREEN, ET AL.

                              DEFENDANTS

CIVIL ACTION NO.
3:03cv00596 (JBA)


February 5, 2004

### AFFIDAVIT OF PETER S. OLSON IN SUPPORT OF
### MOTION TO SEAL AND FOR CONTEMPT

The undersigned, being duly sworn, deposes and says:

1.      I am over the age of eighteen and I understand the obligation of an oath.

2.      I am counsel for the defendants in the above-captioned matter.

3.      After I received the Application for Prejudgment Remedy and Motion to Compel filed by the plaintiff Tom James Company, I held two telephone conferences with counsel for Tom James in which I requested that he take action to seal the exhibits to such motions.

4.      On both occasions Attorney Finn declined to take any such action.

5.      On December 22, 2003, I sent a letter to Attorney Finn specifically requesting that he take action to seal the exhibits to those motions.  A true and correct copy of this letter is attached hereto as Exhibit A.

6.    Attorney Finn responded to my written correspondence on December 23, 2003, again declining to take action to seal the documents.  A true and correct copy of that letter is attached hereto as Exhibit B.

_____
Peter S. Olson

Subscribed and sworn to before me
this 5th day of February, 2004.

_____
Notary Public/
Commissioner of the Superior Court

BPRT/67708.2/PSO/506438v1

JULIO R. LOPEZ
NOTARY PUBLIC
My Commission Expires October 31, 2005

2

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on February 5, 2004 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

> Thomas J. Finn
> Paula Cruz Cedillo
> Halloran & Sage LLP
> One Goodwin Square
> 225 Asylum Street
> Hartford, Connecticut 06103
> 860.522.6103
> Facsimile 860.548.0006

Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

# *EXHIBIT A*

**PULLMAN & COMLEY, LLC**
*Attorneys At Law*

ELIZABETH J. AUSTIN
RAYMOND E. BALDWIN, JR.
MORRIS W. BANKS
COLLIN P. BARON
DEBORAH S. BRECK
CHARLES K. CAMPBELL, JR.
FRANK B. CLEARY
SHEILA ANNE DENTON
JAMES G. DOWLING, JR.
ANDREW C. GLASSMAN
LAWRENCE J. GOLDEN
IRVE J. GOLDMAN
BARRY D. GREENE
NANCY A. D. HANCOCK
JOSHUA A. HAWKS-LADDS
DAVID O. JACKSON
GEORGE J. KASPER
JOHN J. KINDL
MICHAEL A. KURS
NANCY DeFONCE LAPERA

MICHAEL N. LaVELLE
JOSEPH M. LODATO
LISA A. MAGLIOCHETTI
THOMAS F. MAXWELL, JR.
ANDREW J. McDONALD
EDWARD P. McCREERY, III
ROBERT B. MITCHELL
HERBERT H. MOORIN
D. ROBERT MORRIS
ALAN S. PARKER
MARIE V. PHELAN
ELLIOTT B. POLLACK
MICHAEL G. PROCTOR
LEWIS RABINOVITZ
RICHARD C. ROBINSON
THOMAS A. ROUSE
GREGORY F. SERVODIDIO
RONALD CASE SHARP
MARGARET M. SHEAHAN
JAMES T. SHEARIN

H. WILLIAM SHURE
CHRISTOPHER J. SMITH
JOHN F. STAFSTROM, JR.
JAMES B. STEWART
GROVE W. STODDARD
MARSHALL J. TOUPONSE
JAMES W. VENMAN
WILLIAM J. WENZEL
BARRIE K. WETSTONE
JAMES P. WHITE, JR.
DIANE W. WHITNEY
MARJORIE WILDER

SAMUEL A. GILLILAND
(1930-1994)

LAURA A. BELLOTTI
CHRISTIAN G. BELTZ
ALLISON M. BOGOSIAN
KATHERINE E. CAULFIELD
ADAM J. COHEN

AMY A. D'ADDETTA
JOSHUA A. DOLGER
ERIC J. GEORGE
DARYL L. GORDON
JESSICA GROSSARTH
MATTHEW M. HAUSMAN
LEE D. HOFFMAN
TRACY WHEELER LENNON
MATTHEW P. LUNDY
NORMA R. MANDULAK
JULIE A. MORGAN
PETER S. OLSON
GERALD C. PIA, JR.
MARY BETH KASPER RAPICE
BRIAN C. ROCHE
LORI L. UNDERBERGER
GWEN P. WEISBERG
MICHAEL L. WOLF
AIMEE J. WOOD

Reply to:     Bridgeport
Telephone:    203.330.2257
E-Mail:       polson@pullcom.com

December 22, 2003

Thomas J. Finn                **CONFIRMATION COPY**
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT  06103-4303

     **Re:   Tom James Company v. J. Tracey Green, et al.**

Dear Attorney Finn:

About two weeks ago (I believe on December 8, 2003), we had a discussion concerning the attachments to Tom James' Application for Prejudgment Remedy and accompanying documents.  I conveyed to you my concern that the information contained in these documents was confidential in nature and that protection of this information was the reason that a protective order was necessary.  Specifically, the information attached to your Memorandum of Law in Support of Application for Prejudgment Remedy dated November 26, 2003 [Doc. No. 32] as Exhibits A-F was information produced to you only after a protective order wherein Tom James recognized the confidential nature of this information was approved by the court.  In that conversation, I requested that you take action to seal this information, and you declined.

After that conversation, I had intended to take steps to file a motion to seal the information on my own accord.  However, I am now in receipt of Tom James' Motion to Compel Electronic Discovery dated December 18, 2003, and the accompanying documents.  I was very surprised to find that this information had yet again been included in a filing in a public forum.  Specifically, I direct your attention to Exhibits D-G to Plaintiff's Motion to Compel Electronic Discovery dated December 18, 2003.

I am astonished that you would make such a filing so soon after I had expressed my serious concerns that this information constituted confidential information, and that the filing of it was, in my opinion, a violation of the protective order.  At the very least, I would have expected that you take action under the electronic case management rules to file documents in paper but not electronically.

850 MAIN STREET  P.O. BOX 7006  BRIDGEPORT, CT 06601-7006  (203) 330-2000  FAX (203) 576-8888
90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702  (860) 424-4300  FAX (860) 424-4370
ONE CENTURY TOWER  265 CHURCH STREET  NEW HAVEN, CT 06510-7000  (203) 773-3006  FAX (203) 776-7075
720 HOPMEADOW STREET  SIMSBURY, CT 06070-2225  (860) 651-9348  FAX (860) 651-1431
200 PEQUOT AVENUE  P.O. BOX 510  SOUTHPORT, CT 06890-0510  (203) 254-5000  FAX (203) 254-5070
300 ATLANTIC STREET  STAMFORD, CT 06901-3522  (203) 324-5000  FAX (203) 363-8659
*www.pullcom.com*

**PULLMAN & COMLEY**, LLC

Page 2

At this time, it is my intention to file a motion to seal these documents, and to hold Tom James in contempt for violating the protective order. However, in the spirit of the federal rules, I wanted to give you one final opportunity to rectify your error.

As such, I once again request that you file a motion to seal the above-identified information, obviously with my consent, no later than December 29, 2003. In the event that you do not take such action, or propose some other action that will alleviate my concerns, I will have no choice but to proceed with my own motion and to seek the costs related to the preparation and filing of such a motion.

Sincerely yours,

Peter S. Olson

PSO:mrd

BPRT/67708.2/PSO/501829v1

```
************ -COMM. JOURNAL- ***************** DATE DEC-22-2003 ***** TIME 15:25 ********

        MODE = MEMORY TRANSMISSION          START=DEC-22 15:23   END=DEC-22 15:25

        FILE NO.=760

    STN   COMM.   ONE-TOUCH/  STATION NAME/EMAIL ADDRESS/TELEPHONE NO.    PAGES     DURATION
    NO.           ABBR NO.

    001   OK      ☎           18605480006#                              003/003    00:01:38


                                                        -PULLMAN & COMLEY         -

    ********************************** -PULLMAN & COMLEY- ***** -    203 576 8888- ***********
```

# PULLMAN & COMLEY, LLC
*Attorneys At Law*

Reply to:    Bridgeport
Telephone:   203.330.2257
E-Mail:      polson@pullcom.com

| | |
|---|---|
| TRANSMITTAL DATE: | December 22, 2003 |
| PLEASE DELIVER TO: | Thomas J. Finn |
| PLACE TRANSMITTING TO: | Halloran & Sage, LLP |
| FACSIMILE NUMBER: | (860)548-0006 |

| | |
|---|---|
| FROM: | Peter S. Olson |
| RETURN FACSIMILE NUMBER: | 203.576.8888 |
| NUMBER OF PAGES W/ COVER SHEET: | 3 |
| OUR FILE NUMBER: | 67708.2 |
| OPERATOR: Mary Dean  203.330.2214 | |

## CONFIDENTIALITY NOTE:

THE INFORMATION CONTAINED IN THIS TELEFACSIMILE IS CONFIDENTIAL AND PRIVILEGED, AND IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIVER. IF YOU ARE NOT THE NAMED RECEIVER OR THE PERSON RESPONSIBLE FOR DELIVERING THIS TELEFACSIMILE TO THE NAMED RECEIVER, YOU ARE NOTIFIED THAT ANY USE OF THIS TELEFACSIMILE OR ITS CONTENTS, INCLUDING ANY DISSEMINATION OR COPYING, IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE IN ERROR, PLEASE IMMEDIATELY NOTIFY PULLMAN & COMLEY, LLC BY TELEPHONE AT (203) 330-2000, AND RETURN THE ORIGINAL TO US AT THE ABOVE ADDRESS, VIA MAIL. WE WILL REIMBURSE YOUR TELEPHONE AND POSTAGE EXPENSE FOR DOING SO. THANK YOU.

Attachments:

Message:

BPRT/67708.2/PSO/497490v1

850 MAIN STREET  P.O. BOX 7006  BRIDGEPORT, CT 06601-7006  (203) 330-2000  FAX (203) 576-8888
90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702  (860) 424-4300  FAX (860) 424-4370
ONE CENTURY TOWER  265 CHURCH STREET  NEW HAVEN, CT 06510-7000  (203) 773-3004  FAX (203) 776-7075
720 HOPMEADOW STREET  SIMSBURY, CT 06070-2225  (860) 651-9348  FAX (860) 651-1431
200 PEQUOT AVENUE  P.O. BOX 510  SOUTHPORT, CT 06890-0510  (203) 254-5000  FAX (203) 254-5070
300 ATLANTIC STREET  STAMFORD, CT 06901-3522  (201) 324-5000  FAX (203) 363-8659
www.pullcom.com

# *EXHIBIT B*

# HALLORAN &SAGE LLP

### ATTORNEYS AT LAW

Joseph G. Lynch
Joseph L. Sweeney
George Royster
John W. Lemega
Vincent M. Marino
Richard C. Tynan
William F. Borchert
Thomas J. Hagarty, Jr.
Brian J. Donnell
James J. Szerejko
William J. McGrath, Jr.
Dennis C. Cavanaugh
Christopher J. Lynch
Paul D. Mende
Joseph G. Fortner, Jr.
Stephen F. Fogarty
Peter G. Boucher
Steven H. Malitz

John B. Farley
David B. Losee
Mark T. Altermatt
Henry M. Beck, Jr.
Susan O'Donnell
Bruce H. Raymond
Kevin M. Roche
David G. Hill
Daniel P. Scapellati
James M. Sconzo
Robert B. Cox
Thomas P. O'Dea, Jr.
Gregory R. Faulkner
Dan E. LaBelle
Duncan J. Forsyth
Ann M. Catino
James P. Maher
Carl R. Ficks, Jr.

Robert M. Barrack
John W. Dietz
Brian P. Leaming
James C. Stearns*
Theresa W. Hajost***
Mark T. Livesay
Thomas P. Lambert
Reed A. Slatas
Thomas J. Finn
Janice D. Lai
Richard P. Roberts
Robert A. Rhodes
J. Randolph
MacPherson**
Laura Pascale Zaino

Melissa Rotenberg Arcem
Ralph W. Johnson, III
Martin A. Onorato
Jeffrey F. Gostyla
James V. Somers
Brett M. Szczesny
Alan P. Curto
Kevin I. Greene
James C. Celentano
Kathleen A. St. Onge
N. Kane Bennett
Kristin Alix Herzog
Patrick M. Birney
Bruce J. Gelston

Stephanie J. Sweeney
Peter E. Strniste, Jr
Steven J. O'Neill****
Stephen H. Broer
Alexci J. Plocharczyk
Salvatore N. Fornaciari
Kevin R. Brady
Paula Cruz Cedillo
Amy Sargeant Lang
Eric P. Daigle
Maria Alexander
June M. Sullivan
Jeffrey L. Forte
Joshua M. Auxier

Elizabeth E. Huckett
Roger O'Malley
Brian D. Rich
Laurie R. Steinberg
Jonathan C. Sterling
Kimberly F. Wells
Todd R. Regan
John C. Pitblado
Jude Francois
Thomas C. Blatchley
Patrick J. Mulroney

Counsel
Irwin D. Mittelman
Arthur P. McGowan, Jr.
Robert C. Engstrom
Paul V. Knopf
Alan S. Rubenstein

Mary L. Barrow
Kenneth R. Slater, Jr.
John J. Ryan
Michael K. Stanton, Jr
Michael C. Collins
Lisa M. Kawtka

*Admitted in Washington, DC
only
**Admitted in Washington, DC
and California only
***Admitted in Washington, DC
and Maryland only
****Admitted in Massachusetts
and State of Washington only

## FAX COVER SHEET

TO                  :      Peter S. Olson, Esq.

FROM                :      Thomas J. Finn

FAX NUMBER          :      203-576-8888

FILE NUMBER         :      13233.0001

DATE                :      December 23, 2003

## NUMBER OF PAGES (INCLUDING THIS COVER SHEET: 5

## MESSAGE:

ORIGINAL WILL NOT FOLLOW

ORIGINAL WILL FOLLOW BY REGULAR U.S. FIRST CLASS MAIL                    OTHER

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL (860) 522-6103.

CONFIDENTIALITY: THE INFORMATION
CONTAINED IN THIS FACSIMILE MESSAGE IS INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR
ENTITY NAMED ABOVE AND IS PRIVILEGED AND CONFIDENTIAL. ANY DISSEMINATION, DISTRIBUTION,
OR COPY OF THIS COMMUNICATION OTHER THAN TO THE INDIVIDUAL OR ENTITY NAMED ABOVE IS
STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US
IMMEDIATELY BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE (AND ANY COPIES) TO THE
SENDER ABOVE. THANK YOU FOR YOUR ASSISTANCE.

497574

# HALLORAN &SAGE LLP

A T T O R N E Y S   A T   L A W

Joseph G. Lynch
Joseph T. Sweeney
George Royster
John W. Larrega
Vincent M. Marino
Richard C. Tynan
William P. Borchert
Thomas J. Hagarty, Jr.
Brian J. Donnell
James J. Szerejko
William J. McGrath, Jr.
Dennis C. Cavanaugh
Christopher J. Lynch
Paul D. Meade
Joseph G. Fortner, Jr.
Stephen P. Fogerty
Peter G. Boucher
Steven H. Malitz

John B. Farley
David G. Losee
Mark T. Altermann
Henry M. Beck, Jr.
Susan O'Donnell
Bruce H. Raymond
Kevin M. Roche
David G. Hill
Daniel P. Scapellati
James M. Sconzo
Robert B. Cox
Thomas P. O'Dea, Jr.
Gregory R. Faulkner
Dan E. LaBelle
Duncan J. Forsyth
Ann M. Catino
James P. Maher
Carl R. Ficks, Jr.

Robert M. Barrack
John W. Dietz
Brian P. Leaming
James C. Stearns*
Theresa W. Hajost***
Mark T. Livesay
Thomas P. Lambert
Reed A. Slatas
Thomas J. Finn
Janice D. Lai
Richard P. Roberts
Robert A. Rhodes
J. Randolph
MacPherson**
Laura Pascale Zaino

Melissa Rotenberg Arzaro
Ralph W. Johnson, III
Martin A. Onorato
Jeffrey F. Gostyla
James V. Somers
Brett M. Szezesny
Alan P. Curto
Kevin J. Greene
James C. Celentano
Kathleen A. St. Onge
N. Kane Bennett
Kristin Alix Herzog
Patrick M. Birney
Bruce J. Gelston

Stephanie J. Sweeney
Peter E. Strniste, Jr.
Steven J. O'Neill***
Stephen H. Broer
Alexei J. Plochrarczyk
Salvatore N. Fornaciari
Kevin R. Brady
Paula Cruz Cedillo
Amy Sargeant Lang
Eric P. Daigle
Maria Alexander
June M. Sullivan
Jeffrey L. Fortz
Joshua M. Auxier

Elizabeth E. Hackett
Regen O'Malley
Brian D. Rich
Laurie R. Steinberg
Jonathan C. Sterling
Kimberly F. Wells
Todd R. Regan
John C. Pilbluda
Jude Francois
Thomas C. Blatchley
Patrick J. Mulroney

Counsel
Irwin D. Mizelman
Arthur P. McGowan, Jr.
Robert C. Engstrom
Paul V. Knopf
Alan S. Rubenstein

Mary L. Barrow
Kenneth R. Slater, Jr.
John J. Ryan
Michael K. Stanton, Jr.
Michael C. Collins
Lisa M. Kawalka

*Admitted in Washington, DC only
**Admitted in Washington, DC and California only
***Admitted in Washington, DC and Maryland only
****Admitted in Massachusetts and State of Washington only

December 23, 2003

## VIA FACSIMILE & U.S. MAIL CONFIRMAITON
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601

Re:  **Tom James Company v. Trace Apparel, LLC and J. Tracy Green**
     3:03cv0596 (JBA)
     H&S File No.: 13233.0001

Dear Peter:

I am in receipt of your three correspondence faxed yesterday at 2:08 p.m., 3:33 p.m., and 5:02 p.m. respectively. I, as well, am disturbed by your baseless and conclusory accusations that the Plaintiff's Motion to Compel Electronic Discovery, dated December 18, 2003, contains "substantive misrepresentations." To the contrary, both the legal and factual arguments made therein are an accurate depiction of the progression of the discovery conducted in this matter thus far. We request that you particularize with specificity what "substantive misrepresentations" were made, so that we may respond accordingly.

The allegations made in your correspondence are particularly ironic and inappropriate given the misrepresentations made in the Preliminary Objection to Application for Prejudgment Remedy and to Motion for Disclosure of Assets, dated December 17, 2003. Specifically, your assertion that Tom James has failed and refused to comply with the defendants' discovery requests is absolutely false. Tom James timely objected and responded to the defendants' discovery requests. If you disagreed with any of the objections made, the proper course of action would have been to discuss and attempt to resolve any such issues, rather than to mischaracterize properly asserted objections as a complete refusal on Tom James' part to comply with

Peter S. Olson, Esq.
December 23, 2003
Page 2

the defendants' discovery requests. It is particularly unsettling that you made such
baseless characterizations in a pleading filed with the Court.

Accusations of Tom James' "obstructionist approach" to discovery are both
inaccurate and disingenuous. Prior to your correspondence of 5:02 p.m. last evening,
you took no issue with Tom James' objections and made absolutely no effort to obtain
supplemental responses from Tom James. Furthermore, in response to the defendants'
requests for production, Tom James agreed to make responsive documents available
for your inspection in accordance with Rule 34 of the Federal Rules of Civil Procedure.
Again, you made no attempt to inspect these documents. Moreover, your position that
making responsive documents available for your inspection is "unacceptable" directly
contravenes the requirements of Rule 34 and Tom James is under no obligation to
forward any documents to your office, especially within the time dictated by the arbitrary
deadline set forth in your correspondence. There is no legal basis, or factual basis for
that matter, for your demand that Tom James "reciprocate" the defendants' efforts to
comply with discovery requests. Indeed, as is more fully set forth in the Motion to
Compel, the defendants' production is inadequate and incomplete. Also, I remind you
of the fact that although copies of the defendants' production thus far have been
forwarded to us, you refused to cooperate in marking the documents in accordance with
the protective order. Thus, we have expended our own resources to evaluate the
documents to ensure that they were properly categorized and redacted in compliance
with the protective order. Your position that the defendants have gone above and
beyond in conducting discovery is specious at best.

Particularly troubling are the unfounded allegations made in the Preliminary
Objection, as well as in your second correspondence faxed at approximately 3:30 p.m.
yesterday, that Tom James has violated the terms of the protective order by appending
certain documents to pleadings filed with the Court. There is absolutely no requirement
in the protective order that documents categorized as Category One or Two are to be
filed under seal. During the conversation you reference in your correspondence, for
which my colleague Paula Cedillo was present and participated, we discussed the filing
of these documents with the Court and your resulting concerns at length. I reminded
you that the protective order does not require that any documents be filed with the Court
under seal, but rather, only that they be properly categorized and redacted in
accordance with the terms therein. I further reminded you that during the negotiations
regarding the terms of the protective order, Tom James specifically refused to allow the
inclusion of such a provision. You then relented on your position and conceded the fact
that the act of attaching these documents to pleadings filed with the Court was not a
"technical violation" of the protective order. You then asserted that you construed it to
be a violation of the "spirit" of the protective order. I disagreed and continue to disagree
with such a tenuous interpretation of the express provisions of the protective order.
Your unjustified accusations to the Court that there now has been a violation of the
protective order are not well taken and, indeed, may serve as grounds for Rule 11
sanctions.

Peter S. Olson, Esq.
December 23, 2003
Page 3

As you will recall, in an effort to move discovery forward, I drafted and forwarded to you in early October two proposed protective orders in the instant matter, one governing documents to be produced by the defendants' and the other governing any documents produced by Tom James. The proposed protective order governing Tom James' information expressly contained a provision requiring that information filed with the Court be done so under seal. Filing Tom James' information under seal is necessary in order to adequately protect its proprietary and trade secret information. The protective order governing those documents produced by the defendants' does not contain such a provision. Indeed, were the defendants to take the position that this information constitutes their trade secret information, they would in essence be conceding to having unlawfully misappropriated Tom James' trade secrets. Merely because your clients might not want certain information in the public domain for no other reason that they would prefer that the information be kept confidential does not allow them to dictate the manner in which Tom James will prosecute the instant action. Furthermore, contrary to your assertions, your demand that we move to seal the information filed with the Court has not been made in the spirit of the Federal Rules, nor is such a demand warranted by the express and previously negotiated terms of the protective order. The defendants cannot rewrite the provisions of the protective order as they wish.

Finally, your 5:02 p.m. correspondence cannot reasonably be considered a good faith attempt to meet and confer with respect to Tom James' responses to the defendants' discovery requests under the Federal Rules. First, deeming the proposed protective order unacceptable, you demand that a revised protective order be submitted to you in one week's time, by December 29, 2003. Putting aside the fact that the Christmas holiday falls within this arbitrary deadline, I remind you that you were provided a draft of this proposed protective order during the first week of October and have failed to address it until now. The consequences of your delay cannot now serve to impose such an unwarranted hardship upon Tom James. If you take issue with any terms of the proposed protective order, please make any proposed changes you may believe are appropriate so that we may then discuss the terms of the protective order in a reasonable manner.

Second, your curt demands for a response to the discovery issues addressed in your lengthy correspondence in one week's time by December 29, 2003, and the production of documents by December 31, 2003, is disingenuous and inappropriate. The defendants have been in receipt of Tom James' objections and responses to the defendants' discovery requests since November 24, 2003, yet made no issue whatsoever of these objections and made no attempts to inspect and obtain responsive documents. There is no justification for a demand of compliance within one week, especially during the holiday season. Nor can it be credibly argued that the filing of the application for a prejudgment remedy serves a basis for such unreasonable demands. The application was filed in November to properly protect the rights of Tom James and

Peter S. Olson, Esq.
December 23, 2003
Page 4


cannot be used as a mechanism to avoid the consequences of the defendants' own delay in pursuing further discovery from Tom James.  While we are certainly willing to attempt to resolve any issues you have with Tom James' discovery responses, we will not do so under such arbitrary and unreasonable circumstances.  Such irrational demands are not made in good faith and thus will not be treated as such.

Lastly, I am confounded by both the tone and the discourteousness of your recent correspondence, especially given that we have always remained cordial and cooperative in this litigation.  Your conduct has brought this litigation to a level that we have sought to avoid.  Your choice in this regard is unfortunate.

Very truly yours,

Thomas J. Finn


TJF/pcc
cc:  Thomas A. Rouse, Esq.
497744