IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------x
                                                            :

TOM JAMES CO.                           :         3:03 CV 596 (JBA)

v.                                                 :

TRACE APPAREL LLC and          :         DATE: FEB. 24, 2004
J. TRACY GREEN                   :
---------------------------------------------------------x

<u>RULING ON PLAINTIFF'S MOTION TO COMPEL ELECTRONIC DISCOVERY</u>

      Plaintiff Tom James Company ["Tom James"] initiated this action on April 2, 2003 against defendant J. Tracy Green ["Green"] (Dkt. #1), and on May 19, 2003, plaintiff filed its Amended Verified Complaint adding defendant Trace Apparel, LLC ["Trace Apparel"]. (Dkt. #4). The Amended Verified Complaint asserts the following three counts against defendant Green: breach of defendant Green's employment contract with respect to non-disclosure of information (Count One), breach of the restrictive covenant provision of defendant Green's employment contract (Count Two); breach of the covenant of good faith and fair dealing (Count Three); and the following four counts against both defendants: tortious interference with business relations (Count Four); tortious interference with prospective advantage (Count Five); violation of the Connecticut Uniform Trade Secrets Act (Count Six); and violation of Connecticut Unfair Trade Practices Act ["CUTPA"] (Count Seven). (Dkt. #3).

      On August 13, 2003, defendant Green filed his Answer, Affirmative Defenses, and Counterclaims against plaintiff (Dkt. #14) and defendant Trace Apparel filed its Answer and Affirmative Defenses. (Dkt. #15). On October 24, 2003, defendant Green filed his Amended Counterclaim, asserting the following five counts against plaintiff/counterclaim

defendant Tom James: recovery of benefits (Count One); violation of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ["ERISA"] (Count Two); redemption of stock (Count Three); payment of dividends (Count Four); and violation of CUTPA (Count Five). (Dkt. #23).[1]

On December 18, 2003, plaintiff filed its pending Motion to Compel Electronic Discovery,[2] and brief[3] and affidavit in support (Dkts. ##40, 42-43).[4] (Dkt. #41). On January

---

[1] On November 7, 2003, Plaintiff filed its Motion to Dismiss Amended Counterclaim of defendant Green and brief in support. (Dkts. ##27-28). Specifically, plaintiff seeks dismissal of portions of Counts Two and Five of defendant Green's Amended Counterclaim, which allege violations of ERISA and CUTPA. Such motion is pending before U.S. District Judge Janet Bond Arterton.

Thereafter, on November 26, 2003, plaintiff filed its Motion for Prejudgment Remedy, Motion for Disclosure of Assets, and brief in support (Dkts. ##30-32) as to which defendants filed their brief in opposition on December 17, 2003. (Dkt. #39). On January 8, 2004, Judge Arterton referred the PJR motion to this Magistrate Judge. (Dkt. #49). The evidentiary hearing thereon is scheduled for the week of April 19, 2004.

[2] Attached are the following thirteen exhibits: copy of Plaintiff's First Set of Requests for Production of Documents to Defendants, dated August 13, 2003 (Exh. A); copy of Plaintiff's First Set of Requests for Production of Documents to Defendants, dated September 12, 2003 (Exh. B); copy of correspondence between counsel, dated December 15, 2003 (Exh. C); copies of invoices from Trace Apparel (Exhs. D-E); copy of list of Tom James' Clients (Exh. F); copy of Profit and Loss Statements of Trace Apparel (Exh. G); copies of e-mail correspondence, dated October 6, October 3, September 3, August 4, August 11 & 8, March 24, November 10, October 17, October 20, November 17, and March 4, 2003 (Exhs. H-I); and copies of correspondence between counsel, dated December 15, October 31, December 16, and December 17, 2003 (Exhs. J-M).

On February 19, 2004, defendants filed a Motion to Seal and for Contempt, and brief and affidavit in support (Dkts. ##72-73), in which they seek, inter alia, to have Exhs. D-G placed under seal, as they are governed by the Stipulated Protective Order, filed Sept. 19, 2003 (Dkt. #21). As indicated on the margin endorsement on Dkt. #72 today, defendants' motion has been granted to the extent Exhs. D-G are placed under seal and also sealed in the Court's electronic filing system.

[3] Attached to plaintiff's brief in support (Dkt. #42) are copies of case law. (Exhs. A-C).

[4] That same day, plaintiff also filed a Motion for Expedited Consideration (Dkt. #41), attached to which is a copy of correspondence, dated December 15, 2003 (Exh. A)

8, 2004, United States District Judge Janet Bond Arterton referred this case to this Magistrate Judge for discovery purposes, including this pending Motion to Compel. (Dkt. #48).

On January 13, 2004, defendants filed their brief[5] and affidavit[6] in opposition (Dkts. ##52-53. See also Dkts. ##50 & 54). Plaintiff filed its reply and affidavits of counsel on February 2, 2004.[7] (Dkts. ##64-66. See also Dkts. ##57-58).

For the reasons set forth below, plaintiff's Motion to Compel (Dkt. #40) is <u>granted in part and denied in part without prejudice to renewal</u>.[8]

### I. FACTUAL BACKGROUND

On or about August 13, 2003, plaintiff served its First Set of Requests for Production on defendants. (Dkt. #40, Exh. A). Plaintiff requested, <u>inter alia</u>, correspondence of all types concerning defendants' operation of their business, including correspondence with specified third parties, and correspondence made in connection with defendant Green's employment with plaintiff. (Dkt. 40, Exh. A, ¶¶ 5, 13, 18, 21-43). One month later, on September 12, 2003, defendants provided their objections and responses (Dkt. #40, Exh. B), and on November 7, 2003, defendants produced some documents responsive to plaintiff's requests, specifically "some customer lists, a few months of cellular telephone

---

and two copies of case law. (Exhs. B-C).

[5]Two exhibits are attached: copy of <u>The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production</u>, dated March 2003 (Exh. A); and copy of case law (Exh. B).

[6]Attached are the following seven exhibits: copy of correspondence, dated November 7, November 10, December 3, December 15, 2003 December 16, December 17, and December 15, 2003. (Exhs. A-G).

[7]Attached is a copy of correspondence, dated December 3, 2003. (Exh. A).

[8]Plaintiff's Motion for Expedited Consideration (Dkt. #41) is <u>granted</u>.

3

logs, sales invoices and receipts, and [d]efendants' profit and loss statements for 2002 and for 2003 from January through May." (Dkt. #42, at 4; Dkt. #43, ¶ 3. See Dkt. #40, Exhs. D-G).

In light of what plaintiff views as an "incomplete production," counsel engaged in numerous telephone conferences, during which defense counsel, according to plaintiff's counsel, conveyed that although at one time there were e-mails, such communications were either irrelevant or they had either been deleted from defendants' computer database, and no measures had been taken to preserve electronic data on defendants' computer systems. (Dkt. #42, at 4-5; Dkt. #43, ¶¶ 4 & 6; Dkt. #65, ¶¶ 3-5; Dkt. #66, ¶ 3 . But see Dkt. #52, at 13-14; Dkt. #53, ¶ 14). On December 15, 2003, defendants produced copies of e-mails printed from defendants' computer system. (Dkt. #40, Exh. C; Dkt. #42, at 5). According to plaintiff, the e-mails produced "conclusively demonstrate that [defendant] Green engaged in numerous [e-mail] communications with previous Tom James' clients despite [d]efendants' express representations in their Responses that they did 'not have any such documents.'" (Dkt. #42, at 5). Additionally, plaintiff subpoenaed various third parties in an effort to receive requested documents and on December 15, 2003, plaintiff received copies of order invoices placed by defendant Trace Apparel, from John H. Daniel Company, for the purchase of clothing materials made in connection with sales made to defendant Trace Apparel customers. (Dkt. #42, at 5-6; Dkt. #40, Exh. D). Without referring to this production, defendants contend that they have "already provided all relevant electronic documents to [plaintiff] in the normal course of discovery responses." (Dkt. #52, at 5).

According to plaintiff, the discovery of defendants' electronic data should be permitted because it is reasonably calculated to the discovery of admissible evidence (Dkt. #42, at 7-9); defendants improperly failed to disclose relevant documents responsive to

4

plaintiff's Production Requests (id. at 9-14); and defendants improperly failed to preserve potentially relevant information despite their affirmative obligation to do so. (Id. at 14-17).

Defendants counter that plaintiff did not attempt to resolve this discovery issue in good faith before filing the pending Motion to Compel (Dkt. #52, at 8-14); according to The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production (March 2003), defendants do not have an obligation to permit plaintiff unfettered access to its electronic information (id. at 15-22); and the relief sought by plaintiff is overly broad. (Id. at 22-25).

In response, plaintiff contends that defendants "misrepresent the circumstances and occurrences leading to the instant Motion to Compel" (Dkt. #64, at 2-5); and discovery of defendants' electronic data should be permitted to recover relevant information defendants failed to produce because defendants' document production is incomplete and defendants fail to adequately address plaintiff's right to access to defendants' computer system and electronic information. (Id. at 5-10).

## II. DISCUSSION

Under the Federal Rules of Civil Procedure, the scope of discovery extends to "any matter, not privileged, that is relevant to the claim or defense of any party. . . . " FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Thus, the party receiving a request must not only produce information which is admissible as evidence, but also information which "appears reasonably calculated to lead to the discovery of admissible evidence." Martin v. Valley National Bank of Arizona, 140 F.R.D. 291, 300 (S.D.N.Y. 1991)(citations omitted). "Reasonably calculated" in Rule 26 means "any possibility that the information sought may be relevant to the subject matter of the action." Morse/Diesel, Inc.

5

v. Fidelity & Deposit Co. of Maryland, 122 F.R.D. 447, 449 (S.D.N.Y. 1988)(citations & internal quotation marks omitted).  Discovery, however, is not without limitations and this Court has a duty to ensure that discovery requests are reasonable. FED. R. CIV. P. 26(b)(2); In re: Sur. Ass'n of Am., 388 F.2d 412, 414-15 (2d Cir. 1967).

It is well-settled that discovery of relevant "documents" encompasses the discovery of electronic or computerized data.  See FED. R. CIV. P. 34(a) & 26(b);1970 Advisory Committee Notes of Rule 34(a)(electronic data is part of the definition of "document").  Rule 34(a) permits a party to request discovery of any document, "including writings, drawings, graphs, charts, photographs, phonorecords, or other data compilations . . . " and "[e]lectronic documents are no less subject to disclosure than paper records." Rowe Entertainment, Inc. v. William Morris Agency, Inc., 205 F.R.D. 421, 428 (S.D.N.Y. 2002)(multiple citations omitted).  Case law on the issue of electronic discovery generally focuses on the enormous cost involved in the retrieval of electronic data that may have been deleted and now exists only on backup disks. See generally Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 317-24 (S.D.N.Y. 2003); Rowe Entertainment, 205 F.R.D. 428-33.  However, the issue in this case is whether the additional stored e-mails, if such e-mails exist, are relevant, and thus whether such documents are discoverable.  Only once this issue is resolved, may the Court address the more difficult issue of the extent to which each party should pay the costs of production. See Zubulake, 217 F.R.D. at 313-24 (after the parties reached an agreement whereby the requesting party asks the opposing party how it retrieves e-mails that are saved in its computer system and produce responsive e-mails if retrieval is possible, the court shall decide whether cost-shifting shall be considered).

Defendants contend that they produced all relevant electronic documents when defendant Green produced copies of all relevant e-mails in his "inbox, sent items folder, and

6

deleted items folder" and "a complete printout of all data maintained in his accounting software, Quickbooks, that related to his customers." (Dkt. #52, at 5).  According to defendants, plaintiff has not identified any other electronic documents, or classes of documents, that it seeks, yet plaintiff desires to conduct a search for electronic files that may not have been produced including those that may have been deleted but are now "laid down on the hard drive in conti[n]uous clusters of data" or have been "partially or completely overwritten." (Dkt. #52, at 6 & 7).

### A. RELEVANCE

Plaintiff's First Set of Requests for Production seeks discovery relating to issues raised in plaintiff's Amended Verified Complaint. (See Dkt. #40, Exh. A, ¶¶ 13, 18, 21-42).  Plaintiff initially received from defendants some documents evidencing defendants' business with plaintiff's customers, and in response to a subpoena of a third party supplier, plaintiff received documents evidencing orders placed by defendant Trace Apparel and identifying customers for whom the clothing material was purchased; this customer information differs from the "complete" customer information already produced by defendants.  (Dkt. #42, at 11-12).  Additionally, defendants responded with respect to a number of plaintiff's requests for productions that "they have no such documents"; however, the documents subsequently produced to plaintiff undermine this assertion.  (See Dkt. #40, Exh. B).  Thus, the evidence produced thus far gives plaintiff some reason to believe more documents exist, albeit not necessarily in defendants' "current" e-mail folders.  This evidence is clearly relevant or at least "reasonably calculated to lead to the discovery of admissible evidence."  Martin, 140 F.R.D. at 300 (citations omitted).

Defendants contend, however, that these documents are irrelevant or have been deleted, and plaintiff now seeks to "fish through fragments of documents that no longer

exist." (Dkt. #52, at 15). Plaintiff seeks access to "[d]efendants' computer systems so that a mirror image of the hard drives and [PDA's] may be taken for the recovery of any deleted data." (Dkt. #42, at 17). At this stage, plaintiff's request is over broad. Although the documents sought in plaintiff's Requests for Production are relevant, plaintiff's requests must be reasonable. FED. R. CIV. P. 26(b)(2); In re: Sur. Ass'n of Am., 388 F.2d at 414-15.

The Magistrate Judge agrees, without going into the detail devoted to this issue by the parties, that good faith efforts were not exhausted before the filing of this motion. FED. R. CIV. P. 37(a)(2)(B). (See Dkts. ##52-53, 64-66). In failing to discuss an amicable approach to this issue, the parties overlooked the logistical discovery procedures most applicable in today's computer-based environment. See 5 WEINSTEIN'S FEDERAL EVIDENCE § 900.02 (2003); MANUAL FOR COMPLEX LITIGATION § 21.446 (Federal Judicial Center 3d ed. 1995)(because of the prevalence of computer-based information, counsel are wise to address the discovery of computer-based information early in the case and to establish a discovery plan that addresses the "search for, location, retrieval, form of production and inspection, preservation, and use at trial of information stored in mainframe or personal computers or accessible 'online.'").

### B. PRESERVATION

Counsel for defendants denies that any "relevant or responsive e-mails had been deleted from [defendant] Green and/or [defendant] Trace's computer system, or that efforts to maintain data had not been undertaken." (Dkt. #52, at 13-14; Dkt. #53, ¶ 14). Thus, if such information has been preserved but has not been produced on other grounds, counsel remains in a position to produce such documents if and when such documents are retrieved and deemed discoverable.

To the extent defendants have a backup system of all of their e-mail files, **on or before**

**March 5, 2004**, defendants must provide information regarding the system to plaintiff and must attest to the process they have undertaken, or will undertake, to search all of the e-mails, both past and present for responses to plaintiff's specific Requests for Production. See Zubulake, 217 F.R.D. at 317-20.  To the extent additional responsive information is uncovered, defendants have an affirmative duty to produce all relevant information that is not privileged.  FED. R. CIV. P. 26(b)(1). Moreover, to the extent additional customer information is recovered, including that which is consistent with documents produced by John H. Daniels Company, defendants shall supplement their responses.  **On or before March 12, 2004**, counsel shall contact the Magistrate Judge's Chambers to arrange a telephonic status conference to apprise the Court of their agreement as to the next stage of the discovery of electronic information.

### III.  CONCLUSION

For the reasons stated above, plaintiff's Motion to Compel (Dkt. #40) is granted in part and denied in part without prejudice to renewal.[9]

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days**

---

[9]Plaintiff also seeks sanctions for what plaintiff contends has been defendants' reckless and grossly negligent failure to preserve discoverable material. (Dkt. #42, at 16). Defendants' preservation, or lack thereof, of this evidence is disputed and until shown otherwise, plaintiff's motion for sanctions is denied without prejudice to renewal.

And as previously indicated, see note 8 supra, plaintiff's Motion for Expedited Consideration (Dkt. #41) is granted.

9

**after service of same);** Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 24th day of February, 2004.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge