UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | MARCH 4, 2004 |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR CONTEMPT AND CROSS-MOTION FOR SANCTIONS

Thomas J. Finn
Federal Bar No. ct 20929
Paula Cruz Cedillo
Federal Bar No. ct 23485
HALLORAN & SAGE  LLP
One Goodwin Square
Hartford, Connecticut 06103
(860) 522-6103
Attorneys for Plaintiff
Tom James Company

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Pursuant to Rule 7(a) of the Local Civil Rules of the United States District Court for the District of Connecticut, the plaintiff, Tom James Company ("Tom James"), opposes the defendants, Trace Apparel LLC and J. Tracy Green's ("Defendants"), Motion for Contempt, filed with the Court on February 19, 2004[1] ("Motion"), and respectfully submits that Defendants' Motion should be denied.  Additionally, Tom James respectfully requests that the Court impose sanctions upon Defendants for the filing of this frivolous Motion for Contempt.

## INTRODUCTION

The instant Motion for Contempt presently before the Court is without merit and wholly unfounded.  Incredibly, Defendants seek to hold Tom James in contempt for not filing certain documents with the Court under seal, a requirement that counsel for Defendants himself conceded was not required by the stipulated protective order at issue.  Having wasted both Tom James' and this Court's time and resources with this frivolous Motion, Defendants and their counsel should be sanctioned accordingly.

It is apparent from the plain language of the protective order that it does not contain any requirement that papers filed with the Court were to be done so under seal.

---

[1] Tom James was not granted an opportunity to submit its opposition to Defendants' Motion to Seal before the Court ruled upon the Motion.  By Order dated February 24, 2004, the Honorable Joan G. Margolis, United Stated Magistrate Judge, granted the Motion to Seal, but took Defendants' Motion for Contempt under advisement.  Accordingly, the instant Memorandum is limited to discussion opposing Defendants' unfounded Motion for Contempt, and Tom James' Cross-Motion for Sanctions.  However, Tom James respectfully submits that but for Defendants' misrepresentations to the Court regarding the law and the terms of the Protective order, the Motion to Seal would not have been granted.  Accordingly, in the event that the Court should reconsider its prior decision and unseal the documents, Tom James submits that the documents should properly be unsealed.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

One can only surmise that upon realizing that they would have preferred to keep certain information from being publicly available, Defendants inappropriately attempted to renegotiate the provisions of the protective order.  However, Defendants have no basis to seal this information and, indeed, Tom James expressly informed Defendants during the negotiations concerning the protective order that it would not stipulate to a sealing provision.  Now, not only do Defendants attempt to unilaterally amend the terms of the protective order to include such a provision, but also incredulously and inappropriately maintain that Tom James violated a nonexistent sealing provision.  Tom James respectfully submits that the instant Motion should be denied and sanctions imposed upon Defendants and their counsel for their improper and spurious conduct.

**FACTS**

Tom James commenced this action asserting various causes of action arising out of Defendants' unfair and unethical business conduct in misappropriating Tom James' confidential, proprietary, and trade secret information for their own use and unlawful competition with Tom James.  <u>See</u> Amended Verified Complaint, dated May 19, 2003 ("Verified Complaint").  On or about August 13, 2003, Tom James served discovery requests upon Defendants.  In anticipation of the production of documents throughout the discovery process, counsel for the parties agreed to the execution of protective orders.  <u>See</u> Affidavit of Thomas J. Finn in Support of Memorandum of Law in Opposition to Motion for Contempt and Cross-Motion for Sanctions, ("Finn Aff.") at ¶ 2. As each party sought to protect their own particular information, two separate protective

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

orders were proposed and negotiated, each governing the production of documents from each party.  See Finn Aff. at ¶ 3.

In order to facilitate the exchange of documents, in early October 2003, counsel for Tom James provided counsel for Defendants, Peter Olson ("Mr. Olson"), drafts of two proposed protective orders.  See Proposed Stipulated Protective Order for Confidential and Proprietary Information Provided by Tom James Company ("Tom James' Proposed Protective Order") (attached hereto as Exhibit A); Proposed Stipulated Protective Order for Confidential and Proprietary Information Provided by Trace Apparel LLC and J. Tracy Green ("Defendants' Proposed Protective Order") (attached hereto as Exhibit B); Finn Aff. at ¶ 3.  In order to adequately protect its proprietary information and trade secrets, Tom James' Proposed Protective Order expressly contained a sealing provision, which requires that

> [a]ny party seeking to file any pleading, motion, brief, or other paper filed with the Court containing "Confidential Information" shall first seek application from the Court that such papers be <u>filed and maintained in the Clerk's office under seal</u>.  In addition, such papers shall be made available only to "qualified persons" . . . .

Exhibit A, at ¶ 6 (emphasis added).  Contrastingly, Defendants' Proposed Protective Order intentionally contained no such provision.  Compare Exhibit B with Exhibit A.  Indeed, during counsels' negotiations and discussions regarding the language of the parties' proposed protective orders, Defendants' counsel was expressly informed that Tom James would not stipulate to any such sealing provision concerning Defendants' production of materials.  See Finn Aff. at ¶ 4; Letter from Finn to Olson of 12/23/03 at 2

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(attached hereto as Exhibit C). At no time did counsel for Defendants assert any objection. See Finn Aff. at ¶ 4. Indeed, the only substantive modification to Defendants' Proposed Protective Order made by Defendants' counsel was the inclusion of paragraph 9. See Finn Aff. at ¶ 4.

On or about November 6, 2003, the Court granted Defendants' Motion on Consent for Protective Order, dated October 13, 2003, and approved the stipulated protective order at issue in the present Motion. See Stipulated Protective Order for Confidential and Proprietary Information Provided by Trace Apparel LLC and J. Tracy Green, dated November 6, 2003 ("Protective Order") (attached hereto as Exhibit D).

Defendants subsequently produced documents (albeit incomplete production) pursuant to the terms of the Protective Order. Mr. Olson personally categorized and redacted the documents as he saw fit pursuant to the terms of the Protective Order, in the presence of Tom James' counsel. See Finn Aff. at ¶ 6; Affidavit of Paula Cruz Cedillo in Support of Memorandum of Law in Opposition to Motion for Contempt and Cross-Motion for Sanctions, ("Cedillo Aff.") at ¶ 2.

On or about November 26, 2003, Tom James filed an Application for Prejudgment Remedy, to which it appended certain evidence it received from Defendants through discovery, for the Court's review and consideration. Following the filing of the prejudgment remedy application, Mr. Olson, via telephone, demanded that Tom James' counsel take steps to seal the documents subject of the Protective Order. See Finn Aff. at ¶ 7; Cedillo Aff. at ¶ 3. Counsel for Tom James, specifically Thomas J.

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Finn and Paula Cruz Cedillo, declined as no such provision is present in the Protective Order.  See Finn Aff. at ¶ 7; Cedillo Aff. at ¶ 3.  During this telephone conference, Mr. Olson expressly conceded that the act of filing these documents was not a "technical violation" of the Protective Order.  See Exhibit C at 2-3; Finn Aff. at ¶ 8; Cedillo Aff. at ¶ 4.  Mr. Olson tenuously maintained, however, that the filing of the documents violated the "spirit" of the Protective Order.  See Exhibit C at 2-3; Finn Aff. at ¶ 8; Cedillo Aff. at ¶ 4.  Yet, Mr. Olson was further reminded that during the negotiations that had occurred regarding the terms of the Protective Order, Tom James' refusal to stipulate to a sealing provision with respect to Defendants' document production.  See Exhibit C at 2-3; Finn Aff. at ¶ 9; Cedillo Aff. at ¶ 5.  As a result of these negotiations, the parties' stipulated to the Protective Order which was ultimately approved by the Court, which does not contain any requirements that documents be filed under seal.  See Finn Aff. at ¶ 5.

As a result of Defendants' unscrupulous conduct of concealing relevant information in discovery and obstructionist spoliation of critical evidence, Tom James filed a Motion to Compel Electronic Discovery, dated December 18, 2003.  Tom James appended evidence in support of this Motion for the Court's review and consideration.  As a result, Defendants' counsel again demanded that Tom James take action to seal these documents, despite having previously admitted the Protective Order did not contain such a requirement.  See Finn Aff. at ¶¶ 8, 10; Cedillo Aff. at ¶¶ 4, 6.  As the Protective Order does not contain any sealing requirement, Tom James properly declined to do so.  See Finn Aff. at ¶ 10; Cedillo Aff. at ¶ 6.

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## ARGUMENT

**A.  Defendants' Motion for Contempt Must be Denied Because the Protective Order Does Not Require that Documents Be Filed Under Seal and Thus There is No Basis upon Which to Impose Sanctions Against Tom James**

Defendants incredulously seek to have the Court hold Tom James in contempt for a violation of a provision that does not exist in the Protective Order.  As Tom James has not violated any provision contained in the Protective Order at issue, there can be no finding of contempt as urged by Defendants.  Accordingly, the instant Motion should be denied.

A party cannot be held in contempt unless the order allegedly violated "is clear and unambiguous, the proof of non-compliance is clear and convincing, and the contemnor was not reasonably diligent in attempting to comply."  Equal Employment Opportunity Comm'n v. Local 638, 81 F.3d 1162, 1171 (2d Cir. 1996) (quoting United States v. Local 1804-1, Int'l Longshoremen's Ass'n, 44 F.3d 1091, 1096 (2d Cir. 1995).

Defendants argue that an order of contempt against Defendants is appropriate "for failure to submit these documents under seal as mandated by an order of this Court."  Memorandum of Law in Support of Motion to Seal Documents and for Contempt ("Defendants' Memorandum") at 2.  However, Tom James submits that Defendants' misrepresentation to the Court in this regard is apparent from the plain language of the Protective Order itself.  The Protective Order is void of any such "mandate" to file documents under seal.  See Protective Order.  Interestingly, Defendants fail to cite to the provision which Tom James purportedly violated as, indeed, they cannot.  Mr. Olson

– 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

himself admitted that Tom James' act attaching the documents to its pleadings filed with the Court does not constitute a violation of the Protective Order.  See Finn Aff. at ¶ 8; Cedillo Aff. at ¶ 4.

Furthermore, in an improper attempt to fashion some legal support for their position, Defendants have misrepresented the proper application of the law to the facts of the present matter.  Defendants rely upon the 8th Circuit decision of Greiner v. City of Champlin in support of their contention that sanctions are appropriate because "it is sanctionable conduct to not file under seal documents that were subject to a protective order."  Defendants' Memorandum at 3.  However, Defendants blatantly omit that the protective order at issue in Greiner expressly "required that all documents which contained or referred to the report should be filed under seal."  Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998) (emphasis added).  This is not the case before the Court in the instant matter.  The Protective Order presently at issue, unlike the protective order in Greiner, does not contain any such provision requiring that documents be filed under seal.  See Protective Order.  As such, Greiner does not support Defendants' position, as Defendants would have this Court believe.

The terms of the Protective Order are clear and unambiguous in that there is no requirement to file documents under seal.  If Defendants believed a sealing provision was as critical to the protection of their information, as they now contend, Defendants' counsel knew or reasonably should have known to insist upon the inclusion of a sealing requirement in the Protective Order or, at a minimum, brought a motion before the Court

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

in this regard, particularly given the fact that Tom James' Proposed Protective Order expressly contained a sealing provision.[2]  See Exhibit A.  However, Defendants' counsel did not.  See Finn Aff. at ¶ 4.  Indeed, the only substantive modification made to Defendants' was to include paragraph 9 in the final Protective Order.  Compare Protective Order with Exhibit B; see Finn Aff. at ¶ 4.  Defendants' counsel was aware of Tom James' refusal to stipulate to the inclusion of a sealing requirement and made no objection.  Rather, Defendants' counsel acquiesced to the language contained in the Protective Order, which does not contain any provision whatsoever for the sealing of documents.  See Protective Order;  Finn Aff. at ¶ 5.  Defendants' present attempts to unilaterally amend the Protective Order to include such a provision is not only improper, but cannot reasonably serve basis upon which to impose sanctions against Tom James.

Furthermore, Defendants can prove no set of circumstances establishing Tom James' noncompliance with the Protective Order, much less the "clear and convincing" proof that is required to properly establish a basis for a contempt order.  See, e.g., Local 638, 81 F.3d at 1171.  As previously discussed, the Protective Order does not contain a requirement that documents be filed under seal and, thus, there can be no violation.  Indeed, even the authority cited by Defendants in support of the instant Motion lead to

---

[2] Indeed, Tom James submits that merely because Defendants maintain that the information is proprietary does not warrant protection under seal.  To require that Defendants' information be filed under seal merely because Defendants object to public disclosure is "an unwarranted and unnecessary restriction on access to confidential information produced by [Defendants]" and thus improper.  United States v. Int'l Bus. Mach. Corp., 82 F.R.D. 183, 184 (S.D.N.Y. 1979).  Yet, Defendants do not to argue that the information constitutes trade secrets because to do so would effectively be an admission that Defendants did, in fact, steal trade secret information from Tom James.

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

this conclusion.  See Greiner, 152 F.3d at 789 (imposing sanctions where party violated an express requirement in the protective order that documents be filed under seal).

**B.   Defendants Should be Sanctioned for the Filing of this Meritless Motion for Contempt**

Tom James respectfully requests that the Court impose appropriate sanctions against Defendants for the filing of the instant Motion and award Tom James attorneys' fees and costs associated with its opposition as well as any other relief the Court deems appropriate under the circumstances.  As fully set forth above, the Protective Order is void of any requirement to file documents under seal.  Indeed, Mr. Olson conceded to counsel for Tom James that there was no violation of the Protective Order.  See Exhibit C; Finn Aff. at ¶ 8; Cedillo Aff. at ¶ 4.  As such, Tom James respectfully submits that sanctions are appropriate for the filing of this nonsensical and unfounded Motion.  See Mickle v. Morin, 297 F.3d 114, 125-26 (2d Cir. 2002) (stating that a court has inherent power to control the proceedings before it and sanction counsel or a litigant for improper and bad-faith conduct).

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, respectfully requests that the Court deny Defendants' Motion for Contempt, filed on February 19, 2004.. Tom James further requests that the Court grant its Cross-Motion for Sanctions.

Dated:  March 4, 2004                                     RESPECTFULLY SUBMITTED,
        Hartford, Connecticut

                                                      THE PLAINTIFF
                                                      TOM JAMES COMPANY

                                                      By:_____
                                                        Thomas J. Finn
                                                        Federal Bar No.: ct 20929
                                                        Paula Cruz Cedillo
                                                         Federal Bar No.: ct 23485
                                                        HALLORAN & SAGE LLP
                                                        One Goodwin Square
                                                        225 Asylum Street
                                                        Hartford, Connecticut 06103
                                                        (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that on this 4th day of March, 2004, a copy of the foregoing was either mailed, postage prepaid, or hand-delivered to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

 

_____
Thomas J. Finn

521914

- 12 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105