Exhibit "A"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | OCTOBER     , 2003 |

## PROPOSED STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL AND PROPRIETARY INFORMATION PROVIDED BY TOM JAMES COMPANY

WHEREAS, Defendants Trace Apparel LLC (hereinafter "Trace") and J. Tracy Green, (hereinafter "Green") individually and doing business as Trace Apparel LLC (hereinafter collectively "Defendants") recognize and acknowledge that the proceedings in this action may require the disclosure and production of information and documents that Tom James Company ("Tom James") claims to be of a confidential and proprietary nature or that constitute its trade secret information.  Defendants having agreed to the terms of this Protective Order, it is hereby ordered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1.      This Protective Order shall apply to all information, systems, and documentation produced by Tom James or attached to any filing in this action, containing any confidential and proprietary information of Tom James, and trade secret information, including any and all customer lists and other information legally developed

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

and maintained by Tom James.  This Protective Order shall further apply to all copies,

extracts, and summaries prepared or derived from such information and documents,

including those portions of pleadings, briefs, memoranda, and any other writings filed

with the Court referring thereto.  All information and documents to which this Protective

Order applies shall be referred to, and identified as, "Confidential Information."

2.    "Confidential Information" shall only be made available to "qualified

persons," as defined in paragraph 3 below, who have read this Protective Order and

agree to be bound by its terms.  No other person shall have access to such

"Confidential Information" without the approval by counsel for Tom James or the Court,

and no "Confidential Information" may be verbally disseminated.

3.    "Qualified persons," as used herein, shall consist of Mr. Green, the Court

and its officers, and counsel of record for Defendants, including other attorneys in the

firm, law clerks, paralegals, and investigators, experts, and stenographic clerical

employees retained in connection with the instant proceedings, as well as jurors and

witnesses at trial or deposition (whether called or uncalled), including such persons'

attorneys.  All such "qualified persons" shall be informed by counsel of record of the

provisions of this Protective Order and shall agree to be bound thereby.

4.    "Confidential Information" of Tom James may only be used by Defendants

for the purposes of the instant litigation and for no other purpose.

5.    Nothing contained in this Protective Order shall prevent the use of

"Confidential Information" in connection with depositions, hearings, or trial, provided the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

following safeguards are followed:  All portions of the transcripts of such proceedings, including exhibits, which refer or relate to such "Confidential Information" shall be treated as confidential, and the party introducing such "Confidential Information" shall make arrangements with the court reporter to bind the confidential portions of the transcripts and exhibits separately and label them as "Confidential Information."  In addition, witnesses will be advised, as appropriate, that pursuant to this Protective Order, they may not divulge any such "Confidential Information" except to "qualified persons" as defined herein.

      6.    Any party seeking to file any pleading, motion, brief, or other paper filed with the Court containing "Confidential Information" shall first seek application from the Court that such papers be filed and maintained in the Clerk's office under seal.  In addition, such papers shall be made available only to "qualified persons" (as previously defined in Paragraph 3).

      7.    Counsel for Defendants shall maintain a list of all persons to whom such counsel has disclosed or exhibited any "Confidential Information" and, for good cause shown, the lists shall be available for inspection by counsel for Tom James.

      8.    At the conclusion of this case, including any and all appeals, all "Confidential Information," including all copies, extracts, and summaries, shall be returned to counsel for Tom James.

      9.    Any party may apply to the Court for relief from or modification of any provision of this Protective Order.  Any disputes concerning objections and other

– 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

matters falling within the scope of, or relating to the interpretation of, this Protective Order shall be submitted for ruling by this Court, after the parties have attempted in good faith to resolve the issue between and among themselves. Violations of any provisions of this Protective Order may be disciplined by appropriate Order of the Court.

10.    The procedure set forth herein shall neither relieve Tom James or Defendants of the obligation to provide proper responses or objections to discovery requests, nor shall it preclude the parties from seeking further relief or protective orders from the Court as may be appropriate under the Local Civil Rules of the United States District Court for the District of Connecticut or the Federal Rules of Civil Procedure.

11.    This Protective Order involves only the relative rights and obligations of the parties as to the confidentiality of any information disclosed by Tom James or documents supplied by Tom James in this proceeding. This Order does not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any alleged Confidential Information.

- 4 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

IT IS SO ORDERED this      day of October, 2003.

THE COURT:

_____

Janet Bond Arterton
United States District Judge

471736v1

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Exhibit "B"

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>                     PLAINTIFF,<br><br>VS.<br><br>TRACE APPAREL LLC, AND J. TRACY GREEN,<br><br>                  DEFENDANTS. | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br><br>October     , 2003 |

### PROPOSED STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL AND PROPRIETARY INFORMATION PROVIDED BY TRACE APPAREL LLC AND J. TRACY GREEN

The motion for protective order filed by the defendants, Trace Apparel, LLC (hereinafter "Trace") and J. Tracy Green (hereinafter "Green") (Green and Trace are collectively referred to as "Defendants"), having come before the Court, and the plaintiff, Tom James Company (hereinafter "Tom James"), having agreed to the terms of this protective order, it is hereby ORDERED:

1. This Order shall apply to information and documentation produced by Defendants that Defendants claim is confidential and proprietary information as further set forth below.

2. This Order shall further apply to all copies, extracts, and summaries prepared or derived from such information, including those portions of pleadings, briefs, memorandum, and other writings filed with the Court referring thereto.

3.   The parties have discussed the necessity for Defendants to retain the confidential nature of this information, yet still allow both parties to fairly present their causes.

4.   With respect to the documents sought by Tom James that implicate this confidential information, there shall be two categories of information.  Category One shall consist of documents and information related to persons who purchased clothing or accessories from Tom James prior to December 12, 2001.  Category Two shall consist of documents and information related to persons who purchased clothing or accessories from Defendants subsequent to December 12, 2001, but never purchased clothing or accessories from Tom James or were never contacted by Green during his employment with Tom James.

5.   The following restrictions shall apply on the use of confidential information classified as Category One:

a.  The documents and the information contained therein shall be used by Tom James for the conduct of, or in connection with, this lawsuit and the formulation of Tom James' strategy herein; and may also be used by Tom James in connection with other legal action in which Tom James is a party in interest or a potential party in interest.

b.  Upon conclusion of the lawsuit, the original documents shall be returned to counsel for Defendants, recognizing that Halloran & Sage in Hartford will be the principal repository of all such documents until their return.

2

c. With the exception of the provisions of Section Six herein, this Order shall not be construed to prohibit or limit Tom James from conducting its normal sales operations.

6. The following restrictions shall apply on the use of information classified as Category Two:

a. Counsel for Defendants may redact any addresses, telephone, facsimile or mobile numbers and e-mail addresses from such documents. Should it become reasonably necessary to further identify any person referenced in such documents for a litigation related purpose, counsel for Defendants agree to provide such information forthwith.

b. Tom James shall not permit the information or documents to be provided to, or to be viewed by, any person other than its in-house counsel, its attorneys of record, including other attorneys in the firm, law clerks, staff, paralegals, and investigators, experts, and stenographic employees retained in connection with this lawsuit, as well as jurors and witnesses at trial or deposition (whether called or uncalled), including such persons' attorneys, and shall not verbally disseminate any information contained in the documents, except as permitted under subparagraph (f), below.

c. The documents may be provided to and/or viewed by any other person only with the consent of counsel for Defendants, or by further order of the Court.

3

d.  Tom James shall not permit any employee to act upon the information contained in the documents for the purpose of soliciting business from any person referred to therein.    Soliciting business shall include written correspondence, mailings, facsimile or e-mail transmissions, telephone calls, and/or personal contact.

e.  Upon conclusion of the lawsuit, the original documents shall be returned to counsel for Defendants, recognizing that Halloran & Sage in Hartford will be the principal repository of all such documents until their return.

f. The documents and the information contained therein shall be used by Tom James for the conduct of, or in connection with, this lawsuit and the formulation of Tom James' strategy herein; and may also be used by Tom James in connection with other legal action in which Tom James is a party in interest or a potential party in interest.

g.  Notwithstanding anything stated or implied herein to the contrary, the provisions of this Order shall not be construed to prohibit or limit Tom James from conducting its normal sales operations, even if such operations independently make contact with a person or entity referred to in documents classified as Category Two, so long as such documents did not assist Tom James in identifying such person.

4

7.   Counsel for the parties shall attempt in good faith to resolve any disputes concerning the performance under this Order prior to filing any motion with the Court.

8.  Violations of any provision of this Order may be punished by appropriate order of the Court.

IT IS SO ORDERED, this    day of October, 2003.

THE COURT:

_____
JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE

471237

5

Exhibit "C"

# HALLORAN
# &SAGE LLP
### ATTORNEYS AT LAW

Joseph G. Lynch
Joseph T. Sweeney
George Royster
John W. Lemega
Vincent M. Marino
Richard C. Tynan
William P. Borchert
Thomas J. Hagarty, Jr.
Brian J. Donnell
James J. Szerejko
William J. McGrath, Jr.
Dennis C. Cavanaugh
Christopher J. Lynch
Paul D. Meade
Joseph G. Fortner, Jr.
Stephen P. Fogerty
Peter G. Boucher
Steven H. Malitz

John B. Farley
David B. Losee
Mark T. Altermatt
Henry M. Beck, Jr.
Susan O'Donnell
Bruce H. Raymond
Kevin M. Roche
David G. Hill
Daniel P. Scapellati
James M. Sconzo
Robert B. Cox
Thomas P. O'Dea, Jr.
Gregory R. Faulkner
Dan E. LaBelle
Duncan J. Forsyth
Ann M. Catino
James P. Maher
Carl R. Ficks, Jr.

Robert M. Barrack
John W. Dietz
Brian P. Leaming
James C. Stearns*
Theresa W. Hajost***
Mark T. Livesay
Thomas P. Lambert
Reed A. Slatas
Thomas J. Finn
Janice D. Lai
Richard P. Roberts
Robert A. Rhodes
J. Randolph
MacPherson**
Laura Pascale Zaino

Melissa Rotenberg Arcaro
Ralph W. Johnson, III
Martin A. Onorato
Jeffrey F. Gostyla
James V. Somers
Brett M. Szczesny
Alan P. Curto
Kevin J. Greene
James C. Celentano
Kathleen A. St. Onge
N. Kane Bennett
Kristin Alix Herzog
Patrick M. Birney
Bruce J. Gelston

Stephanie J. Sweeney
Peter E. Strniste, Jr.
Steven J. O'Neill****
Stephen H. Broer
Alexei J. Plocharczyk
Salvatore N. Fornaciari
Kevin R. Brady
Paula Cruz Cedillo
Amy Sargeant Lang
Eric P. Daigle
Maria Alexander
June M. Sullivan
Jeffrey L. Forte
Joshua M. Auxier

Elizabeth E. Hackett
Regen O'Malley
Brian D. Rich
Laurie R. Steinberg
Kimberly F. Wells
Todd R. Regan
John C. Pitblado
Jude Francois
Thomas C. Blatchley
Patrick J. Mulroney

Counsel
Irwin D. Mittelman
Arthur P. McGowan, Jr.
Robert C. Engstrom
Paul V. Knopf
Alan S. Rubenstein

Mary L. Barrow
Kenneth R. Slater, Jr.
John J. Ryan
Michael K. Stanton, Jr.
Michael C. Collins
Lisa M. Kowtko

*Admitted in Washington, DC only
**Admitted in Washington, DC and California only
***Admitted in Washington, DC and Maryland only
****Admitted in Massachusetts and State of Washington only

December 23, 2003

**VIA FACSIMILE & U.S. MAIL CONFIRMAITON**
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601

　　Re:　**Tom James Company v. Trace Apparel, LLC and J. Tracy Green**
　　　　3:03cv0596 (JBA)
　　　　H&S File No.: 13233.0001

Dear Peter:

　　I am in receipt of your three correspondence faxed yesterday at 2:08 p.m., 3:33 p.m., and 5:02 p.m. respectively. I, as well, am disturbed by your baseless and conclusory accusations that the Plaintiff's Motion to Compel Electronic Discovery, dated December 18, 2003, contains "substantive misrepresentations." To the contrary, both the legal and factual arguments made therein are an accurate depiction of the progression of the discovery conducted in this matter thus far. We request that you particularize with specificity what "substantive misrepresentations" were made, so that we may respond accordingly.

　　The allegations made in your correspondence are particularly ironic and inappropriate given the misrepresentations made in the Preliminary Objection to Application for Prejudgment Remedy and to Motion for Disclosure of Assets, dated December 17, 2003. Specifically, your assertion that Tom James has failed and refused to comply with the defendants' discovery requests is absolutely false. Tom James timely objected and responded to the defendants' discovery requests. If you disagreed with any of the objections made, the proper course of action would have been to discuss and attempt to resolve any such issues, rather than to mischaracterize properly asserted objections as a complete refusal on Tom James' part to comply with

Peter S. Olson, Esq.
December 23, 2003
Page 2

the defendants' discovery requests.  It is particularly unsettling that you made such
baseless characterizations in a pleading filed with the Court.

Accusations of Tom James' "obstructionist approach" to discovery are both
inaccurate and disingenuous.  Prior to your correspondence of 5:02 p.m. last evening,
you took no issue with Tom James' objections and made absolutely no effort to obtain
supplemental responses from Tom James.  Furthermore, in response to the defendants'
requests for production, Tom James agreed to make responsive documents available
for your inspection in accordance with Rule 34 of the Federal Rules of Civil Procedure.
Again, you made no attempt to inspect these documents.  Moreover, your position that
making responsive documents available for your inspection is "unacceptable" directly
contravenes the requirements of Rule 34 and Tom James is under no obligation to
forward any documents to your office, especially within the time dictated by the arbitrary
deadline set forth in your correspondence.  There is no legal basis, or factual basis for
that matter, for your demand that Tom James "reciprocate" the defendants' efforts to
comply with discovery requests.  Indeed, as is more fully set forth in the Motion to
Compel, the defendants' production is inadequate and incomplete.  Also, I remind you
of the fact that although copies of the defendants' production thus far have been
forwarded to us, you refused to cooperate in marking the documents in accordance with
the protective order.  Thus, we have expended our own resources to evaluate the
documents to ensure that they were properly categorized and redacted in compliance
with the protective order.  Your position that the defendants have gone above and
beyond in conducting discovery is specious at best.

Particularly troubling are the unfounded allegations made in the Preliminary
Objection, as well as in your second correspondence faxed at approximately 3:30 p.m.
yesterday, that Tom James has violated the terms of the protective order by appending
certain documents to pleadings filed with the Court.  There is absolutely no requirement
in the protective order that documents categorized as Category One or Two are to be
filed under seal.  During the conversation you reference in your correspondence, for
which my colleague Paula Cedillo was present and participated, we discussed the filing
of these documents with the Court and your resulting concerns at length.  I reminded
you that the protective order does not require that any documents be filed with the Court
under seal, but rather, only that they be properly categorized and redacted in
accordance with the terms therein.  I further reminded you that during the negotiations
regarding the terms of the protective order, Tom James specifically refused to allow the
inclusion of such a provision.  You then relented on your position and conceded the fact
that the act of attaching these documents to pleadings filed with the Court was not a
"technical violation" of the protective order.  You then asserted that you construed it to
be a violation of the "spirit" of the protective order.  I disagreed and continue to disagree
with such a tenuous interpretation of the express provisions of the protective order.
Your unjustified accusations to the Court that there now has been a violation of the
protective order are not well taken and, indeed, may serve as grounds for Rule 11
sanctions.

Peter S. Olson, Esq.
December 23, 2003
Page 3

As you will recall, in an effort to move discovery forward, I drafted and forwarded to you in early October two proposed protective orders in the instant matter, one governing documents to be produced by the defendants' and the other governing any documents produced by Tom James. The proposed protective order governing Tom James' information expressly contained a provision requiring that information filed with the Court be done so under seal. Filing Tom James' information under seal is necessary in order to adequately protect its proprietary and trade secret information. The protective order governing those documents produced by the defendants' does not contain such a provision. Indeed, were the defendants to take the position that this information constitutes their trade secret information, they would in essence be conceding to having unlawfully misappropriated Tom James' trade secrets. Merely because your clients might not want certain information in the public domain for no other reason that they would prefer that the information be kept confidential does not allow them to dictate the manner in which Tom James will prosecute the instant action. Furthermore, contrary to your assertions, your demand that we move to seal the information filed with the Court has not been made in the spirit of the Federal Rules, nor is such a demand warranted by the express and previously negotiated terms of the protective order. The defendants cannot rewrite the provisions of the protective order as they wish.

Finally, your 5:02 p.m. correspondence cannot reasonably be considered a good faith attempt to meet and confer with respect to Tom James' responses to the defendants' discovery requests under the Federal Rules. First, deeming the proposed protective order unacceptable, you demand that a revised protective order be submitted to you in one week's time, by December 29, 2003. Putting aside the fact that the Christmas holiday falls within this arbitrary deadline, I remind you that you were provided a draft of this proposed protective order during the first week of October and have failed to address it until now. The consequences of your delay cannot now serve to impose such an unwarranted hardship upon Tom James. If you take issue with any terms of the proposed protective order, please make any proposed changes you may believe are appropriate so that we may then discuss the terms of the protective order in a reasonable manner.

Second, your curt demands for a response to the discovery issues addressed in your lengthy correspondence in one week's time by December 29, 2003, and the production of documents by December 31, 2003, is disingenuous and inappropriate. The defendants have been in receipt of Tom James' objections and responses to the defendants' discovery requests since November 24, 2003, yet made no issue whatsoever of these objections and made no attempts to inspect and obtain responsive documents. There is no justification for a demand of compliance within one week, especially during the holiday season. Nor can it be credibly argued that the filing of the application for a prejudgment remedy serves a basis for such unreasonable demands. The application was filed in November to properly protect the rights of Tom James and

Peter S. Olson, Esq.
December 23, 2003
Page 4


cannot be used as a mechanism to avoid the consequences of the defendants' own
delay in pursuing further discovery from Tom James.  While we are certainly willing to
attempt to resolve any issues you have with Tom James' discovery responses, we will
not do so under such arbitrary and unreasonable circumstances.  Such irrational
demands are not made in good faith and thus will not be treated as such.

Lastly, I am confounded by both the tone and the discourteousness of your
recent correspondence, especially given that we have always remained cordial and
cooperative in this litigation.  Your conduct has brought this litigation to a level that we
have sought to avoid.  Your choice in this regard is unfortunate.


Very truly yours,

Thomas J. Finn


TJF/pcc
cc:  Thomas A. Rouse, Esq.
497744

Exhibit "D"

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY, | CIVIL ACTION NO. |
| PLAINTIFF | 3:03cv00596 (JBA) |
| VS. | |
| J. TRACY GREEN, ET AL. | October 31, 2003 |
| DEFENDANTS | |

<u>**MOTION ON CONSENT FOR PROTECTIVE ORDER**</u>

Pursuant to Fed. R. Civ. P. Rule 45 (c), the defendants J. Tracy Green (hereinafter, "Green") and Trace Apparel, LLC (hereinafter, "Trace") respectfully request that the court enter a protective order concerning certain information and documents produced by Green and Trace. The parties have conferred and drafted a Proposed Stipulated Protective Order For Confidential and Proprietary Information Provided By Trace Apparel LLC and J. Tracy Green, attached hereto as Exhibit A, and respectfully request that the Court enter the Proposed Stipulated Order as an Order of the Court.

The parties agree that information and documents expected to be disclosed by Green and Trace may contain confidential and proprietary information of Green and/or Trace and may contain trade secrets in the form of confidential customer information. As such, within the bounds of discovery and with consideration for Tom James interests in this litigation, the parties have agreed that certain protections

GRANTED. It is SO ORDERED

Janet Bond Arterton, U.S.D.J.
New Haven, CT  _____

should be in place to prevent the inadvertent disclosure of such confidential and proprietary information and its use for improper purposes.

As noted, the parties have prepared a proposed stipulated protective order that both parties believe adequately protects the confidential and proprietary information provided of Green and Trace. As such, both parties request that the Court enter the Proposed Stipulated Protective Order. Further, however, Green and Trace have indicated to Tom James their willingness to discuss a similar protective order with regard to discovery served upon Tom James.

WHEREFORE, for the foregoing reasons, Green and Trace respectfully request that the Court grant this motion, and enter a protective order as outlined in the accompanying Proposed Order.

THE DEFENDANTS
J. TRACY GREEN
TRACE APPAREL, LLC

By: _____
Thomas A. Rouse, Fed. Bar No. ct06128
Peter S. Olson, Fed. Bar No. 16149
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT 06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

2

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on October 31, 2003 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

    Thomas J. Finn
    Paula Cruz Cedillo
    Halloran & Sage LLP
    One Goodwin Square
    225 Asylum Street
    Hartford, Connecticut 06103
    860.522.6103
    Facsimile 860.548.0006

Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

479449v1

3

FILED

Nov 6  11 27 AM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>                      PLAINTIFF,<br><br>VS.<br><br>TRACE APPAREL LLC, AND J. TRACY<br>GREEN,<br><br>                  DEFENDANTS. | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br>October 31, 2003 |

<u>~~PROPOSED~~ STIPULATED PROTECTIVE ORDER FOR</u>
<u>CONFIDENTIAL AND PROPRIETARY INFORMATION PROVIDED BY</u>
<u>TRACE APPAREL LLC AND J. TRACY GREEN</u>

The motion for protective order filed by the defendants, Trace Apparel, LLC (hereinafter "Trace") and J. Tracy Green (hereinafter "Green") (Green and Trace are collectively referred to as "Defendants"), having come before the Court, and the plaintiff, Tom James Company (hereinafter "Tom James"), having agreed to the terms of this protective order, it is hereby ORDERED:

1. This Order shall apply to information and documentation produced by Defendants that Defendants claim is confidential and proprietary information as further set forth below.

2. This Order shall further apply to all copies, extracts, and summaries prepared or derived from such information, including those portions of pleadings, briefs, memorandum, and other writings filed with the Court referring thereto.

3.     The parties have discussed the necessity for Defendants to retain the confidential nature of this information, yet still allow both parties to fairly present their causes.

4.     With respect to the documents sought by Tom James that implicate this confidential information, there shall be two categories of information. Category One shall consist of documents and information related to persons who purchased clothing or accessories from Tom James prior to December 12, 2001. Category Two shall consist of documents and information related to persons who purchased clothing or accessories from Defendants subsequent to December 12, 2001, but never purchased clothing or accessories from Tom James or were never contacted by Green during his employment with Tom James.

5.     The following restrictions shall apply on the use of confidential information classified as Category One:

    a.  The documents and the information contained therein shall be used by Tom James for the conduct of, or in connection with, this lawsuit and the formulation of Tom James' strategy herein; and may also be used by Tom James in connection with other legal action in which Tom James is a party in interest or a potential party in interest.

    b.  Upon conclusion of the lawsuit, the original documents shall be returned to counsel for Defendants, recognizing that Halloran & Sage in Hartford will be the principal repository of all such documents until their return.

2

c. With the exception of the provisions of Section Six herein, this Order shall not be construed to prohibit or limit Tom James from conducting its normal sales operations.

6. The following restrictions shall apply on the use of information classified as Category Two:

a. Counsel for Defendants may redact any addresses, telephone, facsimile or mobile numbers and e-mail addresses from such documents. Should it become reasonably necessary to further identify any person referenced in such documents for a litigation related purpose, counsel for Defendants agree to provide such information forthwith.

b. Tom James shall not permit the information or documents to be provided to, or to be viewed by, any person other than its in-house counsel, its attorneys of record, including other attorneys in the firm, law clerks, staff, paralegals, and investigators, experts, and stenographic employees retained in connection with this lawsuit, as well as jurors and witnesses at trial or deposition (whether called or uncalled), including such persons' attorneys, and shall not verbally disseminate any information contained in the documents, except as permitted under subparagraph (f), below.

c. The documents may be provided to and/or viewed by any other person only with the consent of counsel for Defendants, or by further order of the Court.

3

d.  Tom James shall not permit any employee to act upon the information contained in the documents for the purpose of soliciting business from any person referred to therein.   Soliciting business shall include written correspondence, mailings, facsimile or e-mail transmissions, telephone calls, and/or personal contact.

e.  Upon conclusion of the lawsuit, the original documents shall be returned to counsel for Defendants, recognizing that Halloran & Sage in Hartford will be the principal repository of all such documents until their return.

f. The documents and the information contained therein shall be used by Tom James for the conduct of, or in connection with, this lawsuit and the formulation of Tom James' strategy herein; and may also be used by Tom James in connection with other legal action in which Tom James is a party in interest or a potential party in interest.

g.  Notwithstanding anything stated or implied herein to the contrary, the provisions of this Order shall not be construed to prohibit or limit Tom James from conducting its normal sales operations, even if such operations independently make contact with a person or entity referred to in documents classified as Category Two, so long as such documents did not assist Tom James in identifying such person.

4

7.  Counsel for the parties shall attempt in good faith to resolve any disputes concerning the performance under this Order prior to filing any motion with the Court.

8.  Violations of any provision of this Order may be punished by appropriate order of the Court.

9.  A person or entity's consent to this Order does not, in any way, constitute an admission by that person or entity that the information believed to be protected under this Order is, in fact, confidential information as defined by any contract at issue in this case or in any related case, or otherwise under any applicable law. Further, this Order cannot be used by any party as evidence that the information covered by this Order is or was confidential information as defined by any contract at issue in this case or in any related case, or otherwise under any applicable law, or that any party has acted unlawfully.

IT IS SO ORDERED, this 6 day of ~~October~~ November, 2003.

THE COURT:

JANET BOND ARTERTON
UNITED STATES DISTRICT JUDGE

471237

5