UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | MARCH 4, 2004 |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL

        Thomas J. Finn
        Federal Bar No. ct 20929
        Paula Cruz Cedillo
        Federal Bar No. ct 23485
        HALLORAN & SAGE LLP
        One Goodwin Square
        Hartford, Connecticut 06103
        (860) 522-6103
        Attorneys for Plaintiff
        Tom James Company

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## INTRODUCTION

Pursuant to Rule 7(a) of the Local Civil Rules of the United States District Court for the District of Connecticut, the plaintiff, Tom James Company ("Tom James"), opposes the defendants, Trace Apparel LLC and J. Tracy Green's (collectively "Defendants"), Motion to Compel, dated February 2, 2004 ("Motion"), and respectfully submits that Defendants' Motion should be denied in its entirety.

## FACTS

Tom James commenced the instant action by way of Amended Verified Complaint asserting various causes of action arising out of Defendants' unlawful conduct in misappropriating Tom James' confidential, proprietary, and trade secret information for their own use for purposes of unfairly competing with Tom James. See Amended Verified Complaint, dated May 19, 2003 ("Verified Complaint"). Specifically, Defendant breached the parties' Employment Agreement by violating its disclosure of information and restrictive covenant provisions, and breached the covenant of good faith and fair dealing. See Verified Complaint at Counts One through Three. The Verified Complaint also asserts causes of action against Defendants for their tortious interference with business relations and with prospective advantage, as well as violations of the Connecticut Uniform Trade Secrets Act, C.G.S. §§ 35-50 to 35-58, and the Connecticut Unfair Trade Practices Act, C.G.S. §§ 42-110a to 110q ("CUTPA"). See Verified Complaint, at Counts Four through Seven.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

On October 23, 2003, the defendant, J. Tracy Green ("Mr. Green") filed an Amended Counterclaim against Tom James, alleging causes of action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 - 1461 ("ERISA") seeking the recovery of benefits and equitable relief to enjoin purported violations thereof, breaches of contract for the redemption of stock and payment of dividends, and CUTPA.  See Amended Counterclaim by J. Tracy Green, dated October 23, 2003 ("Amended Counterclaim").  Tom James filed a Motion to Dismiss, dated November 7, 2003, seeking to dismiss portions of Count Two and Count Five of the Amended Counterclaim for failure to state causes of action upon which relief may be granted with respect to these Counts and upon ERISA preemption grounds.  Tom James Motion to Dismiss is currently pending before the Court.

On or about October 22, 2003, Defendants served discovery requests upon Tom James.  See Interrogatories Directed to Tom James Company, dated October 22, 2003 (attached to the Affidavit of Peter S. Olson in Support of Motion to Compel, dated February 2, 2004 ("Olson Aff.") as Exhibit B); Requests for Production Directed to Tom James Company, dated October 22, 2003 (attached to Olson Aff. as Exhibit A).  On November 24, 2003, Tom James timely objected and responded to Defendants' discovery requests, providing Defendants with complete and responsive information and making relevant documents available for Defendants' inspection in accordance with Rule 34 of the Federal Rules of Civil Procedure.  See Objection and Response to Defendants' Interrogatories Directed to Tom James Company, dated November 24,

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

2003 (attached to Olson Aff. as Exhibit C); Objection and Response to Defendants' Requests for Production Directed to Tom James Company, dated November 24, 2003 (attached to Olson Aff. as Exhibit D).

Defendants took no issue with Tom James' objections and responses to their discovery requests (nor did they ever seek to inspect responsive documents) until lengthy correspondence was received from Defendants' counsel on December 22, 2003, in which counsel unreasonably demanded immediate resolution of the discovery issues delineated therein and production of documents. See Letter from Olson to Finn of 12/22/03 (attached hereto as Exhibit A). In response to Defendants' concerns, Tom James has undertaken good faith efforts to resolve, and indeed the parties have resolved, the majority of the discovery issues. See Affidavit of Thomas J. Finn in Support of Memorandum of Law in Opposition to Motion to Compel, dated March 4, 2004 ("Finn Aff.") at ¶ 4. However, Tom James maintains its valid objections to Interrogatories No. 2 through 7 and Requests for Production Nos. 14, 22, and 23.[1]

---

[1] In the instant Motion, Defendants also claim that Tom James "refuses" to comply with Requests for Production No. 5 and 18. See Memorandum in Support of Motion to Compel, dated February 2, 2004 ("Defendants' Memorandum") at 3. However, it is unclear why Defendants have taken issue with these requests as Tom James previously agreed to provide relevant information responsive to these requests. See Finn Aff. at ¶ 7.

Specifically, Request No. 5 seeks the production of the 401(k) and Profit Sharing Plan at issue, including any amendments or revisions made thereto. See Request for Production No. 5. Tom James' initially objected to this Request on the grounds that the 401(k) and Profit Sharing Plan had already been produced to Defendants. As a result of subsequent discussions with Defendants' counsel, Tom James agreed during a meet and confer between counsel on January 20, 2004, to confirm that responsive documents have been produced. See Finn Aff. at ¶ 5. Accordingly, Tom James submits that Request No. 5 should not be at issue in the instant Motion.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**ARGUMENT**

The scope of discovery under the Federal Rules is broad and allows for the discovery of matters relevant to the claim or defense of any party. See Fed. R. Civ. P. 26(b)(1). The scope of discovery, however, is not boundless. Limitations are imposed where the discovery is irrelevant, unreasonably cumulative or duplicative, and overly burdensome or expansive See Fed. R. Civ. P. 26(b)(1); see e.g., Security Ins. Co. of Hartford v. Trustmark Ins. Co., No. 300CV1247, 2003 WL 22326574, at *1 (D. Conn. Sept. 20, 2003) (attached hereto as Exhibit B); Massaro v. Allingtown Fire Dist., No. 302CV537, 2003 WL 22305133, at *1 (D. Conn. Apr. 25, 2003) (attached hereto as Exhibit C). "An order compelling discovery is rendered after consideration of the arguments of the parties, and such order may be tailored to the circumstances of the case." Security Ins. Co. of Hartford, 2003 WL 22326574, at *1.

**A.    Tom James Should Not be Compelled to Respond to Interrogatories No. 2 through 7 and Request for Production No. 14 Because they are Overly Expansive, Unnecessary, and Improper**

Interrogatories 2 through 7 seek information regarding each and every single item of Tom James' product line, including, an identification of each item, its list price,

---

The same is true with respect to Request No. 18. Request 18 sought documents concerning the value of Tom James' stock and the formulation relied upon for making this determination. See Request for Production No. 18. After appropriate objection, Defendants' counsel agreed to limit the request during the meet and confer of January 20, 2004, to copies of minutes of meetings in which the Board of Directors set the yearly value of stock. See Finn Aff. at ¶ 6. After considering this Request as amended, Tom James agreed to produce this information. See Finn Aff. at ¶ 6. As such, there is no need for an order compelling the production of information in response to both Requests No. 5 and 18 as Tom James has already agreed to the production of this information.

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

sales price, actual cost, and number of sales of each.[2]  See Interrogatories No. 2-7. Tom James properly objected to these requests as overly broad, unduly burdensome, and further objected to the extent that these requests sought irrelevant information.

      Defendants contend that this information is necessary for their evaluation of damages in determining Tom James' profits.  See Defendants' Memorandum at 5.  In this regard, Tom James has already offered to produce to Defendants profit and loss statements which evidence Tom James' profit margins on items sold.  See Letter from Finn to Olson of 1/27/04 at 1-2 (attached hereto as Exhibit D).  However, Defendants have unreasonably rejected this information, insisting instead upon the unnecessary and burdensome information regarding each and every single item in Tom James' product line.

      Notwithstanding that Defendants do not need this information because it is available in other forms, Tom James has a legitimate business interest in protecting such proprietary pricing information from disclosure to Defendants, especially in light of Defendants' past unlawful and unscrupulous business conduct.  Indeed, the instant litigation arose as a result of Defendants unlawful misappropriation of Tom James trade secrets and inappropriate use of this information for their own commercial benefit in an intentional violation of the parties' written employment agreement.  See Verified Complaint.  Inasmuch as Defendants have demonstrated no regard for abiding by terms

---

[2] Interrogatory No. 7 and Request No. 14 seek the identification and production of documents concerning the items in Tom James' product line.  See Interrogatory No. 7; Request for Production No. 14.

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

of an agreement, a confidentiality or protective order is virtually futile to protect Tom James interests. The prejudicial effect and potential detriment to Tom James of producing this highly confidential information to Defendants, who are presently unlawfully and unfairly competing with Tom James to its detriment, far outweigh any justification set forth by Defendants. Indeed, Defendants claim this information is necessary to compare Tom James' profits with that of Defendants in order to adequately calculate damages. See Defendants' Memorandum at 5. Yet, Defendants ignore the fact that Tom James' has offered to provide this information. See Exhibit C at 2 (offering "to produce profit and loss statements which indicate profit margins on items sold").

Defendants have failed to offer any valid grounds as to why the profit information proffered by Tom James is insufficient as, indeed, they cannot. This is especially true given Tom James' legitimate business concerns in producing such confidential and proprietary business information to a competitor. Accordingly, Defendants' motion to compel with respect to Interrogatories No. 2 though 7 and Request for Production No. 14 should be denied.

**B.    Tom James Should Not be Compelled to Respond to Requests for Production No. 22 and 23**

Tom James properly objected to the production of information in response to Requests for Production No. 22 and 23 on the grounds that the information sought is wholly irrelevant to this action. These interrogatories seek private, personal, and

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

confidential information concerning Mr. David Wykle, an employee of Tom James who is not a party to this action. However, not only does this information bear absolutely no relevance to the instant action, but Tom James is prohibited from producing such personal employee information under Connecticut law. Accordingly, the instant Motion should be denied.

Interrogatories 22 and 23 seek the discovery of private information regarding Mr. Wykle such as documents concerning his personal income, tax reporting statements, and loan information. Defendants' contend that this information is relevant to their defense that Tom James' breached the parties' employment agreement based on their theory that Tom James "stripped" Mr. Green of his leadership position in order to benefit Mr. Wykle. See Defendants' Memorandum at 9-10. Notwithstanding the clear lack of nexus between Defendant's argument and Mr. Wykle's personal information (who is not a party to this action), Defendants' contention is unavailing and cannot properly support the production of the discovery sought as "motive is irrelevant to a breach of contract claim." Security Ins. Co. of Hartford, 2003 WL 22326574, at *2 (refusing to compel the discovery sought merely because the plaintiff thought it was relevant to the defendant's motive for breach of the agreement at issue) (citing Globe Ref. Co. v. Landa Cotton Oil Co., 190 U.S. 540, 547 (1903); Koufakis v. Carvel, 425 F.2d 892, 906 (2d Cir. 1975)). There is no valid basis for Defendants' requests.

Additionally, section 31-128f of the Connecticut General Statutes prohibits the disclosure of Mr. Wykle's confidential information. Section 31-128f expressly prohibits

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

an employer from disclosing information contained in an employee's personnel file to any person not affiliated with the employer without the employee's written authorization. See C.G.S. § 31-128f.  Defendants have no basis for compelling the discovery of Mr. Wykle's personal information and, indeed, its disclosure is prohibited under Connecticut law.  Accordingly, the Motion to compel this information should be denied.

**C.    An Award of Sanctions is Not Appropriate Because Tom James' Objections to Defendants' Improper Discovery Requests Are Justified**

For the reasons set forth above, Tom James' objections to Defendants' discovery requests are valid and substantially justified.  As such, an imposition of sanctions pursuant to Rule 37(a)(4) of the Federal Rules of Civil Procedure is unwarranted.  See, e.g., Messier v. Southbury Training Sch., No. 394CV1706, 1998 WL 422858, at *2 (D. Conn. June 29, 1998) (attached hereto as Exhibit E) (holding that sanctions pursuant to Rule 37 are inappropriate where a party has advanced principled arguments in support of its position); Industrial Aircraft Lodge 707 v. United Tech. Corp., 104 F.R.D. 471, 473 (D. Conn. 1985) (an award for expenses under Rule 37(a)(4) will only be imposed where there was no substantial justification for a party's failure to cooperate with discovery).

Tom James further submits that Defendants lack any good faith basis upon which to request such relief.  "The purpose of the rule is to deter parties from pressing frivolous requests for or objections to discovery." Industrial Aircraft Lodge 707, 104 F.R.D. at 473.  Defendants cannot credibly argue that Tom James' objection to the

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

production of sensitive pricing information to a direct competitor (who is already unlawfully and unfairly competing with Tom James) as a frivolous objection, especially given Tom James' agreement to provide the profit information they claim to seek.  Nor can an objection to the production of a non-party's personal and private information be so characterized.  Accordingly, Defendants' request for the imposition of sanctions pursuant to Rule 37(a)(4) should be denied.

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, respectfully requests that the Court deny Defendants' Motion to Compel, dated February 2, 2004, in its entirety and deny Defendants' request for any attorneys' fees or other costs associated with their Motion.

Dated: March 4, 2004
       Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
TOM JAMES COMPANY


By:_____
   Thomas J. Finn
   Federal Bar No.: ct 20929
   Paula Cruz Cedillo
   Federal Bar No.: ct 23485
   HALLORAN & SAGE LLP
   One Goodwin Square
   225 Asylum Street
   Hartford, Connecticut 06103
   (860) 522-6103

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

     This is to certify that on this 4th day of March, 2004, a copy of the foregoing was either mailed, postage prepaid, or hand-delivered to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

 

_____
Thomas J. Finn

520401

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105