UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | MARCH 4, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION TO**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Thomas J. Finn
Federal Bar No. ct 20929
Paula Cruz Cedillo
Federal Bar No. ct 23485
HALLORAN & SAGE  LLP
One Goodwin Square
Hartford, Connecticut 06103
(860) 522-6103
Attorneys for Plaintiff
Tom James Company

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Pursuant to Rule 7(a) of the Local Civil Rules of the United States District Court for the District of Connecticut, the plaintiff, Tom James Company ("Tom James"), opposes the defendants' Motion for Judgment on the Pleadings, dated February 12, 2004 ("Motion"), and respectfully submits that Defendants' Motion should be denied in its entirety.

## INTRODUCTION

This case arises out of unscrupulous, unlawful, and unfair business conduct by the defendants, Trace Apparel LLC ("Trace Apparel") and J. Tracy Green ("Mr. Green") (Trace Apparel and Mr. Green are collectively referred to as "Defendants"). Tom James commenced this action to protect its legitimate business interests and, in addition to other relief, seeks to enjoin Defendants' unlawful, unfair, and unethical business conduct.

Defendants attempt in vain to evade the consequences of their actions and blatant breach of contract by arguing that the injunctive relief sought by Tom James has been rendered moot by the passage of time and is, thus, legally insufficient. Contrary to these tenuous contentions, however, the terms of the restrictive covenant contained in the parties' agreement may be extended beyond its stated expiration as a remedy for breach of the agreement. Furthermore, the injunctive relief requested by Tom James is also appropriate redress for Defendants' violation of the Connecticut Unfair Trade

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Practices Act.  Accordingly, judgment on the pleadings for failure to state a claim upon which relief may be granted is unwarranted and the instant Motion should be denied. Tom James respectfully submits that, to hold otherwise would only serve to reward Defendants for their intentional and depraved breach of the parties' agreement.

## FACTS[1]

Tom James' business involves the manufacture and retail sale of garments and wardrobe accessories, including high-quality men's and women's custom-made and made-to-measure clothing.  See Amended Verified Complaint, dated May 19, 2003 ("Verified Complaint"), at ¶ 8.  Tom James neither operates retail stores nor engages in traditional forms of advertising.  See Verified Complaint at ¶ 9.  Rather, Tom James advertises and markets through its sales professionals' efforts, customer service, word of mouth, the Internet, and distribution of selected literature.  See Verified Complaint at ¶ 9.  Tom James obtains sales and establishes customer relationships through direct person-to-person sales and personal presentations made by its trained sales persons ("sales professionals") to qualified customers in their offices and homes.  See Verified Complaint at ¶ 10.

As Tom James' financial success is based largely upon the maintenance of these customer relationships and the confidentiality of its customer information, Tom James

---

[1] The facts of this case are more fully set forth in the Amended Verified Complaint, dated May 19, 2003.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

requires each employee to sign and agree to the terms of an employment agreement, pursuant to which the employee agrees not to disclose any of Tom James' customer information to anyone outside of Tom James.  See Verified Complaint at ¶ 17.  Accordingly, at the time Mr. Green was hired, he entered into an employment agreement, dated August 30, 1988, with Tom James (the "Employment Agreement") in consideration for his employment.  See Verified Complaint at ¶ 22.  The Employment Agreement remained in effect throughout the course of Mr. Green's employment and was supplemented from time to time with different pay plans.

Pursuant to the Employment Agreement, Mr. Green agreed to a "Disclosure of Information" provision in which Mr. Green recognized and acknowledged that, as a result of his employment with Tom James, he would receive and become familiar with confidential and proprietary information and trade secrets including, among other things, Tom James' customer lists and customer information, products, prices, costs, and sales techniques, and other methods developed by Tom James.[2]  See Employment Agreement at ¶ 5; Verified Complaint at ¶ 24.

Additionally, pursuant to the Employment Agreement, Mr. Green further agreed to the following "Restrictive Covenant" provision, which sets forth that:

> [Mr. Green] expressly recognizes and agrees that, as a
> result of employment by and training by [Tom James], he will

---

[2] Defendants have not taken issue with the Disclosure of Information provision contained in the Employment Agreement, despite also containing a two year restriction and providing a right to injunctive relief in the event of a breach by Mr. Green.  As such, Defendants have waived the opportunity to move for judgment on the pleadings with respect to this contractual provision.

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

> acquire valuable information and knowledge concerning [Tom James'] customers, products, prices, and sales techniques and methods developed by [Tom James]. [Mr. Green], therefore, agrees that, during the period of his employment and for a period of two (2) years after termination of his employment with [Tom James] for any reason whatsoever (and regardless of whether such termination is due to [Mr. Green's] quitting or his . . . being discharged by [Tom James]), he will not engage, either individually or as an owner, employee, promoter, officer, or director of any other person or corporation directly or indirectly, in any made-to-measure or custom-tailored clothing business that is competitive with the business of [Tom James] within geographical boundaries of the sales territory in which [Mr. Green] calls on, solicits, or deals with customers or is assigned as a Salesperson while employed by [Tom James]. The parties agree that the present sales territory is hereby defined as the following: the City of Hartford, CT, plus fifty (50) miles in every direction measured from the city boundaries.
>
> [Mr. Green] and [Tom James] agree that the aforementioned sales territory may be modified by a written addendum to a different sales territory in the event of a mutually agreed-upon transfer.
>
> [Mr. Green] expressly agrees that, upon a breach or violation of any of the provisions of the restrictive covenant, [Tom James], in addition to all other remedies as provided by law, shall be entitled as a matter of right to injunctive relief in any court of competent jurisdiction.

<u>See</u> Employment Agreement at ¶ 7; Verified Complaint at ¶ 26.

Mr. Green was employed by Tom James for more than 13 years, from 1988 to 2001. <u>See</u> Verified Complaint at ¶ 21. Over the course of his employment with Tom James, Mr. Green worked as a sales professional and sales leader, and was assigned principally to the greater Hartford, Connecticut, area. <u>See</u> Verified Complaint at ¶ 35.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Mr. Green tendered a letter of resignation, dated December 12, 2001, to his supervisor announcing that he intended to quit working for Tom James. See Verified Complaint at ¶ 53.

Virtually immediately upon his resignation from Tom James, Mr. Green formed Trace Apparel and engaged, and continues to engage, in the custom-made and made-to-measure clothing business within a fifty-mile radius of Hartford, Connecticut, in direct competition with Tom James and in violation of the parties' Employment Agreement.[3] See Verified Complaint at ¶ 57. Furthermore, Mr. Green has utilized, and continues to utilize, Tom James' customer information in operating Trace Apparel. See Verified Complaint at ¶ 58-60. Mr. Green retained customer lists of Tom James' customers and Defendants have used this confidential and proprietary information to solicit sales from these Tom James' customers. See Verified Complaint at ¶ 58-60. Defendants' conduct is a direct and blatant violation of both the Disclosure of Information and Restrictive Covenant provisions set forth in the parties' Employment Agreement. See Employment Agreement at 5, 7.

Defendants' unlawful operation of a competing made-to measure clothing business and Mr. Green's disclosure of Tom James' confidential and proprietary and trade secret information in connection with operating Trace Apparel has directly

---

[3] Indeed, the evidence obtained through discovery thus far conclusively demonstrates that Defendants were unlawfully selling custom-made and made-to-measure clothing to customers in the Hartford area as early as January 2002, just one month after Mr. Green's resignation from Tom James. However, as discussed infra, the allegations contained in the Verified Complaint are accepted as true for purposes of ruling upon the instant Motion.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

damaged Tom James.  Tom James has suffered considerable loss of business opportunity that would have been realized by purchases from the customers formerly serviced by Mr. Green who now conduct business with Defendants' competing clothing business.  Indeed, the majority of those customers previously assigned to Mr. Green while he was employed by Tom James have not purchased from Tom James as a direct result of Defendants' ongoing competition.  See Verified Complaint at ¶ 68.

**ARGUMENT**

Rule 12(c) of the Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings after the pleadings in an action have been closed.  See Fed. R. Civ. P. 12(b)(6).  In determining a 12(c) motion, courts apply the same standard as that applicable to a motion made pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  See, e.g., D'Alessio v. New York Stock Exchange, Inc., 258 F.3d 93, 99 (2d Cir. 2001); Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999).  The allegations contained in the complaint must be accepted as true and all reasonable inferences must be made in favor of the nonmovant.  See e.g., D'Alessio, 258 F.3d at 99; Burnette, 192 F.3d at 56.  Claims should be dismissed only if it is clear, beyond any doubt, that the alleging party can prove no set of facts in support of its claims that would entitle it to relief.  See, e.g., Ambase Corp. v. City of Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003) (citing Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998));  Leventhal v. Tow, 48 F. Supp. 2d 104, 110 (D. Conn. 1999)

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

(quotation omitted). Tom James respectfully submits that the instant motion must be denied in its entirety because the Verified Complaint sets forth valid grounds for injunctive relief.

### A. The Verified Complaint Alleges Valid Causes of Action that Provide Legally Sufficient Grounds Upon Which Injunctive Relief Can Properly Be Afforded

Defendants ineffectively attempt to preclude the injunctive relief sought by Tom James on the basis that the restrictive covenant contained in the parties' Employment Agreement has expired. See Defendants' Memorandum in Support of Motion for Judgment on the Pleadings, dated February 12, 2004 ("Defendants' Memorandum") at 1, 4. Defendants erroneously argue that, therefore, the injunctive relief sought by Tom James is legally unavailable. However, the mere passage of time does not extinguish Tom James' ability to properly enforce its rights and obtain proper redress for Defendants' unlawful conduct, either pursuant to the Employment Agreement or in equity. Defendants' would have the Court, sitting in equity, ignore Defendants' blatant and admitted violation of the covenant not to compete and effectively reward Defendants for their breach. Such a result cannot occur.

#### 1. The Mere Passage of Time Does Not Extinguish Tom James' Right to Injunctive Relief Pursuant to the Employment Agreement

Defendants' contention that Tom James' request for injunctive relief is mooted by the passage of time and thus legally insufficient is without merit. See Defendants'

- 8 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Memorandum at 8. Rather, the terms of a covenant not to compete may be extended beyond its stated expiration date as a remedy for a breach of the parties' agreement. See Perception, Inc. v. Sensor Adaptive Mach., Inc., 221 F.3d 913, 921 (6th Cir. 2000); Basicomputer v. Scott, 973 F.2d 507, 512-13 (6th Cir. 1992); Overholt Crop Ins. Serv. Co. v. Travis, 941 F.2d 1361, 1371-72 (8th Cir. 1991); Levitt Corp. v. Levitt, 593 F.2d 463, 468-69 (2d Cir. 1979); Thermatool Corp. v. Borzym, 575 N.W.2d 334, 337 (Mich. Ct. App. 1998). Indeed, Connecticut courts have granted injunctive relief pursuant to noncompete agreements for periods of time that extend beyond the time period originally set forth in the parties' agreement. See Eastcoast Guitar Ctr., Inc. v. Tedesco, No. CV990337066S, 2000 WL 195097 (Conn. Super. Ct. Feb. 7, 2000) (attached hereto as Exhibit A) (enforcing a noncompete agreement and enjoining a former employee from competing with former employer for a period of one year from the date of the court's order); KX Indus., LP v. Saaksi, No. CV960386806S, 1997 WL 583629 (Conn. Super. Ct. Aug. 29, 1997) (attached hereto as Exhibit B) (enjoining a former employee for a time period extending beyond the time set forth in original noncompete agreement).

"[I]t is beyond cavil that a district court sitting in equity may devise a remedy that extends or exceeds the terms of a prior agreement between the parties if it is necessary to make the injured parties whole." Levitt Corp. v. Levitt, 593 F.2d 463, 469 (2d Cir. 1979) (citation omitted). In Levitt Corp., the United States Court of Appeals for the Second Circuit affirmed an injunction prohibiting a defendant from publicizing his

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

participation in a new venture for a period of two years, even though this time period extended beyond the time originally set forth in the parties' noncompete agreement. See Levitt Corp., 593 F.2d at 468-69.  The district court, whose order was affirmed "in all respects" by the Second Circuit, acknowledged that even though the injunction issued exceeded the parties' original agreement, the extension of the noncompete agreement was necessary to counteract the damage suffered by the plaintiffs as a result of the defendant's unfair competition.  See Levitt Corp., 593 F.2d at 467.

In ruling upon a Rule 12(b)(6) motion,[4] a court's task is merely to assess the legal feasibility of the claims.  See Ambase Corp., 326 F.3d at 72 (internal quotations omitted); Leventhal, 48 F. Supp. 2d at 111.  Tom James' request for injunctive relief remains a legally sufficient claim pursuant to which relief may be afforded, regardless of whether two years have past from the date of Mr. Green's termination of employment with Tom James.  See Overholt, 941 F.2d at 1372 (extending the injunction beyond the original term of the restrictive covenant); Levitt Corp., 593 F.2d at 469 n.10 (providing that a district court has broad discretion in framing an injunctive decree responsive to the particular facts in an unfair competition suit and extending the injunction beyond the original term of the noncompete agreement); Eastcoast Guitar Ctr., 2000 WL 195097, at *2 (enforcing noncompete agreement and enjoining a former employee from unlawful competition for one year from the date of the court's order).  Defendants have failed to

---

[4] As previously discussed, the determination of a motion made pursuant to Rule 12(c) is governed by the standard applicable to a Rule 12(b)(6) motion.  See D'Alessio, 258 F.3d at 99.

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

establish, as they cannot, that Tom James cannot be afforded the injunctive relief it seeks as a matter of law.[5]  Accordingly, Tom James respectfully submits that the instant Motion must be denied.

Additionally, the express language of the Employment Agreement affords Tom James further grounds upon which to seek injunctive relief.  Defendants claim to find support for their arguments from the express terms of the Employment Agreement itself (see Defendants' Memorandum at 1, 4, 7, 9), yet, Defendants ignore the remaining language of the provision in which "[Mr. Green] expressly agrees that, upon a breach or violation of any of the provisions of the restrictive covenant, [Tom James], in addition to all other remedies as provided by law, <u>shall be entitled as a matter of right to injunctive relief</u> in any court of competent jurisdiction."  Employment Agreement at ¶ 7 (emphasis added); Verified Complaint at ¶ 26.

The parties expressly agreed that injunctive relief would be a proper remedy available to Tom James in the event that the Restrictive Covenant provision was breached.  See  Employment Agreement at ¶ 7; Verified Complaint at ¶ 26.  Almost immediately upon Mr. Green's resignation from Tom James, Defendants commenced unlawfully competing with Tom James in the custom-made and made-to-measure

---

[5] Indeed, even the Second Circuit decision cited by Defendants fails to lend support to their arguments in this regard.  See American Fed. Group, Ltd, v. Rothenberg, 136 F.3d 897, 903 n.2 (2d Cir. 1998); Defendants' Memorandum at 8.  In Rothenberg, the Court of Appeals noted that the plaintiff's claims for injunctive relief seeking an accounting and constructive trust were not at issue in the appeal and the relief was likely abandoned as duplicative of the relief recoverable as damages.  See Rothenberg, 136 F.3d at 903 n.2.  Contrary to Defendants' mischaracterization of the language set forth in footnote 2 of the opinion, the mere passage of time did not "justify" confinement of the trial to the claims for money damages.  See id.; Defendants' Memorandum at 8.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

clothing business within a fifty-mile radius of Hartford, Connecticut, in direct violation of the Restrictive Covenant.  See Verified Complaint at ¶ 57.  Accordingly, as the express terms of the parties' Employment Agreement provide grounds for the injunctive relief sought by Tom James, the instant Motion should be denied.

### 2. The Court May Fashion Appropriate Injunctive Relief in Equity

In addition to its claims for breach of the Employment Agreement, Tom James has also asserted a cause of action based upon Defendants violation of the Connecticut Unfair Trade Practices Act C.G.S. §§ 42-110a to 110q ("CUTPA").  See Verified Complaint at Seventh Count.  Inasmuch as the Court is empowered to fashion an appropriate equitable remedy and grant the injunctive relief Tom James seeks as redress for Defendants' violation of CUTPA, the instant Motion must be denied.

As a remedial statute, CUTPA is to be construed liberally in order to effectuate its public policy goals.  See Associated Inv. Co. Ltd P'ship v. Williams Assoc., 230 Conn. 148, 158-60 (1994).  If a practice is found to be unfair under CUTPA, a court may, in its discretion, order injunctive or other equitable relief either in addition to or in lieu of damages.  See C.G.S. §§ 42-110g(a), (d); Associated Inv. Co., 230 Conn. at 160.  Accordingly, as the Court may grant injunctive relief to rectify the damage caused by Defendants' unscrupulous conduct, judgment on the pleadings for failure to state a claim upon which relief may be granted is inappropriate.

- 12 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Furthermore, a breaching party should not be rewarded merely because the noncompete agreement has expired. See Perception, Inc., 221 F.3d at 921 (quotation omitted). Enforcement of a noncompete agreement, notwithstanding its expiration, is appropriate where the enforcement is necessary to avoid injustice. See Thermatool Corp. v. Borzym, 575 N.W.2d 334, 338 (Mich. Ct. App. 1998). Indeed, dismissal the injunctive relief sought by Tom James merely because the time period provided for in the Employment Agreement has passed during the pendency of the instant litigation would only serve to reward Defendants for their deliberate and purposeful breach of the Employment Agreement, thus frustrating CUTPA's remedial purpose. As Defendants failed to establish that Tom James does not have a legally sufficient claim for the grant of injunctive relief, the instant motion should be denied.

**B.  The Court Has Subject Matter Jurisdiction over Tom James' Request for Injunctive Relief**

Defendants' argument that the Court lacks subject matter jurisdiction over Tom James' request for injunctive relief the request is moot is misplaced and unfounded. As previously discussed, Defendants have failed to establish that the injunctive relief sought by Tom James is unavailable. As such, Defendants' tenuous argument urging lack of subject matter jurisdiction must also fail.

Although a district court lacks jurisdiction over matters that have become moot, the present matter does not constitute such a circumstance. A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in

- 13 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the outcome." British Int'l Ins. Co. Ltd v. Seguros La Republica S.A., 354 F.3d 120, 122 (2d Cir. 2003) (quotation omitted); see Deshawn E. v. Safir, 156 F.3d 340, 345 (2d Cir. 1998). As clarified by Court of Appeals for the Second Circuit in Fox v. Bd. of Trustees of the State Univ. of New York, a case cited by Defendants in their Memorandum, a claim for injunctive relief becomes moot "absent a claim for damages, [because] it becomes impossible for the courts, through the exercise of their remedial powers, to do anything to redress the injury." Fox v. Bd. of Trustees of the State Univ. of New York, 42 F.3d 135, 140 (2d Cir. 1994).

Tom James' request for injunctive relief is not moot, and therefore, not properly subject to a claim for dismissal for lack of subject matter jurisdiction. Defendants have unlawfully operated, and continue to operate, a custom-made clothing and apparel business since Mr. Green left Tom James' employ, in blatant disregard for their contractual obligations. See Verified Complaint at ¶ 57. In doing so, Defendants have unlawfully used Tom James' proprietary and trade secret information to solicit sales from Tom James' customers to Tom James' detriment. See Verified Complaint at ¶ 58-60.

Such unscrupulous and unfair business conduct may be redressed by the injunctive relief sought by Tom James, either by extending the contractual covenant not to compete previously disregarded Defendants or by the remedial scheme provided by CUTPA. While the determination of what relief should ultimately be afforded to redress the damages incurred by Tom James as a result of Defendants' conduct is not an issue

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

before the Court for purposes of the instant Motion, any argument by Defendants, however, that Tom James does not have a legally cognizable claim -- a personal stake in this matter -- that could potentially be redressed by injunctive relief would be disingenuous. Indeed, one of the purposes of the Restrictive Covenant contained in the Employment Agreement is to transition the customers previously serviced by a former employee to other Tom James' sales professionals and maintain these valuable customer relationships. <u>See</u> Employment Agreement at 7; Verified Complaint at ¶ 54-56. Accordingly, the instant Motion must be denied as Tom James' request for injunctive relief is not moot and the Court has proper subject matter jurisdiction over the relief sought by Tom James in the Verified Complaint.

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, respectfully requests that the Court deny Defendants' Motion for Judgment on the Pleadings, dated February 12, 2004, in its entirety.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

HALLORAN
& SAGE LLP

Dated: March 4, 2004
      Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF
TOM JAMES COMPANY


By:_____
   Thomas J. Finn
   Federal Bar No.: ct 20929
   Paula Cruz Cedillo
   Federal Bar No.: ct 23485
   HALLORAN & SAGE LLP
   One Goodwin Square
   225 Asylum Street
   Hartford, Connecticut 06103
   (860) 522-6103

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

     This is to certify that on this 4th day of March, 2004, a copy of the foregoing was either mailed, postage prepaid, or hand-delivered to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

 

_____
Thomas J. Finn

520349

- 17 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105