UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | MARCH 4, 2004 |

**<u>AFFIDAVIT OF THOMAS J. FINN IN SUPPORT OF
MEMORANDUM OF LAW IN OPPOSITION TO MOTION
FOR CONTEMPT AND CROSS-MOTION FOR SANCTIONS</u>**

I, Thomas J. Finn, do hereby swear and affirm as follows:

1. I am an attorney with the law firm of Halloran & Sage LLP, attorneys for the plaintiff, Tom James Company ("Tom James"), in the above-captioned matter. I make this affidavit in connection with Tom James' Memorandum of Law in Opposition to Motion for Contempt and Cross-Motion for Sanctions, dated March 4, 2004 ("Memorandum").

2. Tom James served requests for production on the defendants, Trace Apparel LLC ("Trace Apparel") and J. Tracy Green ("Mr. Green") (collectively referred to as "Defendants") on or about August 13, 2003. In anticipation of the production of

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

documents throughout the discovery process, counsel for the parties agreed to the execution of protective orders in order to properly safeguard confidential information.

3.   As each party sought to protect their own particular information, two separate protective orders were proposed and negotiated, each governing the production of documents from each party.  In early October 2003, counsel for Tom James provided counsel for Defendants, Peter Olson ("Mr. Olson"), drafts of two proposed protective orders.

4.   During negotiations concerning the language of the parties' proposed protective orders, I informed Mr. Olson that Tom James would not stipulate to a sealing provision concerning Defendants' production of materials and thus the proposed protective order governing Defendants' production of documents did not contain such a provision.  However, the proposed protective order governing Tom James' production of documents did contain a sealing provision in order to properly protect Tom James' trade secrets.  Mr. Olson made no objection.  Indeed, the only substantive modification to the proposed protective order as drafted made by Defendants' counsel was the inclusion of paragraph 9.

5.    The parties ultimately stipulated to a protective order governing Defendants' production of documents that did not require any documents be filed with the Court under seal.  This protective order was ultimately approved by the Court.

6.   Upon Defendants production of documents in response to Tom James' discovery requests, Mr. Olson traveled to the offices of Halloran & Sage LLP and

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

personally categorized and redacted the documents, as he saw fit, pursuant to the terms of the Protective Order.

7. On or about November 26, 2003, Tom James filed an Application for Prejudgment Remedy, to which it appended certain evidence it received from Defendants through discovery. Following the filing of the prejudgment remedy application, Mr. Olson contacted me by telephone and demanded that I and my colleague who participated in the conference, Paula Cruz Cedillo, take steps to seal certain documents that had been appended to the Application. We declined to do so as the Protective Order contained no such sealing requirement.

8. During this telephone conference, Mr. Olson expressly agreed that the act of filing these documents not under seal was not a "technical violation" of the Protective Order. However, Mr. Olson went on to contend that although there was no "technical violation," the filing of the documents constituted a violation of the "spirit" of the Protective Order.

9. We disagreed with Mr. Olson's position and reminded him that during the negotiations which occurred regarding the terms of the Protective Order, Tom James had refused to stipulate to a sealing provision with respect to Defendants' document production.

10. Tom James filed a Motion to Compel Electronic Discovery, dated December 18, 2003, to which it appended evidence in support for the Court's review and consideration. As a result, Defendants' counsel again demanded that Tom James take

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

action to seal these documents. However, as the sealing of documents is not required by the Protective Order, Tom James properly declined to do so.

_____
Thomas J. Finn

Signed and sworn to before me on this 4th day of March, 2004.

_____
Commissioner of the Superior Court

522432

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105