**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TOM JAMES COMPANY, | CIVIL ACTION NO. |
| PLAINTIFF | 3:03cv00596 (JBA) |
| VS. | |
| J. TRACY GREEN, ET AL. | March 17, 2004 |
| DEFENDANTS | |

## REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

The defendants J. Tracy Green (hereinafter, "Green") and Trace Apparel, LLC (hereinafter, "Trace") hereby reply to the memorandum in opposition to their motion to compel, filed by the plaintiff Tom James Company (hereinafter, "Tom James"). For the reasons set forth herein, and for the reasons set forth in the original memorandum in support of the motion to compel, the motion should be granted.

I.    **ARGUMENT**

A.    **TOM JAMES HAS NOT YET COMPLIED WITH REQUEST FOR PRODUCTION NOS. 5 AND 18.**

Tom James asserts in its memorandum in opposition that it has "previously agreed to provide relevant information responsive to these requests" and that it would "confirm that responsive documents have been produced." See, Memo. Opp. Mot. Compel, March 4, 2004 [Doc. No. 83] at 4, n.1. Unfortunately, while these statements are accurate, to date, Tom James has not actually produced the requested documents. As such, the motion should be granted on this point.

B.    **TOM JAMES CAN ONLY EVADE PRODUCTION OF ITS PRICING INFORMATION IF IT ABANDONS ITS CLAIM FOR DAMAGES**

Tom James' argument to avoid compliance with Interrogatory nos. 2-7 and Request for Production No. 14 is disingenuous at best.  Tom James makes the offensive and disrespectful argument that because Tom James has made allegations of a breach of contract by the defendants, it necessarily follows that the defendants would refuse to comply with a confidentiality or protective order of the Court.  This is certainly no basis on which to withhold production of the very evidence that Tom James needs to prove its case.

As stated in the defendants' original memorandum, damages for breach of a restrictive covenant are measured by the nonbreaching party's losses rather than the breaching party's gains. *Robert S. Weiss and Associates, Inc. v. Wiederlight*, 208 Conn. 525, 542, 546 A.2d 216, 226 (1988).  The information sought is direct evidence of these alleged losses, and as such, more than satisfies the federal discovery standard that the requests be reasonably calculated to lead to the discovery of admissible evidence.

Tom James does not get to pick and choose which relevant evidence it produces, and certainly should not be permitted to force the defendants to accept its self-serving summaries of the relevant information.  Any concerns it has about the confidentiality of this information can be dealt with in a protective order from the Court, which the defendants have already offered to put into place.  As noted in the

original memorandum, it is the height of unfairness for Tom James to initiate litigation, claim damages, and then refuse to produce the very documents that enable the Court to establish those damages.  The motion to compel must be granted.

C.    **REQUEST FOR PRODUCTION NOS. 22-23**

Tom James' opposes the motion to compel as to these requests on two grounds:  that the statutes supposedly prohibit production of the information, since it might be contained in a personnel file, and that the information is not relevant. Neither argument is sufficient to defeat the discovery requests.

First, Tom James misrepresents the effect of the very statute on which they rely, and omits key portions of it.  It is true that Conn. Gen. Stat. § 31-128f provides <u>limitations</u> on the disclosure of employee information to third parties.  However, this statute does not confer a general privilege or confidential status on the personnel files of private institutions.  *See*, *Rosado v. Bridgeport Roman Catholic Diocesan Corp.*, Connecticut Superior Court, judicial district of Fairfield at Bridgeport, docket no. CV 93 0300272 S, 1994 WL 700344, at *1 (December 8, 1994, Levin, J.)[1]

The statute provides, in part, that

No individually identifiable information contained in the personnel file or medical records of any employee shall be disclosed by an employer to

---

[1] Copies of unreported decisions referenced herein are attached hereto as Exhibit A.

-3-

> any person or entity not employed by or affiliated with the employer without the written authorization of such employee except where the information is limited to the verification of dates of employment and the employee's title or position <u>and wage or salary</u> or <u>where the disclosure is made:</u> … <u>(2) pursuant to a lawfully issued administrative summons or judicial order, including a search warrant or subpoena, or in response to a government audit or the investigation or defense of personnel- related complaints against the employer</u> …

Conn. Gen. Stat. § 31-128f (emphasis added).  As such, the statute not only does not impose a blanket prohibition against the production of personnel files, but in fact specifies the very circumstances under which they can and should be produced.

First, however, the requests made by Green and Trace are specifically excluded by the terms of the statute, because Green and Trace do not seek personnel files, and even if the requests can be construed as such, the requests do not seek wage or salary information, which is excluded by the statute.

> Request for Production No. 22.  Produce copies of all documents concerning income earned by David Wykle from 1999 to 2003, including, *inter alia*, copies of tax reporting statements issued to Mr. Wykle, documents concerning his unit production, and documents concerning his team production.

> Request for Production No. 23.  Produce copies of documents concerning any loans made to David Wykle during the time period 1999 to 2003.

Since the requests relate strictly to financial matters, they are excluded from protection by the terms of the statute.

Second, even if the information is contained in a personnel file, or is not specifically excluded by the statute, the request is sufficiently narrow to permit production without implicating the concerns sought to be protected by the statute.

-4-

"The disclosure of such information must be carefully tailored to a legitimate and demonstrated need for such information in any given case." *Zito v. Sports Authority, Inc.*, Connecticut Superior Court, docket no. CV 99 0495291 S, 2000 WL 1337666, at *2 (August 28, 2000, Kocay, J.), citing *Rosado*, *supra*, 1994 WL 700344, at *2. As a result, the analysis for the court is not a question of whether it is disclosable at all, but, whether the information sought is relevant and whether special protections are warranted.

> Because discovery of matters contained in a ... personnel file involves careful discrimination between material that relates to the issues involved and that which is irrelevant to those issues, the judicial authority should exercise its discretion in determining what matters should be disclosed.

*Rosado*, *supra*, 1994 WL 700344, at *2.

Here, it is important that Green and Trace do not seek production of Mr. Wykle's personnel file, but rather seek information that, while might be found in such a file, should be readily available from sources other than the personnel file. As such, the information is not subject to the same concerns as might surround a request for evaluations or disciplinary reports. In short, the requests do not seek to delve into Mr. Wykle's performance evaluations, or other personnel records, but rather go to the revenues generated by Tom James and the manner in which it supported its employees.

As noted in their original memorandum, Green and Trace have already offered to enter into a protective order concerning this information. Should the Court

determine that additional protections are warranted, Green and Trace are amenable to that.  However, the information should be produced.

Tom James makes a half-hearted argument that the information is not relevant, because "motive" is not relevant to a breach of contract claim.  This argument reflects a misunderstanding of Green's defenses to this action.  Green alleges that Tom James engaged in illegal conduct, in that it made employment decisions adverse to Green because of his race.  The public policy of the state and federal governments, as expressed in the statutes on which Green relies, is that this conduct is not to be permitted.  Green does not solely allege a simple breach of contract, but rather alleges a course of illegal conduct.

The document requests are designed to seek out relevant information to support these claims.  In particular, Tom James' actions to promote and encourage a less qualified, but white, employee, while at the same time inhibiting Green's career, may constitute the very illegal conduct complained of.

Tom James' argument here is indicative of the manner in which it has litigated this case.  It does not seek to protect itself from liability for disclosure of the information, but rather seeks to prevent Green and Trace from gaining access to the information.  Accordingly, Tom James does not seek a protective order, or *in camera* review, or even merely state that a judicial order is all that is necessary to protect it.  Instead, it refuses to produce the information.  This conduct can not be condoned by the Court, and the information sought must be produced.

II.     **CONCLUSION**

For the reasons set forth herein, and for the reasons set forth in Green's initial

memorandum in support of the motion to compel, the motion should be granted.

THE DEFENDANTS/
COUNTERCLAIM PLAINTIFFS
J. TRACY GREEN
TRACE APPAREL, LLC


By: _____//ss//_____
Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on March 17, 2004 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

      Thomas J. Finn
      Paula Cruz Cedillo
      Halloran & Sage LLP
      One Goodwin Square
      225 Asylum Street
      Hartford, Connecticut 06103
      860.522.6103
      Facsimile 860.548.0006

                            //ss//
                        Thomas A. Rouse, Fed. Bar No. ct01326
                        Peter S. Olson, Fed. Bar No. ct16149

BPRT/67708.2/PSO/510396v1