UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>                             PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>                          DEFENDANTS | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br><br><br>March 17, 2004 |

**MEMORANDUM IN OPPOSITION TO CROSS-MOTION FOR SANCTIONS**

      The defendants J. Tracy Green (hereinafter, "Green") and Trace Apparel, LLC (hereinafter, "Trace") hereby submit this memorandum in opposition to the cross-motion for sanctions filed by the plaintiff Tom James Company (hereinafter, "Tom James"). The cross-motion is dated March 4, 2004, and is docketed as Document No. 82. For the reasons set forth herein, the motion must be denied.

**I.    FACTUAL BACKGROUND**

      On November 6, 2003, this Court entered a Protective Order for Confidential and Proprietary Information Provided By Trace Apparel, LLC and J. Tracy Green ([Doc. No. 25]) (hereinafter the "Protective Order"). The Protective Order applies to confidential and proprietary information produced by Green and Trace, including documents and information relating to persons who purchased clothing or accessories from Green and Trace. Pursuant to the Protective Order, disclosure of such confidential information is limited to the parties and their counsel.

Subsequently, in its Memorandum of Law in Support of Prejudgment Remedy [Doc. No. 32] and its Motion to Compel Electronic Discovery [Doc. No. 42], Tom James filed in the public court file, and in the publicly available online docket, various exhibits disclosing defendants' confidential client information.  Tom James took no steps to protect this information prior to filing it, despite the simple process maintained by the clerk's office to protect confidential information from view on the online docket.

Subsequently, Tom James' counsel was asked on three separate occasions by defendants' counsel to take steps to seal this information, and he refused.  *See*, Affidavit of Peter S. Olson in Support of Motion to Seal and for Contempt, February 5, 2004, at ¶ 3 and 5 [Doc. No. 73].  Accordingly, Green and Trace were forced to file a motion to seal this information in order to protect their confidential client information.  See, Motion to Seal and for Contempt, February 5, 2004 [Doc. No. 72].

On February 24, 2004, the Court (Margolis, U.S.M.J.) granted that portion of the motion as requested that the documents be sealed, and ordered that Tom James brief the issue of whether it was in contempt of the Protective Order.  At this point, the documents are sealed in the court file, and not available on the online docket.  As such, Green and Trace have secured the relief that they sought, the very relief that Tom James refused to voluntarily address.  In order to secure the protection of their confidential information, which is nothing more than was contemplated when they negotiated a protective order prior to producing the

information, they were forced to file a motion with the court, and incur the expense to do so. Even though the motion has already been granted, presumably establishing that it was not frivolously made, Tom James now seeks sanctions against Green and Trace for the filing of the motion.

## II.  ARGUMENT

### A.  TOM JAMES FAILED TO COMPLY WITH FED. R. CIV. P. RULE 11 PRIOR TO FILING A MOTION FOR SANCTIONS.

In its haste to seek a strategic advantage in the Court's consideration of the contempt portion of the motion to seal, Tom James overlooked a crucial prerequisite to the filing of a motion for sanctions. Tom James motion for sanctions is premised upon an argument that the motion to seal and for contempt is "nonsensical and unfounded". *See*, Memo. Opp. Mot. Contempt, March 4, 2004, at 10 [Doc. Nos. 81-82]. Although Tom James fails to cite any authority for sanctions in this context, presumably, it argues that the motion to seal and for contempt in some way violated Fed R. Civ. P. Rule 11 (b).

That rule identifies four specific requirements that constitute representations of counsel made to the Court by presenting a pleading. Again, Tom James fails to even identify which section the motion is alleged to have violated. However, Rule 11 (b) (2) requires that legal contentions and claims be "warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law", and Rule 11 (b) (3) requires that there be evidentiary support for the allegations and factual assertions.

Green and Trace obviously submit that the motion to seal and for contempt complied with the provisions of this rule, and as such, the motion for sanctions is unwarranted. However, the Court should not even consider the motion for sanctions at all, because Tom James failed to comply with a crucial aspect of Rule 11. The rule specifically prohibits the filing of a motion for sanctions <u>unless</u> the moving party first provides a safe harbor of 21 days to consider the claims in the motion and determine whether to withdraw or correct the motion. Fed. R. Civ. P. Rule 11 (c) (1) (A). Tom James never took any steps in compliance with this rule.

Again, Tom James' filing of a cross-motion for sanctions, even after the Court had granted a portion of the underlying motion, was designed to make a strategic point. Had it complied with the provisions of the rule, this point could not have been made. Instead, Green and Trace have been forced to expend additional time and money responding to a cross-motion that should never have been filed in the first place.

Accordingly, Green and Trace submit that the Court must deny the cross-motion for sanctions outright. Additionally, Tom James' failure to comply with the federal rules prior to filing its motion for sanctions warrant an award to Green and Trace, pursuant to Fed. R. Civ. P. Rule 11 (c) (1) (A), for the reasonable expenses and attorneys fees incurred in responding to this improper motion.

B.  **<u>THE MOTION TO SEAL AND FOR CONTEMPT WAS WARRANTED</u>**

Green and Trace will not repeat here their arguments concerning the motion

to seal and for contempt, and instead will refer to the memorandum of law in support thereof, dated February 5, 2004 [Doc. No. 72], and to their reply memorandum filed this day.  It is sufficient that the filing of the motion would not have been necessary at all had Tom James not evidenced a callous disregard for the legitimate confidentiality concerns of Green and Trace.

There is simply no reason that Tom James should be creating such a contentious issue over whether information that clearly falls within the enumerated scenarios for a protective order under Fed. R. Civ. P. Rule 26 (c) should, indeed, be kept confidential.  It is outrageous that Tom James would go to such lengths to harass the defendants in this case that it would disclose confidential information to the public, and then, when the Court properly sealed the information, request that the information be <u>unsealed</u>!  *See*, Memo. Opp. Mot. Seal, supra, at 2, n.2.  This speaks volumes as to Tom James' intent in this litigation, and its corresponding abuse of the judicial process to harass a former employee.

In any case, the cross-motion for sanctions is meritless, as the motion to seal and for contempt was necessary to protect Green and Trace's confidential information.  As such, it should be denied.

### III. **CONCLUSION**

Wherefore, for the foregoing reasons, Green and Trace respectfully request that the Court deny the cross-motion for sanctions, and enter an award of the reasonable attorneys fees and expenses incurred in responding to the cross-motion, pursuant to Fed. R. Civ. P. Rule 11 (c) (1) (A), due to Tom James' failure to comply with the provisions of that rule prior to filing the cross-motion.

                                THE DEFENDANTS/
                                COUNTERCLAIM PLAINTIFFS
                                J. TRACY GREEN
                                TRACE APPAREL, LLC


By: _____//ss//_____
Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, CT  06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on March 17, 2004 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

Thomas J. Finn
Paula Cruz Cedillo
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
860.522.6103
Facsimile 860.548.0006

                                                                //ss//
                                     Thomas A. Rouse, Fed. Bar No. ct01326
                                     Peter S. Olson, Fed. Bar No. ct16149

BPRT/67708.2/PSO/510187v1