UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY,<br><br>         PLAINTIFF<br><br>VS.<br><br>J. TRACY GREEN, ET AL.<br><br>         DEFENDANTS | CIVIL ACTION NO.<br>3:03cv00596 (JBA)<br><br><br><br><br>March 18, 2004 |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO SEAL DOCUMENTS AND FOR CONTEMPT

The defendants, J. Tracy Green (hereinafter, "Green") and Trace Apparel, LLC (hereinafter, "Trace") hereby submit this brief reply memorandum in connection with their motion to seal and for contempt.  On February 24, 2004, the Court (Margolis, J.) granted the motion in part, and sealed the documents that Green and Trace sought to have sealed.  As such, the primary purpose of the motion has been accomplished.  However, given the position taken by the plaintiff Tom James Company (hereinafter, "Tom James") in its opposition to this motion, it is clear that additional relief is necessary to avoid future recurrences of the same problem.

Tom James' opposition ignores the fundamental purpose of the protective order in the first place:  to protect confidential information from disclosure to third

parties. In fact, Tom James does not seriously dispute that the documents in question constituted confidential customer information, as to which Green and Trace were entitled to special protection from disclosure.

Instead of confronting this issue head on, Tom James relies on *ad hominem* attacks on defense counsel, which it felt the need to support with not one, but two affidavits, concerning the negotiations surrounding the protective order. This argument ignores the purpose of the Protective Order, and the language contained in the Protective Order itself. In fact, through its consent to the Protective Order, Tom James specifically acknowledged that the information sought was confidential in nature.

> 2. The parties have agreed that Tom James' subpoenas seek documents that may contain trade secrets, consisting of information that either identifies, or can be used to identify, customers of Green and/or Trace.
>
> 3. The parties have discussed the necessity to retain the confidential nature of this information, yet still allow both parties to fairly present their causes.

Protective Order, November 6, 2003 [Doc. No. 25]. As a result of this recognition, the parties specifically agreed that the use of such information would be limited.

> 6. The following restrictions on the use of information classified as Category One shall apply:

> a. The documents and the information contained therein shall be used by Tom James for the conduct of or in connection with this lawsuit and the formulation of Tom James' strategy herein; and may also be used by Tom James in connection with other legal action in which Tom James is a party in interest or a potential party in interest.
>
> b. Upon conclusion of the lawsuit, the original documents shall be returned to Green and/or Trace, recognizing that Halloran & Sage in Hartford will be the principal repository of all such documents until their return.

Protective Order, November 6, 2003 [Doc. No. 25]. Thus, not only did the parties contemplate that only limited use would be made of the information disclosed by the third parties, but they also recognized that Green and Trace had a legitimate interest in the permanent custody of the records.

Despite this clear recognition in the protective order, Tom James proceeded to file the documents in the public court file, and also in the online docket, accessible and viewable to anybody in the world that possesses a PACER password. This directly contravenes the protective order.

Additionally, there really is no question that the documents posted were indeed subject to a protective order. As such, the protections afforded by D. Conn. L. Civ. R. Rule 5 (d) (2) directly apply.

> Counsel filing documents which are, or may be claimed to be, subject to any protective or impounding order previously entered shall … submit such documents to the Clerk under seal

D. Conn. L. Civ. R. Rule 5 (d) (2).  Tom James' focus on drafting negotiations ignores this provision.  There was no requirement that a sealing provision be included in the Protective Order, because the local rules supplied one.  Tom James' actions in filing the documents without taking sealing steps violated this rule, and violated the Protective Order.

It is curious that Tom James would go to such lengths to deliberately disclose confidential information, and then continually refuse to take even minimal steps to protect that confidentiality.  Green and Trace informally and formally asked Tom James to take curative steps on three occasions, and were forced to file this motion with the court.  This was required even though the electronic filing rules contain a simple provision that allows documents to be filed physically, while not posting them online.  This would certainly have minimized the problem.  Even now, after the Court properly sealed the documents when it partially granted this motion, Tom James questions the correctness of that decision, and asks that the documents be <u>unsealed</u>! *See*, Memo. Opp. Mot. Seal, supra, at 2, n.2.

There is simply no conceivable reason for Tom James to be this vociferous in insisting on a right to disclose Green and Trace's confidential information.  Except, of course, that it is entirely consistent with its patterns thus far in this litigation – an

abuse of the judicial process to harass a former employee, and drive up the cost of defending this lawsuit in the hopes of putting Green and Trace out of business.

Tom James has shown no remorse for its actions, and has shown no willingness to respect the confidential nature of Green and Trace's information in the future, or to comply with the Protective Order.  Accordingly, while the primary purpose of the motion to seal and for contempt has been accomplished, and the documents' confidentiality is now protected, Green and Trace have no choice but to ask the Court to enter the relief originally requested in the motion: that the Court enter an order of contempt against Tom James, award sanctions to Green and Trace, and admonish Tom James of the consequences of failing to comply with the Protective Order in the future.  It is only in this way can Green and Trace be assured that their confidential information will be safe when it is disclosed to Tom James.

WHEREFORE, for the foregoing reasons, and for the reasons set forth in its original memorandum in support of the motion to seal and for contempt, Green and Trace respectfully request that the court grant the motion in full.

THE DEFENDANTS
J. TRACY GREEN
TRACE APPAREL, LLC


By: _____//ss//_____
Thomas A. Rouse, Fed. Bar No. ct06128
Peter S. Olson, Fed. Bar No. 16149
Pullman & Comley, LLC
850 Main Street, P.O. Box 7006
Bridgeport, CT  06601-7006
203.330.2000
Facsimile 203.576.8888
Their Attorneys

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was mailed on March 18, 2004 to all counsel and pro se parties of record.

For the plaintiff TOM JAMES COMPANY:

Thomas J. Finn
Paula Cruz Cedillo
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
860.522.6103
Facsimile 860.548.0006

/ss/
Thomas A. Rouse, Fed. Bar No. ct01326
Peter S. Olson, Fed. Bar No. ct16149

BPRT/67708.2/PSO/510695v1

7