UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                       )
**TOM JAMES COMPANY,**          )
                                       )
          **Plaintiff**     )
                                       )    **CIVIL ACTION NO.**
**vs.**                                  )    **3:03cv00596(JBA)**
                                       )
**J. TRACY GREEN, ET AL**      )
                                       )
         **Defendants**  )    **MARCH  19 , 2004**
_____

## MOTION FOR A PROTECTIVE ORDER

The non-party witness A. Michael Jones in this action represents that:

1. The Plaintiff, Tom James Company, has noticed the deposition of A. Michael Jones, d/b/a Michaels' Finest, a non-party, pursuant to a Subpoena served upon Mr. Jones on March 5, 2004, a copy of which is attached as **Exhibit A.**

2. Such proposed deposition will cause the witness annoyance and/or embarrassment and/or oppression and/or undue burden or expense, for the following reasons:

    (a) The non-party witness has been the subject of threats of legal action by the Plaintiff, Tom James Company;

    (b)    The issues upon which the Plaintiff is seeking to depose the witness concern the issues that would form the basis of subsequent litigation;

    (c)    The inquiry into the business dealings of Michael's Finest that do not involve the Defendants in this matter would be beyond the scope of the present lawsuit, not reasonably calculated to lead to the discovery of admissible evidence relative to any claim or defense in the case at bar and therefore not properly discoverable under Local Rule 26(b); and

    (d)    Any inquiry, under oath, in this matter may prejudice the rights of the non-party witness in a subsequent lawsuit brought by the Plaintiff against the non-party witness.

3.    The Plaintiff has also commanded that the non-party witness bring certain documents to the deposition, namely "Any and all documents concerning the names of clients and customers with whom Michael's Finest has conducted business."

4.    The request to produce said documentation goes beyond the discovery permissible by Local Rules 26(b) as such information is not relevant to the claims at issue between the Plaintiff and the Defendant as no such claim has been articulated in the Plaintiff's Complaint concerning the customers of Michael's Finest and therefore the information sought is not reasonably calculated to lead to

the discovery of relevant evidence in the case at bar.

    5.    The matter was discussed with counsel for the Plaintiff on March 15, 2004, and the parties were unable to reach an agreement concerning the scope of the deposition and request for production of documents, after engaging in a good faith effort to resolve their disputes.

WHEREFORE, the non-party witness, having shown good cause why a protective order should issue, moves, pursuant to Federal Rule of Civil Procedure (26(c) and Local Rule 45(c), that this Court find that justice requires the issuance of a protective order, and that this Court order:

1. That the requested deposition only be had on the following conditions:

   (a) Any and all information, answers and material produced for this deposition be used only to prosecute the above-captioned case;

   (b) That the Plaintiff refrain from using any documents or information obtained in the course of this deposition in any and all other civil matters, subject to further order of the Court;

   (c) That the Plaintiff be prohibited from disclosing the contents of the deposition to any entity or individual not a party to the above-captioned lawsuit;

   (d) That the parties only be allowed to inquire into matters which are reasonably calculated to lead to the discovery of admissible evidence, namely that the business dealings of the non-party witness that do not refer, relate or make reference to the Defendants not be inquired into; and

       (e)       That any disclosure of the contents of the witness' deposition subject counsel and/or the plaintiff to sanctions, as the witness will lack an adequate remedy at law to rectify the disclosure once it has taken place.

   2.       That the following matters not be inquired into and/or that the scope of discovery be limited to the following matters:

       (a)       That the Plaintiff be allowed only to inquire into matters related to the prosecution of the above-captioned case;

       (b)       That any and all questions that refer, relate or make reference to Michael's Finest and/or A. Michael Jones be limited to the issues related to this Complaint; and

       (c)       That the non-party witness be excused from complying with the request to produce documents to the extent that the documents do not relate to the present lawsuit, namely that the non-party witness be excused from producing "[a]ny and all documents concerning the names of clients and customers with whom Michael's Finest has conducted business" as such information is not reasonably calculated to lead to the discovery of relevant evidence.

NON-PARTY WITNESS,
A. MICHAEL JONES
d/b/a MICHAEL'S FINEST


By_____
    DAVID A. DeBASSIO
    Fed. Bar No. ct24365
    LEVY & DRONEY, P.C.
    74 Batterson Park Road
    Farmington, CT  06032
    (860)676-3000
    Its Attorneys

## ORDER

The foregoing Motion having been heard, it is hereby ordered that:

1. Any and all information, answers and material produced for this deposition be used only to prosecute the above-captioned case;

GRANTED/DENIED

2. That the Plaintiff refrain from using any documents or information obtained in the course of this deposition from any and all other civil matters;

GRANTED/DENIED

3. That the Plaintiff be prohibited from disclosing the contents of the deposition to any entity or individual not a party to the above-captioned lawsuit;

GRANTED/DENIED

4. That the Plaintiff be barred from using any and all information obtained from the non-party witness in any other civil, administrative and/or criminal action, specifically that the Plaintiff be prohibited from disclosing the contents of the witness' deposition.

GRANTED/DENIED

5. That any disclosure of the contents of the witness' deposition subject counsel and/or the plaintiff to sanctions, as the witness will lack an adequate remedy at law to rectify the disclosure once it has taken place.

GRANTED/DENIED

      6.    That the non-party witness be excused from complying with the request to produce documents to the extent that the documents do not relate to the present lawsuit, namely that the non-party witness be excused from producing "[a]ny and all documents concerning the names of clients and customers with whom Michael's Finest has conducted business."

      GRANTED/DENIED

      BY THE COURT

      _____
      Judge/Clerk/Assistant Clerk

**CERTIFICATION**

  I hereby certify that a copy of the foregoing has been sent on this 19th day of March, 2004, via First Class, U.S. Mail, postage prepaid, to the following counsel of record:

Thomas A. Rouse, Esquire
Peter S. Olson, Esquire
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT  06601-7006

Thomas J. Finn, Esquire
Paula Cruz Cedillo, Esquire
Halloran & Sage LLP
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

                _____
                DAVID A. DeBASSIO

u:\wpc\lit\dad\jones\mot for protect order re jones.doc

- 9 -