IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------------------------x
                                                     :
TOM JAMES CO.                                        :    3:03 CV 596 (JBA)
                                                     :
                                                     :
v.                                                   :
                                                     :
                                                     :
                                                     :
J. TRACY GREEN and                                   :    DATE: MARCH 23, 2004
TRACE APPAREL LLC                                    :
-----------------------------------------------------x
```

## SUPPLEMENTAL RULING ON PLAINTIFF'S MOTION TO COMPEL ELECTRONIC DISCOVERY

Familiarity is presumed with the factual and procedural history of this litigation, which is set forth in this United States Magistrate Judge's Ruling on Plaintiff's Motion to Compel Electronic Discovery, dated February 24, 2004 ["February Ruling"] (Dkt. #76). The February 2004 Ruling concluded that although the information requested by plaintiff is relevant, "[a]t this stage, plaintiff's request is over broad." (At 7). Moreover, because counsel for defendants adamantly denied that any "relevant or responsive e-mails had been deleted from [defendant] Green and/or [defendant] Trace's computer system, or that efforts to maintain data had not been undertaken," (Dkt. #52, at 13-14; Dkt. #53, ¶ 14), the Court ruled that "if such information has been preserved but has not been produced on other grounds, counsel remains in a position to produce such documents if and when such documents are retrieved and deemed discoverable." (At 8). Accordingly, the February Ruling provided that "[t]o the extent defendants have a backup system of all of their e-mail files, on or before March 5, 2004, defendants must provide information regarding the system to plaintiff and must attest to the process they have undertaken, or will undertake, to search all of the e-mails, both past and present for responses to plaintiff's specific Requests for Production."

(February Ruling at 8)(citation & emphasis omitted). On March 5 and 12, 2004, counsel exchanged correspondence on this issue, copies of which were submitted to the Magistrate Judge.

On March 17, 2004, during a telephonic status conference held in accordance with the February Ruling, defense counsel represented that he was expecting a telephone call from defendants' landlord in which he would learn the identity of the third party responsible for the backup system of defendants' computer system. This Magistrate Judge ordered that upon receipt of this information, defense counsel combine his current knowledge of the backup system with that which he was to learn from this third party, in the form of an affidavit submitted to the Court and plaintiff's counsel. On March 19, 2004, defense counsel filed such affidavit with the Court. (Dkt. #98).

Plaintiff seeks to have a third party expert, at plaintiff's expense, mirror defendants' hard drives and then provide a log of the information retrieved to the Court for in camera inspection. Defendants, however, contend that the fact that plaintiff will pay is not an issue, but rather defendants contend they are in a better position to determine what is privileged and responsive.

Defendant Green attests that defendant Trace Apparel has a single laptop computer in the office and the network is maintained by Business Quarters, Inc., the landlord of the building. (Dkt. #98, ¶ 2). According to defendant Green, Business Quarters maintains his network "only to the extent that the network provides internet and e-mail service to [defendant] Trace [Apparel]" and defendant Trace Apparel "does not have any backup facilities for the computer itself, and does not make regular backups of the data on the computer." (Id.). Additionally, defendant Green avers that Trace Apparel uses Microsoft Outlook for e-mail, the backup facilities for the e-mail server are handled by a third party,

A&F Networking, Inc. of Hartford, Connecticut, and there are no backup tapes for e-mail in either defendants' possession. (Id. ¶¶ 3 & 5).  Defendant Green further has sworn that he "do[es] not make a practice of deleting e-mails from Microsoft Outlook," and that in responding to plaintiff's discovery requests, he reviewed every e-mail present in Outlook, including those in the deleted items and sent items folder, so that he "believe[s] that the e[-]mails that have been produced are complete."  (Id. ¶ 4).

Defendant Green further avers that his Quickbooks and ACT! 2000 and/or ACT! 6.0 software do not archive or delete old data.  (Id. ¶¶ 6-7).  Defendant Green also avers that although he does "not conduct any business-related activities" on his personal computer that he has at home and he does not use his e-mail addresses to conduct business, he, "however, on occasion . . . forward[s] business related e-mails to those addresses, or personal e-mails from those addresses to [his] business e-mail address."  (Id. ¶¶ 10-11).

Defendant Green's affidavit does not provide all the information required by the February 2004 Ruling.  Paragraph 3 does not provide the requisite information pertaining to the specifics of the backup system as required by the February Ruling and as agreed upon during the March 17th telephone conference.  Moreover, paragraphs 10-11 are inconsistent as to defendant Green's use of his home computer, particularly since he acknowledges he forwards business related e-mails from the office to his home computer.

Accordingly, in light of the gaps and inconsistencies in defendant Green's affidavit, plaintiff's Motion to Compel is <u>granted to the extent that a third party expert may mirror defendants' hard drives and such third party expert will provide a log to the Court for an *in camera review*</u> **on or before April 14, 2004.  On or before April 12, 2004**, the parties shall provide to the Magistrate Judge a list, or copies, of the electronic documents previously produced by defendants, so that a comparison can be made.  If such comparison reveals

3

that there were documents not produced by defendants, the Magistrate Judge will then consider whether such documents are privileged.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);**  FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 23rd day of March, 2004.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge