IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

----------------------------------------------------------x
:
TOM JAMES CO.                                 :    3:03 CV 596 (JBA)
:
v.                                                         :
:
J. TRACY GREEN &                            :
TRACE APPAREL LLC                      :    DATE: MARCH 24, 2004
:
----------------------------------------------------------x

RULING ON DEFENDANTS' MOTION TO SEAL AND FOR CONTEMPT AND ON
PLAINTIFF'S CROSS-MOTION FOR SANCTIONS

The factual and procedural history of this litigation is set forth in this U.S. Magistrate Judge's Ruling on Plaintiff's Motion to Compel Electronic Discovery, dated February 24, 2004, familiarity with which is presumed. (Dkt. #76). On January 8, 2004, United States District Judge Janet Bond Arterton referred this case to this U.S. Magistrate Judge for discovery purposes. (Dkt. #48).

On February 5, 2004, defendants filed the pending Motion to Seal and For Contempt, brief, and affidavit in support (Dkts. ##72-73),[1] as to which plaintiff filed its brief in opposition and its Cross-Motion for Sanctions (Dkts. ##81-82),[2] with two affidavits in support, all filed on March 4, 2004. (Dkts. ##86-87). On March 18, 2004, defendants filed their reply brief to their own motion and brief in opposition to plaintiff's cross-motion. (Dkts.

---

[1]Attached to defendants' motion and brief as Exh. A is a copy of case law.

Attached to the affidavit of defense counsel are copies of correspondence, dated December 22 and 23, 2003, both with fax cover sheets. (Exhs. A-B).

[2]Attached are the following four exhibits: copy of Proposed Stipulated Protective Order for Confidential and Proprietary Information Provided by Tom James Company (Exh. A); copy of Proposed Stipulated Protective Order for Confidential and Proprietary Information Provided by Trace Apparel LLC and J. Tracy Green (Exh. B); another copy of the December 23rd letter (Exh. C); and copy of defendants' Motion on Consent for Protective Order, dated October 31, 2003, granted by United States District Judge Janet Bond Arterton on November 6, 2003 (Exh. D).

##93-94).

For the reasons set forth below, defendants' Motion to Seal and For Contempt (Dkt. #72) is granted in part with respect to sealing, consistent with this Magistrate Judge's Endorsement Order, dated February 24, 2004 (Dkt. #77), and is denied in part with respect to sanctions, and plaintiff's Cross-Motion For Sanctions (Dkt. #82) is denied.

## I. DISCUSSION

### A. DEFENDANTS' MOTION (Dkt. #72)

#### 1. MOTION TO SEAL

On October 31, 2003, defendants filed a Motion on Consent for Protective Order (Dkt. #24), in which the parties requested the Court enter the Proposed Stipulated Order as an Order of the Court to protect certain information and documents produced by defendants during the course of this litigation, which United States District Judge Janet Bond Arterton granted six days later. (Dkt. #25). That same day, the parties' Stipulated Protective Order was signed by Judge Arterton. (Dkt. #26). The parties' Stipulated Protective Order reads as follows:

> 1. This Order shall apply to information and documentation produced by [d]efendants that [d]efendants claim is confidential and proprietary information as set forth below.
> . . .
>
> 3. The parties have discussed the necessity for [d]efendants to retain the confidential nature of this information, yet still allow both parties to fairly present their causes.
>
> 4. With respect to the documents sought by [plaintiff] that implicate this confidential information, there shall be two categories of information. Category One shall consist of documents and information related to persons who purchased clothing or accessories from [plaintiff] prior to December 12, 2001. Category Two shall consist of documents and information related to persons who purchased clothing and accessories from [d]efendants subsequent to December 12, 2001, but never purchased clothing or accessories from [plaintiff] or were never contacted by [defendant] Green during his employment with [plaintiff].

      5. The following restrictions shall apply on the use of confidential information classified as Category One:

         a. The documents and information contained therein shall be used by [plaintiff] for the conduct of, or in connection with, this lawsuit. . . .

. . .

      6. The following restrictions shall apply on the use of information classified as Category Two:

         a. Counsel for [d]efendants may redact any addresses, telephone, facsimile or mobile numbers and e-mail addresses from such documents. . . .

         b. [Plaintiff] shall not permit the information or documents to be provided to, or to be viewed by, any person other than its in-house counsel, its attorneys of record, including other attorneys in the firm . . . .

         c. The documents may be provided to and/or viewed by any other person only with the consent of counsel for [d]efendants, or by further order of the Court.

. . .

      7. Counsel for the parties shall attempt in good faith to resolve any disputes concerning the performance under this Order prior to filing any motion with the Court.

      8. Violations of any provision of this Order may be punished by appropriate order of the Court. . . .

(Dkt. #26, at 1-5).

Twenty days later, on November 26, 2003, plaintiff filed its Motion for Prejudgment Remedy and brief in support (Dkts. ##30 & 32), to which plaintiff attached as Exhibits A through E, invoices from defendants which included client names, addresses and phone numbers, plaintiff's client list, including names and contact information, defendant Trace Apparel's profit and loss statements including client's names, and a redacted client list with client names remaining. Attached to this brief in support was plaintiff's counsel's certification

that on November 26, 2003, a copy of the foregoing was delivered via facsimile and mailed to defense counsel. (Dkt. #32, at 37).

On December 18, 2003, plaintiff filed its Motion to Compel Electronic Discovery (Dkt. #40), as to which plaintiff attached as Exhibits D through G, invoices from defendants which included client names, addresses and phone numbers, plaintiff's client list, including names and contact information, and defendant Trace Apparel's profit and loss statements including client's names. Again, attached to this motion was plaintiff's counsel's certification that on December 18, 2003, a copy of the foregoing was hand-delivered to defense counsel. (Dkt. #40, at 4).

On February 19, 2004, defendants filed this pending Motion for Contempt and Motion to Seal, requesting that the Court seal Exhibits A through E of plaintiff's brief in support of its Motion for Prejudgment Remedy (Dkt. #32), docketed on CM/ECF as Exhibits 2 through 5, and Exhibits D through G of plaintiff's Motion to Compel Electronic Discovery (Dkt. #40), docketed on CM/ECF as Exhibits 2 through 3. (Dkt. #72, at 1). Defendants also requested that the Court order that such exhibits be removed from the electronic filing system and that the Court issue an Order finding plaintiff in contempt for its violation of the Court's Order protecting this information from disclosure. (Dkt. #72). In their brief, defendants argue that under the terms of the Stipulated Protective Order, plaintiff was required to file these documents under seal. (Id. at 3-4). Six days later, this U.S. Magistrate Judge granted defendants' motion "with respect to sealing Exhs. A-E of Dkt. #32 & Exhs. D-G of Dkt. #40; the Clerk's Office shall take appropriate measures to seal these documents in the CM/ECF computer system (Dkt. #32, Exhs. 2-5 & Dkts. #40, Exhs. 2-3)." (Dkt. #72)(emphasis omitted). However, this judicial officer required additional briefing with respect to defendants' request for sanctions. (Id.).

4

In its brief in opposition, plaintiff contends that the plain language of the Stipulated Protective Order does not contain a requirement that the papers filed with the Court were to be done so under seal and plaintiff had "expressly informed [d]efendants during the negotiations concerning the [P]rotective [O]rder that it would not stipulate to a sealing provision." (Dkts. ##81-82, at 2-3 & Exh. C; Dkts. ##86-87). Defendants respond that the "fundamental purpose" of the Protective Order is "to protect confidential information from disclosure to third parties" and the parties "contemplate[d] that . . . limited use would be made of the information disclosed by the third parties." (Dkt. #94, at 1-3).

Although the express terms of the Stipulated Protective Order do not require that documents be filed pursuant to the Order be filed under seal, it is clear that both sets of exhibits are encompassed by the express terms and purpose of the Stipulated Protective Order which reflects the parties' joint agreement to protect this confidential information. (See Dkt. #26). Pursuant to the Local Rule of Civil Procedure 5(d)2,

> Counsel filing documents which are, or may be claimed to be, subject to any protective or impounding order previously entered shall file with the documents, and serve on all parties, a notice that the documents are, or are claimed to be, subject to such order or orders, identifying the particular order or orders by date, and shall submit such documents to the Clerk under seal.

(emphasis added). Thus, the entry of the Stipulated Protective Order and the submission of documents included under such order triggered the application of this Local Rule and accordingly, such documents must be filed under seal, if customer information has not been redacted.

### 2. MOTION FOR CONTEMPT

Although defendants received copies of such exhibits attached to the two motions presumably on the day or shortly after the motions were filed with the Court, defendants did not file the pending Motion for Contempt until over three and two months, respectively,

thereafter. Defense counsel, however, attest they contacted plaintiff's counsel on three separate occasions to take steps to seal this information. (Dkt. #93, at 2; Dkt. #73). Counsel for both parties, by the terms of their agreed upon Stipulated Protective Order, had an obligation, to "attempt in good faith to resolve any disputes concerning the performance under this Order prior to filing any motion with the Court." (Dkt. #26, ¶ 7). The behavior of plaintiff's counsel may have been ill-advised, unyielding, and inflexible, but it did not constitute contempt of court.

The Magistrate Judge's admonition in the Ruling on Defendants' Motion to Compel, filed March 23, 2004 (Dkt. #100), bears repeating here: "The distrust and animosity between counsel here borders on shocking. Such behavior is a disservice to the Court, to the attorneys themselves, and most importantly, to the clients they represent. As officers of the Court, the attorneys here can, and should, do better in behaving like mature and responsible adults." (At 9 n.5).

### B. PLAINTIFF'S CROSS-MOTION (Dkt. #82)

Plaintiff seeks sanctions for having to respond to defendants' "nonsensical and unfounded" motion. (Dkts. ## 81-82, at 10). In their brief in opposition, defendants argue that plaintiff has failed to meet the requirements of FED. R. CIV. P. 11 (Dkt. #93, at 3-4) and that the Motion to Seal was warranted. (Id. at 4-5). In that the Motion to Seal was granted, see Section I.A.1. supra, plaintiff's Cross-Motion is denied.

## II. CONCLUSION

For the reasons stated above, defendants' Motion to Seal and For Contempt (Dkt. #72) is granted in part with respect to sealing, consistent with this Magistrate Judge's Endorsement Order, dated February 24, 2004 (Dkt. #77) and denied in part with respect to sanctions, and plaintiff's Cross-Motion For Sanctions (Dkt. #82) is denied.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within ten days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 24th day of March, 2004.

_____/s/_____
Joan Glazer Margolis
United States Magistrate Judge