FILED

MAR 30  3:53 PM '04

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOM JAMES COMPANY, | CIVIL ACTION NO. |
| | 303 CV 0596 (JBA) |
| Plaintiff, | |
| | |
| TRACE APPAREL LLC and | |
| J. TRACY GREEN, | |
| | |
| Defendants. | MARCH __, 2004 |

**PROPOSED STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL AND PROPRIETARY INFORMATION PROVIDED BY TOM JAMES COMPANY**

WHEREAS, Defendants Trace Apparel LLC (hereinafter "Trace") and J. Tracy Green, (hereinafter "Green") individually and doing business as Trace Apparel LLC (hereinafter collectively "Defendants") recognize and acknowledge that the proceedings in this action may require the disclosure and production of information and documents that Tom James Company ("Tom James") claims to be of a confidential and proprietary nature or that constitute its trade secret information. Defendants having agreed to the terms of this Protective Order, it is hereby ordered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1. This Protective Order shall apply to all information, systems, and documentation produced by Tom James or attached to any filing in this action, containing any confidential and proprietary information of Tom James, and trade secret information, including any and all customer lists, sales methods, trustee agreements

executed in connection with Tom James' 401(k) and Profit Sharing Plan, employee stock ownership plans, Tom James' board of directors' meetings, Tom James' stock and dividends, corporate organization, internal leadership and promotional materials, financial information, and other information legally developed and maintained by Tom James.  This Protective Order shall further apply to all copies, extracts, and summaries prepared or derived from such information and documents, including those portions of pleadings, briefs, memoranda, and any other writings filed with the Court referring thereto.  All information and documents to which this Protective Order applies shall be referred to, and identified as, "Confidential Information," by counsel for Tom James.

2.    "Confidential Information" shall only be made available to "qualified persons," as defined in paragraph 3 below, who have read this Protective Order and agree to be bound by its terms.  No other person shall have access to such "Confidential Information" without the approval by counsel for Tom James or the Court, and no "Confidential Information" may be verbally disseminated.

3.    "Qualified persons," as used herein, shall consist of Mr. Green, the Court and its officers, and counsel of record for Defendants, including other attorneys in the firm, law clerks, paralegals, and investigators, experts, and stenographic clerical employees retained in connection with the instant proceedings, as well as jurors and witnesses at trial or deposition (whether called or uncalled), including such persons' attorneys.  All such "qualified persons" shall be informed by counsel of record of the provisions of this Protective Order and shall agree to be bound thereby.

4.  "Confidential Information" of Tom James may only be used by Defendants for the purposes of the instant litigation and for no other purpose.

5.  Nothing contained in this Protective Order shall prevent the use of "Confidential Information" in connection with depositions, hearings, or trial, provided the following safeguards are followed: All portions of the transcripts of such proceedings, including exhibits, which refer or relate to such "Confidential Information" shall be treated as confidential, and the party introducing such "Confidential Information" shall make arrangements with the court reporter to bind the confidential portions of the transcripts and exhibits separately and label them as "Confidential Information." In addition, witnesses will be advised, as appropriate, that pursuant to this Protective Order, they may not divulge any such "Confidential Information" except to "qualified persons" as defined herein.

6.  Any party seeking to file any pleading, motion, brief, or other paper filed with the Court containing "Confidential Information" shall first seek application from the Court that such papers be filed and maintained in the Clerk's office under seal. In addition, such papers shall be made available only to "qualified persons" (as previously defined in Paragraph 3).

7.  Counsel for Defendants shall maintain a list of all persons to whom such counsel has disclosed or exhibited any "Confidential Information" and, for good cause shown, the list shall be available for inspection by counsel for Tom James.

8. At the conclusion of this case, including any and all appeals, all "Confidential Information," including all copies, extracts, and summaries, shall be returned to counsel for Tom James.

9. Any party may apply to the Court for relief from or modification of any provision of this Protective Order. Any disputes concerning objections and other matters falling within the scope of, or relating to the interpretation of, this Protective Order shall be submitted for ruling by this Court, after the parties have attempted in good faith to resolve the issue between and among themselves. Violations of any provisions of this Protective Order may be disciplined by appropriate Order of the Court.

10. The procedure set forth herein shall neither relieve Tom James or Defendants of the obligation to provide proper responses or objections to discovery requests, nor shall it preclude the parties from seeking further relief or protective orders from the Court as may be appropriate under the Local Civil Rules of the United States District Court for the District of Connecticut or the Federal Rules of Civil Procedure.

11. This Protective Order involves only the relative rights and obligations of the parties as to the confidentiality of any information disclosed by Tom James or documents supplied by Tom James in this proceeding. This Order does not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any alleged Confidential Information.

12. A person or entity's consent to this Order does not, in any way, constitute an admission by that person or entity that the information believed to be protected under

this Order is, in fact, confidential information as defined by any contract at issue in this case or in any related case, or otherwise under any applicable law.  Further, this Order cannot be used by any party as evidence that the information covered by this Order is or was confidential information as defined by any contract at issue in this case or in any related case, or otherwise under any applicable law, or that any party has acted unlawfully.

IT IS SO ORDERED this 29th day of March, 2004.

THE COURT:

Janet Bond Arterton Jon G. Margolis
United States District Judge
Magistrate

529645