UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | APRIL 5, 2004 |

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO EXTEND PROTECTIVE ORDER

HALLORAN & SAGE  LLP
Thomas J. Finn
Federal Bar No.: ct 20929
Paula Cruz Cedillo
Federal Bar No. ct 23485
One Goodwin Square
Hartford, Connecticut 06103
(860) 522-6103
Attorneys for Plaintiff
Tom James Company

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

**INTRODUCTION**

Pursuant to Rule 7(a) of the Local Civil Rules of the United States District Court for the District of Connecticut, the plaintiff, Tom James Company ("Tom James"), opposes the defendants, Trace Apparel LLC and J. Tracy Green's ("Defendants"), Motion to Extend Protective Order, dated March 4, 2004, to the extent that it seeks to modify the Protective Order at issue to require that documents produced by third-parties be filed with the Court under seal.[1]

**FACTS**

On or about August 4, 2003, Tom James issued subpoenas to six (6) third-party clothing manufacturers and suppliers pursuant to Rule 45 of the Federal Rules of Civil Procedure, seeking the production of documents relevant to the instant litigation. The parties stipulated to a protective order which would govern the production of information by these third parties which Defendants considered confidential, specifically, those documents designated as "Category Two."[2] Accordingly, the Court ordered the

---

[1] On or about February 19, 2004, Defendants filed a Motion to Seal and for Contempt, seeking that certain documents filed by Tom James be sealed and sought to hold Tom James in contempt for its failure to do so. On March 24, 2004, the Honorable Joan G. Margolis, United Stated Magistrate Judge, granted the Motion to Seal, but denied Defendants' motion for contempt. Tom James respectfully intends to submit a written objection to the Court's Ruling inasmuch as Tom James believes that the Ruling has the effect of requiring all documents subject to any protecitive order issued in this disctrict to be filed under seal. Tom James respectfully submits that this cannot be the case.

[2] The Category Two designation refers to the categories set forth in the Stipulated Protective Order for Confidential and Proprietary Information Provided by Trace Apparel LLC and J. Tracy Green, ordered by the Court on November 6, 2003 ("Stipulated Protective Order"). Specifically, Category Two documents consist of information related to persons who purchased clothing or accessories from Defendants after December 12, 2001, who had never purchased clothing or accessories from Tom James or were

- 2 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Stipulated Protective Order at issue in the instant Motion on September 18, 2003 ("Protective Order") (attached hereto as Exhibit A).

On or about February 17, 2004, Tom James subpoenaed additional third-party clothing manufacturers and suppliers in accordance with Rule 45, again seeking documents relevant to the instant litigation. Tom James does not object to the extension of the provisions of the current Protective Order to govern the documents produced by these additional third-parties. As indicated, Tom James only objects to Defendants' Motion to the extent that it seeks to require the documents produced by these third-parties be filed with the Court under seal. Documents received thus far in response to the subpoenas remain unopened in the envelopes in which they arrived until the Protective Order is so amended.

## ARGUMENT

**A. Defendants' Motion Must Be Denied Because Defendants Fail to Demonstrate Good Cause for Requiring that Documents Produced by Third-Parties Be Filed Under Seal**

The Protective Order should not be modified to include a provision that would require documents produced by third-parties be filed under seal. Defendants fail to establish good cause for imposing a sealing provision with respect to these documents.

---

contacted by Defendant Green during his employment with Tom James. See Stipulated Protective Order at ¶ 4. Pursuant to the Stipulated Protective Order, any customer contact information, such as address, telephone, email addresses, etc., are to be redacted on documents designated as Category Two. See id. at ¶ 6(a). The purpose of redacting this information was to protect this client contact information from being disclosed to Tom James.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Indeed, Defendants fail to even proffer any adequate justification as to why these documents would require such a procedure. Accordingly, Defendants' Motion, to the extent it seeks to modify the Protective Order to include a sealing provision, should be denied.

Rule 26(c) of the Federal Rules of Civil Procedure allows a party to move the Court for a protective order, upon good cause shown, to protect a party's disclosure of information. See Fed. R. Civ. P. 26(c). Particularly, upon motion of a party, a protective order may be issued to require that trade secrets or confidential information may only be revealed in a designated manner. See Fed. R. Civ. P. 26(c)(7). The test for the entry of a protective order by the Court is good cause. See Fed. R. Civ. P. 26(c); Brynes v. Empire Blue Cross Blue Shield, No. 98CIV8520, 2000 WL 60221, at *1 (S.D.N.Y. Jan. 25, 2000) (attached hereto as Exhibit B). The decision regarding access to judicial records is within the discretion of the court, "exercised in light of the relevant facts and circumstances of the particular case." Republic Credit Corp. v. Autorino, No. 399CV286, 2001 WL 789310, at *1 (D. Conn. June 1, 2001) (attached hereto as Exhibit C) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978)). The party seeking to have the documents filed under seal has the burden of overcoming the presumption in favor of public access to judicial proceedings. See Republic Credit Corp., 2001 WL 789310, at *1.

Defendants fail to demonstrate that good cause exists to require that the information received by third parties should be filed under seal. Indeed, Defendants'

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103


HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Memorandum in Support of Motion to Extend and Modify Protective Order, dated March 4, 2004 ("Defendants' Memorandum"), is void of any justification for a sealing requirement, but rather merely refers to "confidentiality concerns." See Defendants' Memorandum at 2. However, such a conclusory assertion is insufficient to satisfy Defendants' burden for the relief it seeks. See Brynes, 2000 WL 60221, at *4, n.2. "[W]hile the maintenance of confidentiality is a necessary precondition for demonstrating 'good cause,' by itself is not a sufficient condition. At the very least, the proponent of a protective order must establish some meaningful prospect of injury absent the requested relief." Brynes, 2000 WL 60221, at *4 (internal quotations omitted) (citations omitted); see also Gelb v. Am. Tel. & Tel. Co., 813 F. Supp. 1022 (S.D.N.Y. 1993) (providing that good cause under Rule 26(c) requires a "particular and specific demonstration of fact" with respect to a claim of confidential business information, resulting in a "clearly defined and very serious injury to its business").

Defendants fail to proffer any basis for which they seek this unwarranted restriction on the production from third-parties, as indeed they cannot. The Protective Order already affords Defendants adequate protection for the information they believe to be confidential. The very purpose for the protective order was to prevent the disclosure of customer contact information to Tom James. Accordingly, pursuant to the Protective Order, customer contact information such as addresses, telephone numbers, etc., must be redacted. See supra note 2. Defendants have no basis to contend that any remaining information, i.e., the customers' identity, should be filed with the Court

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

under seal. Tom James submits that this information does not warrant the "extreme measure" of filing these materials under seal. See <u>Brynes</u>, 2000 WL 60221, at *5. Indeed, the identities of these individuals, as opposed to their respective contact information, are crucial to the issues of this litigation and have already been revealed to Tom James during discovery. As such, a sealing provision is unnecessary and unwarranted. <u>See also Brynes</u>, 2000 WL 60221, at *4 (noting that the purported confidentiality of the information at issue was already been breached as the information was required to be produced to adverse party); <u>Gelb</u>, 813 F. Supp. at 1035 (granting motion to seal with respect to information that competitors did not yet have).

Additionally, Defendants reference to Rule 5(d) of Local Civil Rules of the United States District Court for the District of Connecticut is also unavailing. Defendants appear to suggest that Rule 5(d) automatically requires that all materials subject to a protective order must be filed under seal. <u>See</u> Defendants' Memorandum at 3. Such an argument is misplaced and is contrary to the express language of Local Rule 5(d). Local Rule 5(d) requires that a party "shall file a motion to seal" for consideration by the Court and that "<u>[i]f</u> ordered sealed by the Court . . . the Clerk shall seal the document . . . ." D. Conn. L. Civ. R. 5(d) (emphasis added). Defendants' argument also ignores the law of this Circuit. <u>See Brynes</u>, 2000 WL 60221, at *1 (recognizing the federal common law interest of accessing court proceedings); <u>Republic Credit Corp.</u>, 2001 WL 789310, at *1 (denying motion to seal and noting that the decision of whether judicial records may be accessed is within the discretion of the Court). Indeed, Defendants'

- 6 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

interpretation of Rule 5(d) would require that all information subject to any protective order, regardless of the provisions set forth therein, are to be filed under sealed.  Such a result is not intended by either or Rule 26(c) or Local Rule 5(d) and would be an impractical burden for the Court.

As Defendants lack good cause for the requirement that documents produced by third-parties in response to the subpoenas issued by Tom James be filed under seal, Defendants' Motion in this regard should properly be denied.

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, respectfully requests that the Court deny Defendants' Motion to Extend Protective Order, dated March 4, 2004, to the extent that it seeks modification of the Protective Order include a sealing requirement.

Dated:  April 5, 2004  
        Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF  
TOM JAMES COMPANY

By:_____  
 Thomas J. Finn  
 Federal Bar No.: ct 20929  
 Paula Cruz Cedillo  
 Federal Bar No.: ct 23485  
 HALLORAN & SAGE LLP  
 One Goodwin Square  
 225 Asylum Street  
 Hartford, Connecticut 06103  
 (860) 522-6103

One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103


HALLORAN  
& SAGE LLP

Phone (860) 522-6103  
Fax (860) 548-0006  
Juris No. 26105

HALLORAN
& SAGE LLP

## **CERTIFICATION**

      This is to certify that on this 5th day of April, 2004, a copy of the foregoing was mailed, postage prepaid, to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

                                                                        _____
                                                                         Thomas J. Finn

531250

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105