HALLORAN
& SAGE LLP

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TOM JAMES COMPANY, | : | CIVIL ACTION NO. |
| | : | 303 CV 0596 (JBA) |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| TRACE APPAREL LLC and | : | |
| J. TRACY GREEN, | : | |
| | : | |
| Defendants. | : | APRIL 6, 2004 |

**<u>OBJECTION TO RULING ON DEFENDANTS' MOTION TO SEAL AND FOR
CONTEMPT AND ON PLAINTIFF'S CROSS-MOTION FOR SANCTIONS</u>**

        HALLORAN & SAGE  LLP
        Thomas J. Finn
        Federal Bar No.: ct 20929
        Paula Cruz Cedillo
        Federal Bar No. ct 23485
        One Goodwin Square
        Hartford, Connecticut 06103
        (860) 522-6103
        Attorneys for Plaintiff
        Tom James Company

ORAL ARGUMENT REQUESTED

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## INTRODUCTION

Pursuant to 28 U.S.C. § 636, Rule 72 of the Federal Rules of Civil Procedure, and Rule 72.2 of the Local Rules for United States Magistrate Judges, the plaintiff, Tom James Company ("Tom James"), respectfully submits this written objection to the Ruling on Defendants' Motion to Seal and for Contempt and on Plaintiff's Cross-Motion for Sanctions, dated March 24, 2004 (the "Ruling"), issued by the Honorable Joan G. Margolis, United Stated Magistrate Judge, in the above captioned matter.

Tom James objects to the Ruling on the ground that, in granting the defendants, Trace Apparel LLC and J. Tracy Green's (collectively "Defendants") Motion to Seal, the Court's decision unreasonably requires the sealing of documents that are not required to be sealed and thus unduly increases the burden on Tom James to effectively litigate this case.  Furthermore, the decision has the effect of requiring that documents governed by every protective order in any given matter to be filed under seal pursuant to Rule 5(d) of Local Civil Rules of the United States District Court for the District of Connecticut.  Tom James respectfully submits that if such a ruling were to stand, it would not only impose an impractical and unwarranted burden upon Tom James, but also upon litigation within this district.

## FACTS

In anticipation of discovery and the production of documents in this matter, counsel for the parties agreed to execute two protective orders, each governing the

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

production of documents from each party.  See Affidavit of Thomas J. Finn in Support of Memorandum of Law in Opposition to Motion for Contempt and Cross-Motion for Sanctions, dated March 4, 2004 ("Finn Aff.") at ¶ 2.  In order to facilitate the exchange of documents, counsel for Tom James provided counsel for Defendants, Peter Olson ("Mr. Olson"), drafts of two proposed protective orders in early October 2003.  See Proposed Stipulated Protective Order for Confidential and Proprietary Information Provided by Tom James Company ("Tom James' Proposed Protective Order") (attached to Tom James' Memorandum of Law in Opposition to Motion for Contempt and Cross-Motion for Sanctions, dated March 3, 2004 ("Tom James' Opposition") as Exhibit A); Proposed Stipulated Protective Order for Confidential and Proprietary Information Provided by Trace Apparel LLC and J. Tracy Green ("Defendants' Proposed Protective Order") (attached to Tom James' Opposition as Exhibit B); Finn Aff. at ¶ 3.

In order to adequately protect its proprietary information and trade secrets, Tom James' Proposed Protective Order expressly contained a sealing provision, which requires that

> [a]ny party seeking to file any pleading, motion, brief, or other paper filed with the Court containing "Confidential Information" shall first seek application from the Court that such papers be filed and maintained in the Clerk's office under seal.  In addition, such papers shall be made available only to "qualified persons" . . . .

Exhibit A, at ¶ 6 (emphasis added).  Contrastingly, Defendants' Proposed Protective Order intentionally contained no such provision.  Compare Exhibit B with Exhibit A.  Indeed, during counsels' negotiations and discussions regarding the language of the

- 3 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

parties' proposed protective orders, Defendants' counsel was expressly informed that Tom James would not stipulate to any such sealing provision concerning Defendants' production of materials.  See Finn Aff. at ¶ 4; Letter from Finn to Olson of 12/23/03 at 2 (attached to Tom James' Opposition as Exhibit C).  At no time did counsel for Defendants assert any objection.  See Finn Aff. at ¶ 4.  Indeed, the only substantive modification to Defendants' Proposed Protective Order made by Defendants' counsel to the proposed protective order was the inclusion of paragraph 9.  See Finn Aff. at ¶ 4.

The stipulated protective order governing Defendants' document production provides that documents containing information Defendants contend is confidential are to be classified into one of two categories.  Specifically, documents designated as "Category One" consist of documents containing information regarding customers who purchased clothing or accessories from Tom James prior December 12, 2001, the date that Defendant Green's employment with Tom James terminated.  See Stipulated Protective Order for Confidential and Proprietary Information Provided by Trace Apparel LLC and J. Tracy Green, dated November 6, 2003 ("Protective Order") at ¶ 4 (attached Tom James' Opposition as Exhibit D).  "Category Two" documents consist of information related to persons who purchased clothing or accessories from Defendants after December 12, 2001, who had neither purchased clothing or accessories from Tom James nor contacted by Defendant Green during his employment with Tom James.  See Protective Order at ¶ 4.

- 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Pursuant to the Protective Order, any customer contact information, such as addresses, telephone numbers, email addresses, etc., are to be redacted on documents designated as Category Two.  See Protective Order at ¶ 6(a).  The purpose of redacting this information was to protect this client contact information from being disclosed to Tom James.  Indeed, there is no such redacting requirement with respect to Category One documents because this information had already been in Tom James' possession in the first instance.  Accordingly, there was no need for a redacting requirement with respect to Category One documents to protect the disclosure of this client contact information from Tom James.

On or about November 6, 2003, the Court granted Defendants' Motion on Consent for Protective Order, dated October 13, 2003, and approved the stipulated protective order at issue in the present Motion.  See Protective Order.  Defendants subsequently produced documents pursuant to the terms of the Protective Order.  Mr. Olson personally categorized and redacted the documents as he saw fit pursuant to the terms of the Protective Order, in the presence of Tom James' counsel.  See Finn Aff. at ¶ 6; Affidavit of Paula Cruz Cedillo in Support of Memorandum of Law in Opposition to Motion for Contempt and Cross-Motion for Sanctions, dated March 4, 2004 ("Cedillo Aff.") at ¶ 2.

On or about November 26, 2003, Tom James filed an Application for Prejudgment Remedy, to which it appended certain evidence, consisting of both Category One and Two documents, for the Court's review and consideration.  Following

- 5 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

the filing of the prejudgment remedy application, Mr. Olson, via telephone, demanded that Tom James' counsel take steps to seal the documents subject of the Protective Order.  See Finn Aff. at ¶ 7; Cedillo Aff. at ¶ 3.  Counsel for Tom James, specifically Thomas J. Finn and Paula Cruz Cedillo, declined to do so as no such provision is present in the Protective Order.  See Finn Aff. at ¶ 7; Cedillo Aff. at ¶ 3.  During this telephone conference, Mr. Olson expressly conceded that the act of filing these documents was not a "technical violation" of the Protective Order.  See Exhibit C at 2-3; Finn Aff. at ¶ 8; Cedillo Aff. at ¶ 4.  Mr. Olson tenuously maintained, however, that the filing of the documents violated the "spirit" of the Protective Order.  See Exhibit C at 2-3; Finn Aff. at ¶ 8; Cedillo Aff. at ¶ 4.  Mr. Olson was reminded of Tom James' refusal to stipulate to a sealing provision with respect to Defendants' document production during the parties' negotiations of the terms of the Protective Order.  See Exhibit C at 2-3; Finn Aff. at ¶ 9; Cedillo Aff. at ¶ 5.

On or about December 18, 2003, Tom James filed a Motion to Compel Electronic Discovery, to which Tom James also appended evidence in support thereof for the Court's review and consideration.  As a result, Defendants' counsel again demanded that Tom James take action to seal these documents, despite having previously admitted the Protective Order did not contain such a requirement.  See Finn Aff. at ¶¶ 8, 10; Cedillo Aff. at ¶¶ 4, 6.  As the Protective Order does not contain any sealing requirement, however, Tom James properly declined to unnecessarily undertake such a burdensome step as to seal these documents.  See Finn Aff. at ¶ 10; Cedillo Aff. at ¶ 6.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

On or about February 19, 2004, Defendants filed a Motion to Seal and for Contempt, seeking that certain documents filed by Tom James be sealed and to hold Tom James in contempt for its failure to do so.  <u>See</u> Motion to Seal and for Contempt, filed on February 19, 2004.  Tom James was not granted an opportunity to submit an opposition to Defendants' Motion to Seal before the Court ruled upon the Motion.  By Endorsement Order dated February 24, 2004, Magistrate Judge Margolis granted the Motion to Seal, but took Defendants' Motion for Contempt under advisement, providing Tom James an opportunity to oppose Defendants' Motion for Contempt.  On March 24, 2004, Magistrate Judge Margolis issued the Ruling at issue in the instant Objection, granting the Motion to Seal but denying Defendants' Motion for Contempt.[1]  <u>See</u> Ruling at 6.  In its decision, the Court held that, although the express terms of the Protective Order did not require that documents be filed under seal, the purpose of the Protective Order and the application of Local Rule 5(d)(2) required that the documents at issue be so filed.  <u>See</u> Ruling at 5.  For the reasons set forth below, Tom James respectfully objects to this Ruling and submits that it must be overruled.

---

[1] In denying Defendants' Motion for Contempt, the Court nonetheless noted that counsels' behavior in declining to take measures to seal the documents at issue in Defendants' Motion was ill-advised, unyielding, and inflexible.  <u>See</u> Ruling at 6.  Tom James' respectfully disagrees with the Court's characterization and submits that, for the reasons more fully set forth in the instant Objection, counsels' conduct was consistent with the law of this Circuit.  In determining not to undertake the burdensome task of sealing the documents, as well as dealing with the burdensome consequences of sealing the documents, counsel submits they acted in good faith, in the best interests of their client, and in a manner consistent with existing law.

- 7 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## ARGUMENT

**A.   The Ruling Granting Defendants' Motion to Seal Must be Overruled Because the Protective Order Does Not Require that Documents Be Filed Under Seal**

A party objecting to an order issued by a magistrate judge must demonstrate that the order was clearly erroneous or contrary to law.  See 28 U.S.C. § 636(b)(1)(A); L. Mag. R. 72.2(b); Ahern v. Trans Union LLC Zale Corp., No. 301CV02313, 2002 WL 32114492, at *1 (D. Conn. Oct. 23, 2002) (attached hereto as Exhibit A); Holt v. KMI Continental, Inc., 821 F. Supp. 846, 848 (D. Conn. 1993).  In the Ruling at issue, the Court concluded that the exhibits sought to be sealed by Defendants were encompassed by the provisions of the Protective Order.  See Ruling at 5.  This, coupled with the parties' joint agreement to protect confidential information, "triggered the application of" Local Rule 5(d)(2), requiring that the documents be filed under seal "if customer information has not been redacted."  Ruling at 5.  However, the Court's reliance on Local Rule 5(d) to impose a sealing requirement where none was ever contemplated, or necessary, is misplaced.  Furthermore, the language of the Protective Order itself does not support a finding that the parties agreed that such information was to be kept confidential from disclosure to third-parties.  Indeed, the purpose of the Protective Order was to protect the information from disclosure to Tom James.  Therefore, the Ruling should be overruled.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

1. **Local Rule 5(d) Cannot Serve to Impose an Automatic Sealing Requirement Upon Documents Subject to Protective Orders**

The Court concludes in its Ruling that "the entry of the Stipulated Protective Order and the submission of documents included under such order triggered the application of [Local Rule 5(d)2] and accordingly, such documents must be filed under seal . . . ." Ruling at 5.  Such a result, however, is not intended by either Local Rule 5(d) or Rule 26(c) of the Federal Rules of Civil Procedure.  The Court's holding is contrary to the express language of Local Rule 5(d).  Local Rule 5(d)1 requires that a party "shall file a motion to seal" for consideration by the Court and that "[i]f ordered sealed by the Court . . . the Clerk shall seal the document . . . ." D. Conn. L. Civ. R. 5(d)1 (emphasis added).  The effect of the Ruling at issue is to presuppose that all documents subject to any protective order issued in this district, regardless of the provisions set forth therein, must be filed under seal, without the need to seek an order from the Court allowing that documents be so filed.  Such a ruling cannot stand, however, as it would render Local Rule 5(d)1 unnecessary.

Significantly, application of Rule 5(d)2 to automatically require that all materials subject to a protective order be filed under seal would impose a substantial and impractical burden upon the Court.  Litigants within the district routinely stipulate to protective orders for a variety reasons.  If parties were required to file documents under seal merely because the information was encompassed in the provisions of these protective orders, judicial economy would be severely compromised as the Court would

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

be required to undertake the burdensome process and maintenance of sealed documents. This procedural and practical impact upon the Court could not possibly have been contemplated or intended by Local Rule 5(d)2.

Furthermore, the Court's Ruling is also contrary to the law of this Circuit. Rule 26(c) of the Federal Rules of Civil Procedure allows a party to move the Court for a protective order, upon good cause shown, to protect a party's disclosure of information. See Fed. R. Civ. P. 26(c). Particularly, upon motion of a party, a protective order may be issued to require that trade secrets or confidential information may only be revealed in a designated manner. See Fed. R. Civ. P. 26(c)(7). The test for the entry of a protective order by the Court is good cause. See Fed. R. Civ. P. 26(c); Brynes v. Empire Blue Cross Blue Shield, No. 98CIV8520, 2000 WL 60221, at *1 (S.D.N.Y. Jan. 25, 2000) (attached hereto as Exhibit B).

Although the decision regarding access to judicial records is within the discretion of the court, such discretion must be "exercised in light of the relevant facts and circumstances of the particular case." Republic Credit Corp. v. Autorino, No. 399CV286, 2001 WL 789310, at *1 (D. Conn. June 1, 2001) (attached hereto as Exhibit C) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597-98 (1978)). The party seeking to have the documents filed under seal has the additional burden of overcoming the presumption in favor of public access to judicial proceedings. See Republic Credit Corp., 2001 WL 789310, at *1; see also Brynes, 2000 WL 60221, at *1 (recognizing the federal common law interest of accessing court proceedings).

- 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Conclusory assertions of confidentiality concerns are insufficient to satisfy the burden of seeking to impose a sealing provision. See Brynes, 2000 WL 60221, at *4, n.2. "[W]hile the maintenance of confidentiality is a necessary precondition for demonstrating 'good cause,' by itself is not a sufficient condition. At the very least, the proponent of a protective order must establish some meaningful prospect of injury absent the requested relief." Brynes, 2000 WL 60221, at *4 (internal quotations omitted) (citations omitted); see also Gelb v. Am. Tel. & Tel. Co., 813 F. Supp. 1022 (S.D.N.Y. 1993) (providing that good cause under Rule 26(c) requires a "particular and specific demonstration of fact" with respect to a claim of confidential business information, resulting in a "clearly defined and very serious injury to its business"). Accordingly, the mere fact that information may be subject to a protective order does not impose the extreme measure of filing the document under seal. As such, Tom James respectfully submits that the Ruling must be overruled.

2. **The Material Facts of this Matter Do Not Support the Court's Ruling Requiring that the Documents Be Sealed**

It is clear from the express provisions of the Protective Order that there is no requirement that documents be filed under seal. See Protective Order. The Court itself acknowledged this fact, as did Defendants' counsel. See Ruling at 5 (providing that the express terms of the Protective Order do not require that documents be filed under seal); Finn Aff. at ¶ 8 and Cedillo Aff. at ¶ 4 (attesting that Mr. Olson conceded in a telephone conference that Tom James' act attaching the documents to its pleadings did

- 11 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

not constitute a technical violation of the Protective Order).  The Court's imposition of a sealing requirement in the Protective Order to somehow effectuate the parties' purpose to protect this information from disclosure to third parties is in error.  See Ruling at 5 (concluding that the parties' joint agreement to protect confidential information from disclosure "triggered the application" of Local Rule 5(d)).

Defendants made no effort to negotiate the inclusion of a sealing provision in the Protective Order.  See Finn Aff. at ¶ 4.  Indeed, this requirement was unnecessary to adequately protect the information they considered confidential because, as previously discussed, the purpose for the Protective Order was to protect Defendants' client contact information from disclosure to Tom James, not to protect disclosure of confidential information to third parties as set forth in the Court's Ruling.  See Ruling at 5.

The Court ruled that documents subject to the Protective Order must be filed under seal "if customer information has not been redacted."  Ruling at 5.  The majority of the exhibits ordered sealed by the Court, namely Exhibits A through E attached to the Application for Prejudgment Remedy, and Exhibits D through G attached to the Motion to Compel Electronic Discovery, were properly designated as Category One documents.[2]  A plain reading of the Protective Order at issue reveals that there was no

---

[2] Those documents designated as Category Two were properly redacted in accordance with the terms of the Protective Order.

- 12 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

requirement that these documents be redacted as this information was already within Tom James' possession. Rather, only customer contact information in documents designated as Category Two is required to be redacted. See Protective Order, compare ¶ 5(a) with ¶ 6(a). As such, the Court's imposition of a sealing provision regarding Category One information is unnecessary and unwarranted. See also Brynes, 2000 WL 60221, at *4 (noting that the purported confidentiality of the information at issue had already been breached as the information was required to be produced to adverse party); Gelb, 813 F. Supp. at 1035 (granting motion to seal with respect to information that competitors did not yet have).

Tom James further submits that this information does not warrant the "extreme measure" of filing these materials under seal. See Brynes, 2000 WL 60221, at *5. The sealing requirement will detrimentally affect Tom James' ability to prosecute this matter and increase its costs unnecessarily. For example, the sealing requirement will impact the manner in which depositions are taken, Tom James' ability to prepare and file pleadings with the Court, and affect the manner in which matters will be admitted into evidence at the upcoming prejudgment remedy hearing or at the trial of this matter. The procedural and financial impact of the sealing requirement on this litigation is simply not warranted, particularly given that the Protective Order already affords Defendants adequate protection for the information they believe to be confidential.

– 13 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

There is no basis for which to impose this unwarranted and significant restriction on the information governed by the Protective Order. As there is no good cause for the requirement that documents be filed under seal, Tom James submits that the Court's Ruling should properly be overruled.

## CONCLUSION

Based on the foregoing, the plaintiff, Tom James Company, respectfully requests that the Court grant the instant Objection and overrule the Ruling on Defendants' Motion to Seal and for Contempt and on Plaintiff's Cross-Motion for Sanctions, dated March 24, 2004.

Dated: April 6, 2004
      Hartford, Connecticut

RESPECTFULLY SUBMITTED,

THE PLAINTIFF,
TOM JAMES COMPANY

By:_____
Thomas J. Finn
Federal Bar No.: ct 20929
Paula Cruz Cedillo
Federal Bar No.: ct 23485
HALLORAN & SAGE LLP
One Goodwin Square
225 Asylum Street
Hartford, Connecticut 06103
(860) 522-6103

- 14 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## **CERTIFICATION**

      This is to certify that on this 6th day of April, 2004, a copy of the foregoing was mailed, postage prepaid, to:

Thomas A. Rouse, Esq.
Peter S. Olson, Esq.
Pullman & Comley, LLC
850 Main Street
P.O. Box 7006
Bridgeport, Connecticut 06601-7006
Attorneys for Defendants

                                                                                                   _____
                                                                                                     Thomas J. Finn

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105